IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND / ODESSA DIVISION

| | |
|---|---|
| AUSTIN HAMBLIN and KISKA HAMBLIN § <br> § <br> Vs. § <br> §    NO.    7:25-cv-00245 <br> MARTIN COUNTY SHERIFF'S § <br> DEPARTMENT, BRAD INGRAM, § <br> ANDERS DAHL, KELSEY BROWN, § <br> RORY GAMMONS, AND WESLEY PHELPS § | |

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff requests this honorable court to grant permission to amend its complaint.

Federal Rule of Civil Procedure 15(a)(1)(B) provides that a pleading may be amended as a matter of course if it is done within 21 days after service of a responsive pleading. An answer was filed by Defendant's on May 27, 2025, but permission from the court for newly retained council to appear *pro hac* was not received until June 20, 2025, putting an amendment as a matter of course outside the response window by 3 days.

However, Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading … with … the court's leave" and critical provides that "the court should freely give leave when justice so requires".

Under Foman v. Davis, 371 U.S. 178 (1962), courts adopt a liberal approach to granting leave to amend pleadings. The default rule as provided by the US Supreme Court is that "[in] the absence of any apparent or declared reason . . . the leave sought should . . . be freely given.")." <u>Id.</u> At 182.

This liberal policy is reinforced by decisions in cases like *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597 (5th Cir. 1981), which emphasized the judiciary's inclination to approve amendments (the Federal Rules "evince[ ] a bias in favor of granting leave to amend."). Additional support comes from *Potter v. Bexar County Hospital District*, 195 Fed. App'x 205, 208–09 (5th Cir. 2006) (unpublished), and *Caudle Aviation, Inc. v. Hartford Fire Insurance Co.*, Civ. A. No. 06-4653, 2007 WL 60993, at *1 (E.D. La. Jan. 5, 2007) (similar standards for motions involving counterclaims and third-party claims).

Under Rule 15(a), courts are instructed to "freely give leave when justice so requires," (*Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)). The factors set forth by the Fifth Circuit favor amendment particularly here where a *pro se* has since become represented in a federal proceeding initiated by removal which establishes good cause. See also *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 994 (5th Cir.2005); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991); *Financial Acquisition Partners, L.P. v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006)  (clarifying that there is a **"strong presumption"** in favor of allowing amendment under Rule 15(a), and denial demands substantial justification);  and *Carson v. Polley*, 689 F.2d 562, 584-585 (5th Cir. 1982) (holding that in a case with a *pro se* who later was represented by council, a four month delay in filing a second amended complaint "did not show disregard for progress of a case").

Here, the plaintiffs initially filed *pro se* in state court and, unfamiliar with the federal pleading rules and practice in federal court, sought the assistance of counsel for federal in good faith after receiving notice this case had been removed. Present counsel

was granted leave to appear on June 20, 2025, and is pursuing this matter with due diligence. The substitution of counsel constitutes a proper basis and good cause for leave to amend under Fifth Circuit precedent, particularly where the record shows no bad faith.

Plaintiffs therefore request leave to amend, and respectfully ask this Court to grant until **July 14, 2025** to file their amended complaint.

Respectfully Submitted,

------------------------------------
Kurt Mueller
Texas Bar No. 24133133

The Kurt Mueller Law Firm PLLC
565 S Mason Rd PMB 223
Katy, Texas 77450
(713) 360-2110
kurt@kurtmuellerpllc.com

Certificate of Service

I certify that on June 23, 2025 I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Kurt Mueller
------------------------------------
Kurt Mueller
Texas Bar No. 24133133

The Kurt Mueller Law Firm PLLC
565 S Mason Rd PMB 223
Katy, Texas 77450
(713) 360-2110
kurt@kurtmuellerpllc.com