IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND / ODESSA DIVISION

**FILED**

JUL 1 0 2025

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| AUSTIN HAMBLIN and KISKA HAMBLIN | § § § | |
| VS. | § | NO.   7:25-cv-00245 |
| MARTIN COUNTY SHERIFF'S DEPARTMENT; | § § § | |
| BRAD INGRAM, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; | § § § | |
| ANDERS DAHL, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; | § § § | |
| KELSEY BROWN,  IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; | § § | **JURY TRIAL DEMANDED** |
| RORY GAMMONS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; | § § § | |
| WESTON PHELPS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND | § § § | |
| BRIAN SNELLGROVE | § | |

## FIRST AMENDED COMPLAINT

1.  Austin Hamblin and Kiska Hamblin find themselves stripped of their possessions due to the actions of Austin's former employer, Brian Snellgrove. Despite Austin Hamblin's innocence and the eventual dismissal of criminal charges for lack of evidence, Snellgrove manipulated law enforcement into an unwarranted raid on the Hamblin marital home. This egregious abuse of trust and authority led to the seizure of Hamblin's property and the unjust enrichment of Snellgrove. Defendants disregard for legal boundaries and proper procedures has not only violated Hamblins' rights

but has also inflicted significant personal and financial harm. This case seeks to rectify the injustices endured by the Hamblins, ensuring such predatory behavior is acknowledged and rectified in the eyes of the law.

## JURISDICTION

2.  This Court has subject matter jurisdiction over the claims presented in this complaint pursuant to 28 USC § 1331, as the claims arise under the Constitution, laws, or treaties of the United States. Additionally, this action involves federal questions pertaining to 42 USC § 1983, thereby granting this Court authority to adjudicate the matters herein. Additionally, this court has supplemental jurisdiction over related state claims under 28 USC § 1367.

3.  This Court has personal jurisdiction over the parties in this case as the defendants committed acts giving rise to this claim within the Western District of Texas. The events or omissions giving rise to the claims occurred within this district, thus establishing sufficient minimum contacts with this forum to satisfy constitutional due process requirements.

4.  Venue is proper in the Western District of Texas under 28 U.S.C. § 1391 because a substantial part of the events or omissions that give rise to the claim occurred in this district, and the defendants are subject to personal jurisdiction in this district concerning the action in question.

## PARTIES

5.  Plaintiffs Austin Hamblin and Kiska Hamblin are individuals domiciled in Texas and are collectively referred to herein as "Plaintiffs" unless otherwise specified.

6.  Defendant Martin County Sheriff's Department is a government entity, located in the State of Texas.

7.  Defendant Brad Ingram is an individual, who at times relevant to the causes of action detailed in this complaint was employed by the Martin County Sheriff's Department and was domiciled in the State of Texas.

8.  Defendant Anders Dahl is an individual, who at times relevant to the causes of action detailed in this complaint was employed by the Martin County Sheriff's Department and was domiciled in the State of Texas.

9.  Defendant Kelsey Brown is an individual, who at times relevant to the causes of action detailed in this complaint was employed by the Martin County Sheriff's Department and was domiciled in the State of Texas.

10. Defendant Rory Gammons is an individual, who at times relevant to the causes of action detailed in this complaint was employed by the Howard County Sheriff's Department and was domiciled in the State of Texas.

11. Defendant Weston Phelps is an individual, who at times relevant to the causes of
action detailed in this complaint was employed by the Martin County Sheriff's
Department and was domiciled in the State of Texas.

12. Defendant Brian Snellgrove is an individual domiciled in the State of Texas.

## FACTUAL ALLEGATIONS

13. Plaintiff Austin Hamblin was an employee of Brian Snellgrove, who operates a
distribution business for SnapOn tools,

14. Defendant Snellgrove reported to the Martin County Sheriff's Office that he
suspected Plaintiff Austin Hamblin of stealing tools and products from his business.

15. Based on Snellgrove's unsubstanted allegations, the Martin County Sheriff's Office
initiated an investigation into the matter, leading to the involvement of Sheriff James
Ingram and other law enforcement personnel.

16. In May of 2023, law enforcement accompanied by and with the active participation of
Defendant Snellgrove executed a search warrant at Plaintiffs residence located in
Texas.

17. During the execution of the search warrant, Snellgrove was physically present and actively participated in the search of the Plaintiffs property. Snellgrove personally identified items he alleged were stolen and directed law enforcement to seize them.

18. Based on Snellgrove's representation and acting in concert with and at Snellgrove's direction, law enforcement officials seized numerous items from Plaintiffs property, including but not limited to SnapOn tools and equipment.

19. In November of 2024 the criminal charges against Plaintiff Austin Hamblin were dismissed by the prosecutor due to insufficient evidence to support the allegations of theft.

20. After the dismissal of the criminal charges, Plaintiffs sought the return of property seized from their residence.

21. Plaintiffs were informed that at least some of the seized items were no longer in the possession of law enforcement or the court but had been transferred to Defendant Snellgrove without a judicial determination of ownership or due process..

22. At no time were Plaintiffs determined by a competent body to not be in lawful possession of the property seized.

23. Upon information and belief at least some of the items seized from Plaintiffs marital home have since been sold or are otherwise not in the possession of defendants.

24. The actions of Defendants have deprived Plaintiffs of property in their possession without due process of law, in violation of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

25. The conduct of defendant's constitutes various state tort violations, including but not limited to trespass to chattels, conversion, and unjust enrichment.

26. All actions described herein were conducted under the color of state law, involving coordination between Defendant Snellgrove and state law enforcement officials, thereby implicating provisions of 42 USC 1983 for all Defendants.

27. The factual allegations mentioned herein are supported by various pieces of evidence generated from the associated criminal case, including police reports, body cam footage search warrant affidavits, inventory lists, dismissal documents from the prosecutor's office, and statements from involved parties, all of which form the basis of Plaintiffs claims against Defendants. This evidence is in possession of Defendants from the Martin County Sheriff's Office as it was Martin County Sheriff's Office that generated most of it.

28. Plaintiff seeks redress for the unlawful actions of Defendants that resulted in significant personal and financial harm.

## CAUSES OF ACTION

## COUNT 1: REPLEVIN

29. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

30. Plaintiff is the owner of the property described herein or otherwise has a right to immediate possession of the property.

31. The property that is the subject of this action consists principally of various SnapOn tools and equipment, which were wrongfully seized from Plaintiff's marital home in Texas by all named defendants acting in concert.

32. Defendants wrongfully detained the property after it was seized during a search of Plaintiff's residence on May 17, 2023.

33. The property was not returned to Plaintiffs but was instead retained by Defendant Snellgrove, who, upon information and belief, may have sold some of the items. Defendants acted in coordination and in concert to achieve this wrongful possession of the property in violation of Plaintiffs interests.

34. Plaintiffs have a legal entitlement to the possession of the property as the criminal charges against Plaintiff Austin Hamblin, which formed the basis for the seizure of the property, were dismissed due to insufficient evidence, and no hearing or other due process has been provided to Plaintiff that demonstrated he was not in lawful possession of the property.

35. Plaintiffs have demanded the return of the property which have been refused or unfulfilled, thereby necessitating this action.

36. The wrongful detention of Plaintiff's property by Defendants is without justification, as the legal basis for the initial seizure has been nullified by the dismissal of the criminal charges.

37. Plaintiff has suffered and continues to suffer actual damages due to the loss of use of the property and the potential permanent loss of the property if it is not returned.

38. Plaintiff seeks an order from this Court for the return of the property, or if the property cannot be returned, for the value of the property, along with any other relief the Court deems just and proper.

## COUNT 2: CONVERSION

39. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

40. Defendant Brian Snellgrove intentionally and without authorization exercised control over Plaintiff Austin Hamblin's property, principally various SnapOn tools and equipment.

41. The property at issue was in the immediate possession of Plaintiffs at their marital home.

42. In May of 2023, Defendant Brian Snellgrove personally and material participated in the search of Plaintiff's marital property and identified and directed law enforcement officers to seize the property from Plaintiff's residence during the execution of a search warrant. Based on Snellgrove's direction and with Snellgrove's facilitations, law enforcement personal seized the property of Plaintiffs. Without a hearing or other due process determining that Plaintiff's were not in lawful possession, law enforcement personal transferred the property of Plaintiff's to Snellgrove for his personal use.

43. Despite the criminal charges against Plaintiff Austin Hamblin being dismissed due to insufficient evidence, indicating a lack of lawful justification for the retention of the property, Defendant Brian Snellgrove retained possession of the property.

44. Defendants actions deprived Plaintiffs of his right to use and enjoy their property. Defendants acted in coordination and in concert to convert the property of Plaintiffs.

45. Upon information and belief, Defendant Brian Snellgrove has sold or otherwise disposed of some of the property that was seized, converting it to his own use.

46. Defendant Snellgrove's actions, facilitated by the Law Enforcement Defendants' coordination and transfer of the property, deprived Plaintiffs of their right to use and enjoy their property.

47. As a direct and proximate result of Defendant Brian Snellgrove's actions, Plaintiff Austin Hamblin has suffered damages in the amount of the value of the converted property.

48. Plaintiff Austin Hamblin is entitled to recover the full value of the property seized and converted without a hearing or other due process, together with interest from the date of conversion.

## COUNT 3: UNJUST ENRICHMENT

49. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

50. Defendants received and retained benefits, specifically the possession and potential proceeds from the sale of various SnapOn tools and equipment, which were wrongfully seized from Plaintiff Austin Hamblin's property.

51. The retention of these benefits by Defendants resulted without justification as the criminal charges against Plaintiff Austin Hamblin, which initially prompted the seizure of the said tools and equipment, were dismissed due to insufficient evidence, thereby negating the lawful basis for retaining Plaintiff's property.

52. Plaintiff Austin Hamblin did not knowingly, intelligently, and voluntarily give benefits to Defendants, as the seizure was conducted under the color of a search warrant, which Plaintiff complied with under the belief of its legality and due to the coercive presence of law enforcement.

53. The benefits were retained by Defendants at the direct expense of Plaintiffs, who, as a result of the seizure and retention of property, suffered significant financial losses based in part on the value of the tools and equipment taken.

54. Defendants' enrichment is unjust as he has retained possession of the property or proceeds from the sale of the property without legal basis and at the expense of Plaintiff Austin Hamblin, who is the rightful owner of the property. Defendants acted in coordination and in concert to achieve this unjust enrichment.

55. Plaintiff Austin Hamblin has made demands for the return of the property or the
proceeds from any sale of the property, which have not been honored by
Defendants.

56. By retaining the benefits without right and under circumstances that make it unjust to
do so, Defendants have been unjustly enriched at the expense of Plaintiff Austin
Hamblin. Plaintiff is therefore entitled to restitution of the value of the property or the
proceeds from the sale of the property.

## COUNT 4: DEPREVATION OF CIVIL RIGHTS UNDER 42 USC 1983

57. Plaintiff incorporates all other paragraphs in this Complaint by reference as though
fully written here.

58. Defendants, acting under color of state law, deprived Plaintiff of rights, privileges, or
immunities secured by the Constitution and laws of the United States.

59. On or about May 17, 2023, Defendant Snellgrove actively participating with law
enforcement officers, executed a search of Plaintiff's property under the authority of
a purportedly legal search warrant.

60. During the execution of the search, Defendant Snellgove personally directed law
enforcement officers to seize property from Plaintiff's residence, identifying specific
items for seizure, thereby actively participating in the search and demonstrating a

willful collaboration with state actors. Law enforcement personnel acting at Snellgrove instruction and direct seized property and without a hearing or due process transferred the property to Snellgrove for his use.

61. The seized property included various items of significant value, none of which were lawfully adjudicated to belong to Defendant or were proven to be related to any criminal activity, as evidenced by the eventual dismissal of the criminal case against Plaintiff for insufficient evidence.

62. Plaintiff was not provided with any form of hearing or adequate procedural mechanism to contest the seizure of the property or the basis of the search, which directly resulted in the deprivation of Plaintiff's property without due process of law.

63. The actions of Defendants, under color of state law, directly deprived Plaintiffs of Fourth Amendment right against unreasonable searches and seizures and Fourteenth Amendment right to due process.

64. As a direct and proximate result of the actions of Defendants, Plaintiff suffered significant losses, including but not limited to the loss of personal property.

65. Defendant Snellgrove, acting in concert with law enforcement personnel, directed the seizure of Plaintiffs' property, which was transferred to him without due process, establishing willful collaboration with state actors under color of law..

66. Law enforcement defendants' decision to release seized property to a private individual was ministerial, not discretionary, because texas law establishes a mandatory inventory-and-return procedure. A ministerial act performed in violation of law is not protected by official immunity.

67. The conduct of Defendants was intentional, willful, and in reckless disregard of Plaintiff's federally protected rights, including but not limited to rights under the fourth amendment, fifth amendment, eighth amendment, and fourteenth amendment.

## COUNT 5: TRESPASS TO CHATTELS

68. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

69. The Defendant, Brian Snellgrove, intentionally and without authorization or consent, interfered with the Plaintiff's personal property.

70. In May of 2023 Defendant Snellgrove, accompanied by law enforcement officers who were acting under his direction and with Snellgrove's active participation, entered Plaintiff's property under the pretense of executing a search warrant.

71. During the execution of the search, Defendant Snellgrove identified and directed law enforcement officers to seize various items of personal property belonging to the Plaintiff, including but not limited to SnapOn tools and equipment.

72. Defendant Snellgrove, with the assistance of law enforcement officers acting under his direction, seized Plaintiffs' property, constituting an intentional interference..

73. The interference by Defendants was without legal justification. The criminal case against Plaintiff Austin Hamblin, which initially prompted the search and seizure, was dismissed due to insufficient evidence, underscoring the lack of legal grounds for the seizure and retention of Plaintiff's property.

74. The actions of Defendant Snellgrove caused actual damage to the Plaintiff, including but not limited to the deprivation of property and subsequent economic losses due to the inability to use the tools and equipment in Plaintiff's trade.

75. Moreover, the Defendant's actions were a substantial factor in bringing about harm to the Plaintiff, as the property seized was integral to the Plaintiff's business operations, and its loss has directly resulted in financial detriment.

76. The Defendant's conduct of trespass to chattels was willful, wanton, and conducted with a reckless disregard for the Plaintiff's right to possess and use his personal

property, particularly without a hearing or other due process determining Plaintiffs

were not in lawful possession of the property.

## COUNT 6: TEXAS TORT CLAIM ACT

77. Plaintiff incorporates all other paragraphs in this Complaint by reference as though

fully written here.

78. The Texas Tort Claims Act (TTCA) waives sovereign immunity for the State of Texas

and its political subdivisions in certain situations, allowing them to be sued for

damages arising from the performance of governmental functions, where the actions

would, if performed by a private individual, give rise to a claim of negligence or other

torts.

79. To establish a claim under the TTCA, a plaintiff must demonstrate that (1) the

defendant is a governmental unit; (2) the defendant's employee was acting within the

scope of employment at the time the incident occurred; (3) the incident involves a

condition or use of tangible personal or real property; and (4) the governmental unit

would, were it a private person, be liable to the claimant according to Texas law.

80. The defendant Martin County Sheriff's Office is a governmental unit as defined under

the TTCA.

81. Law enforcement defedannts, including Sheriff Ingram and other involved officers, were acting within the scope of their employment when they executed a search and seizure operation at the residence of the plaintiffs. Due to his active and direct participation Defendant Snellgrove was acting as an agent of or was otherwise an accessory to the conduct of the Martin County Sherriff's Office.

82. The operation involved the use of tangible personal property, including police vehicles, search and seizure equipment, and other physical items utilized during the execution of the search warrant at the plaintiff's residence.

83. The actions of the Martin County Sheriff's Office, through its employees, involved a misuse of tangible personal property, specifically removal and transportation equipment in facilitating the unlawful seizure and retention of the plaintiff's property, including various Snap-On tools and equipment. Defendant Snellgrove directly participated in and directed the search of Plaintiffs property and identified and directed the property to be seized from Plaintiff's property. Snellgrove acted as the County's agent when he directed deputies to release the tools to him.

84. The plaintiff alleges that law enforcement defendants failed to provide a full and complete inventory list post-seizure as required, resulting in the inability of the plaintiff to reclaim his property, some of which was subsequently sold by a third party, causing financial loss and deprivation of property without due process. The Defendants failure to inventory and secure seized items violated Tex. Code Crim.

Proc. Relating to the inventory and retention of seized property. The violation
constitutes negligence per se.

85. Had the Martin County Sheriff's Office been a private entity, it would be liable to the
plaintiff for negligence, trespass to chattels, and conversion, among other potential
tort claims, for the actions taken during and following the search and seizure
operation.

86. As a direct and proximate result of the aforementioned actions by the law
enforcement defendants, the plaintiff suffered damages including the loss of
valuable personal property, emotional distress, and violation of his constitutional
rights under Texas law.

87. Defendant Snellgrove by his direct participation in the search and seizure of
Plaintiffs property, at times directing law enforcement defendant as to which property
to seize and assisting in the removal of the property from Plaintiffs home,
transformed him into a state actor, implicating him under the TTCA.

88. The plaintiff seeks to invoke the waiver of sovereign immunity provided under the
TTCA to recover damages for the injuries and losses sustained as a result of the
defendant's actions.

## COUNT 7: ABUSE OF PROCESS

89. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

90. Defendant Snellgrove initiated or used a legal process against the plaintiff.

91. The process was used for a purpose for which it was not designed, to accomplish an ulterior motive.

92. Defendant Snellgrove had an ulterior motive in using the process.

93. The defendant's actions were willful and intentional, aimed at achieving a result not intended or warranted by the process.

94. The improper use of the process resulted in damage to the plaintiff.

95. In May of 2023 the defendant, Brian Snellgrove, instigated a search and seizure of plaintiff Austin Hamblin's property by providing information to law enforcement which led to the issuance of a search warrant.

96. The search warrant was executed at the plaintiff's residence, where law enforcement and Snellgrove acting in concert seized various items, principally SnapOn tools, which were then loaded onto trucks and removed from the property.

97. The defendant Snellgrove, participated directly in the search, pointed out items to be seized, and assisted in their removal, demonstrating an active role in the execution of the search warrant.

98. The use of the search warrant process by Mr. Snellgrove was not for the legitimate purpose of recovering stolen property as he claimed, but rather to intimidate the plaintiff and to regain possession of items without proper legal proceedings, as evidenced by the subsequent dismissal of criminal charges against Mr. Hamblin due to insufficient evidence.

99. Snellgrove's actions in directing the search and identifying items for seizure under the guise of a search warrant demonstrate an ulterior motive beyond the recovery of stolen property, specifically to harass the plaintiff and to assert control over property without due process. Law enforcement defendants ratified Snellgrove's actions by acting in concert with him, and by delivering to Snellgrove the personal property of Plantifs without a hearing or other due process determining Snellgrove was the lawful owner of the items seized.

100.    As a direct and proximate result of the Defendants abuse of process, Plaintiffs suffered damages including the loss of property, deprivation of property without due process, and emotional distress.

## COUNT 8: NEGLIGENCE

101.    Plaintiffs incorporates by reference all preceding paragraphs of the complaint as
        if fully set forth herein.

102.    Each defendant owed a legal duty of care to Plaintiff Austin Hamblin.

103.    Defendant Brian Snellgrove owed a duty to act reasonably and with due care
        when reporting suspected criminal activity to law enforcement and participating in
        the execution of a search warrant at Plaintiff's residence. By voluntarily assisting law
        enforcement and identifying items for seizure, Snellgrove assumed a duty to ensure
        his actions were based on a reasonable belief that the items were stolen or subject
        to lawful seizure.

104.    Defendants Martin County Sheriff's Department, Brad Ingram, Anders Dahl,
        Kelsey Brown, Rory Gammons, and Westley (owed a duty to exercise reasonable
        care in investigating allegations, obtaining and executing search warrants, and
        handling seized property prior to a final adjudication as to lawful possesion. This
        duty required them to conduct thorough and impartial investigations, ensure the
        search warrant was properly scoped and executed, and safeguard seized property in
        accordance with legal standards.

105.    Defendant Brian Snellgrove breached his duty by making false and
        unsubstantiated allegations to the Martin County Sheriff's Department that Plaintiff
        had stolen SnapOn tools and products, without a reasonable basis for such claims

and actively participating in the search of Plaintiff's residence and negligently
identifying items for seizure that were not stolen or otherwise subject to lawful
seizure, failing to verify ownership or the legitimacy of his claims.

106.  The Law Enforcement Defendants breached their duty by:  Failing to conduct a
      proper and thorough investigation into Snellgrove's allegations before obtaining and
      executing the search warrant, neglecting to verify the validity of his claims or confirm
      whether the items were lawfully in Plaintiff's possession.

107.  Executing the search warrant in an overly broad and unreasonable manner,
      seizing items not specified in the warrant or reasonably related to the alleged crime.

108.  Failing to properly inventory, safeguard, and maintain custody of the seized
      property, instead releasing it to Snellgrove without proper authority, due process, or
      a legal determination of ownership.

109.  The breaches of duty by each defendant were direct and proximate causes of
      Plaintiff's injuries.

110.  Snellgrove's false allegations and negligent participation in the search set in
      motion the chain of events leading to the wrongful seizure of Plaintiffs' property. But
      for Snellgrove's baseless claims and misidentification of items, law enforcement
      would not have targeted Plaintiffs' residence or seized his possessions.

111.   The Law Enforcement Defendants' failure to properly investigate, their overly
broad execution of the search warrant, and their improper release of the seized
property to Snellgrove directly contributed to and exacerbated the harm. Had they
exercised reasonable care, the wrongful seizure and loss of Plaintiffs' property would
not have occurred. The dismissal of criminal charges against Plaintiff in November
2024 due to insufficient evidence further underscores that the defendants' actions
lacked a reasonable basis.

112.   As a result of the defendants' negligence, Plaintiffs suffered actual damages,
including:  The loss of valuable property, such as SnapOn tools and equipment,
which were seized and not returned; Financial harm from the deprivation of his
possessions, some of which were provided to Snellgrove without due process and,
upon information and belief, sold or disposed of; and emotional distress caused by
the unwarranted raid on his home and the loss of his property.

113.   The actions and inactions of all defendants collectively contributed to Plaintiffs'
harm. Each defendant's negligence was a substantial factor in causing the
damages, and thus, they are jointly and severally liable for the full extent of Plaintiffs'
losses.

114.   Plaintiffs seeks compensatory damages from all defendants for the losses
sustained due to their negligent conduct, including the value of the seized property,

financial losses, and emotional distress, in an amount to be determined at trial. Plaintiff further requests costs, attorney's fees as permitted by law, and any additional relief the Court deems just and proper.

## COUNT 9: TEXAS THEFT LIABILITY ACT

115.   Plaintiffs incorporate by reference all preceding paragraphs of this complaint as if fully set forth herein.

116.   Defendants committed theft as defined under the Texas Penal Code, Tex. Penal Code § 31.03, by unlawfully appropriating Plaintiffs' personal property with the intent to deprive Plaintiffs of said property. As a result, Defendants are jointly and severally liable to Plaintiffs under the Texas Theft Liability Act.

117.   Defendants unlawfully appropriated Plaintiffs' personal property, including but not limited to SnapOn tools and equipment, by orchestrating and participating in its seizure from Plaintiffs' marital residence and subsequently retaining it or transferring it to Snellgrove without legal authority

118.   Snellgrove made false allegations to law enforcement, claiming that Plaintiff Austin Hamblin had stolen tools and products, which prompted the issuance of a search warrant. Snellgrove actively participated in the search, directed law enforcement to seize specific items, and took possession of the seized property following the search.

119.    The law enforcement defendants acted on Snellgrove's false allegations without
conducting a proper investigation or verifying the validity of his claims. They
facilitated the unlawful appropriation by executing the search warrant without
probable cause, seizing items not specified in the warrant, and transferring the
property to Snellgrove without a legal determination of ownership or due process.

120.    The seizure was conducted under the color of a search warrant procured through
Snellgrove's false statements and executed by the law enforcement defendants
without proper legal justification. o proper legal procedures were followed to transfer
ownership or entitlement of the property to Snellgrove, and Plaintiffs were deprived
of their property without a hearing or due process.

121.    Defendants acted with the intent to permanently deprive Plaintiffs of their
property. Following the dismissal of criminal charges against Austin Hamblin due to
insufficient evidence, it became clear that neither Snellgrove nor the law
enforcement defendants had a lawful claim or entitlement to the seized property.
Snellgrove acted as the County's agent when he directed deputies to release the
tools to him

122.    Despite this, Defendants has refused to return the property and, upon information
and belief, has sold or disposed of some items for his personal benefit. The law
enforcement defendants, by failing to safeguard the property and improperly
transferring it to Snellgrove, furthered the deprivation of Plaintiffs' property.

123.  As a direct and proximate result of Defendants' theft, Plaintiffs have suffered

      actual damages, including the loss of their property and its monetary value.

## COUNT 10: CONSPIRACY

124.  Plaintiff Austin Hamblin incorporates by reference all preceding paragraphs of the

      complaint as if fully set forth herein.

125.  Defendants engaged in a civil conspiracy to commit the torts of conversion and

      abuse of process against Plaintiff, resulting in significant harm.

126.  The conspiracy is established by the following elements under Texas law.

127.  Defendants Snellgrove and the law enforcement Defendants combined and

      acted in concert to achieve an unlawful purpose.

128.  The object of the conspiracy was to unlawfully seize Plaintiff's property under the

      pretense of a criminal investigation and to convert that property for Snellgrove's

      benefit, constituting conversion. Additionally, Defendants conspired to abuse the

      legal process by misusing the search warrant procedure for the improper purpose of

      seizing property not subject to lawful seizure.

129.    Defendants had a meeting of the minds on the object of the conspiracy.
        Snellgrove initiated the scheme by making false allegations of theft to the Law
        Enforcement Defendants. The Law Enforcement Defendants agreed to pursue these
        allegations without proper investigation, obtained a search warrant based on the
        false claims, allowed Snellgrove to actively participate in the execution of the
        warrant, and ultimately transferred the seized property to Snellgrove without due
        process.

130.    In furtherance of the conspiracy, Defendants committed multiple unlawful, overt
        acts, including but not limited to: Snellgrove making false reports of theft to the
        Martin County Sheriff's Office; The Law Enforcement Defendants failing to conduct a
        proper investigation into the allegations before obtaining a search warrant; Obtaining
        a search warrant based on false and unsubstantiated information; Executing the
        search warrant with Snellgrove's active participation, allowing him to identify items
        for seizure; Seizing items that were not stolen or within the scope of the warrant;
        andTransferring the seized property to Snellgrove without a legal determination of
        ownership or due process.

131.    As a direct and proximate result of the conspiracy, Plaintiff suffered damages,
        including the loss of his property, financial harm, and emotional distress.

132.    Each Defendant is jointly and severally liable for the damages caused by the
        conspiracy, as their coordinated actions collectively contributed to Plaintiff's harm.

133.   Plaintiff seeks compensatory damages from all Defendants for the losses

sustained due to their conspiratorial conduct, including the value of the seized

property, financial losses, and emotional distress, in an amount to be determined at

trial. Plaintiff further requests costs, attorney's fees as permitted by law, and any

additional relief the Court deems just and proper.

## REQUEST FOR RELIEF

134.   Wherefore, Plaintiffs respectfully prays this Court:

135.   Grant judgment in favor of Plaintiff on all claims and for the remedies sought in

each claim;

136.   Issue a judicial determination of the rights, duties, and obligations of the parties

hereto;

137.   Enjoin Defendants from any further possession, sale, or distribution of the

property wrongfully seized from Plaintiff's residence;

138.   Order the return of all property seized from Plaintiff's home, or in the alternative,

award Plaintiff the monetary equivalent of the property's current market value or

replacement cost, whichever is greater ;

139.    Impose a constructive trust on any proceeds from the sale of Plaintiffs' property
         held by Defendants, requiring them to disgorge such proceeds;

140.    Award Plaintiff actual damages for the value of the property sold by Defendant, in
         an amount to be determined at trial;

141.    Award Plaintiff compensatory damages for the replacement of items unlawfully
         taken and not recovered;

142.    Grant Plaintiff the maximum economic, non-economic, actual, statutory (including
         but not limited to treble damages under the Texas Theft Liability Act), emotional,
         general, special, punitive, and other damages available;

143.    Award Plaintiff attorney fees, with the appropriate multiplier, plus costs and
         expenses of litigation pursuant to Tex. Civ. Prac. & Rem. Code;

144.    Award all other legal measure of damages for any cause of action pled, including
         and without limitations and as appropriate under law compensatory damages,
         nominal damages, punitive damages, treble damages, statutory damages,
         consequential damages, incidental damages, liquidated damages, and any other
         special or general damages permitted by law, together with pre-judgment and post-
         judgment interest, costs of suit, attorney's fees; and

145.   Award Plaintiffs all other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

146.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby

demands a trial by jury on all issues so triable in the above-captioned case.  This

demand is made in accordance with the Seventh Amendment to the United States

Constitution and applicable federal law.

Respectfully Submitted,

/s/ Kurt Muelller
---------------------------------
Kurt Mueller
Texas Bar No. 24133133

The Kurt Mueller Law Firm PLLC
565 S Mason Rd PMB 223
Katy, Texas 77450
(713) 360-2110
kurt@kurtmuellerpllc.com

## Certificate of Service

I certify that on July 10, 2024 I filed the foregoing document(s) and that they are

available for viewing and downloading from the Court's CM/ECF system, and that those

participants in the case that are registered CM/ECF users and that service will be

accomplished by the CM/ECF system. Defendant Brian Snellgrove has not yet been

served and will be served in accordance with the Federal Rules of Civil Procedure.

Kurt Mueller
Texas Bar No. 24133133

The Kurt Mueller Law Firm PLLC
565 S Mason Rd PMB 223
Katy, Texas 77450
(713) 360-2110
kurt@kurtmuellerpllc.com