# PROPOSED ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS AND MOTION TO STRIKE

Before the Court is Plaintiffs Austin Hamblin and Kiska Hamblin's Motion to Dismiss Defendant Brian Snellgrove's Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) and Motion to Strike certain allegations pursuant to Federal Rule of Civil Procedure 12(f), filed on August 13, 2025. The Court has considered the Motion, the pleadings on file, any responses or replies thereto, the applicable law, and the record in this case. For the reasons stated in the Motion and as set forth below, the Court finds that the Motion should be GRANTED.

## I. Dismissal of Counterclaims Under Rule 12(b)(6)

The Court finds that Defendant Brian Snellgrove's counterclaims for civil conspiracy and conversion fail to state a claim upon which relief can be granted, as they do not plead sufficient factual matter to satisfy the elements of these claims under Texas law and are barred by the applicable two-year statute of limitations pursuant to Tex. Civ. Prac. & Rem. Code § 16.003. The Court further finds that these defects are evident on the face of Snellgrove's pleadings, that the counterclaims do not arise out of the same transaction or occurrence as Plaintiffs' claims for purposes of Tex. Civ. Prac. & Rem. Code § 16.069, and that dismissal with prejudice is warranted.

## II. Striking of Scandalous Allegations Under Rule 12(f)

The Court finds that certain allegations in Defendant Brian Snellgrove's Answer and Counterclaims are scandalous, immaterial, impertinent, and prejudicial, as they improperly cast a derogatory light on Plaintiffs without bearing on the merits of the claims or defenses in this case. Specifically, the Court finds that the following allegations should be stricken:

a. Any allegation that Plaintiff(s) lied to his/their attorney;

b. Any allegation that Plaintiffs falsified receipts or evidence;

c. Any characterization of Plaintiffs' business or activities as an "illegal operation"; and

d. _____

  _____

The Court exercises its discretion under Rule 12(f) to strike these matters to uphold the dignity of the proceedings, prevent undue prejudice, and streamline the pleadings for adjudication on the merits.

### III. Sanctions

The Court finds that sanctions are warranted in connection with the Motion to Strike under Rule 12(f), as the scandalous allegations were unwarranted and necessitated Plaintiffs' expenditure of legal resources. Plaintiffs shall submit an affidavit detailing their reasonable legal expenses incurred in preparing and filing the Rule 12(f) portion of the Motion within fourteen (14) days of this Order. Defendant Snellgrove may file a response to the affidavit within seven (7) days thereafter. The Court will then determine the amount of sanctions to be awarded.

### IV. Conclusion

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Dismiss Defendant Brian Snellgrove's counterclaims for civil conspiracy and conversion is GRANTED, and these counterclaims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Strike is GRANTED, and the scandalous allegations identified above are STRICKEN from Defendant Brian Snellgrove's Answer and Counterclaims.

IT IS FURTHER ORDERED that sanctions shall be awarded as set forth above.

SIGNED this \_\_\_\_\_ day of _____, 2025.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE