IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| AUSTIN HAMBLIN and KISKA HAMBLIN, <br> *Plaintiffs and Counter Defendants,* <br><br> v. <br><br> MARTIN COUNTY SHERIFF'S DEPARTMENT, BRAD INGRAM, ANDERS DAHL, KELSEY BROWN, RORY GAMMONS, WESTON PHELPS, each in their individual capacity, and BRIAN SNELLGROVE, <br> *Defendants,* <br><br> v. <br><br> BRIAN SNELLGROVE, <br> *Counter Plaintiff.* | § § § § § § § § § § § § § § § § § § § § | 7:25-CV-00245-RCG |

**DEFENDANTS MARTIN COUNTY SHERIFF'S DEPARTMENT, BRAD INGRAM, ANDERS DAHL, KELSEY BROWN, RORY GAMMONS, AND WESTON PHELPS' MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Martin County Sheriff's Department, Brad Ingram, Anders Dahl, Kelsey Brown, Rory Gammons, and Weston Phelps (each a "Defendant" collectively "Defendants"), defendants in the above-styled and numbered cause, filing this Motion to for Summary Judgment under Federal Rule of Civil Procedure 56, and in support thereof, would respectfully show the Court the following:

## I. INTRODUCTION

1. Plaintiffs claim constitutional and state-law violations arising from the execution of a search warrant on or about May 17, 2023, and the post-seizure handling of personal property

[*see* docket number 15]. Plaintiffs' claims fail as a matter of law because (1) the individual Sheriff's deputies are entitled to qualified immunity; (2) Plaintiffs cannot show a municipal policy or custom that caused a constitutional deprivation; and (3) the County's liability under the Texas Tort Claims Act is barred or limited. For these reasons, summary judgment should be entered for Defendants.

## II.
## STATEMENT OF FACTS

2. On or about May 17, 2023, the County/Texas Magistrate issued a search warrant for Plaintiffs' residence located at 3700 Hamilton, Big Spring, Texas 79720. Ex. A.

3. Deputies executed the warrant on or about May 17, 2023, and prepared the statutorily required written inventory before removing property; a copy of the inventory was left at the premises or delivered to a person in possession as required. Tex. Code Crim. Proc. art. 18.09. Ex. B.

4. The prosecutor dismissed criminal charges against Plaintiff Austin Hamblin on Nov. 13, 2024, for insufficient evidence. Ex. C.

5. The Sheriff's Dept. followed statutory disposition procedures prior to any transfer or disposition of property. In fact, after dismissal, Austin Hamblin never attempted to exert ownership over any of the property originally seized under the search warrant. Exs D & E.

6. Deputies at all times acted in good faith and under the direction of the warrant and department policy when handling the seized property. Ex. D.

7. Bodycam/dashcam footage documents the search. This bodycam/dashcam video footage is incorporated by reference and attached to this motion in the Appendix as Exhibit E and controls over any allegations by Plaintiff contrary to the video recordings. *See Hanks v. Rogers*, 853 F.3d 738, 743–744 (5th Cir. 2017).

# III.
# MOTION FOR SUMMARY JUDGMENT

## A. Arguments and Authorities

8. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law, and a dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *United Sates v. Renda*, 709 F.3d 472, 278 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

9. "Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact." *Cannata v. catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986)). But if the movant demonstrates an absence of evidence supporting the nonmoving party's case, the burden then shifts to the nonmoving party to point to "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. To sustain this burden, the nonmoving party cannot rest of the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court does not have "a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Evidence that exists in the summary judgment record but is not referred to in the nonmovant's response to the motion for summary judgment is not property before the court. *Id*. In reviewing the record, "the court must draw all reasonable inferences in favor of the nonmoving party and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133 (2000). However, the court may not "in the absence of any proof, assume that the nonmoving party

could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment should be granted. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

**B. 1983 Claims**

10. Plaintiffs' claims arise under 42 U.S.C. § 1983. "To state a 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United Sates and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *James v. Texas Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008) (citing *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)).

11. "Claims under § 1983 may be brought against persons in their individual or official capacity, or against a governmental entity." *Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016). "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105 (1985). "Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105 (1985) (internal citations and quotations omitted).

12. A county or its policymakers may be held liable under § 1983 "when execution of a [county]'s policy or custom . . . by those whose edicts or acts may fairly be said to represent official policy, inflicts injury . . . ." *Pratt*, 822 F.3d at 180 (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). But a county is not liable under a *respondeat superior* theory. *Bd. of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 403, (1997). To allege a county's liability under Section 1983, a plaintiff must assert that: (1) a policy or custom existed; (2) the policymakers

actually or constructively knew of its existence; (3) a constitutional violation occurred; and (4) the custom or policy served as the moving force behind the violation. *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002); *Meadowbriar Home for Children, Inc. v. G.B. Gunn*, 81 F.3d 521, 532–33 (5th Cir. 1996).

13. Finally, the plaintiff must allege specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). The plaintiff must prove that the alleged constitutional or statutory deprivation was intentional or due to deliberate indifference and not the result of mere negligence. *See Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994). The negligent deprivation of life, liberty, or property is not a constitutional violation. *See Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995). Moreover, to hold a defendant liable under §1983, the plaintiff must adduce facts demonstrating the defendant's participation in the alleged wrong. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); Jacquez, 801 F.2d at 793.

C. **Plaintiffs Irrevocable Election Under the Texas Tort Claims Act, Texas Civil Practice and Remedies Code Chapter 101.**

14. "The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." Tex. Civ. Prac. & Rem. Code § 101.106(a). "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code § 101.106(e).

15. Here, Plaintiffs filed Texas Tort Claim Act claims against the Martin County Sheriff's Department [*see* docket number 15]. Accordingly, Martin County Sheriff's Department hereby moves for the immediate dismissal of Defendants Brad Ingram, Anders Dahl, Kelsey Brown, and

Weston Phelps. No tort claims attach to these Defendants in light of Plaintiffs' irrevocable election to bring such claims against the Martin County Sheriff's Department.

**D. Sovereign and Governmental Immunity Under Texas Law.**

16. Under Texas law, and the doctrines of sovereign and governmental immunity, the State of Texas and its political subdivisions are not liable for the negligent acts of their agents or officers unless the government consents to being sued and consents to being subject to liability. *See e.g., Ben Bolt-Palito Blanco Consol. ISD v. Texas Political Subdivs. Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 324 (Tex. 2006). Counties are political subdivisions of the State for the purposes of immunity under Texas Law. *Id.* A government employee has sovereign or governmental immunity when the employee acts as a representative of the government. *Herring v. Hous. Nat'l Exch. Bank*, 113 Tex. 264, 253 S.W. 813 (1923).

17. Under the Texas Tort Claims Act ("TTCA"), immunity is waived in the case of specified injuries arising from the use of motor-driven vehicles, specified injuries arising from the use and condition of personal property, and specified injuries arising from premises defects, as follows:

> A governmental unit in the state is liable for:
>> (1) <u>property damage</u>, <u>personal injury</u>, and <u>death</u> proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>>> (A) the property damage, personal injury, or death arises from the operation or use of a **<u>motor-driven vehicle</u>** or motor-driven equipment; <u>and</u>
>>> (B) the employee would be personally liable to the claimant according to Texas law; and
>> (2) <u>personal injury</u> and <u>death</u> so caused by a <u>condition or use of tangible</u> **<u>personal or real property</u>** if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem. Code § 101.021 (emphasis added). As shown above, property damages are

only recoverable when the claim arises from the operation or use of a motor-driven vehicle. Tex. Civ. Prac. & Rem. Code § 101.021(1). Property damage is not recoverable when the claim arises from the condition or use of tangible personal property. Tex. Civ. Prac. & Rem. Code § 101.021(2).

18. Plaintiffs' claims in this case do not involve property damage, personal injuries, and/or death proximately caused by the use of a motor-driven vehicle or motor-driven equipment, and they have not pleaded personal injury damages and/or death caused by a condition or use of tangible personal or real property [*see* docket number 15]. The TTCA does not apply to Plaintiffs claims. Such claims should be summarily dismissed.

19. Moreover, although the Texas Tort Claims Act ("TTCA") waives the State's immunity for liability and suit as stated above, the TTCA specifically excludes liability for intentional torts, including Plaintiffs alleged intentional torts of conversion, trespass to chattels, abuse of process, Texas theft liability act, unjust enrichment, replevin, and conspiracy [*see* docket number 15]. *See* Tex. Civ. Prac. & Rem. Code §§ 101.056, 101.057; *see also Kojo Wih Nkansah v. Univ. of Tex. at Arlington*, No. 02-10-00322-CV, 2011 Tex. App. LEXIS 6694 (Tex. App. Fort Worth Aug. 18, 2011), op. withdrawn, sub. op., reh'g denied, No. 2-10-322-CV, 2011 Tex. App. LEXIS 8176 (Tex. App. Fort Worth Oct. 13, 2011), reh'g denied, op. withdrawn, sub. op., No. 02-10-00322-CV, 2011 Tex. App. LEXIS 8208 (Tex. App. Fort Worth Oct. 13, 2011) (holding that a plea to the jurisdiction was proper, because the claims for breach of fiduciary duty, negligence, misrepresentation, fraud, forgery, conversion, negligent misrepresentation, abuse of process and gross negligence were barred by sovereign immunity); *Tex. State Tech. College v. Wehba*, No. 11-05-00287-CV, 2006 Tex. App. LEXIS 1918 (Tex. App. Eastland Mar. 9, 2006) (holding that the College's immunity from suit for intentional torts was not waived by the Texas Tort Claims Act, and the trial court thus erred in overruling the college's plea to the jurisdiction in its employee's

action against it for invasion of privacy, conversion, and libel, among other claims); *and City of Houston v. Petroleum Traders Corp.*, 261 S.W.3d 350 (Tex. App. Houston 14th Dist. July 24, 2008, no pet.) (holding that the City's plea to the jurisdiction should have been granted on a conversion claim since there was no waiver of immunity for intentional torts under Tex. Civ. Prac. & Rem. Code Ann. § 101.057.).

20. Accordingly, Plaintiffs tort claims should be summarily dismissed with respect to Martin County and the Defendants in their official capacities. The tort claims against the Defendants in their individual capacities should be dismissed because the claims are barred, as discussed above. Even if styled as negligence, the TTCA does not waive immunity where the essence of the claim arises from intentional torts. Plaintiff cannot repackage intentional tort claims as negligence to bypass immunity.

**E. Official Capacity Claims Against Defendants.**

21. To the extent Defendants are sued in their official capacity, the official-capacity claims are really just claims against Crane County. Accordingly, the official capacity claims fail. *See supra,* Part 3.B.

**F. Martin County is not liable.**

22. Municipalities, including counties and cities, may be held liable under §1983. *Hampton Co. Nat'l Sur., L.L.C. v. Tunica County*, 543 F.3d 221, 224 (5th Cir. 2008). A §1983 does not allow a municipality to be held vicariously liable for their employees' actions on a theory of *respondeat superior*, however. *See Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 691–95 (1978). Plaintiff must show an "underlying claim of a violation of rights," as well as "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of*

*Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). The official policy requirement means that municipal liability under §1983 is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479–80 (1986).[1]

23. A municipality may be a "person" under Section 1983 and thus held liable. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). But it may not be held liable simply because one of its employees is a "tortfeasor." *Id.* at 691. Instead, to hold a municipality liable under *Monell*, a plaintiff "must plead facts that plausibly establish that '(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right.'" *St. Maron Props., L.L.C. v. City of Houston*, 78 F.4th 754, 760 (5th Cir. 2023) (quoting *Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018)).[2]

24. Here, Martin County does not have an unconstitutional policy with respect to search warrants and how they are executed. Ex. D.

25. Additionally, Plaintiff has failed to identify any unconstitutional policies or customs. Ultimately, Plaintiffs' failure to clearly identify a policy or custom causing them harm fails to state a claim. Plaintiffs did not identify a policy or custom of Martin County upon which liability can be based. In short, Martin County has not, in any way, violated the constitutional rights of Plaintiffs.

**G. Defendants are entitled to Official Immunity.**

26. Defendants individually are entitled to official immunity, as they each performed their discretionary duties in good faith and within the scope of his authority. Ex. D.

> Official immunity in Texas is an affirmative defense and protects government employees from personal liability for lawsuits "arising from the performance of

---

[1] This paragraph quoted from *Marquez v. Griffis*, No. MO-24-CV-00009-DC, 2025 U.S. Dist. LEXIS 148250, at *24 (W.D. Tex. 2025).

[2] This paragraph also quoted from *Marquez v. Griffis*, No. MO-24-CV-00009-DC, 2025 U.S. Dist. LEXIS 148250, at *24-25 (W.D. Tex. 2025).

> their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority." *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994). Such employees are entitled to official immunity so long as they "conclusively establish" those three elements. *Telthorster v. Tennell*, 92 S.W.3d 457, 461 (Tex. 2002).

*Martinez v. Harris County*, No. 24-20194, 2025 U.S. App. LEXIS 7023, *15 (5th Cir. 2025).

27. Here, Plaintiffs' pleadings seriously confuse the different duties allocated to the various officials within the Martin County Sheriff's Office and the Martin County Judiciary. In reality, Defendants did everything right.

28. On May 16, 2023, Deputy Anders Dahl received a duly signed search warrant by the 118th Judicial District Judge of Martin County, Texas, the Honorable Shane R. Seaton. Exs A, B, D; *see also United States v. Leon*, 468 U.S. 897, 922–923 (1984) (holding that where an alleged Fourth Amendment violation involved a search or seizure pursuant to a warrant, the fact that a neutral magistrate had issued the warrant was the clearest indication that the officers acted in an objectively reasonable manner or in objective good faith). The next day, Deputy Anders Dahl properly executed the warrant. Exs D & E. As required by law, on searching the place ordered to be searched, Deputy Anders Dahl presented a copy of the warrant to Plaintiff Austin Hamblin. Exs D & E; *see also* Tex. Code Crim. Proc. Art. 18.06. Before taking property from the place, Deputy Anders Dahl prepared a written inventory of the property to be taken, as can be seen on the body cam footage. Exs D & E; *see also* Tex. Code Crim. Proc. Art. 18.06. Upon finding property which Deputy Anders Dahl was directed to search for and seize, he took possession of the same and carried it before the magistrate as shown in the return of the warrant. Exs B & D; *see also* Tex. Code Crim. Proc. Art. 18.09.

29. "In the execution of a search warrant, the officer may call to his aid <u>any number of citizens</u> in this county, who shall be bound to aid in the execution of the same." Tex. Code Crim. Proc. Art. 18.08 (emphasis added). Deputy Dahl called to his aid Brian Snellgrove to not only

identify allegedly stolen property but store it on his authority. Exs D & E. Plaintiffs agreed with, acquiesced to, and/or confirmed all the property identified by Mr. Snellgrove. Exs D & E. This was just and proper pursuant to the Code of Criminal Procedure. Deputy Anders Dahl also made proper return of the search warrant with the requisite inventory. *See* Tex. Code Crim. Proc. Art. 18.10; Ex. B; Ex. D.

30. "The officer who seized the property shall retain custody of it until the magistrate issues an order directing the manner of safekeeping the property" Tex. Code Crim. Proc. Art. 18.10. Concurrently, "an officer who comes into custody of property alleged to have been stolen shall hold it subject to the order of the proper court <u>only if</u> the ownership of the property is contested or disputed." Tex. Code. Crim. Proc. Art. 47.01.

> If a criminal action relating to allegedly stolen property is not pending, a district judge, county court judge, statutory county court judge, or justice of the peace having jurisdiction as a magistrate in the county in which the property is held or in which the property was alleged to have been stolen or a municipal judge having jurisdiction as a magistrate in the municipality in which the property is being held or in which the property was alleged to have been stolen **may** hold a hearing to determine the right to possession of the property, **upon the petition of** an interested person, a county, a city, or the state.

Tex. Code. Crim. Proc. Art. 47.01a. (emphasis added). No one employed by the Martin County Sheriff's Department has a duty to petition the magistrate for a property hearing. No one in the Martin County Judiciary has a duty to hold a property hearing. Plaintiffs could have petitioned the magistrate for a property hearing as potentially interested persons, but they didn't.

31. On October 2, 2023, Austin Hamblin was indicted for unlawfully appropriating the personal property of Brian Snellgrove of a value of $150,000 or more but less than $300,000 or more. Ex. C. On November 13, 2024, the State of Texas dismissed the indictment due to insufficient evidence. Ex. C. Despite this dismissal, Plaintiffs never asserted any ownership, and have failed to plead any attempt to assert ownership, over the property that was originally subject

to the search warrant and the indictment, much less a petition for a property determination hearing [*see* docket number 15]. Ex. D.

32.   In the absence of any written notice by Plaintiffs asserting or purporting to assert ownership of the property at issue in this case, the Martin County Sheriff's Department properly followed the disposition procedures in Article 47.01 and Article 18.17 of the Texas Code of Criminal Procedure to dispose of the property by releasing it to Brian Snellgrove, the last known owner. *See also, e.g., Maryland v. Garrison*, 480 U.S. 79, 85 (1987) (holding that "Those items of evidence that emerge after thew arrant is issued have no bearing on whether or not a warrant was validly issued.").

## H.  Defendants are entitled to Qualified Immunity.

33.   When a governmental official with discretionary authority is sued for damages under Section 1983 and properly raises the defense of qualified immunity, the plaintiff bears the burden of rebutting that defense." *Johnson*, 379 F.3d at 301 (citing *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992)).

> The Supreme Court has outlined a two-prong test for determining whether an official is entitled to qualified immunity: (1) 'the first inquiry must be whether a constitutional right would have been violated on the facts alleged,' and (2) 'if the plaintiff has satisfied this first step, the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct.

*Morgan v. Swanson*, 610 F.3d 877, 883 (5th Cir. 2010) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (internal citations omitted). "Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (stating further that "in the light of pre-existing law the unlawfulness must be apparent"). Moreover, qualified immunity should even be granted "if a reasonable official would be left uncertain of the laws' application to the facts confronting him." *McClendon v. City of Columbia*, 305 F.3d 314, 332 (5th Cir. 2002, en

banc). An officer must be on notice that the officer's conduct was unlawful. *See Cole v. Carson*, 935 F.3d 444, 451 (5th Cir. 2019) (en banc), *cert. dendied sub nom, Hunter v. Cole*, 141 S. Ct. 111, 207 L. Ed. 2d 1051 (2020). Finally, "Section 1983 does not create supervisory or *respondeat superior* liability. The individual officials may be liable only for implementing a policy that is 'itself [] a repudiation of constitutional rights' and 'the moving force of the constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). And "[t]he defendant's acts are held to be objectively reasonable unless *all* reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution or the federal statute as alleged by the plaintiff." *Thompson v. Upshur Cty.*, 245 F.3d at 457 (emphasis in original).

34. Here, Defendants acted in good faith. Ex. A. Plaintiffs do not allege any specific action that any of the specific Defendants took that was unlawful in light of clearly established law, but instead, they rely solely upon conclusory statements. [*See* docket number 15]; *see also* Ex. D; *Thomas v. Humfield*, 32 F.3d 566 (5th Cir. 1994) (stating that a plaintiff seeking to overcome qualified immunity "must specifically identify each defendant's personal involvement in the alleged wrongdoing.").

35. Defendants' video evidence speaks for itself—unsupported speculation cannot defeat summary judgment. *See Smith v. Saenz*, No. 24-50975, 2025 U.S. App. LEXIS 20756, at *4 (5th Cir. 2025) (quoting from *Hanks v. Rogers*, 853 F.3d 738, 743–744 (5th Cir. 2017) and holding that "while 'we review the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor,' we will not accept 'a plaintiff's version of the facts . . . for purposes of qualified immunity when it is blatantly contradicted and utterly discredited by video recordings.'").

36. Plaintiff fails to state the specific acts or omissions he contends each Defendant committed by stating with particularity each act or omission, supporting each claim with proper and sufficient factual allegations to raise a right to relief above the speculative level. There is no genuine issue of material fact showing actionable conduct on the part of any of the Defendants, much less deliberate indifference. Defendants are entitled to qualified immunity.

## IV.
## SUMMARY JUDGMENT EVIDENCE

37. In support of his motion, Defendants include evidence in the attached appendix, which evidence is incorporated by reference into this motion.

## V.
## CONCLUSION AND PRAYER

38. In conclusion, qualified immunity entitles Defendants to summary judgment on Plaintiffs' §1983 claims. Plaintiffs cannot prove a policy, custom, or final policymaker decision as required by *Monell*. Plaintiffs' state-law claims are barred or limited by sovereign immunity, TTCA exceptions, and official immunity. Accordingly, claims for conversion, replevin, unjust enrichment, and TTLA violations fail as a matter of law.

39. Wherefore, PREMISES CONSIDERED, Defendants Martin County Sheriff's Department, Brad Ingram, Anders Dahl, Kelsey Brown, Rory Gammons, and Weston Phelps pray this Court render summary judgment in Defendants' favor and that Plaintiffs go forth and take nothing. Defendants further requests they be granted any further relief to which they may be justly entitled.

Respectfully submitted,

*/s/ Denis Dennis*
DENIS DENNIS
State Bar No. 05655566
ddennis@kmdfirm.com

BENJAMIN PETTY
State Bar No. 24105934
bpetty@kmdfirm.com

OF

KELLY, MORGAN, DENNIS,
CORZINE & HANSEN, P.C.
P.O. Box 1311
Odessa, Texas 79760-1311
 (432) 367-7271  /  FAX:  (432) 363-9121

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 2, 2025, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system.

               */s/ Benjamin Petty*
               BENJAMIN PETTY