IN THE UNITED STATES DISCTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| AUSTIN HAMBLIN and KISKA HAMBLIN,<br>*Plaintiffs and Counter Defendants,*<br><br>v.<br><br>MARTIN COUNTY SHERIFF'S DEPARTMENT, BRAD INGRAM, ANDERS DAHL, KELSEY BROWN, RORY GAMMONS, WESTON PHELPS, each in their individual capacity, and BRIAN SNELLGROVE,<br>*Defendants,*<br><br>v.<br><br>BRIAN SNELLGROVE,<br>*Counter Plaintiff.* | §§§§§§§§§§§§§§§§§§§ | 7:25-CV-00245-RCG |

**DEFENDANTS' OPPOSED MOTION TO STAY DISCOVERY**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Martin County Sheriff's Department, Brad Ingram, Anders Dahl, Kelsey Brown, Rory Gammons, and Weston Phelps ("Defendants"), defendants in the above-styled and numbered cause, and file this Opposed Motion to Stay Discovery. In support, Defendants respectfully offer the following for consideration by the Court.

**I.
INTRODUCTION**

1. Plaintiffs are Austin Hamblin and Kiska Hamblin ("Plaintiffs").

2. Defendants are Martin County Sheriff's Department, Brad Ingram, Anders Dahl, Kelsey Brown, Rory Gammons, and Weston Phelps.

3. On or about September 6, 2025, Plaintiffs served a document entitled "First

Discovery Request to Defendants in Civil Action *Hamblin v. Martin Co. et al*, No. 7:25-cv-00245" that includes discovery requests.

4. The Defendants have filed a dispositive motion in response to Plaintiffs First Amended Petition, [document number 15], and they have argued that they are entitled to immunity, including qualified immunity, [document number 26].

5. Defendants now ask this Court to issue a stay of discovery and related proceedings due to occur pursuant to Federal Rule of Civil Procedure 16 and 26 until the threshold matter of immunity and qualified immunity raised in Defendants' dispositive motion is ruled upon by this Court. It is assumed that Plaintiff is opposed to the stay of discovery and any scheduling conference.

## II.
## MOTION TO STAY

6. Pursuant to FED. R. CIV. P. 26(c), Defendants respectfully request that this Court stay all discovery in this case pending the resolution of threshold issues addressed by Defendants' dispositive motion. The law does not require Defendants to be forced into the discovery process pending immunity issues including absolute, sovereign, or qualified immunity. "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

7. A district court properly exercises this discretion to stay discovery upon a showing of good cause. Fed. R. Civ. P. 26(c). Good cause exists when the party from whom discovery is sought shows that it would suffer "annoyance, embarrassment, oppression or undue burden or expense" absent a stay. *Id*. "[A] defendant's entitlement to qualified immunity must be determined at the earliest possible stage of the litigation, because qualified immunity is an immunity from suit, which is more than a mere defense to liability" *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022)

(citing *Pearson v. Callahan*, 555 U.S. 223, 237 (2009) and *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam) (internal quotations and citations omitted). "The rule is that a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation—full stop." *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022) (internal citations omitted). Accordingly, Defendants argue that where an answer has been filed, "a plaintiff seeking to overcome QI must assert facts that, if true, would overcome that defense" before the Court should permit limited discovery to the factual disputes relevant to whether qualified immunity applies. *See Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022) (discussing a situation in which the Court denies a motion to dismiss without the benefit of pre-dismissal discovery).

8. Here, Plaintiffs have failed to assert facts that, if true, would overcome qualified immunity for the Defendants [*see* document numbers 15 and 26].

9. Finally, with respect to the merits of Plaintiffs' claims, there is no prejudice to Plaintiffs' case if the requested stay is granted. Nothing that Plaintiff could learn through discovery will affect the resolution of Defendants' dispositive motion. Conversely, the burden on Defendants of proceeding with discovery in this lawsuit is considerable. Discovery at this point in this case would unduly burden Defendants by forcing them to endure needless and expensive discovery prior to the resolution of threshold immunity issues that have been raised and pleaded.

10. Therefore, because the staying of discovery and related proceedings is appropriate in this circumstance, discovery should be stayed, until such a time as this Court rules on Defendants' dispositive motion.

## **CONCLUSION AND PRAYER**

11. WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request this Opposed Motion to Stay Discovery be granted, thereby staying all discovery pending resolution

of any dispositive motion filed by Defendants pursuant to a further order of this Court. Defendants further request all other relief to which they may be justly entitled.

Respectfully submitted,

    /s/ *Denis Dennis*
DENIS DENNIS
State Bar No. 05655566
ddennis@kmdfirm.com
BENJAMIN PETTY
State Bar No. 24105934
bpetty@kmdfirm.com

OF

KELLY, MORGAN, DENNIS,
CORZINE & HANSEN, P.C.
P.O. Box 1311
Odessa, Texas 79760-1311
(432) 367-7271 / FAX: (432) 363-9121

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2025, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system.

    /s/ *Benjamin Petty*
BENJAMIN PETTY