IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND / ODESSA DIVISION

| | | |
|---|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN** | § § | |
| **VS.** | § § § | NO.   7:25-cv-00245 |
| **MARTIN COUNTY SHERIFF'S DEPARTMENT;** | § § § § | |
| **BRAD INGRAM, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;** | § § § § | |
| **ANDERS DAHL, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;** | § § § § | |
| **KELSEY BROWN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;** | § § § § | |
| **RORY GAMMONS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;** | § § § § | |
| **WESTON PHELPS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND** | § § § § | |
| **BRIAN SNELLGROVE** | § | |

**REPLY TO MOTION TO DISMISS / STIRKE**

1. Plaintiffs Austin Hamblin and Kiska Hamblin respectfully move for an order: (1) granting their Rule 12(b)(6) Motion to Dismiss Defendant Brian Snellgrove's counterclaims as unopposed under Local Rule CV-7(d)(2); (2) barring Defendant from re-filing the same or similar counterclaims, as those claims have been abandoned; and (3) renewing Plaintiffs' prior request for sanctions, now supplemented with additional grounds based on Defendant's latest filing,

**Background**

2. On August 6, 2025, Defendant Snellgrove filed an Answer and Counterclaims against Plaintiffs. On August 13, 2025, Plaintiffs moved under Rule 12(b)(6) to dismiss those counterclaims and under Rule 12(f) to strike certain allegations. Under Local Rule CV-7(d)(2) of this District, Defendant's response to that dispositive motion was due within 14 days (by August 27, 2025), and if no timely response was filed, "the court may grant the motion as unopposed." Defendant failed to meet that deadline. The Court was within its discretion to grant Plaintiff's motion based on default.

3. Generously, the Court granted Defendant an additional chance. Acting sua sponte, the Court ordered Defendant to file a response to the Motion to Dismiss and Motion to Strike by October 8, 2025, warning that otherwise the motion "may be granted as unopposed and the claims will be dismissed without further notice" (citing Fed. R. Civ. P. 41(b) and Local Rule CV-7(d)(2)).

4. Defendant Snellgrove filed a "response" on October 8, 2025. However, that filing (styled as "Defendant's Response to Plaintiff's Motion to Strike") failed to address the substance of Plaintiffs' Motion to Dismiss. In his response, Defendant offered no merits-based defense of his counterclaims.

5. Defendant's response devoted itself to further improper language, accusing Plaintiff of misconduct rather than answering the legal arguments for dismissal. For example, Defendant asserted that "Plaintiff, who is an indicted malfeasor who is suing his victim and the State of Texas who arrested him." First, this statement is not accurate as the criminal charges were dismissed. Second, such rhetoric does nothing to rebut Plaintiffs' motion; instead, it underscored the immaterial nature of Defendant's filings. To date, Defendant has never

provided any substantive opposition to the Rule 12(b)(6) motion to dismiss the counterclaims.

## Dismissal of Counterclaims as Unopposed is Appropriate

6. Even after the Court granted an extension and ordered a response by October 8, 2025, Defendant still failed to substantively respond to the Motion to Dismiss. The only filing submitted by that date focused on the Motion to Strike and offered no meaningful opposition to the Rule 12(b)(6) arguments for dismissal. In fact, Defendant's filing did not refute a single legal point raised in Plaintiffs' motion; it simply asked the Court to delay without providing good cause.

7. Because Defendant has provided no meritorious response to the Motion to Dismiss, Plaintiffs' motion stands effectively unopposed. Courts do not bear the burden of constructing arguments for a party who, when faced with a dispositive motion, declines to defend his claims. Here, Defendant's silence on the merits of his counterclaims is tantamount to a concession that those counterclaims are not legally viable. Indeed, the Court specifically warned that failure to respond by October 8 could result in the motion being granted as unopposed and the counterclaims being dismissed.

8. Accordingly, Plaintiffs respectfully request that the Court grant the Rule 12(b)(6) Motion to Dismiss Defendant's counterclaims as unopposed, pursuant to Local Rule CV-7(d)(2) and the Court's Order (Doc. 25). Dismissal on this basis is procedurally proper and warranted by Defendant's lack of opposition.

## Defendant Snellgrove Should Be Barred from Re-Filing the Abandoned Counterclaims or Any Similar Claims

9. In light of Defendant's failure to defend his counterclaims, the Court's dismissal of those claims should be with prejudice, or with an express bar to refilling the same or similar claims in this action. The Western District's Local Rule CV-7(d)(2) mechanism exists to promote the efficient resolution of motions when the non-movant does not contest them. Moreover, the Court invoked Federal Rule of Civil Procedure 41(b) in its Order to respond, which reflects that a dismissal for failure to comply with the Court's order or for want of prosecution operates as an adjudication on the merits (absent contrary direction) and thus precludes litigation of the dismissed claims.

10. Here, Defendant was given a fair opportunity and an extended deadline to justify his counterclaims, yet he chose not to do so. To allow Defendant to simply replead or refile the same baseless accusations would undermine the purpose of the Local Rule and reward dilatory tactics. The counterclaims at issue, which Plaintiffs have moved to dismiss as legally insufficient. Plaintiffs therefore ask that the Court's dismissal order explicitly bar Defendant Snellgrove from re-filing the same or substantially similar counterclaims in this case, absent leave of Court. Such a bar is appropriate to prevent prejudice to Plaintiffs and to avoid unnecessary duplication of proceedings. Dismissal with prejudice against Snellgrove is warranted.

**Renewed Request for Sanctions**

**A. Defendant's Filings Contain Scandalous and Harassing Statements**

11. Plaintiffs further renew their previously filed request for sanctions, and respectfully supplement it with new grounds based on Defendant's continued bad-faith litigation conduct. Counsel has an affirmative duty to refrain from filings that are frivolous, legally

unreasonable, or brought for an improper purpose. By presenting a pleading or motion to the Court, an attorney certifies that, among other things, "it is not being presented for any improper purpose, such as to harass" and that "the factual contentions have evidentiary support" (or are likely to after investigation).

12. Defendant's latest filing exemplifies the abusive tone and baseless accusations that Plaintiffs highlighted in their earlier sanctions motion. Rather than confine himself to relevant legal argument, Defendant used his response as a vehicle to smear the Plaintiff and cast aspersions unrelated to the merits. Most egregiously, Defendant refers to Plaintiff Austin Hamblin as "an indicted malfeasor who is suing his victim".

13. The statements contained in both the prior filing containing the counterclaims and the current filing from Defendant Snellgrove are highly prejudicial, unsupported by any evidence, and have no legitimate purpose in this proceeding other than to harass and inflame. Defendant's decision to inject these derogatory assertions into a court filing is a textbook example of scandalous matter as allegations that are "not only offensive but also irrelevant to a legal case," being essentially "disgraceful or defamatory" content that detracts from the dignity of the court.

14. Moreover, Defendant's characterization of himself as the "victim" of the Plaintiff (who "is suing his victim") implies a factual narrative that is wholly outside the scope of this civil lawsuit and unsupported by any adjudication. It appears calculated to prejudice the Court against the Plaintiff by insinuating that Plaintiff is a wrongdoer and that this lawsuit is retaliatory or improper. This insinuation is unfounded. To the contrary, as the First Amended Complaint alleges, Plaintiff's prior criminal charges were dismissed for lack of evidence. Regardless, such inflammatory accusations have no evidentiary basis in the filings

before this Court, and their inclusion violates the requirement that factual contentions in court papers have or likely will have evidentiary support.

### B. Pattern of Bad Faith and Disregard for the Court's Authority

15. Defendant Snellgrove's recent conduct is not an isolated misstep; it continues a pattern of abuse that Plaintiffs have previously brought to the Court's attention. In earlier filings, Defendant made unsupportable counterclaims and included impertinent mater itself was necessitated by Defendant's disregard of procedural deadlines, demonstrating a lack of respect for the Court's instructions.

16. Rather than correcting course, Defendant's response doubled down on improper tactics by ignoring the Court-ordered task (responding to the motion to dismiss) and instead launching irrelevant attacks on Plaintiff's character. Such conduct evinces a willful disregard for the orderly process of this litigation and the authority of the Court. Likewise, making scandalous and unsupported accusations in court filings is inimical to the truth-seeking function of litigation and warrants sanction. Plaintiffs submit that no reasonable attorney, after an inquiry reasonable under the circumstances could believe it appropriate or substantiated to brand a civil rights plaintiff as a "malfeasor" or to assert he is suing his "victim", particularly when these pejorative claims do not pertain to the legal issues at hand. The only purpose of such statements is to abuse the process and smear the opposing party.

17. In view of the tone and content of Defendant's filings, Plaintiffs urge the Court to find that the conduct of Defendant Snellgrove's attorney has been violated and to impose appropriate sanctions. The Fifth Circuit has long upheld sanctions where a litigant's filings are used as a

weapon of personal attack or are filed without factual or legal basis for an improper aim. See, e.g., Whitehead v. Food Max of Miss., Inc., 332 F.3d 796, 802–03 (5th Cir. 2003) (en banc) (affirming Rule 11 sanctions when claims lacked evidentiary support and were filed for improper purposes). Here, Defendant's language and failure to heed the Court's warning reflect ongoing bad faith that should not be countenanced.

18. Plaintiffs also ask the Court to admonish Defendant and his counsel for the use of scandalous and disrespectful statements in their filings, and to warn that any further such conduct or any further failures to follow Court orders will result in more severe sanctions. The pattern of filings, from the counterclaims that lacked merit, to the failure to respond timely, to the invective-laden response when he did file, demonstrates that lesser measures have not curbed Defendant's abusive approach. Only a clear sanction from the Court is likely to impress upon Defendant and counsel that this litigation must be conducted in good faith and in compliance with the rules.

## CONCLUSION

19. For the foregoing reasons, Plaintiffs Austin and Kiska Hamblin respectfully request that the Court grant the relief sought in this combined motion. Specifically, Plaintiffs pray that the Court enter an Order as follows:

20. Granting Plaintiffs' Rule 12(b)(6) Motion to Dismiss Defendant Snellgrove's counterclaims as unopposed, pursuant to Local Rule CV-7(d)(2), due to Defendant's failure to substantively respond by the Court's deadline;

21. Dismissing Defendant's counterclaims in their entirety, and barring Defendant from re-filing the same or any similar counterclaims against Plaintiffs in this action. Plaintiffs request that such dismissal be with prejudice, given Defendant's abandonment of these claims and the

Court's warning under Rule 41(b) that a failure to comply would result in dismissal of the claims;

22. Granting Plaintiffs' Renewed Request for Sanctions and imposing appropriate sanctions on Defendant Brian Snellgrove and his counsel. Plaintiffs ask that the Court sanction Defendant's conduct as described above, which includes the use of scandalous, harassing, and unsupported allegations in court filings and a pattern of bad-faith litigation. Appropriate sanctions should include, at minimum, an award of Plaintiffs' attorneys' fees and costs incurred due to Defendant's violations, and any further penalties or directives the Court deems necessary to deter repetition of such conduct; and

23. Awarding any further relief to Plaintiffs that the Court deems just and proper under the circumstances.

Respectfully Submitted,

/s/ Kurt Mueller
-------------------------------------
Kurt Mueller
Texas Bar No. 24133133

The Kurt Mueller Law Firm PLLC
565 S Mason Rd PMB 223
Katy, Texas 77450
(713) 360-2110
kurt@kurtmuellerpllc.com

Certificate of Service

I certify that on the date reflected by the CM/ECF date stamp I filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that

those participants in the case that are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Kurt Mueller
-------------------------------------
Kurt Mueller
Texas Bar No. 24133133

The Kurt Mueller Law Firm PLLC
565 S Mason Rd PMB 223
Katy, Texas 77450
(713) 360-2110
kurt@kurtmuellerpllc.com