# EXHIBIT B

<u>AFFIDAVIT OF KISKA HAMBLIN</u>

Before me, the undersigned authority, personally appeared Kiska Hamblin, who, being duly sworn, deposes and states as follows:

1. My name is Kiska Hamblin. I am over 18 years of age, competent to make this affidavit, and have personal knowledge of the facts stated herein.

2. On May 17, 2023, law enforcement executed a search warrant at our residence. During the search, numerous items (primarily Snap-on professional tools and equipment) were seized.

3. Contemporaneous with the events on May 17, 2023, I voiced my objection to deputies removing our property and stated that many of the items were our personal, lawfully acquired tools.

4. Based on my observations during the events on May 17, 2023, Austin cooperated with the officers and did not physically prevent the seizure while at the same time asserting that the majority of the tools were his personal property.

5. On or about May 31, 2023, I emailed copies of receipts/invoices reflecting our Snap-on purchases to the investigator contact we were given

6. On or about June 7, 2023, when Austin self-surrendered, we hand-delivered another set of the same receipts for the file.

7. In or about August 2023, I called the investigating deputy to ask about the status of our property and to note that the inventory/property receipt I was given appeared incomplete as several hand tools and personal items taken from our home were not listed. I did not receive a substantive response.

8. Starting about October 2023 and until the case against Austin was dismissed, I relied on Austin's criminal defense counsel to communicate with the District Attorney about the seized property. It was my understanding that both sides informed the court on the

record that a substantial amount of personal property had been seized and would need to be addressed.

9. During this same period, I stayed in contact with Austin's counsel regarding the property. It was my understanding that Austin's counsel made repeated inquiries to the DA's office about the location and return of the seized items, including in late 2024 when he transmitted additional materials in support of dismissal and again asked about returning our property.

10. Upon the dismissal of the criminal case in November 2024, I resumed direct efforts to obtain our property. In November and December 2024, I placed multiple calls to Martin County Sheriff's Office asking for the investigating deputy (Defendant Dahl) by name and requesting return of our property. My calls were not returned.

11. On or about January 23, 2025, I emailed Sheriff Randy Cozart (copying the last known address for Defendant Dahl) a formal request for the return of our property. I attached a detailed itemized list of every missing item with estimated values and identifying information. I received no response.

12. In early February 2025, after repeated follow-ups, I was informed by Martin County Sheriff's Office personnel that the investigating deputy was no longer with the department (apparently since mid-2024). This explained, in part, why my prior calls had not been returned; no one had informed us of his departure.

13. Around the same time, we learned through counsel that one seized item (Austin's firearm) was being held by the Howard County Sheriff's Office. Austin retrieved it on or about February 13, 2025.

14. Around the same time, I received a call from Chief Deputy Billy Reynolds indicating he would like to speak to us about our missing property. In early March 2025, Austin and I met in person with Sheriff Randy Cozart and Chief Deputy Reynolds at the Martin County Sheriff's Office. This was the first occasion that we were informed that that the

Martin County Sheriff's Office did not have our tools in its possession. We were also informed matter would be referred to the Texas Rangers for further investigation. I am unaware of any results relating to that investigation.

15. To the best of my knowledge and belief, I was not given notice of any hearing or process authorizing a transfer or release to any third party. I have since heard various explanations (including that items may have been transferred, sold, or otherwise disposed of, possibly to or by my husband's former employer).

16. I have never refused to pick up the property and remain ready to retrieve it immediately upon notification.

I declare under penalty of perjury that the foregoing is true and correct.
Further affiant sayeth not.

_Kiska Breannah Hamblin_                10/09/2025
_____
Kiska Hamblin



State of Florida

County of Orange

This foregoing instrument was acknowledged before me by means of online notarization,

this 10/09/2025 by Kiska Breannah Hamblin.

_Jude Manasse_
Jude Manasse

___ Personally Known OR ___ Produced Identification

Type of Identification Produced __DRIVER LICENSE__