IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| AUSTIN HAMBLIN and KISKA HAMBLIN,<br>    *Plaintiffs and Counter Defendants,*<br><br>v.<br><br>MARTIN COUNTY SHERIFF'S DEPARTMENT, BRAD INGRAM, ANDERS DAHL, KELSEY BROWN, RORY GAMMONS, WESTON PHELPS, each in their individual capacity, and BRIAN SNELLGROVE,<br>    *Defendants,*<br><br>v.<br><br>BRIAN SNELLGROVE,<br>    *Counter Plaintiff*. | §§§§§§§§§§§§§§§§§§§<br><br>7:25-CV-00245-RCG |

**DEFENDANTS MARTIN COUNTY SHERIFF'S DEPARTMENT, BRAD INGRAM, ANDERS DAHL, KELSEY BROWN, RORY GAMMONS, AND WESTON PHELPS' REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, Martin County Sheriff's Department, Brad Ingram, Anders Dahl, Kelsey Brown, Rory Gammons, and Weston Phelps (each a "Defendant" collectively "Defendants"), defendants in the above-styled and numbered cause, filing this Reply to Plaintiffs' Response In Opposition To Defendants' Motion For Summary Judgment, and in support thereof, would respectfully show the Court the following:

**A. The scope and sufficiency of the warrant at issue in this case is proper.**

    1.    Plaintiffs claim there is a disparity between the property described in the warrant and the property seized, but they do not challenge the sufficiency of the warrant itself. When reviewing a warrant in the context of the exclusionary rule, the Fifth Circuit stated the following:

> The issuance of a warrant by a non-biased magistrate is the "clearest indication" that officers proceeded "in an objectively reasonable manner, or as [courts] have sometimes put it, in 'objective good faith,' " but the existence of such a warrant "does not end the inquiry into objective reasonableness." *Messerschmidt v. Millender*, 565 U.S. 535 (2012); *id*. at n.1. "If subjective good faith alone were the test, the protections of the Fourth Amendment would evaporate, and the people would be 'secure in their persons, houses, papers, and effects,' only in the discretion of the police." *United States v. Leon*, 468 U.S. 897, 915 n.13 (1984) (quotation marks and citation omitted).
>
> The good-faith exception requires answering the question of "whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." *Id*. at 922 n.23. We have held there is no good faith if one of four circumstances exists:
>
>> (1) If the issuing magistrate/judge was misled by information in an affidavit that the affiant knew was false or would have known except for reckless disregard of the truth; (2) where the issuing magistrate/judge wholly abandoned his or her judicial role; (3) where the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where the warrant is so facially deficient in failing to particularize the place to be searched or the things to be seized that the executing officers cannot reasonably presume it to be valid.
>
> *Payne*, 341 F.3d at 399-400.

*United States v. Triplett*, 684 F.3d 500, 504 (5th Cir. 2012).

    2.    In this case, Plaintiffs have alleged none of this, and accordingly, the Defendants are entitled to the presumption of objective reasonableness with respect to the warrant. Because there were no intentionally or recklessly false statements by law enforcement, this Court should consider the entire warrant and its attached affidavits—without any excision—under an objective good-faith presumption to start.

    3.    Next, the inquiry moves to the description of the property to be seized. "To avoid fatal generality, the place and items to be seized must "be described with sufficient particularity so as to leave nothing to the discretion of the officer executing the warrant." *United States v. Allen*, 625 F.3d 830, 835 (5th Cir. 2010) (quotation marks and citation omitted). "Officers are not ordinarily expected to question a magistrate's judgment as to probable cause. This is so because

magistrates are considered more qualified than law enforcement in making that assessment." *United States v. Triplett*, 684 F.3d 500, 506 (5th Cir. 2012). "[A] general reference "at the end of a list of specific items may be upheld on the theory that the language of a warrant is to be construed in light of an illustrative list of seizable items." *United States v. Triplett*, 684 F.3d 500, 505 (5th Cir. 2012). Finally, "[t]he law permits an affidavit incorporated by reference to amplify particularity, notwithstanding that, by its terms, the Fourth Amendment "requires particularity in the warrant, not in the supporting documents." *United States v. Triplett*, 684 F.3d 500, 505 (5th Cir. 2012) (quoting *Groh v. Ramirez*, 540 U.S. 551, 557-58 (2004); *United States v. Aguirre*, 664 F.3d 606, 614 (5th Cir. 2011)).

4. Here, the warrant itself is not deficient and clearly incorporates the affidavit attached and its attachments. The officers have stated they acted in good faith.

**B. Additionally, and/or in the alternative, the Plain View and Consent doctrines both apply to the search and seizure at issue in this case. Probable cause was present, and its determination was reasonable under the totality of the circumstances for both plain view and consent.**

5. As shown in the summary judgment evidence, particularly the videos, Plaintiffs consented to the entirety of the search, even to the extent that such search extended beyond the bounds of the warrant at issue, which Defendants dispute. The Plaintiffs never objected to, or restricted access to the Defendant's searches; they never asked the Defendants to leave. The Plaintiffs even admitted to the incriminating nature of items in plain view.

> The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. To seize personal property, police officers generally need a warrant. However, the plain-view exception permits police to seize items without a warrant where: "(1) the police lawfully entered the area where the item was located; (2) the item was in plain view; (3) the incriminating nature of the item was 'immediately apparent;' and (4) the police had a lawful right of access to the item." *United States v. Rodriguez*, 601 F.3d 402, 407 (5th Cir. 2010) (citing *Horton v. California*, 496 U.S. 128, 136-37 (1990)).

*United States v. Miller*, 839 F. App'x 875, 878 (5th Cir. 2021).

> The incriminating nature of an item is 'immediately apparent' if the officers have 'probable cause' to believe that the item is either evidence of a crime or contraband." *Id.* (quoting *United States v. Waldrop*, 404 F.3d 365, 369 (5th Cir. 2005)). For probable cause to exist, "it is not necessary that the officer know that the discovered res *is* contraband or evidence of a crime, but only that there be 'a "practical, nontechnical" probability that incriminating evidence is involved.'" *United States v. Espinoza*, 826 F.2d 317, 319 (5th Cir. 1987) (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983)). "In reviewing probable cause determinations, we must consider the totality of the circumstances-including the officers' training and experience as well as their knowledge of the situation at hand." *United States v. Buchanan*, 70 F.3d 818, 826 (5th Cir. 1995).

*United States v. Miller*, 839 F. App'x at 878.

> When reviewing whether a search was justified by consent, the Court must examine four issues. (Docket Entry 49, at 9-10.) First, it must be shown there was actual consent, based on the totality of the circumstances. *United States v. Freeman*, 482 F.3d 829, 831-32 (5th Cir. 2007). Second, the government must show that the consent was voluntary, also based on the totality of the circumstances. *Id.* at 832 (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973)). Third, the Government must show that the search was within the scope of the consent. *Freeman*, 482 F.3d at 832. And finally, the Government must show that the consenting individual had authority to consent. *Id.*

*United States v. Dehoyos*, No. SA-23-CR-578-OLG, 2024 U.S. Dist. LEXIS 185514, at *10 (W.D. Tex. 2024).

6.  Here, Plaintiffs, who are claiming ownership over property that was seized subject to a properly issued and executed search warrant, clearly had the authority to consent. Actual consent is apartment in the video evidence, which was not coerced. The Defendants on scene during the execution of the warrant had legal authority to be there, and they did not exceed the scope of the warrant, or the consent stated or displayed by Plaintiffs. The totality of the circumstances shows none of the Plaintiffs' rights were violated during the search and seizure.

**C. Plaintiffs failed to take advantage of a statutory remedial procedure that would have obviated their claims in this suit. Such failure is fatal to their claims. Demands for the return of property are moot as to Defendants.**

7. Chapter 47 of the Texas Code of Criminal Procedure ("Chapter 47") was established and functions for the following purposes:

> the Legislature enacted chapter 47 of the Code of Criminal Procedure, which protects a person's claimed interest in seized property. When there is a dispute as to property ownership, an officer possessing allegedly stolen property must secure it until the court directs its disposition. Tex. Code Crim. Proc. art. 47.01(a). That officer must file with the court a schedule of the property and its value and must "notify the court of the names and addresses of each party known to the officer who has a claim to possession of the seized property." *Id*. art. 47.03.
>
> Because the officer may not know the identity of all persons with a claim to possession, the statute provides that any person with a property interest may assert that interest directly with the court. *Id*. art. 47.01a(a) ("[U]pon the petition of an interested person" a judge "may hold a hearing to determine the right to possession of the property."). During that hearing "any interested person" may present evidence establishing ownership. *Id*. art. 47.01a(c). The individual proving the superior right to the property is entitled to its return, subject to the State's use of it in prosecuting related crimes. *Id*. arts. 47.01a(a)(1)-(a)(2), 47.04. Occasionally—perhaps frequently—the property is never claimed and the government either sells or destroys it. *Id*. arts. 18.17, 47.06. If the property is sold, its true owner may recover the proceeds. *Id*. arts. 18.17(e), 47.07.

*City of Dall. v. VSC, LLC*, 347 S.W.3d 231, 234-35 (Tex. 2011). "The constitution waives immunity for suits brought under the Takings Clause, but this does not mean that a constitutional suit may be brought in every instance. The Legislature's broad authority to prescribe compensatory remedies for takings is well-established, so long as those methods comply with due process and other constitutional requirements." *City of Dall. v. VSC, LLC*, 347 S.W.3d at 236-37 (citing *Secombe v. R.R. Co.*, 90 U.S. 108, 117-18, 23 L. Ed. 67 (1874) (holding that the Legislature has broad authority to create eminent domain procedures)).

8. When the Legislature creates such a statutory procedure, recourse may be had to a constitutional suit only where the procedure proves inadequate, for it is not the taking of property, as such, that raises constitutional concerns, but the taking of property *without just compensation*. *Id.* (citing *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194, 105 S. Ct. 3108, 87 L. Ed. 2d 126 (1985) ("The [Takings Clause] does not proscribe the taking of property;

it proscribes taking without just compensation.")).

9.  In this case (1) a provision for compensation and the property's return is provided in Chapter 47 of the Texas Code of Criminal Procedure, and further, (2) the notice contained in the search warrant constitutes sufficient process that Plaintiffs were required to initiate proceedings for the property's return. *See City of Dall. v. VSC, LLC*, 347 S.W.3d 231, 236-37 (Tex. 2011) (citing a list of cases finding an adequate remedy in compensatory mechanisms provided by statute). The Texas Supreme Court in *City of Dall. v. VSC, LLC* also evaluated due process considerations in this context, stating that actual notice is constitutionally sufficient, which puts the burden of pursuing the compensatory mechanism on the party with the claim, not the government. *City of Dall. v. VSC, LLC*, 347 S.W.3d 231, 238-39 (Tex. 2011).[1]

---

[1] The *City of Dall. v. VSC, LLC* Court evaluated two United States Supreme Court cases—*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) and *City of West Covina v. Perkins*, 525 U.S. 234, 241 (1999)—as follows:

> In *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950), the Supreme Court concluded that due process is satisfied if notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at 314. The *Mullane* Court focused on the requirement that the parties be actually notified of an action that might affect their interests. *Id*. at 315 ("The chance of actual notice is further reduced when, as here, the notice required does not even name those whose attention it is supposed to attract . . . ."). The Supreme Court recognized "the impossibility of setting up a rigid formula as to the kind of notice that must be given," holding that the "notice required will vary with circumstances and conditions." *Walker v. City of Hutchinson*, 352 U.S. 112, 115, 77 S. Ct. 200, 1 L. Ed. 2d 178 (1956).

> In *City of West Covina v. Perkins*, 525 U.S. 234, 241, 119 S. Ct. 678, 142 L. Ed. 2d 636 (1999), the Supreme Court held that **actual notice is constitutionally sufficient notice of a remedial procedure when that procedure is easily discoverable**. There, the police seized personal property from Perkins's home under a valid search warrant. *West Covina*, 525 U.S. at 236. The police did not suspect Perkins of a crime but, rather, were pursuing a former boarder who was purportedly involved in a homicide. *Id*. As required by statute, the police left Perkins a warrant that listed the seized property and named the issuing magistrate and executing officer. *Id*. at 236-37. Rather than seek a court order, Perkins sued the officers and alleged that the remedies for the property's return did not satisfy due process. *Id*. at 237-38. The Supreme Court distinguished *Mullane*, writing that while individualized notice of the seizure itself is necessary, [n]o similar rationale justifies requiring individualized notice of state-law remedies which, like those at issue here, are established by published, generally available state statutes and case law. Once the property owner is informed that his property has been seized, he can turn to these public sources to learn about the remedial procedures available to him. The City need not take other steps to inform him of his options. *Id*. at 241. The notice contained in the search warrant was sufficient process and Perkins was then required to initiate proceedings for the property's return. *Id*. at 242-44.

10. Here, Plaintiffs were present during the search and seizure and received a copy of the warrant. They had actual notice of the warrant, the magistrate, the officer, the taking, and as is mentioned in their affidavits attached to their response, had access to their attorney and public sources to learn about the remedial procedures easily discoverable and available to them. Instead, from May 2023 to November 2024, Plaintiffs did not attempt to exert any ownership over the property allegedly seized in error either personally or through counsel pursuant to Chapter 47. [*See* Docket Nos 35-1 & 35-2]. Plaintiffs did not attempt to exert any ownership in writing until January 2025, but at no point did they petition the magistrate for a hearing. [*See* Docket Nos 35-1 & 35-2]. When the seized property was released, Snellgrove was the last known party with a right to possession, and he claimed said property, which was properly disposed of by the Sheriff. *See* Tex. Code. Crim. Pro. 18.17. Plaintiffs' allegations taken as true, Plaintiffs failed to take advantage of a statutory remedial procedure that would have obviated their claims in this suit.

11. Finally, Chapter 47 anticipates situations where the officials carrying out its provisions do not know all the persons with claims to possession. This inherently makes the Defendants' actions discretionary, especially when Plaintiffs failed to meet their own burden to assert ownership after actual notice. Texas Official and Federal Qualified Immunity apply.

**D. Plaintiffs' federal conspiracy claims assume wrongful conduct based on an inaccurate interpretation of the sufficiency of the warrant and the statutory disposition procedures. They assume wrongful intent with no evidence or plausible set of pleaded facts.**

12. Plaintiffs have failed to adequately state a claim for conspiracy under federal law:

> To adequately state a claim for a conspiracy to violate a due process right, a plaintiff must allege (1) "an agreement between the private and public defendants to commit an illegal act," and (2) "an actual deprivation of constitutional rights." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (internal citations omitted). Thus, "it remains necessary to prove an actual deprivation of a constitutional right; a conspiracy to deprive is insufficient." *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984).

---

*City of Dall. v. VSC, LLC*, 347 S.W.3d at 238-39 (Tex. 2011) (emphases added in *City of West Covina v. Perkins* quote).

*Henry v. N. Tex. State Hosp.*, Civil Action No. 7:12-cv-00198-O, 2013 U.S. Dist. LEXIS 107260, at *16-17 (N.D. Tex. 2013).

13. Plaintiffs have not shown or pleaded an actual deprivation of constitutional rights and cannot point to an agreement to commit an illegal act.

**E. The TTCA does not waive immunity. Immunity applies.**

14. The Texas Tort Claims Act does not waive immunity for intentional torts brought pursuant to Texas law, even when pleaded in the alternative. Immunity applies. "The TTCA 'waives governmental immunity for certain negligent conduct, but it does not waive immunity for claims arising out of intentional torts, such as battery.'" *Schrader v. Tex. Dep't of Pub. Safety*, No. 11-20-00145-CV, 2022 Tex. App. LEXIS 3861, at *11 (Tex. App.—Eastland June 9, 2022, no pet.). "The TTCA does not waive immunity for claims based on "assault, battery, false imprisonment, or any other intentional tort." *McLennan Cty. Water Control & Improvement Dist. #2 v. Geer*, No. 10-17-00399-CV, 2020 Tex. App. LEXIS 5663, at *9 (Tex. App.—Waco July 22, 2020, no pet.).

15. In their response, Plaintiffs argue that the presence of a government vehicle somehow waives immunity. As shown in the Motion for Summary Judgment, immunity is waived under the TTCA if property *damage*, personal injury, or death arises from the operation or use of a motor vehicle. Tex. Civ. Prac. & Rem. Code § 101.021. Plaintiffs have not pleaded that the operation or use of any of Defendants' motor vehicles damaged, or proximately caused damage to, the seized property. Plaintiffs have utterly failed to state any claim under the TTCA.

**F. Plaintiffs have not pleaded an *ultra vires* claim and cannot. Even if they could, money damages would not be available.**

16. *Ultra vires* claims must be properly pleaded, and even when they are, they do not entitle the complainant to damages, including money damages, or any retrospective relief. Instead, Ultra Vires claims are for prospective injunctive or declaratory relief.

> [I]n certain narrow instances, a suit against a state official can proceed even in the absence of a waiver of immunity if the official's actions are *ultra vires*." *Hall v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2017). Under the "ultra vires exception" to sovereign immunity, a claimant may file suit to compel a government official "to comply with statutory or constitutional provisions" through prospective injunctive or declaratory relief. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372, 374-77 (Tex. 2009). Consequently, ultra vires suits do not attempt to exert control over the State, but rather to "reassert the control of the State over one of its agents," or to bring such agents into compliance with the law. *Id.* Thus, a plaintiff alleging an ultra vires action against a government official is not entitled to monetary relief but may only request prospective declaratory or injunctive relief against government actors to require compliance with their duties going forward. *Id.* at 374-77; *City of Houston v. Houston Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 576 (Tex. 2018) (recognizing that "ultra vires claimants are only entitled to prospective relief"). A plaintiff bringing an ultra vires claim must affirmatively allege facts to support a finding that he faces an ongoing violation of his rights, and it is insufficient to merely allege that his rights were violated in the past. *See, e.g., Garcia v. City of Willis*, 593 S.W.3d 201, 207 (Tex. 2019) (court lacks authority to grant plaintiff prospective relief for ultra vires claim when plaintiff no longer faces complained-of conduct).

*Johnson v. Cullens*, No. 07-21-00093-CV, 2022 Tex. App. LEXIS 1556, at *5-6 (Tex. App.—Amarillo Mar. 7, 2022, pet. denied). Moreover, "merely asserting legal conclusions or labeling a defendant's actions as 'ultra vires,' 'illegal,' or 'unconstitutional' does not suffice to plead an ultra vires claim" *Johnson v. Cullens*, No. 07-21-00093-CV, 2022 Tex. App. LEXIS 1556, at *6. Instead, the Court must "accept factual allegations in plaintiff's pleadings as true but is not bound by legal conclusions or illogical factual conclusions that plaintiff draws from facts pled." *Id.* at *6 (quoting *Texas Southern Univ. v. Greenleaf*, No. 14-97-01135-CV, 1998 Tex. App. LEXIS 4997, at *5 (Tex. App.—Houston [14th Dist.] Aug. 13, 1998, pet. denied)). "If the relief is injunctive, then whether it is retrospective or prospective is measured from the date of injunction. If the injury has already occurred and the only plausible remedy is monetary damages, an *ultra vires* claim will not lie." *City of Hous. v. Hous. Mun. Emples. Pension Sys.*, 549 S.W.3d 566, 576 (Tex. 2018) (internal quotations and citations removed).

17. Here, Plaintiffs are seeking damages from alleged events that occurred in the past,

and Defendants are no longer in possession of the property that is the subject of this suit. There is no prospective relief available. Plaintiffs' ultra vires claims cannot lie.

## CONCLUSION AND PRAYER

18. Wherefore, Premises Considered, Defendants pray this Court render summary judgment in Defendants' favor and that Plaintiffs go forth and take nothing. Defendants further requests they be granted any further relief to which they may be justly entitled.

Respectfully submitted,

*/s/ Denis Dennis*
DENIS DENNIS
State Bar No. 05655566
ddennis@kmdfirm.com
BENJAMIN PETTY
State Bar No. 24105934
bpetty@kmdfirm.com

OF

KELLY, MORGAN, DENNIS,
CORZINE & HANSEN, P.C.
P.O. Box 1311
Odessa, Texas 79760-1311
(432) 367-7271  /  FAX:  (432) 363-9121

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2025, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system.

*/s/ Benjamin Petty*
BENJAMIN PETTY