IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN,** *Plaintiff and Counter-Defendants*, <br><br> v. <br><br> **MARTIN COUNTY SHERIFF'S DEPARTMENT, BRAD INGRAM, ANDERS DAHL, KELSEY BROWN, RORY GAMMONS, and WESTON PHELPS, each in their individual and official capacities,** *Defendants*, <br><br> v. <br><br> **BRIAN SNELLGROVE,** *Defendant and Counter-Plaintiff*. | MO:25-CV-00245-RCG |

## ORDER GRANTING IN PART DEFENDANTS' MOTION TO STAY DISCOVERY

BEFORE THE COURT is Defendants' Martin County Sheriff's Department, Brad Ingram, Anders Dahl, Kelsey Brown, Rory Gammons, and Weston Phelps's Motion to Stay Discovery. (Doc. 31).[1] This case is before the Court pursuant to the consent of the parties in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. After due consideration of the briefs and the relevant case law, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Stay Discovery. (Doc. 31).

### I. BACKGROUND AND DISCUSSION

On May 6, 2025, Plaintiffs Austin Hamblin and Kiska Hamblin ("Plaintiffs"), initially proceeding *pro se*, commenced this action in the 118th Judicial District, Martin County, Texas, against Defendants' Martin County Sheriff's Department, Brad Ingram, Anders Dahl, Kelsey

---

1. All citations are to CM/ECF generated pagination unless otherwise noted.

Brown, Rory Gammons, and Weston Phelps (collectively, "Martin County Defendants"). (Doc. 2-3). On May 22, 2025, Martin County Defendants removed the action to this Court and, subsequently, filed an Answer. (Docs. 1, 2, 3). On June 18, 2025, an attorney appeared on behalf of Plaintiffs and moved to amend their Complaint, which the Court granted. (Docs. 12, 14). In the Amended Complaint, Plaintiffs brought suit against an additional defendant, Brian Snellgrove ("Defendant Snellgrove"). Plaintiffs bring the following causes of action: (1) replevin, (2) conversion, (3) unjust enrichment, (4) deprivation of civil rights under 42 U.S.C. § 1983, (5) trespass to chattels, (6) Texas Tort Claim Act, (7) abuse of process, (8) negligence, (9) Texas Theft Liability Act, and (10) conspiracy. (Doc. 15). Martin County Defendants filed an Answer to Plaintiffs' First Amended Complaint, asserting affirmative defenses for both absolute, qualified, and official immunity. (Doc. 19 at 13). Defendant Snellgrove also filed an Answer and Counterclaim, asserting causes of action for civil conspiracy and conversion against Plaintiffs. (Doc. 20).

 Six months before the dispositive deadline motion, on October 2, 2025, Martin County Defendants filed a Motion for Summary Judgment (Doc. 26) and the instant Motion to Stay Discovery[2] (Doc. 27). In their Motion to Stay, Martin County Defendants argue the Court should stay *all* discovery until it resolves the threshold immunity issues—including official, sovereign, and qualified immunity—in their dispositive motion. *Id*. In opposition, Plaintiffs make three compelling arguments: (1) the immunity defenses are intertwined with the factual disputes and Plaintiffs need discovery to rebut the defenses; (2) some claims in this case, including the *Monell* liability claim against Martin County and all the claims against Defendant Snellgrove, are not

---

2. The Court notes Defendant Snellgrove did not weigh into this Motion.

subject to immunity; and (3) the prejudice to Plaintiffs of staying discovery is greater than the burden on Defendants. (Doc. 31).

While Defendants argue that all discovery must be stayed to address the threshold questions of immunity, Defendants only provide authority relating to the stay of discovery to resolve the issue of qualified immunity. But as many of the same principles apply to the defenses of sovereign and official immunity, the Court will consider the issues together. *Garcia v. Castro*, No. 15-CV-440, 2017 WL 2964945, at *5 (S.D. Tex. July 11, 2017) ("[I]f Officer Defendants are entitled to qualified immunity, under Texas law they are also entitled to official immunity and the Department is per se protected by sovereign immunity.").

A government official is entitled to qualified immunity unless a plaintiff establishes "that (1) the defendant violated the plaintiff's constitutional rights and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation." *Cowart v. Erwin*, 837 F.3d 444, 454 (5th Cir. 2016) (internal quotations omitted). Both Plaintiffs and Martin County Defendants agree qualified immunity is "more than a mere defense to liability," it is "an immunity from suit" that must be determined "at the earliest possible stage of the litigation." *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022). In *Carswell*, the Fifth Circuit made clear "that a plaintiff asserting constitutional claims against an officer claiming [qualified immunity] must survive the motion to dismiss without *any* discovery." *Id*. at 311. However, when a motion to dismiss is denied, "the defendant can move the district court for discovery limited to the factual disputes relevant to whether [qualified immunity] applies, then reassert [qualified immunity] in a summary judgment motion." *Id*. at 312. The Fifth Circuit has recognized a "'careful procedure' under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain that defense." *Asante-Chioke v.*

*Dowdle*, 103 F.4th 1126, 1129 (5th Cir. 2024). First, the Court must find Plaintiffs' pleadings assert facts which, if true, would overcome the defense of qualified immunity. *Id*. Second, "if the court remains unable to rule on the immunity defense without further clarification of the facts, it may issue a discovery order narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Id*.

Here, Martin County Defendants did not test the sufficiency of Plaintiffs' Complaint with a motion to dismiss. District courts in this Circuit have found that fact satisfies the first requirement as it essentially places the defendants in a similar position to if their motion to dismiss had been denied. *Erwin v. Murray*, No. 23-1005, 2023 WL 7112830, at *3 (E.D. La. Oct. 27, 2023); *Craft v. Parish of Jeff Davis*, No. 20-CV-00853, 2025 WL 971740, at *2 (W.D. La. Mar. 31, 2025). Thus, "[w]hen qualified immunity is raised via motion for summary judgment and the court is 'unable to rule on the immunity defense without further clarification of the facts,' [it] is appropriate to limit discovery to the issue of qualified immunity so that qualified immunity can be addressed as expeditiously as possible via summary judgment." *Craft*, 2025 WL 971740, at *2 (quoting *Asante-Chioke*, 103 F.4th at 1131). Here, narrow discovery is necessary to resolve factual issues essential to the qualified immunity defense—namely, facts surrounding why certain property was seized outside the scope of the search warrant, the disposition of the property seized, and what Plaintiffs were told about the status of the property.

Martin County Defendants also ask the Court to stay discovery regarding claims to which no immunity defense is raised, including the *Monell* liability claim against Martin County and all the claims against Defendant Snellgrove. (Doc. 27). Defendants provide no compelling reason, nor does the Court read one in *Carswell* or *Asante-Chioke*, to stay discovery on claims against co-defendants without an immunity defense.

Accordingly, Martin County Defendants' Motion to Stay Discovery is **GRANTED IN PART** and **DENIED IN PART**. (Doc. 27). Discovery on claims where immunity defenses are raised is hereby **STAYED** except for discovery narrowly tailored to uncover those facts needed to rule on the immunity claims. It is **FURTHER ORDERED** that the Parties shall have until **January 23, 2026**, to conduct limited discovery pertaining to Martin County Defendants' assertions of immunity, at the conclusion of which the Parties shall be permitted to supplement their respective Motion for Summary Judgement and Response. Martin County Defendants' may supplement their Motion for Summary Judgment on or before **January 30, 2026**, and Plaintiffs may supplement their Response on or before **February 6, 2025**.

It is so **ORDERED**.

SIGNED this 27th day of October, 2025.

RONALD C. GRIFFIN  
UNITED STATES MAGISTRATE JUDGE