**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND / ODESSA DIVISION**

| | | |
|---|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN** | § | |
| | § | |
| **VS.** | § | |
| | § | **NO.    7:25-cv-00245** |
| **MARTIN COUNTY SHERIFF'S** | § | |
| **DEPARTMENT;** | § | |
| | § | |
| **BRAD INGRAM, IN HIS INDIVIDUAL** | § | |
| **AND OFFICIAL CAPACITY;** | § | |
| | § | |
| **ANDERS DAHL, IN HIS INDIVIDUAL** | § | |
| **AND OFFICIAL CAPACITY;** | § | |
| | § | |
| **KELSEY BROWN,  IN HIS INDIVIDUAL** | § | |
| **AND OFFICIAL CAPACITY;** | | |
| | § | |
| **RORY GAMMONS, IN HIS INDIVIDUAL** | § | |
| **AND OFFICIAL CAPACITY;** | § | |
| | § | |
| **WESTON PHELPS, IN HIS INDIVIDUAL** | § | |
| **AND OFFICIAL CAPACITY; AND** | § | |
| | § | |
| **BRIAN SNELLGROVE** | § | |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

### Introduction

1. Plaintiffs seek leave under Federal Rule of Civil Procedure 15(a)(2) to file a Second Amended Complaint that does not add new parties or causes of action, but instead clarifies and expands the factual allegations in the existing "Factual Allegations" section of the First Amended Complaint.

2. The proposed amendment is timely under the Court's Scheduling Order, which provides that "the parties shall file all motions to amend or supplement pleadings or to join additional parties by December 1, 2025."

3. The amendments are based on materials from the underlying criminal case, including police reports, incident reports, reports of the search, inventory documents, text messages between law enforcement officers and Defendant Snellgrove, and social media postings by the Sheriff's Office regarding the seizure of Plaintiffs' property.

4. The proposed Second Amended Complaint is intended to address the heightened need for particularity in a Section 1983 case in which the individual defendants have raised or will raise qualified immunity. It specifies, to the greatest degree reasonably possible at the pleading stage, which individual defendants did what, when, and how, including: who obtained and executed the warrant, which officers operated which vehicles, which officers and Snellgrove loaded which tools and equipment into which vehicles, how the seized items were transported, and how Sheriff Ingram and other command staff approved, coordinated, and ratified the seizure and transfer of Plaintiffs' property.

5. These more detailed factual allegations are critical to addressing the individual defendants' anticipated and already asserted qualified immunity defenses, because they clarify the specific conduct of each defendant and support Plaintiffs' claim that each defendant violated clearly established constitutional rights.

6. Plaintiffs do not seek to add new parties nor new causes of action.

### Legal Argument

7. The Scheduling Order expressly provides that "the parties shall file all motions to amend or supplement pleadings or to join additional parties by December 1, 2025."

8. Plaintiffs file this motion on or before that deadline. As a result, Plaintiffs are not seeking to modify the Scheduling Order, and there is no need for a separate showing of "good cause" to

amend the schedule itself. The motion should be evaluated under the liberal standard of Rule 15(a)(2).

9.  Plaintiffs are moving to amend well before the close of discovery, expert designations, or dispositive motion deadlines.

10. Plaintiffs seek leave to amend now so that the operative complaint will be as specific and accurate as possible before the parties undertake depositions and before Defendants supplement any motion for summary judgment based on qualified immunity. There is no bad faith or dilatory motive.

11. The proposed Second Amended Complaint does not introduce new causes of action or new defendants. It refines and elaborates the factual allegations underlying the same theories already pleaded in the First Amended Complaint.

12. The additional factual detail relies heavily on Defendants' own documents and communications. Defendants have been aware of the underlying facts because they generated many of the relevant reports, messages, and social media posts, and they have had access to the criminal case file since the inception of this civil case.

13. The purpose of the amendment is to strengthen and clarify Plaintiffs' existing claims, not to plead new claims that would be subject to dismissal.

14. At the pleading stage, these detailed, non-conclusory factual allegations are more than sufficient to state plausible claims under Rule 8 and to defeat any argument that amendment would be futile.

### Conclusion

15. Plaintiffs respectfully request that the Court grant this Motion, permit Plaintiffs to file their Second Amended Complaint in the form attached as Exhibit A, deem the Second Amended

Complaint filed as of the date of the Court's order, and grant Plaintiffs such other and further relief to which they may be justly entitled.

Respectfully Submitted,

/s/ Kurt Muelller
--------------------------------------
Kurt Mueller
Texas Bar No. 24133133

The Kurt Mueller Law Firm PLLC
565 S Mason Rd PMB 223
Katy, Texas 77450
(713) 360-2110
kurt@kurtmuellerpllc.com

## Certificate of Conference

Pursuant to requirements of local rules, I certify that I contacted attorneys for both defendants on December 1, 2025 via email to notify them of my intent to file an amended complaint consistent with this court's prior scheduling order and to inquiry if there was any objection. Mr. Perez responded stating he did not object to the motion to amend. Mr. Dennis did not respond.

## Certificate of Service

I certify that on the date reflected by the CM/ECF date stamps I filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that those participants in the case that are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Kurt Mueller
--------------------------------------
Kurt Mueller
Texas Bar No. 24133133

The Kurt Mueller Law Firm PLLC
565 S Mason Rd PMB 223
Katy, Texas 77450
(713) 360-2110
kurt@kurtmuellerpllc.com