**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN,** *Plaintiff and Counter-Defendants*, <br><br> **v.** <br><br> **MARTIN COUNTY SHERIFF'S DEPARTMENT, BRAD INGRAM, ANDERS DAHL, KELSEY BROWN, RORY GAMMONS, and WESTON PHELPS, each in their individual and official capacities,** *Defendants*, <br><br> **v.** <br><br> **BRIAN SNELLGROVE,** *Defendant and Counter-Plaintiff*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§     **MO:25-CV-00245-RCG** |

**<u>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT</u>**

BEFORE THE COURT is Plaintiffs Austin and Kiska Hamblin's Motion for Leave to File Second Amended Complaint. (Doc. 44). This case is before the Court pursuant to the consent of the parties in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Docs. 9, 10, 38). After due consideration, the Court **GRANTS** Plaintiffs' Motion for Leave. (Doc. 44).

On May 6, 2025, Plaintiffs Austin Hamblin and Kiska Hamblin ("Plaintiffs"), initially proceeding *pro se*, commenced this action in the 118th Judicial District, Martin County, Texas, against Defendants' Martin County Sheriff's Department, Brad Ingram, Anders Dahl, Kelsey Brown, Rory Gammons,[1] and Weston Phelps (collectively, "Martin County Defendants"). (Doc.

---

1. The Court recognizes Rory Gammons is employed by the Howard County Sheriff's Department, rather than the Martin County Sheriff's Department, but for ease and simplicity, the Court will refer to each of the individual officers collectively as Martin County Defendants. (*See* Doc. 15 at 3).

2-3). On May 22, 2025, Martin County Defendants removed the action to this Court and, subsequently, filed an Answer. (Docs. 1, 2, 3). On June 18, 2025, an attorney appeared on behalf of Plaintiffs and moved to amend their Complaint, which the Court granted. (Docs. 12, 14). In the Amended Complaint, Plaintiffs brought suit against an additional defendant, Brian Snellgrove ("Defendant Snellgrove"). Plaintiffs bring the following causes of action: (1) replevin, (2) conversion, (3) unjust enrichment, (4) deprivation of civil rights under 42 U.S.C. § 1983, (5) trespass to chattels, (6) Texas Tort Claim Act, (7) abuse of process, (8) negligence, (9) Texas Theft Liability Act, and (10) conspiracy. (Doc. 15). Martin County Defendants filed an Answer to Plaintiffs' First Amended Complaint, asserting affirmative defenses for both absolute, qualified, and official immunity. (Doc. 19 at 13). Defendant Snellgrove also filed an Answer and Counterclaim, asserting causes of action for civil conspiracy and conversion against Plaintiffs. (Doc. 20). On August 13, 2025, Plaintiffs filed a Motion to Dismiss Defendant Snellgrove's Counterclaims, whi Motions, the Court granted in part the Motion to Stay Discovery and ordered that the Parties may supplement their briefing of the Motion for Summary Judgment. (Doc. 37).

On December 1, 2025, Plaintiffs filed the instant Motion for Leave to File Second Amended Complaint. (Doc. 44). In their Motion, Plaintiffs seek to clarify and expand the factual allegations but do not seek to add new parties or causes of action or to amend the Scheduling Order. *Id*. Thus, Plaintiffs seek leave to file their Second Amended Complaint under Federal Rule of Civil Procedure 15(a)(2). *Id*. Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of the pleadings before trial. Although the Court "should freely give leave when justice so requires," FED. R. CIV. P. 15(a)(2), leave to amend is not automatic. *N. Cypress Med. Center Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018). The decision to grant or deny a motion to amend is within the sound discretion of the trial court,

though Rule 15 "evinces a bias in favor of granting leave to amend" and "a district court needs a substantial reason to deny a party's request for leave to amend." *Id.* (internal quotations omitted). In exercising its discretion, the district court considers such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, and futility of amendment." *Id.*

Under Local Rule CV-7(d)(2), any response to a non-dispositive motion must be filed "no later than 7 days after the filing of the motion." The rule further provides that "[i]f there is no response filed within the time period by this rule, the court may grant the motion as unopposed." Local Court Rule CV-7(d)(2). Here, Plaintiffs' Motion was filed on December 1, 2025, and notice and service of the Motion were provided to Defendants via the Court's CM/ECF system. (Doc. 44 at 4). In the instant Motion, Plaintiffs' attorney indicates Defendant Snellgrove's attorney is unopposed to the Motion, but Martin County Defendants' attorney did not respond. *Id.* Under this Court's rules, Martin County Defendants' Response was due December 8, 2025. Martin County Defendants did not respond within the 7-day period, nor have Martin County Defendants responded since the deadline passed. The Court therefore concludes there is no opposition to the relief sought by way of the Motion. *See Lamonica v. Allstate Fire & Cas. Ins.*, No. SA-19-CV-0152, 2020 WL 5358499, at *1 (W.D. Tex. Feb. 7, 2020). Thus, the Court **GRANTS** Plaintiffs' Motion as unopposed. (Doc. 44).

Accordingly, the Court **GRANTS** Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 44) and **DIRECTS** the Clerk of the Court to file Plaintiffs' Second Amended Complaint (Doc. 44-1).

It is so **ORDERED**.

SIGNED this 10th day of December, 2025.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE