IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND / ODESSA DIVISION

| | | |
|---|---|---|
| AUSTIN HAMBLIN and KISKA HAMBLIN | § | |
| | § | |
| VS. | § | |
| | § | NO.    7:25-cv-00245 |
| MARTIN COUNTY SHERIFF'S DEPARTMENT; | § | |
| | § | |
| | § | |
| BRAD INGRAM, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; | § | |
| | § | |
| | § | |
| ANDERS DAHL, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; | § | |
| | § | |
| | § | |
| KELSEY BROWN,  IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; | § | |
| | § | |
| RORY GAMMONS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; | § | |
| | § | |
| | § | |
| WESTON PHELPS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND | § | |
| | § | |
| | § | |
| BRIAN SNELLGROVE | § | |

**PROPOSED ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

**AND FOR SANCTIONS**

On this day, the Court considered Plaintiffs' Motion to Compel Discovery and for Sanctions

Regarding Inadequate Rule 30(b)(6) Representation (the "Motion"). The Motion is GRANTED as

set out below.

For purposes of this Order, the "Incident" means the execution of the May 2023 search warrant at

Plaintiffs' residence (3700 Hamilton), the seizure of Plaintiffs' property, transportation of that

property, offloading and inventorying at any barn/warehouse or at 2100 Westside Drive, and any subsequent storage, release, transfer, sale, or disposition of the seized property.

**Production of body-worn camera recordings.**

Within 14 days of this Order, Martin County Sheriff's Department (the "County") shall produce all body-worn camera recordings, in its possession, custody, or control, from each County officer/deputy present for the Incident, from first arrival at 3700 Hamilton through completion of the search and departure, including all segments, associated still images, and any related "event forms" or classification tags. The County shall also produce device identifiers, officer assignment records for the Incident, and upload/audit logs sufficient to show the existence, upload, retention category, access history, and deletion or overwrite history (if any) for each recording.

**Production of barn/warehouse and offloading recordings and images.**

Within 14 days of this Order, the County shall produce all photographs and videos of seized property taken during the Incident at any barn/warehouse, staging area, or at 2100 Westside Drive, including any images taken by Sheriff Brad Ingram and any other County employee. Production shall be in native/original format with available metadata (including date/time and device information) and shall identify the photographer/videographer and custodian.

**Production of dash camera recordings.**

Within 14 days of this Order, the County shall produce all dash camera recordings, in its possession, custody, or control, from all County vehicles present or used in connection with the Incident, including transport of property. The County shall also produce a vehicle list and unit assignments for the Incident and dash camera system logs showing upload, retention settings, and deletion or overwrite events (if any) for responsive recordings.

**Chain-of-custody and inventory documentation.**

Within 14 days of this Order, the County shall produce all handwritten inventories, warrant return attachments, chain-of-custody ledgers, evidence transfer documentation, and any other records reflecting what was seized, where it was stored, and how it was transferred, released, or disposed. If any such records cannot be located, the County shall provide a sworn declaration describing the steps taken to locate them and the basis for concluding they do not exist.

**Communications with Brian Snellgrove.**

Within 14 days of this Order, the County shall produce all responsive communications (texts, emails, messages) between County personnel and Brian Snellgrove (and any Snellgrove employees) relating to the Incident, including seizure, storage, release, valuation, or disposition of the property. If any responsive material is withheld, the County shall provide a privilege log within the same 14-day period.

**Custodian declaration regarding video platforms and search.**

Within 14 days of this Order, the County shall serve a sworn declaration from a knowledgeable custodian (IT/video administrator or vendor custodian) that identifies the body-worn camera and dash camera platform(s) used for the Incident; describes where recordings are stored (including any cloud or vendor systems); states retention settings applicable to the Incident; describes the exact search performed for responsive files (who, when, and search parameters); attaches audit logs sufficient to substantiate the search and file histories; and, if any responsive recordings are missing, specifies whether they were deleted or overwritten, when, why, and by whom, including any administrative actions or changes to retention settings.

**Rule 30(b)(6) re-deposition.**

After the productions required by this Order are completed, the County shall designate and produce one or more adequately prepared Rule 30(b)(6) witnesses to testify about the topics noticed for the January 15, 2026 deposition and the County's video retention, logging, search efforts, chain-of-custody practices, and communications with Snellgrove as they relate to the Incident. The re-deposition shall be limited to 7 hours total and shall occur within 21 days after the County's completion of production, unless the parties agree otherwise.

**Preservation.**

Effective immediately, the County shall take reasonable steps to preserve all materials described in this Order, including video/ESI, metadata, audit logs, and retention settings, and shall issue any necessary legal holds to relevant custodians and vendors. The County shall not delete, overwrite, or alter responsive video/ESI pending further order of the Court.

**Fees and expenses.**

Pursuant to Fed. R. Civ. P. 37(a)(5), the County shall pay Plaintiffs' reasonable expenses, including attorney's fees, incurred in bringing the Motion and in taking the re-deposition. Within 14 days of this Order, Plaintiffs shall file a fee application supported by evidence of reasonable hours and rates. The County may file a response within 14 days thereafter.

Failure to comply with this Order may result in additional sanctions.


SIGNED on _____, 2026.


_____

RONALD C. GRIFFIN

UNITED STATES MAGISTRATE JUDGE