**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN** § | |
| § | |
| **vs.** § | |
| § | **NO:  7:25-cv-00245** |
| **MARTIN COUNTY SHERIFF'S** § | |
| **DEPARTMENT, BRAD INGRAM,** § | |
| **ANDERS DAHL, KELSEY BROWN,** § | |
| **RORY GAMMONS, AND** § | |
| **WESLEY PHELPS** § | |

**DEFENDANT MARTIN COUNTY ET AL'S RESPONSE**
**TO PLAINTIFFS' FIRST AND SECOND DISCOVERY REQUESTS**

TO:   Austin Hamblin and Kiska Hamblin, by and through their attorney, Kurt Mueller

NOW COMES, Defendant and serves these responses to Plaintiffs' discovery 2nd discovery requests, such responses being for the purpose of this action only, and which are attached.

For any document produced with responses, Defendants object to any Notice that seeks to generally authenticate, without particularity, any documents produced by any party in discovery. Such notice is unduly broad and lacks specificity because it fails to set out the particular documents for which authentication is sought. Plaintiffs should identify which documents Plaintiffs seek to authenticate by providing a title and short description of each document. Defendanst further reserves the right to object once specific items are identified.

Respectfully submitted,

*/s/ Denis Dennis*
DENIS DENNIS
State Bar No. 05655566
ddennis@kmdfirm.com

OF

KELLY, MORGAN, DENNIS,
CORZINE & HANSEN, P.C.
P.O. Box 1311
Odessa, Texas  79760-1311
(432) 367-7271
FAX:  (432) 363-9121
ATTORNEYS FOR DEFENDANTS
MARTIN COUNTY SHERIFF'S
DEPARTMENT, BRAD INGRAM,
ANDERS DAHL, KELSEY BROWN,
RORY GAMMONS, AND
WESLEY PHELPS

CERTIFICATE OF SERVICE

I certify that on the 1st day of December, 2025, a true and correct copy of the above and foregoing was sent to the Plaintiffs' and Co-Defendant's counsel via efiling.

/s/ Denis Dennis
DENIS DENNIS

---

*Defendants' Response to Plaintiffs' 1ˢᵗ and  2ⁿᵈ Discovery Requests*                    **Page 2**

Interrogatory No. 1 Identify all persons present for or participating in the Search, including agency, rank/title, and role.

**RESPONSE:** **Brad Ingram, Anders Dahl (Sgt Investigator), Kelsey Brown (Patrol Sgt), Rory Gammons, Jessie Metcalf (Chief Deputy).**

Interrogatory No. 2 Identify each item of Seized Property (with make/model/serial where known), its current location or last known whereabouts, and what ultimately happened to it.

**RESPONSE:** *See* **attachment A, Return and inventory attached to the search warrant.** *See also* **documents produced by Brian Snellgrove.**

Interrogatory No. 3 Describe the chain of custody for each item of Seized Property from seizure through current location or disposition, including each custodian and dates.

**RESPONSE:** **The stolen property was stored in a warehouse owned by Brian Snellgrove.**

Interrogatory No. 4 Describe all communications You had with Snellgrove or Nichols regarding Plaintiffs, the alleged theft, the Search, or the Seized Property (date, medium, participants, substance).

**RESPONSE:** **Brian Snellgrove initially made a report of the theft and a search warrant was signed off on by District Judge Shane Seaton.** *See also* **the Affidavit for Search Warrant attached to the Search Warrant and documents produced by Brian Snellgrove. The stolen property was found at Austin Hamblin's residence at the time and other buildings on the Hamblin property.**

Interrogatory No. 5 Describe all internal communications among Defendants or Sheriff's Department personnel regarding Plaintiffs, the alleged theft, the Search, the Seized Property, or the related criminal case (date, medium, participants, substance).

**RESPONSE:** **None.**

Interrogatory No. 6 Describe the factual basis for seeking and obtaining the Search warrant, including who initiated the investigation, what information was presented to the magistrate, by whom, and any corroboration steps taken.

**RESPONSE:** **See Interrogatory No. 4.**

Interrogatory No. 7 State whether a signed search warrant existed at the time of the Search, whether it was on hand, shown or provided to Plaintiffs, and, if not provided, why not.

**RESPONSE:** **Yes, it was provided.**

Interrogatory No. 8 Explain the procedures followed after seizure (inventorying, tagging, storage, logging, notices to Plaintiffs or others), and who was responsible.

**RESPONSE:**        **See Interrogatory No. 4.**

Interrogatory No. 9 State whether any Seized Property was transferred or released to Snellgrove or any person outside law enforcement, and if so identify each item, date, recipient, authorization, and documentation.

**RESPONSE:**        **The stolen property was released to its rightful owner, Brian Snellgrove.**

Interrogatory No. 10 State whether any notice to Plaintiffs, consent from Plaintiffs, or court order was obtained before releasing/transferring/disposing of any Seized Property; if so, identify.

**RESPONSE:**        **I was not in office at the time.  Retired October 2, 2023.**

Interrogatory No. 11 Identify and describe all written policies/procedures/training materials in effect in 2023 regarding seizure, inventory, storage, return, and disposition of property; state whether You contend your actions complied and, if not, describe deviations and reasons.

**RESPONSE:**        **Relied on the Texas Code of Criminal Procedure.**

Interrogatory No. 12 Describe any similar complaints, lawsuits, or internal investigations within five years before/after the incident alleging mishandling, failure to return, or improper disposition of seized property (or state none known).

**RESPONSE:**        **None known; however, maybe within five years, a deputy was fired from the Martin County Sheriff's Department for illegal search.**

Interrogatory No. 13 Describe Snellgrove's involvement in the investigation, the Search, identification or removal of property, and post-Search actions concerning the Seized Property.

**RESPONSE:**        **Mr. Snellgrove was present at the search and identified the stolen property.  He also furnished trucks to help transport the property to the warehouse owned by Snellgrove.**

Interrogatory No. 14 Identify all facts, evidence, or Documents You contend supported accusation/suspicion that Austin Hamblin stole tools or equipment, and identify when each item became first known to you.

**RESPONSE:**        **See arrest warrant and probable cause affidavit.  In addition,**

**Austin Hamblin admitted to taking the property in the video previously provided. *See also* documents produced by Brian Snellgrove.**

Interrogatory No. 15 Identify all persons with knowledge of any relevant facts (contact information and subjects of knowledge).

**RESPONSE:**     **Plaintiffs and all known Defendants, as well as Disrict Judge Shane Seaton, and Magistrate Judge Nancy Bradshaw.**

RFP No. 1 (Search Warrant). Produce the Search warrant, supporting application/affidavit/exhibits, and return.

**RESPONSE:**        **Attached.**

RFP No. 2 (Seized Property Inventory). Produce all inventories, logs, receipts, vouchers, or lists of items seized (including any copy provided to Plaintiffs).

**RESPONSE:**        **Attached.**

RFP No. 3 (Photos/Video/Audio). Produce all photographs, video, and audio relating to the Search or Seized Property (including bodycam/dashcam, scene photos, property photos, 911/dispatch audio).

**RESPONSE:**        **Attached.**

RFP No. 4 (Comms with Snellgrove/Nichols). Produce all communications between any Defendant and Snellgrove or Nichols regarding Plaintiffs, the alleged theft, the investigation, the Search, or the Seized Property.

**RESPONSE:        Defendant objects to this request insofar as Defendant cannot produce verbal communications.**

RFP No. 5 (Internal Comms). Produce all internal communications among or between Sheriff's Department personnel or Defendants regarding Plaintiffs, the alleged theft, the Search, the Seized Property, or the related criminal case.

**RESPONSE:        Defendant objects to this request insofar as Defendant cannot produce verbal communications.**

RFP No. 6 (Release/Transfer). Produce all documents evidencing any release, transfer, or return of Seized Property to any person or entity.

**RESPONSE:**        **Attached.**

RFP No. 7 (Sale/Auction/Disposal). Produce all documents relating to any sale, auction, destruction, or other disposition of Seized Property (including bills of sale, auction listings/receipts, destruction logs).

**RESPONSE:**        **None.**

RFP No. 8 (Plaintiffs' Return Requests). Produce all requests/demands by or on behalf of Plaintiffs for return of Seized Property and all responses thereto.

**RESPONSE:**        **None.**

RFP No. 9 (Policies/Procedures). Produce policies, procedures, manuals, and training

materials (2020–present) regarding seizure, inventory, storage, return, and disposition of property.

**RESPONSE:**        ***See* Texas Code of Criminal Procedure.  There might have been a binder.  It might not have anything on search and seizure.  It may not be in existence any longer.**

RFP No. 10 (Internal Review/IA). Produce all documents relating to any internal review, complaint, or investigation regarding the handling or disposition of Plaintiffs' Seized Property.

**RESPONSE:**        **None.**

RFP No. 11 (Reports/Statements). Produce all offense/incident/arrest/case reports, narratives, and witness statements relating to the alleged theft, the Search, or Seized Property.

**RESPONSE:**        **Attached.**

RFP No. 12 (Criminal Disposition). Produce all documents reflecting the dismissal of criminal charges against Austin Hamblin (orders, notices, DA communications).

**RESPONSE:**        **Attached.**

RFP No. 13 (DA Communications). Produce all communications between any Defendant and the District Attorney regarding the investigation, prosecution, or dismissal of charges against Austin Hamblin.

**RESPONSE:**        **Attached.**

RFP No. 14 (Discipline/Training). Produce all documents evidencing any discipline, remedial training, or employment action taken in connection with these events.

**RESPONSE:**        **None.**

RFP No. 15 (Agreements with Snellgrove). Produce all documents evidencing or reflecting any understanding or agreement with Snellgrove concerning Seized Property.

**RESPONSE:**        **None.**

RFP No. 16 (Materials from Snellgrove/Nichols). Produce all documents provided by Snellgrove or Nichols relating to the alleged theft or Seized Property (statements, lists, receipts, ownership proofs).

**RESPONSE:**        **Attached.**

RFP No. 17 (Valuation). Produce all documents reflecting the value of Seized Property or

alleged value supporting any charge level.

**RESPONSE:**        **Attached.**

RFP No. 18 (Defense Materials). Produce all documents You intend to rely upon to support any defense in this action.

**RESPONSE:**        **Attached.**

RFP No. 19 (Chain of Custody). Produce all chain-of-custody records for each item of Seized Property (intake logs, evidence/property room entries, transfer forms, database printouts).

**RESPONSE:**        **Attached.**

RFP No. 20 (Transport Vehicles & Physical Removal). Produce all documents reflecting the vehicles and physical removal used for Seized Property, including:

>    (a)    identification of vehicles/units (unit numbers, license plates, trailers/tow identifiers, fleet assignments);
>    (b)    any towing/haul tickets, load sheets, or fleet records; and
>    (c)    any photographs or video depicting loading/removal into those vehicles.

**RESPONSE:**        **None.**

RFP No. 21 (Dispatch/CAD/GPS/Radio re Transport). Produce all dispatch/CAD entries, unit history reports, AVL/GPS data, radio/audio logs or transcripts, and call notes reflecting arrival, departure, transport, and routing for vehicles or units used to remove Seized Property from Plaintiffs' residence.

**RESPONSE:**        **None.**

RFP No. 22 (Personnel & Initial Intake Location). Produce all documents identifying the persons who loaded, transported, or unloaded Seized Property (including duty rosters or assignment sheets) and records showing the initial destination of eAch item (address/facility and specific evidence room/locker/bay), including intake paperwork.

**RESPONSE:**        **None.**

RFP No. 23 (Final Disposition/Current Location). Produce all documents relating to final disposition of each seized item, including release forms, receipts, bills of sale, auction records, communications with purchasers/transferees, and documents identifying the current or last known location of each item.

**RESPONSE:**        **Attached.**

RFA No. 1 Admit that on or about May 17, 2023, officers of the Martin County Sheriff's Department conducted a search of Plaintiffs' residence pursuant to a warrant.

**RESPONSE:**        **ADMIT.**

RFA No. 2 Admit that Brian Snellgrove was present at Plaintiffs' residence during the Search.

**RESPONSE:**        **ADMIT.**

RFA No. 3 Admit that during the Search, Brian Snellgrove identified items he claimed were stolen.

**RESPONSE:**        **ADMIT.**

RFA No. 4 Admit that officers seized items during the Search based, in part, on Snellgrove's identification.

**RESPONSE:**        **ADMIT.**

RFA No. 5 Admit that Plaintiffs were not provided a copy of the warrant prior to or during the Search.

**RESPONSE:**        **DENY.**

RFA No. 6 Admit that Seized Property included Snap-on branded tools/equipment.

**RESPONSE:**        **ADMIT.**

RFA No. 7 Admit that among the Seized Property was a Snap-on plasma cutter.

**RESPONSE:**        **ADMIT.**

RFA No. 8 Admit that among the Seized Property was a Snap-on air compressor.

**RESPONSE:**        **ADMIT.**

RFA No. 9 Admit that theft charges were brought against Austin Hamblin arising from the Search and related investigation.

**RESPONSE:**        **ADMIT.**

RFA No. 10 Admit that the criminal charges against Austin Hamblin were dismissed.

**RESPONSE:**        **ADMIT.**

RFA No. 11 Admit that the charges were dismissed due to insufficient evidence.

**RESPONSE:**        **DENY.**

RFA No. 12 Admit that at least some of the Seized Property was not returned to Plaintiffs.

**RESPONSE:**        **ADMIT.**

RFA No. 13 Admit that at least some of the Seized Property was released or transferred to Brian Snellgrove.

**RESPONSE:**        **ADMIT.**

RFA No. 14 Admit that Plaintiffs were not provided notice prior to the transfer to Snellgrove.

**RESPONSE:**        **ADMIT.**

RFA No. 15 Admit that no court order or judicial authorization was obtained to release Seized Property to Snellgrove.

**RESPONSE:**        **DENY.**

RFA No. 16 Admit that at the time of any transfer to Snellgrove, there had been no judicial determination that the Seized Property so transferred belonged to him.

**RESPONSE:**        **DENY.**

RFA No. 17 Admit that Plaintiffs were not given a hearing or opportunity to be heard regarding the disposition of the Seized Property before it was transferred or disposed.

**RESPONSE:**        **DENY.**

RFA No. 18 Admit that Plaintiffs did not consent to the transfer or disposition of any Seized Property.

**RESPONSE:**        **DENY.**

RFA No. 19 Admit that officers of the Martin County Sheriff's Department were present and participated in the Search.

**RESPONSE:**        **ADMIT, except for Weston Phelps.  DENY for Weston Phelps.**

RFA No. 20 Admit that, prior to obtaining the warrant, the only evidence suggesting theft by Austin Hamblin known to You consisted of information provided by Snellgrove or persons acting on his behalf.

**RESPONSE:**        **DENY.**

RFA No. 21 Admit that at least some items seized from Plaintiffs' residence are no longer in any Defendant's possession.

**RESPONSE:        DENY.**

RFA No. 22 Admit that You cannot produce a complete chain-of-custody record identifying every custodian and transfer for each item seized.

**RESPONSE:        DENY.**

RFA No. 23 Admit that You do not maintain records identifying the specific vehicles used to transport each seized item from Plaintiffs' residence.

**RESPONSE:        ADMIT.**

RFA No. 24 Admit that at least one item seized from Plaintiffs' residence was disposed of (sold, transferred, destroyed, or otherwise) without any receipt, bill of sale, or written release being maintained.

**RESPONSE:        DENY.**

RFA No. 25 Admit that You do not know the current location of at least one item seized from Plaintiffs' residence.

**RESPONSE:        DENY.**

RFA No. 26 Admit that You do not possess photographs or video that collectively depict all items at the time they left Plaintiffs' residence.

**RESPONSE:        DENY.**

Interrogatory No. 16: Identify each item of property seized during the Search on May 17, 2023 that was not listed or described in the search warrant for that Search, and explain in detail why you (or others under your direction) seized each such item. In your answer, include the specific reasons or justifications for seizing the item (e.g. whether someone alleged it was stolen, whether it was in plain view and believed to be evidence of a crime, etc.), and identify any person who identified, directed, or suggested that the item be seized (such as Defendant Snellgrove or any officer).

**RESPONSE:** **Any items seized that were not listed on the search warrant were identified by Brian Snellgrove, in plain view and/or Austin Hamblin consented and directed the officers to take the items.**

Interrogatory No. 17: For each item of the Seized Property, state the current or final disposition of that item. Your answer should, for each item, indicate whether the item is:

    (a)    still in the custody of the Martin County Sheriff's Department or any government evidence storage;

    (b)    was returned to either of the Plaintiffs (and if so, when and by whom);

    (c)    was released or turned over to Defendant Brian Snellgrove (or any other third party), and if so, when, to whom, and under what authority; or

    (d)    no longer in the possession of the Department for any other reason (e.g. sold, destroyed, lost, etc., and if so, explain). For each item, identify the person(s) who approved or carried out its disposition and the date on which the disposition occurred.

**RESPONSE:** **Any items seized that were not listed on the search warrant were identified by Brian Snellgrove, in plain view and/or Austin Hamblin consented and directed the officers to take the items.**

Interrogatory No. 18: Describe in detail all communications to Plaintiffs (or their agents or representatives) by any of the Martin County Defendants (or by anyone on behalf of the Sheriff's Department) regarding the status, custody, or return of the Seized Property. In your answer, for each such communication state: the date, the medium (e.g. in-person conversation, telephone call, email, letter), the person(s) making the communication, the person(s) to whom it was made, and a summary of what Plaintiffs were told regarding their property. (For example, state whether Plaintiffs were told that certain items had been returned to someone else, that items were being held as evidence, that they needed to provide proof of ownership, etc., and who provided that information.)

**RESPONSE:** **None.**

Interrogatory No. 19: Describe any training, instruction, or guidance that was provided by Martin County Sheriff's Department before May 17, 2023 on the following topics: (a) execution of search warrants and the scope of seizures permitted during a search, (b) conducting searches and seizing property in compliance with a search warrant's scope (and avoiding seizure of items not covered by the warrant unless legally justified), and (c) the proper handling, inventory, custody, and eventual return or disposition of property

seized during investigations (including procedures for returning property to suspects/owners after an investigation or when charges are resolved). For each such training or instruction, describe the form (e.g. police academy course, field training, written directive, in-service training session), the date or time frame it was given, and who provided it. For each revision or modification of policy: indicate what the revision or modification was, when the revision or modification went into effect, and how the modification or revision was communicated by or to you.

**RESPONSE:** **See video, along with other items produced in discovery by other parties. No extra training apart from each individual officer's background and SWAT entry training.**

Interrogatory No. 20: Describe in detail all communications or interactions you had with Defendant Brian Snellgrove at any time that relate to the property seized from Plaintiffs. Your answer should include any discussions with Snellgrove before or during the Search about what items to look for or seize, any proof of ownership Snellgrove presented, steps taken to verify any claims of ownership by Snellgrove, as well as any communications after the Search in which Snellgrove inquired about, requested, took possession of any of the Seized Property, or disposed of the Seized Property. For each such communication, provide the date, the method (in-person, phone, text, email, etc.), and either a copy of the written communication or summary of what was orally discussed (along with any written notes or contemporaneous summary or record), and what actions you took (if any) in response to Snellgrove's requests or statements.

**RESPONSE:** **See video, along with other items produced in discovery by other parties.**

Interrogatory No. 21 (to Martin County Sheriff's Department only): Describe the Sheriff's Department's policies or standard practices in effect in 2023 governing the retention and return or release of seized property. In particular, explain the usual procedure or practice (if any) that the Department follows when a criminal case is concluded without a conviction (for example, when charges are dropped or a suspect is not prosecuted) regarding how and when seized property should be returned to the person from whom it was seized or otherwise disposed of. In your answer, state what steps (such as obtaining authorization from a prosecutor or court, contacting the person from whom the property was seized, or requiring proof of ownership) are generally required by policy or practice before releasing seized property to any person. Then state whether those standard policies/practices were followed with respect to the Seized Property from Plaintiffs, and if not, describe what was done differently and why.

**RESPONSE:** **Texas Code of Criminal Procedure.**

Interrogatory No. 22 (to Martin County Sheriff's Department only): Identify and describe any prior incidents, complaints, or reports (whether formal or informal) in the ten years prior to May 2023 that alleged or involved a Martin County Sheriff's Department officer or employee:

(a)      seizing property beyond the scope of a warrant or without proper authority, or

(b)      failing to return property to its rightful owner after the conclusion of an investigation or releasing seized property to someone other than the person from whom it was seized without  notice or permission.

**RESPONSE:**          **None.**

For each such incident, provide the date, a brief description of the circumstances and allegations, the names of the personnel involved, and what action, if any, the Department took in response (such as an internal investigation, disciplinary action, or changes to policy/training). If no such prior incidents are known, affirmatively so state in your answer.

Interrogatory No. 23 (to Martin County Sheriff's Department only): State whether any internal investigation, review, or evaluation was conducted by the Sheriff's Department (including by Internal Affairs or any supervisory personnel) regarding the May 17, 2023 Search of Plaintiffs' home or the handling/disposition of the Seized Property from that Search. If such an investigation or review was conducted, describe its scope, findings, and outcome – including whether any of the Defendant officers were reprimanded, disciplined, or given additional training as a result, or whether any policy changes were recommended. If no such internal review was conducted, state that no review occurred and explain, if you can, why not (for example, if the Department did not become aware of any issue until this lawsuit, or if it determined no review was necessary).

**RESPONSE:**          **No.**

Interrogatory No. 24 (to Martin County Sheriff's Department only): Identify the person or persons who, as of May 2023, had final decision-making authority within the Martin County Sheriff's Department for matters involving the custody and release of seized property (for example, the official(s) who could authorize releasing evidence or property to a third party or owner). For each person identified, state whether that person was aware of or involved in (a) the decision to seize property from Plaintiffs' residence that was not listed in the warrant, and (b) any decision or authorization to release any of the Seized Property to Defendant Snellgrove (or to refuse its return to Plaintiffs).

In your answer, specify whether Sheriff Ingram himself had knowledge of these actions at the time and whether he approved, directed, or acquiesced in them, or was not informed of them.

**RESPONSE:**          **Sheriff Brad Ingram.**

---

RFP No. 24: Produce all documents sufficient to identify each item of the Seized Property and to show the chain of custody and final disposition of each item. This includes, but is not limited to: any search inventory or return prepared in connection with the Search (listing items seized); property or evidence logs or tags recording the handling of those items; any receipts, release forms, or transfer documents indicating when and to whom any of the items were released or delivered; and any other records showing the movement or status of each item from the time of seizure to the present.

**RESPONSE:** **Attached warrant and inventory, along with other items produced in discovery by other parties.**

RFP No. 25: Produce all documents and communications relating to the release, transfer, or return of any of the Seized Property to Defendant Brian Snellgrove (or to any other person or entity outside of law enforcement). This includes any written or electronic requests or demands by Snellgrove for the property, any internal correspondence or memoranda discussing whether to release items to Snellgrove, any approvals or authorizations (formal or informal) for releasing the property, any records of communication with the District Attorney or other officials about releasing the property, and any receipt or acknowledgment signed by Snellgrove (or others) upon receiving such property.

**RESPONSE:** **I would not know as I was not in office and had retired.**

RFP No. 26: Produce all documents and communications between any of the Martin County Defendants (or their agents) and either of the Plaintiffs (or their attorneys or representatives) that concern the Seized Property or its return. This includes, for example, any notices concerning the property's disposition, any letters, phone calls, voice messages, or emails from Plaintiffs (or their counsel) requesting return of property, and any written replies from the Sheriff's Department or its counsel. If communications were oral (e.g. phone calls or in-person inquiries), produce any notes, memos, email follow-ups, or internal reports reflecting the content of those communications.

**RESPONSE:** **None.**

RFP No. 27: Produce all written policies, procedures, manuals, general orders, or guidelines of the Martin County Sheriff's Department (in effect from 2020 to present, and including all versions, revisions, or modifications) concerning the execution of search warrants and the scope of permissible seizures during a search. This request encompasses any policy or directive addressing how deputies should conduct searches, what items may be seized under a warrant, the handling of items not listed in a warrant (including use of the plain view doctrine or obtaining supplemental warrants), and the presence or role of civilians during the execution of warrants (if addressed in policy).

**RESPONSE:** ***See* Texas Code of Criminal Procedure. There might have been a binder. It might not have anything on search and seizure. It may not be in existence any longer.**

RFP No. 28: Produce all written policies, procedures, manuals, general orders, or guidelines of the Martin County Sheriff's Department (in effect from 2020 to present, and including all versions, revisions, or modifications) concerning the handling of seized property/evidence, including its custody, storage, release, or return. This includes policies on maintaining chain of custody, evidence room procedures (or procedures for storage in places other than the evidence room as may be applicable), policies for returning property to owners or suspects (for instance, after a case is concluded or if a decision is made not to pursue charges), and any procedures required to transfer property to a person claiming ownership (such as a victim of theft) prior to case disposition.

**RESPONSE:** *See* **answer to Interrogatory No. 27.**

RFP No. 29: Produce all materials concerning training provided to Martin County Sheriff's Department personnel (from 2018 to present) regarding (a) the proper execution of search warrants (with emphasis on adhering to the warrant's scope and lawful seizure of property), and (b) the handling and disposition of seized property (including evidence preservation, chain of custody, and returning or releasing property after investigations). This request includes any training manuals, lesson plans, presentation slides, handouts, or written directives used in training, as well as any training bulletins or memoranda issued to deputies on these topics. If there are records of specific training attended by Defendants Ingram, Dahl, Brown, Gammons, or Phelps on these subjects (such as certificates or training logs), produce those records as well.

**RESPONSE:** **See answer to Interrogatory No. 27.**

RFP No. 30: Produce all documents (from 2015 to present) relating to any complaint, claim, or internal investigation involving allegations that a Martin County Sheriff's Department officer or employee (i) improperly seized property without lawful authority or beyond the scope of a warrant, or (ii) failed to return, lost, misused, or wrongfully disposed of property belonging to an arrestee, suspect, or owner. For each such incident, include the original complaint document (if any), any internal affairs or investigative reports, witness statements, and the final disposition or findings of the investigation.

**RESPONSE:** **Defendant objects to the request insofar as it is over broad.**

RFP No. 31: Produce all documents relating to any disciplinary action, remedial training, or policy change taken by the Martin County Sheriff's Department in response to the events involving Plaintiffs (the May 17, 2023 Search and the handling of Plaintiffs' property) or in response to any other incident identified in Request No. 30. This includes records of any employee discipline (reprimands, suspensions, etc.), notes or minutes of supervisory meetings where the incident was discussed, and any revised or new policies or training protocols implemented to address issues of search warrant execution or property handling. RFP No. 32: Produce all documents and communications between any Martin County Defendant (or any employee of the Sheriff's Department) and Defendant Brian Snellgrove from April 2023 to present, pertaining to Plaintiffs, the allegations of theft by Austin Hamblin, the decision to obtain or execute the search warrant on Plaintiffs' residence, the identification of items to be seized, or the disposition of the Seized Property. This should

include any emails, text messages, letters, or reports where Snellgrove provided information about alleged stolen property, requested or discussed the seized items, or was informed of actions taken regarding the property.

**RESPONSE:        None.**

RFP No. 33: Produce any audio or video recordings in the possession of the Sheriff's Department (or the individual Defendants) that document the Search on May 17, 2023 or any communications with Plaintiffs about the seized property. This includes any body-worn camera footage, dash camera video, or audio recordings captured by law enforcement during the search of Plaintiffs' home, as well as any recordings of phone calls or meetings in which Plaintiffs inquired about their property or were informed of its status. If no such recordings exist or were made, please confirm that in your response.

**RESPONSE:        Attached and other items produced by other parties.**

RFA No. 27: Admit that during the May 17, 2023 Search of Plaintiffs' residence, one or more items of property were seized that were not listed or described in the search warrant authorizing the Search.

**RESPONSE:        ADMIT.**

RFA No. 28: Admit that at the time any of the Seized Property was released or turned over to Defendant Brian Snellgrove, Plaintiff Austin Hamblin had not been convicted of any crime related to the allegations for which the property was seized.

**RESPONSE:        ADMIT.**

RFA No. 29: Admit that the Martin County Sheriff's Department (or its agents) released or transferred possession of some of the Seized Property to Defendant Brian Snellgrove.

**RESPONSE:        ADMIT.**

RFA No. 30: Admit that no court order or other judicial authorization was obtained by the Martin County Defendants before releasing any of the Seized Property to Defendant Snellgrove.

**RESPONSE:        DENY.**

RFA No. 31: Admit that no court or judge ever made a determination that Defendant Snellgrove was the lawful  owner of the Seized Property or that Plaintiffs were not entitled to possess that property, prior to the Sheriff's Department releasing the property to Snellgrove.

**RESPONSE:        DENY.**

RFA No. 32: Admit that the Martin County Defendants did not notify Plaintiffs or give them

an opportunity to contest the release of the Seized Property before property taken from Plaintiffs' home was given to Defendant Snellgrove.

**RESPONSE:          DENY.**

RFA No. 33: Admit that after the criminal charges against Austin Hamblin were dropped (dismissed) in November 2024, Plaintiffs (directly or through counsel) requested the return of their property that had been seized during the Search.

**RESPONSE:          DENY.**

RFA No. 34: Admit that as of the filing of this civil lawsuit on May 6, 2025, Plaintiffs had not received back all of the property that was seized from their home on May 17, 2023.

**RESPONSE:          DENY.**

RFA No. 35: Admit that, at the time of the events in question, the Martin County Sheriff's Department had no written policy that specifically required or outlined the process for promptly returning seized property to a suspect or arrestee in the event that criminal charges related to that property were dropped or resolved in the suspect's favor.

**RESPONSE:          DENY.**

RFA No. 36: Admit that the Martin County Sheriff's Department had not provided any training or instruction to its deputies specifically on the procedures for returning or releasing seized property to the person from whom it was seized once an investigation or prosecution was concluded without a conviction.

**RESPONSE:          DENY.**

RFA No. 37: Admit that no Martin County Sheriff's Department personnel were disciplined, reprimanded, or formally counseled as a result of the seizure of property from Plaintiffs outside the scope of the warrant or the release of Plaintiffs' property to Defendant Snellgrove.

**RESPONSE:          DENY.**

RFA No. 38: Admit that, since the events giving rise to this lawsuit, the Martin County Sheriff's Department has not implemented any new written policy or training specifically addressing the issues of (a) limiting seizures of property to the scope of a warrant, or (b) ensuring the proper return of seized property to the rightful owner or person from whom it was seized after criminal proceedings.

**RESPONSE:          ADMIT.**