

**THE KURT MUELLER**
**LAW FIRM PLLC**

565 S Mason Rd #223
Katy, Texas 77450
Telephone: 713-360-2110
E-Mail: kurt@kurtmuellerpllc.com
Licensed in Texas, Virginia, and Limited Federal Courts

To:     Martin County Sheriff's Department

December 8. 2025

**RE: Notice of Rule 30(b)(6) Deposition and Rule 34 Request for Production**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition upon oral examination of Defendant Martin County Sheriff's Department on January 15, 2026, at 9:00 a.m., at a location to be determined either in or near Midland, Texas , or via Zoom, or at such other time and place as may be agreed by the parties. The deposition may be videotaped and will continue from day to day until completed. Defendant Martin County Sheriff's Department shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf regarding the topics described in Schedule A below, as matters known or reasonably available to the organization.

This deposition is being noticed pursuant to Rule 30(b)(6) and in compliance with the Court's Discovery Order dated October 27, 2025 in Hamblin v. Martin County, No. 7:25-cv-00245-RCG. In that Order, the Court authorized "narrowly tailored" discovery on specific factual issues essential to Defendants' qualified immunity defense – namely, "why certain property was seized outside the scope of the search warrant, the disposition of the property seized, and what Plaintiffs were told about the status of the property". The Court denied a stay of discovery on Plaintiffs' Monell municipal liability claim, noting no immunity defense applies to that claim. Accordingly, the examination topics in Schedule A are narrowly tailored to (a) the factual issues identified by the Court (seizure of property outside the warrant, the disposition of that property, and information provided to Plaintiffs about it), and (b) relevant Martin County Sheriff's Department policies, practices, training, and oversight from 2020 to present that bear on the seizure and post-seizure handling of property at issue (as pertinent to the Monell claim).

PLEASE TAKE FURTHER NOTICE that, pursuant to Rules 30(b)(2) and 34, Defendant is requested to produce, at or before the deposition, the documents identified in Schedule B below. These Requests for Production are drawn narrowly to the same subject matter and time frame (generally 2020 to present, where applicable) consistent with the Court's limits. Documents should be produced to Plaintiffs' counsel no later than 30 days from service of this Notice (or another date agreed by the parties), in advance of the deposition, to facilitate efficient examination of the deponent.

Plaintiffs reserve the right to augment or modify the deposition topics or document requests to the extent allowed by the Court or by agreement of the parties.

Respectfully submitted,

Kurt Mueller

---

## Schedule A: Deposition Topics

1. **Circumstances of Seizure Beyond Warrant:** The factual circumstances and reasons why certain property not listed in the search warrant was seized during the law enforcement search at issue in this case. This topic includes any justifications or authority claimed for seizing items outside the warrant's scope, and any instructions or decisions by personnel leading to or approving such seizure.
2. **Disposition of Seized Property:** The handling and disposition of all property seized during the above-referenced search that was outside the scope of the warrant. This includes the inventorying and chain of custody of each such item from the time of seizure onward, the current status or final disposition of each item (e.g. whether it was retained as evidence, returned to its owner, subjected to forfeiture, or disposed of in some other manner), and identification of who was involved in or approved decisions regarding the retention, return, or disposal of those items.
3. **Information Provided to Plaintiffs:** Any and all communications, representations, or information provided by the Martin County Sheriff's Department or its personnel or the Prosecutors office or the Court or any other part of the Government to the Plaintiffs (or their agents) regarding the property seized outside the warrant's scope. This includes what Plaintiffs were told about the seizure and status of that property (e.g. explanations for why it was taken, whether/when it would be returned, and any conditions for its return).
4. **Policies on Search Warrant Execution (2020–Present):** The Martin County Sheriff's Department's policies, procedures, and practices in effect from 2020 to present regarding the execution of search warrants, with particular attention to any policies or guidelines concerning the seizure of property not specified in a warrant. This topic includes whether any written or unwritten policies address how officers should handle items found during a search that are outside the warrant's scope, and any requirements for documenting justification or obtaining approval for such seizures.
5. **Policies on Handling/Disposition of Seized Property (2020–Present):** The Department's policies, procedures, and practices in effect from 2020 to present governing the handling, retention, storage, and disposition of property seized during law-enforcement activities. This includes policies on maintaining chain of custody, storing evidence or seized property, the duration for which property may be held, and procedures for returning property to its owner or otherwise disposing of property (e.g. through evidence release, forfeiture, or destruction) once it is determined that continued retention is not warranted.
6. **Training (2020–Present):** The training provided to Martin County Sheriff's Department personnel from 2020 to present regarding:
   - the proper execution of search warrants and adherence to warrant scope;
   - the lawful seizure of property, including limitations on seizing items not listed in a warrant and the necessary documentation or justification for such seizures;
   - evidence and property handling procedures (preservation, cataloguing, and chain-of-custody protocols for seized items); and
   - returning property to owners or otherwise lawfully disposing of seized property when appropriate. (For this topic, the Department should be prepared to testify about training materials, frequency of training, and the substance of the training relevant to these areas.)
7. **Internal Investigation/Review of the Incident:** Any internal investigation, review, or inquiry conducted by the Martin County Sheriff's Department into the search and seizure incident at issue in this case. This includes any internal affairs investigation, supervisory review, or after-action report examining the fact that property outside the warrant was seized or evaluating the handling and disposition of the seized items. The Department's designee should be prepared to discuss whether such an internal review occurred, and if so, the findings or conclusions (e.g. whether any policies were violated, any corrective actions taken, or any justification found for the actions).

8. Prior Similar Incidents or Complaints (2020–Present): To the extent known and documented, any other instances from 2020 to present in which personnel of the Martin County Sheriff's Department were alleged to have or found to have seized property outside the scope of a warrant or improperly handled/disposed of seized property (for example, failing to return property that should have been returned). This topic includes the Department's awareness and response to any such incidents – for instance, any complaints, grievances, or legal claims made by citizens regarding similar conduct, and any investigations, findings, or policy changes that resulted. (This topic is aimed at identifying any patterns, notice to the Department, or policy/practice issues relevant to Plaintiffs' Monell claim.)

9. Involvement of Policymakers in Decisions: The involvement of any final policymaking officials of Martin County or the Sheriff's Department (such as the Sheriff himself or other high-ranking officials) in connection with: (a) the decision to seize the property outside the warrant's scope in the incident at issue; (b) any decisions regarding the retention, return, or disposition of that property after its seizure; and (c) any subsequent responses or investigations by the Department into the incident. This includes whether any such official approved, directed, or ratified the actions taken, or was consulted about or informed of the status of the property. The designee should be prepared to testify as to any communications or directives from high-level officials regarding this incident and about the Department's policies or practices on the seizure and handling of property that might reflect such officials' decisions or instructions.

## Schedule B: Requests for Production of Documents

Defendant Martin County Sheriff's Department shall produce the following documents (to the extent not already produced) in accordance with Rule 34, at least 30 days before the deposition date or at the deposition (at the latest). The time frame for these requests is January 1, 2020 to present, unless a different date range is specified. These requests are narrowly tailored to the subjects permitted by the Court's October 27, 2025 Order: the seizure of property outside the warrant, the disposition of that property and communications about it, and matters relevant to Plaintiffs' Monell claim (departmental policies, training, and oversight).

1. Inventory and Chain-of-Custody Records: All documents recording or reflecting the inventory, collection, or chain of custody of property seized during the search at issue in this case that was not listed in the search warrant. This includes any property or evidence logs, inventory sheets, evidence tags, receipts, or custody transfer forms prepared at the time of the search or thereafter, property room records showing the intake and storage of such items, and any records of final disposition (release, return, transfer, destruction, etc.) for each such item.

2. Communications Regarding Disposition/Return: All communications from 2020 to present (whether internal within the Sheriff's Department or external, including communications with the Prosecutor's office or with Plaintiffs or their representatives) concerning the status, disposition, or return of the property seized in the search at issue that was outside the scope of the warrant. This includes, for example, any emails, letters, text messages, memoranda, or notes of phone calls that discuss what should be done with the property, decisions or plans for returning or not returning it, and any information relayed to the Plaintiffs about whether or when the property would be returned.

3. Policies and Procedures (2020–Present): All written policies, procedures, directives, or guidelines in effect from 2020 to present concerning:
   o the execution of search warrants and the scope of items that officers are permitted or prohibited to seize (including any policy on obtaining additional warrants or approvals for items not listed in the original warrant);
   o the handling, retention, and storage of seized property (including evidence-handling protocols, property room or evidence locker procedures, and chain-of-custody requirements); and
   o the return of property to its owner or other disposition of seized property once it is no longer needed for law enforcement purposes (for example, procedures for owners to request return of property, timelines for automatic return, policies on forfeiture or destruction of property, etc.).

If any such policies have been modified or updated since 2020, produce all versions or amendments in effect during the 2020–present period. If the Department follows any unwritten customary practices on these topics, please so indicate in response.

4. Training Materials (2020–Present): All materials used from 2020 to present in the training of Martin County Sheriff's Department personnel that relate to:
   o the proper execution of search warrants, including adhering to the warrant's scope and handling items not specified in the warrant;
   o the seizure of property during searches or arrests, particularly guidance on what to do upon discovering items outside the scope of a warrant (e.g. contraband or evidence in plain view) and how to document or justify such seizures;
   o evidence and property handling procedures, such as maintaining chain of custody, labeling and storing seized items, and safeguarding property; and
   o the return of seized property to owners (or lawful disposition), including any training on the process for owners to reclaim property, and legal requirements or best practices for timely return or disposition.

Such training materials may include, for example, training manuals, lesson plans, PowerPoint presentations, handouts, policy acknowledgment forms, or officer field training guides that cover the above topics. If training on these subjects is conducted verbally or on-the-job without written materials, provide any available description or outline of that training.

5. Internal Reviews/Complaints (2020–Present): Any and all documents relating to internal reviews, investigations, or complaints from 2020 to present regarding improper or disputed seizure of property or the handling/disposition of seized property by the Sheriff's Department. This request includes:
   o any documents generated in an internal investigation or review of the specific search and seizure incident at issue in this case (e.g. internal affairs reports, investigative findings, email correspondence about the incident, or meeting minutes discussing the incident); and
   o documents relating to other complaints or reported incidents (if any) within the 2020–present timeframe where it was alleged that Sheriff's Department personnel seized items beyond the authority of a warrant or failed to return property when they should have. For any such incident, produce any complaint document, internal investigation report, or summary of the outcome (such as findings or remedial actions taken).

If no formal documentation exists for a known incident or complaint, please identify the incident and explain (in writing) how it was handled or resolved.

6. Final Policymaker Involvement: Documents sufficient to identify any individuals with final policymaking authority (e.g. the Sheriff or other top officials) who were involved in or informed of:
   o the decision to seize property outside the warrant's scope in the incident at issue;
   o any decisions regarding the retention or return of that property after its seizure (including any decision not to return it immediately); or
   o any internal response or investigation by the Department concerning that incident.

For each such identified official or policymaker, produce any communications, directives, or written orders from that person from 2020 to present that relate to the incident at issue or to departmental policies/practices on seizure and handling of property (to the extent not produced in response to Request Nos. 3–5 above). This includes, for example, any email or memo from the Sheriff or command staff directing how to proceed with the seized property in question, or any policy memorandum addressing the handling of evidence/property that might have been issued as a result of this incident or similar incidents.

Please produce the above documents in accordance with the Federal Rules of Civil Procedure. Electronically stored information (ESI) should be produced in a reasonably usable form. If any responsive document is withheld under a claim of privilege, provide a privilege log identifying the document and the basis of the privilege.

Cordially yours,

Kurt Mueller