IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN** § | |
| § | |
| vs. § | |
| § | NO: 7:25-cv-00245 |
| **MARTIN COUNTY SHERIFF'S** § | |
| **DEPARTMENT, BRAD INGRAM,** § | |
| **ANDERS DAHL, KELSEY BROWN,** § | |
| **RORY GAMMONS, AND** § | |
| **WESLEY PHELPS** § | |

### DEFENDANTS' RESPONSE TO MOTION TO COMPEL DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Martin County Sheriff's Department, Brad Ingram, Anders Dahl, Kelsey Brown, Rory Gammons, Wesley Phelps, Defendants, in their official capacity, in the above-styled and numbered cause, and files this their Response to Plaintiffs' Motion to Compel Discovery, and would respectfully show the Court as follows:

On October 27, 2025, [document 37], this Court allowed limited discovery with regard to the Defendants's claims of immunity. The Court's ruling was in response to Defendants' Motion for Summary Judgment regarding the immunity of the Defendants and Motion to Stay Discovery. It is important to note that Plaintiffs' have sent no written discovery and requested no deposition of any individual involved in this case to explore claims of immunity. Instead, Plaintiffs have only sought a 30(b)(6) deposition of a representative of Martin County.

The incident which forms the basis of Plaintiffs' claims occurred in May 2023. Sheriff Brad Ingram was the duly elected Sheriff of Martin County at that time and was responsible for the Martin County Sheriff's Department. Prior to this case being filed, but subsequent to the events which form the basis of Plaintiffs' claims, Sheriff Brad Ingram retired from the Martin County Sheriff's Department and was replaced by a new Sheriff and Administration in January 2024.

Sheriff Ingram has no access to the County documents since he is no longer in office; however, in an effort to provide Plaintiffs with a County representative most knowledgeable of the events that occurred and the policies and procedures of the Sheriff's Department at the time the events occurred, Defendants designated Brad Ingram as the County representative for purposes of the 30(b)(6) deposition.

Despite knowing that Brad Ingram was no longer the Sheriff of Martin County and did not have access to documentary evidence of the Martin County Sheriff's Department, Plaintiffs' counsel asked numerous questions concerning the current status of evidence and policy matters of the Martin County Sheriff's Department.  It is Defendants' counsels' understanding that all documentary evidence regarding the events which forms the basis of Plaintiffs' complaint were turned over to the 118th District Attorney for prosecution of the Plaintiffs for theft of property and possession of methamphetamine and illegal fire arms.  In discovery, Defendants have represented that there are no other documents other than what has already been produced and what was turned over to the District Attorney's office for prosecution of the Plaintiffs for their criminal activities.  Brad Ingram does not have access to the District Attorney in Howard County, Texas.  Similarly, he has no access to any files or video material currently maintained in the Sheriff's Department in Martin County.  He is not responsible for and has no input into the current evidence retention policies of the current Sheriff's administration.

Defendants have no objection to Plaintiffs taking a deposition of a custodian of records for the current Martin County Sheriff's Department; however, they will have no knowledge of the events forming the basis of Plaintiffs' Complaint as all activities, investigation, and document retention occurred under the prior Sheriff, Brad Ingram.

This Court has deferred it ruling pursuant to the qualified immunity assertions pursuant to the rulings in *Carswell v Camp*, 54 F.4th 307 (5th Cir, 2022).  Plaintiffs counsel has done absolutely no discovery regarding the claims of qualified immunity by nature of written

discovery or depositions and merely seeks to avoid a ruling by the Court by virtue of complaints of missing documentary evidence unrelated to claims of qualified immunity, which includes the individual officers subjective perception of the facts they were presented, and whether or not the law is applicable to the situation was clearly established at the time.

With regard to the Monell claims against the County, they deal exclusively with whether or not there was a policy or procedure that was in place that was clearly unconstitutional. Plaintiffs have sought no discovery regarding any of these issues. Attached is an affidavit of the current chief deputy who has reviewed the file and confirmed there is no additional videos.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court deny Plaintiffs' Motion to Compel Discovery.

Respectfully submitted,

　*/s/ Denis Dennis*
DENIS DENNIS
State Bar No. 05655566
ddennis@kmdfirm.com

OF

KELLY, MORGAN, DENNIS,
CORZINE & HANSEN, P.C.
P.O. Box 1311
Odessa, Texas 79760-1311
(432) 367-7271
FAX: (432) 363-9121
ATTORNEYS FOR DEFENDANTS
MARTIN COUNTY SHERIFF'S
DEPARTMENT, BRAD INGRAM,
ANDERS DAHL, KELSEY BROWN,
RORY GAMMONS, AND
WESLEY PHELPS

## CERTIFICATE OF SERVICE

I certify that on the 29th day of January, 2026, a true and correct copy of the above and foregoing was sent to the Plaintiffs' counsel via efiling.

　*/s/ Denis Dennis*
DENIS DENNIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| AUSTIN HAMBLIN and KISKA HAMBLIN § | |
| § | |
| vs. § | |
| § NO: 7:25-cv-00245 | |
| MARTIN COUNTY SHERIFF'S § | |
| DEPARTMENT, BRAD INGRAM, § | |
| ANDERS DAHL, KELSEY BROWN, § | |
| RORY GAMMONS, AND § | |
| WESLEY PHELPS § | |

**AFFIDAVIT OF BILLY REYNOLDS**

STATE OF TEXAS §
§
COUNTY OF MARTIN §

Before me the undersigned authority personally appeared Billy Reynolds, who, by me duly sworn, deposed as follows:

"My name is Billy Reynolds. I am the Chief Deputy at the Martin County Sheriff's Department. I am of sound mind, over the age of 18, and capable of making this affidavit. I am personally acquainted with the facts herein stated, which are true."

"I have fully reviewed the file located at the Martin County Sheriff's Department relating to the search and seizure of the Hamblin property located at 3700 Hamilton Street, Big Spring, Texas on or about May 17, 2023."

"The file contains three body cam videos, all of which came from the body cam of former Sheriff Deputy Anders Dahl. No other videos exist."

Further affiant sayeth naught.

*Billy Reynolds* (signature)

Affidavit of Billy Reynolds_                                                Page 1

Chief Deputy, Martin County
Sheriff Department

SIGNED under oath before me on this 28 day of January, 2026.

_____
NOTARY PUBLIC, STATE OF TEXAS

[Notary Seal: BRITNEY WOOLF HENDRICKS, NOTARY PUBLIC, STATE OF TEXAS, ID # 13380970-7, Exp. 06-13-2026]