

THE **KURT MUELLER**
LAW FIRM PLLC

565 S Mason Rd #223
Katy, Texas 77450
Telephone: 713-360-2110
E-Mail: kurt@kurtmuellerpllc.com
Licensed in Texas, Virginia, and Limited Federal Courts

September 6,  2025

**Re: First Discovery Request to Defendants in Civil Action Hamblin v Martin Co. et al, No. 7:25-cv-00245**

Messrs. Dennis & Perez:

Plaintiffs pursuant to Federal Rules of Civil Procedure 26, 30, 33, 34, and 36, hereby serve the following Interrogatories, Requests for Production ("RFPs"), and Requests for Admission ("RFAs") on all Defendants.

Plaintiffs also provide notice of intent to take depositions pursuant to Rule 30.

<u>Production of all discovery should be done via electronic means if possible</u>. Please feel free to contact me via email and I can provide you a link to provide electronic discovery.

---

## I. INSTRUCTIONS

1. Rules of construction. The singular includes the plural and the plural includes the singular; "and" as well as "or" shall be construed both conjunctively and disjunctively to bring within scope all responsive information; and "including" means "including without limitation."
2. Separate responses. Although directed to all Defendants, each Defendant must serve separate answers and responses based on their own knowledge, information, possession, custody, or control.
3. Scope & timeframe. Unless otherwise stated, the relevant period is January 1, 2022 to present.
4. Diligent search. Make a reasonable and diligent inquiry and include information known to your current or former employees, agents, representatives, or attorneys (subject to privilege).
5. Form objections. State each objection with specificity and respond to any unobjectionable portion. Boilerplate, generalized objections are improper.
6. Privilege log. If withholding material under a claim of privilege or protection, provide a log compliant with Fed. R. Civ. P. 26(b)(5) identifying for each item: date, author, recipients, general subject matter, basis of the privilege, and the specific request to which it is responsive.
7. ESI production format. Produce documents as kept in the usual course of business or label them to correspond to the RFPs.
   - Emails and loose electronic files: native format with available metadata; or searchable PDF with metadata load file (date/time, author, recipients, subject, file path).
   - Spreadsheets/CSV/databases: native format.
   - Photos/video/audio: original/native or highest available resolution.
   - Paper: searchable PDF with Bates numbers.
   - Identify any systems that cannot export in these formats and confer promptly on an alternative.

8. Lost/destroyed materials. If responsive materials once existed but are lost, missing, destroyed, or otherwise unavailable, identify them and describe the circumstances, dates, and persons involved.

9. Continuing duty. These requests are continuing; promptly supplement under Rule 26(e) if you learn that any response is incomplete or incorrect.

10. Avoiding unnecessary duplication; cross-referencing prior productions. To avoid duplicative production only, if the same document or item of information is responsive to more than one Interrogatory or Request for Production, You need produce it once. However, for each Interrogatory or Request, You must still (a) serve a separate written response, and (b) specifically identify the documents or information You rely upon to answer that request. A cross-reference does not limit the scope of any request or Your duty to make a diligent search for all responsive materials. If an earlier production does not fully satisfy a later request, You must produce the additional responsive materials (or state, after reasonable inquiry, that none exist). This instruction is intended solely to avoid duplicate productions and may not be used to refuse, narrow, or delay any response.

11. Organization, responsiveness, and "no dump" requirement.
    o Produce only responsive material. Do not include non-responsive documents or data that obscures responsive material. Production must not be made "in ways that raise unnecessary obstacles for the requesting party." (Rule 34 Committee Notes on Rules—2006 Amendment)
    o Organization: You must either (i) label and organize documents to correspond to the specific Request(s) to which they are responsive; or (ii) if you elect to produce "as kept in the usual course of business," also provide a reasonably detailed index that identifies, for each Request, the pinpoint location where responsive materials can be located within the produced collections.
    o Search transparency (ESI): If you used search terms, date filters, or custodian limitations to collect responsive ESI, identify the custodians, date ranges, and search terms/filters employed for that production.
    o Do not produce data in bulk "container" formats (e.g., password-protected archives, PSTs, ZIPs) that prevent reasonable review, unless agreed in writing or necessary for native format; if used, provide an itemized index of the container's contents.
    o Privilege/non-responsive segregation: If documents are withheld or redacted pursuant to Rule 26(b)(5), use pages marked with redactions so that family relationships and page ranges remain apparent.
    o Certification: Each production constitutes a certification under Rule 26(g) that you conducted a reasonable search and that the production complies with this Instruction and does not dilute responsive materials with non-responsive matter.

## II. DEFINITIONS

- "Plaintiffs" means Austin Hamblin and Kiska Hamblin.
- "Defendant"/"You" means the particular responding Defendant and their current and former officers, employees, agents, and representatives. "Defendants" means all named Defendants collectively.
- "Sheriff's Department" means Martin County Sheriff's Department and its personnel.
- "Snellgrove" means Defendant Brian Snellgrove, including any person acting for him or at his request.
- "Nichols" means Andrew Nichols.
- "Search" means the search of Plaintiffs' residence conducted on or about May 17, 2023.
- "Seized Property" means any item taken or removed from Plaintiffs at or in connection with the Search, including Snap-on branded tools/equipment.
- "Document" and "Communication" are as used in Fed. R. Civ. P. 34 and 26 and include ESI of every kind (emails, texts, messages, logs, photos, audio/video, CAD/RMS, bodycam, etc.).
- "Identify" (person): full name, role/title, employer/agency, last known address/phone/email. Identify (document): date, author, recipients, type, subject, Bates, and current custodian.

## III. INTERROGATORIES TO ALL DEFENDANTS

Interrogatory No. 1 Identify all persons present for or participating in the Search, including agency, rank/title, and role.

Interrogatory No. 2 Identify each item of Seized Property (with make/model/serial where known), its current location or last known whereabouts, and what ultimately happened to it.

Interrogatory No. 3 Describe the chain of custody for each item of Seized Property from seizure through current location or disposition, including each custodian and dates.

Interrogatory No. 4 Describe all communications You had with Snellgrove or Nichols regarding Plaintiffs, the alleged theft, the Search, or the Seized Property (date, medium, participants, substance).

Interrogatory No. 5 Describe all internal communications among Defendants or Sheriff's Department personnel regarding Plaintiffs, the alleged theft, the Search, the Seized Property, or the related criminal case (date, medium, participants, substance).

Interrogatory No. 6 Describe the factual basis for seeking and obtaining the Search warrant, including who initiated the investigation, what information was presented to the magistrate, by whom, and any corroboration steps taken.

Interrogatory No. 7 State whether a signed search warrant existed at the time of the Search, whether it was on hand, shown or provided to Plaintiffs, and, if not provided, why not.

Interrogatory No. 8 Explain the procedures followed after seizure (inventorying, tagging, storage, logging, notices to Plaintiffs or others), and who was responsible.

Interrogatory No. 9 State whether any Seized Property was transferred or released to Snellgrove or any person outside law enforcement, and if so identify each item, date, recipient, authorization, and documentation.

Interrogatory No. 10 State whether any notice to Plaintiffs, consent from Plaintiffs, or court order was obtained before releasing/transferring/disposing of any Seized Property; if so, identify.

Interrogatory No. 11 Identify and describe all written policies/procedures/training materials in effect in 2023 regarding seizure, inventory, storage, return, and disposition of property; state whether You contend your actions complied and, if not, describe deviations and reasons.

Interrogatory No. 12 Describe any similar complaints, lawsuits, or internal investigations within five years before/after the incident alleging mishandling, failure to return, or improper disposition of seized property (or state none known).

Interrogatory No. 13 Describe Snellgrove's involvement in the investigation, the Search, identification or removal of property, and post-Search actions concerning the Seized Property.

Interrogatory No. 14 Identify all facts, evidence, or Documents You contend supported accusation/suspicion that Austin Hamblin stole tools or equipment, and identify when each item became firstr known to you.

Interrogatory No. 15 Identify all persons with knowledge of any relevant facts (contact information and subjects of knowledge).

## IV. REQUESTS FOR PRODUCTION TO ALL DEFENDANTS

RFP No. 1 (Search Warrant). Produce the Search warrant, supporting application/affidavit/exhibits, and return.

RFP No. 2 (Seized Property Inventory). Produce all inventories, logs, receipts, vouchers, or lists of items seized (including any copy provided to Plaintiffs).

RFP No. 3 (Photos/Video/Audio). Produce all photographs, video, and audio relating to the Search or Seized Property (including bodycam/dashcam, scene photos, property photos, 911/dispatch audio).

RFP No. 4 (Comms with Snellgrove/Nichols). Produce all communications between any Defendant and Snellgrove or Nichols regarding Plaintiffs, the alleged theft, the investigation, the Search, or the Seized Property.

RFP No. 5 (Internal Comms). Produce all internal communications among or between Sheriff's Department personnel or Defendants regarding Plaintiffs, the alleged theft, the Search, the Seized Property, or the related criminal case.

RFP No. 6 (Release/Transfer). Produce all documents evidencing any release, transfer, or return of Seized Property to any person or entity.

RFP No. 7 (Sale/Auction/Disposal). Produce all documents relating to any sale, auction, destruction, or other disposition of Seized Property (including bills of sale, auction listings/receipts, destruction logs).

RFP No. 8 (Plaintiffs' Return Requests). Produce all requests/demands by or on behalf of Plaintiffs for return of Seized Property and all responses thereto.

RFP No. 9 (Policies/Procedures). Produce policies, procedures, manuals, and training materials (2020–present) regarding seizure, inventory, storage, return, and disposition of property.

RFP No. 10 (Internal Review/IA). Produce all documents relating to any internal review, complaint, or investigation regarding the handling or disposition of Plaintiffs' Seized Property.

RFP No. 11 (Reports/Statements). Produce all offense/incident/arrest/case reports, narratives, and witness statements relating to the alleged theft, the Search, or Seized Property.

RFP No. 12 (Criminal Disposition). Produce all documents reflecting the dismissal of criminal charges against Austin Hamblin (orders, notices, DA communications).

RFP No. 13 (DA Communications). Produce all communications between any Defendant and the District Attorney regarding the investigation, prosecution, or dismissal of charges against Austin Hamblin.

RFP No. 14 (Discipline/Training). Produce all documents evidencing any discipline, remedial training, or employment action taken in connection with these events.

RFP No. 15 (Agreements with Snellgrove). Produce all documents evidencing or reflecting any understanding or agreement with Snellgrove concerning Seized Property.

RFP No. 16 (Materials from Snellgrove/Nichols). Produce all documents provided by Snellgrove or Nichols relating to the alleged theft or Seized Property (statements, lists, receipts, ownership proofs).

RFP No. 17 (Valuation). Produce all documents reflecting the value of Seized Property or alleged value supporting any charge level.

RFP No. 18 (Defense Materials). Produce all documents You intend to rely upon to support any defense in this action.

RFP No. 19 (Chain of Custody). Produce all chain-of-custody records for each item of Seized Property (intake logs, evidence/property room entries, transfer forms, database printouts).

RFP No. 20 (Transport Vehicles & Physical Removal). Produce all documents reflecting the vehicles and physical removal used for Seized Property, including:
(a) identification of vehicles/units (unit numbers, license plates, trailers/tow identifiers, fleet assignments);
(b) any towing/haul tickets, load sheets, or fleet records; and
(c) any photographs or video depicting loading/removal into those vehicles.

RFP No. 21 (Dispatch/CAD/GPS/Radio re Transport). Produce all dispatch/CAD entries, unit history reports, AVL/GPS data, radio/audio logs or transcripts, and call notes reflecting arrival, departure, transport, and routing for vehicles or units used to remove Seized Property from Plaintiffs' residence.

RFP No. 22 (Personnel & Initial Intake Location). Produce all documents identifying the persons who loaded, transported, or unloaded Seized Property (including duty rosters or assignment sheets) and records showing the initial destination of each item (address/facility and specific evidence room/locker/bay), including intake paperwork.

RFP No. 23 (Final Disposition/Current Location). Produce all documents relating to final disposition of each seized item, including release forms, receipts, bills of sale, auction records, communications with purchasers/transferees, and documents identifying the current or last known location of each item.

---

## V. REQUESTS FOR ADMISSION TO ALL DEFENDANTS

RFA No. 1 Admit that on or about May 17, 2023, officers of the Martin County Sheriff's Department conducted a search of Plaintiffs' residence pursuant to a warrant.
RFA No. 2 Admit that Brian Snellgrove was present at Plaintiffs' residence during the Search.
RFA No. 3 Admit that during the Search, Brian Snellgrove identified items he claimed were stolen.
RFA No. 4 Admit that officers seized items during the Search based, in part, on Snellgrove's identification.
RFA No. 5 Admit that Plaintiffs were not provided a copy of the warrant prior to or during the Search.
RFA No. 6 Admit that Seized Property included Snap-on branded tools/equipment.
RFA No. 7 Admit that among the Seized Property was a Snap-on plasma cutter.
RFA No. 8 Admit that among the Seized Property was a Snap-on air compressor.
RFA No. 9 Admit that theft charges were brought against Austin Hamblin arising from the Search and related investigation.
RFA No. 10 Admit that the criminal charges against Austin Hamblin were dismissed.
RFA No. 11 Admit that the charges were dismissed due to insufficient evidence.
RFA No. 12 Admit that at least some of the Seized Property was not returned to Plaintiffs.
RFA No. 13 Admit that at least some of the Seized Property was released or transferred to Brian Snellgrove.
RFA No. 14 Admit that Plaintiffs were not provided notice prior to the transfer to Snellgrove.
RFA No. 15 Admit that no court order or judicial authorization was obtained to release Seized Property to Snellgrove.
RFA No. 16 Admit that at the time of any transfer to Snellgrove, there had been no judicial determination that the Seized Property so transferred belonged to him.

RFA No. 17 Admit that Plaintiffs were not given a hearing or opportunity to be heard regarding the disposition of the Seized Property before it was transferred or disposed.

RFA No. 18 Admit that Plaintiffs did not consent to the transfer or disposition of any Seized Property.

RFA No. 19 Admit that officers of the Martin County Sheriff's Department were present and participated in the Search.

RFA No. 20 Admit that, prior to obtaining the warrant, the only evidence suggesting theft by Austin Hamblin known to You consisted of information provided by Snellgrove or persons acting on his behalf.

RFA No. 21 Admit that at least some items seized from Plaintiffs' residence are no longer in any Defendant's possession.

RFA No. 22 Admit that You cannot produce a complete chain-of-custody record identifying every custodian and transfer for each item seized.

RFA No. 23 Admit that You do not maintain records identifying the specific vehicles used to transport each seized item from Plaintiffs' residence.

RFA No. 24 Admit that at least one item seized from Plaintiffs' residence was disposed of (sold, transferred, destroyed, or otherwise) without any receipt, bill of sale, or written release being maintained.

RFA No. 25 Admit that You do not know the current location of at least one item seized from Plaintiffs' residence.

RFA No. 26 Admit that You do not possess photographs or video that collectively depict all items at the time they left Plaintiffs' residence.

---

## VI. NOTICE OF INTENT TO TAKE DEPOSITIONS & REQUEST FOR DATES

Pursuant to Fed. R. Civ. P. 30(a)(1) and 30(b)(6), Plaintiffs intend to depose the following party witnesses:

Individuals (Rule 30(a)(1))

1. Brad Ingram
2. Anders Dahl
3. Kelsey Brown
4. Rory Gammons
5. Weston Phelps
6. Brian Snellgrove

Organization (Rule 30(b)(6))
7. Martin County Sheriff's Department (corporate representative)

Proposed Rule 30(b)(6) Topics (non-exhaustive):

A. Policies/procedures/training (2020–present) re: search warrants; seizure, inventory, storage, return, disposition of property; and evidence systems (RMS/CAD/property room).

B. Planning/execution/documentation of the May 17, 2023 Search (personnel present; inventory of items seized).

C. Chain of custody and storage locations for each seized item; all releases/transfers (including any to Snellgrove) and authorizations.

D. Communications with Snellgrove and/or Nichols about the investigation, seized items, release/disposition, or valuation.

E. Communications with the District Attorney regarding charging decisions, case status, dismissal, and property disposition/return.

F. Dispositions (return, sale, auction, destruction) of any seized items and related paperwork (receipts, bills of sale, release forms, court orders, notices).

G. Any internal reviews/complaints/investigations regarding handling or disposition of Plaintiffs' seized property.

H. ESI systems potentially containing responsive data (email servers, bodycam systems, CAD/RMS, property databases) and preservation/collection steps.

Dates & Logistics. Please provide available dates for each deponent within 30 days of this notice, and indicate your preference on location/mode. Plaintiffs prefer to conduct depositions in Houston, Texas. Alternatively, Plaintiffs may be willing to proceed by remote means under Rule 30(b)(4). Please provide preferences or location / means of depositions and if Plaintiff elects to conduct depositions in person proposed suitable locations that may be mutually convenient. If You elect not to respond, Plaintiff may unilaterally notice depositions dates and/or times in accordance with law.

Cordially Yours,

Kurt Mueller