

565 S Mason Rd #223
Katy, Texas 77450
Telephone: 713-360-2110
E-Mail: kurt@kurtmuellerpllc.com
Licensed in Texas, Virginia, and Limited Federal Courts

November 7,  2025

**Re: Second Discovery Request to Defendants in Civil Action Hamblin v Martin Co. et al, No. 7:25-cv-00245**

Mr. Dennis:

Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, and in accordance with the Court's Order granting in part and denying in part Defendants' Motion to Stay Discovery, Plaintiffs hereby propound the following Interrogatories, Requests for Production, and Requests for Admission (Second Set) to the Martin County Defendants.

This discovery is narrowly tailored to the factual issues essential to the qualified immunity defenses – namely (1) why certain property was seized outside the scope of the search warrant, (2) the disposition of the property seized, and (3) what Plaintiffs were told about the status of the property – and to obtain full discovery on claims not subject to immunity (such as the Monell municipal liability claim against the Martin County Sheriff's Department).

<u>Production of all discovery should be done via electronic means if possible</u>. Please feel free to contact me via email and I can provide you a link to provide electronic discovery.

---

## I. INSTRUCTIONS

1. Rules of construction. The singular includes the plural and the plural includes the singular; "and" as well as "or" shall be construed both conjunctively and disjunctively to bring within scope all responsive information; and "including" means "including without limitation."
2. Separate responses. Although directed to all Defendants, each Defendant must serve separate answers and responses based on their own knowledge, information, possession, custody, or control.
3. Scope & timeframe. Unless otherwise stated, the relevant period is January 1, 2022 to present.
4. Diligent search. Make a reasonable and diligent inquiry and include information known to your current or former employees, agents, representatives, or attorneys (subject to privilege).
5. Form objections. State each objection with specificity and respond to any unobjectionable portion. Boilerplate, generalized objections are improper.
6. Privilege log. If withholding material under a claim of privilege or protection, provide a log compliant with Fed. R. Civ. P. 26(b)(5) identifying for each item: date, author, recipients, general subject matter, basis of the privilege, and the specific request to which it is responsive.
7. ESI production format. Produce documents as kept in the usual course of business or label them to correspond to the RFPs.

- o Emails and loose electronic files: native format with available metadata; or searchable PDF with metadata load file (date/time, author, recipients, subject, file path).
- o Spreadsheets/CSV/databases: native format.
- o Photos/video/audio: original/native or highest available resolution.
- o Paper: searchable PDF with Bates numbers.
- o Identify any systems that cannot export in these formats and confer promptly on an alternative.

8. Lost/destroyed materials. If responsive materials once existed but are lost, missing, destroyed, or otherwise unavailable, identify them and describe the circumstances, dates, and persons involved with respect to any loss, destruction, or unavailability.

9. Continuing duty. These requests are continuing; promptly supplement under Rule 26(e) if you learn that any response is incomplete or incorrect.

10. Avoiding unnecessary duplication; cross-referencing prior productions. To avoid duplicative production only, if the same document or item of information is responsive to more than one Interrogatory or Request for Production, You need produce it once. However, for each Interrogatory or Request, You must still (a) serve a separate written response, and (b) specifically identify the documents or information You rely upon to answer that request. A cross-reference does not limit the scope of any request or Your duty to make a diligent search for all responsive materials. If an earlier production does not fully satisfy a later request, You must produce the additional responsive materials (or state, after reasonable inquiry, that none exist). This instruction is intended solely to avoid duplicate productions and may not be used to refuse, narrow, or delay any response.

11. Organization, responsiveness, and "no dump" requirement.
- o Produce only responsive material. Do not include non-responsive documents or data that obscures responsive material. Production must not be made "in ways that raise unnecessary obstacles for the requesting party." (Rule 34 Committee Notes on Rules—2006 Amendment)
- o Organization: You must either (i) label and organize documents to correspond to the specific Request(s) to which they are responsive; or (ii) if you elect to produce "as kept in the usual course of business," also provide a reasonably detailed index that identifies, for each Request, the pinpoint location where responsive materials can be located within the produced collections.
- o Search transparency (ESI): If you used search terms, date filters, or custodian limitations to collect responsive ESI, identify the custodians, date ranges, and search terms/filters employed for that production.
- o Do not produce data in bulk "container" formats (e.g., password-protected archives, PSTs, ZIPs) that prevent reasonable review, unless agreed in writing or necessary for native format; if used, provide an itemized index of the container's contents.
- o Privilege/non-responsive segregation: If documents are withheld or redacted pursuant to Rule 26(b)(5), use pages marked with redactions so that family relationships and page ranges remain apparent.
- o Certification: Each production constitutes a certification under Rule 26(g) that you conducted a reasonable search and that the production complies with this Instruction and does not dilute responsive materials with non-responsive matter.

## II. DEFINITIONS

- "Plaintiffs" means Austin Hamblin and Kiska Hamblin.
- "Defendant"/"You" means the particular responding Defendant and their current and former officers, employees, agents, and representatives. "Defendants" means all named Defendants collectively.
- "Sheriff's Department" means Martin County Sheriff's Department and its personnel.
- "Snellgrove" means Defendant Brian Snellgrove, including any person acting for him or at his request.
- "Nichols" means Andrew Nichols.
- "Search" means the search of Plaintiffs' residence conducted on or about May 17, 2023.

- "Seized Property" means any item taken or removed from Plaintiffs at or in connection with the Search, including Snap-on branded tools/equipment.
- "Document" and "Communication" are as used in Fed. R. Civ. P. 34 and 26 and include ESI of every kind (emails, texts, messages, logs, photos, audio/video, CAD/RMS, bodycam, etc.).
- "Identify" (person): full name, role/title, employer/agency, last known address/phone/email. Identify (document): date, author, recipients, type, subject, Bates, and current custodian.

## III. INTERROGATORIES TO ALL DEFENDANTS

Interrogatory No. 16: Identify each item of property seized during the Search on May 17, 2023 that was not listed or described in the search warrant for that Search, and explain in detail why you (or others under your direction) seized each such item. In your answer, include the specific reasons or justifications for seizing the item (e.g. whether someone alleged it was stolen, whether it was in plain view and believed to be evidence of a crime, etc.), and identify any person who identified, directed, or suggested that the item be seized (such as Defendant Snellgrove or any officer).

Interrogatory No. 17: For each item of the Seized Property, state the current or final disposition of that item. Your answer should, for each item, indicate whether the item is: (a) still in the custody of the Martin County Sheriff's Department or any government evidence storage; (b) was returned to either of the Plaintiffs (and if so, when and by whom); (c) was released or turned over to Defendant Brian Snellgrove (or any other third party), and if so, when, to whom, and under what authority; or (d) no longer in the possession of the Department for any other reason (e.g. sold, destroyed, lost, etc., and if so, explain). For each item, identify the person(s) who approved or carried out its disposition and the date on which the disposition occurred.

Interrogatory No. 18: Describe in detail all communications to Plaintiffs (or their agents or representatives) by any of the Martin County Defendants (or by anyone on behalf of the Sheriff's Department) regarding the status, custody, or return of the Seized Property. In your answer, for each such communication state: the date, the medium (e.g. in-person conversation, telephone call, email, letter), the person(s) making the communication, the person(s) to whom it was made, and a summary of what Plaintiffs were told regarding their property. (For example, state whether Plaintiffs were told that certain items had been returned to someone else, that items were being held as evidence, that they needed to provide proof of ownership, etc., and who provided that information.)

Interrogatory No. 19: Describe any training, instruction, or guidance that was provided by Martin County Sheriff's Department before May 17, 2023 on the following topics: (a) execution of search warrants and the scope of seizures permitted during a search, (b) conducting searches and seizing property in compliance with a search warrant's scope (and avoiding seizure of items not covered by the warrant unless legally justified), and (c) the proper handling, inventory, custody, and eventual return or disposition of property seized during investigations (including procedures for returning property to suspects/owners after an investigation or when charges are resolved). For each such training or instruction, describe the form (e.g. police academy course, field training, written directive, in-service training session), the date or time frame it was given, and who provided it. For each revision or modification of policy: indicate what the revision or modification was, when the revision or modification went into effect, and how the modification or revision was communicated by or to you.

Interrogatory No. 20: Describe in detail all communications or interactions you had with Defendant Brian Snellgrove at any time that relate to the property seized from Plaintiffs. Your answer should include any discussions with Snellgrove before or during the Search about what items to look for or seize, any proof of ownership Snellgrove presented, steps taken to verify any claims of ownership by Snellgrove, as well as any communications after the Search in which Snellgrove inquired about, requested, took possession of any of the Seized Property, or disposed of the Seized Property. For each such communication, provide the date, the method (in-person, phone, text, email, etc.), and either a copy of the written communication or summary of what was orally discussed (along

with any written notes or contemporaneous summary or record), and what actions you took (if any) in response to Snellgrove's requests or statements.

Interrogatory No. 21 (to Martin County Sheriff's Department only): Describe the Sheriff's Department's policies or standard practices in effect in 2023 governing the retention and return or release of seized property. In particular, explain the usual procedure or practice (if any) that the Department follows when a criminal case is concluded without a conviction (for example, when charges are dropped or a suspect is not prosecuted) regarding how and when seized property should be returned to the person from whom it was seized or otherwise disposed of. In your answer, state what steps (such as obtaining authorization from a prosecutor or court, contacting the person from whom the property was seized, or requiring proof of ownership) are generally required by policy or practice before releasing seized property to any person. Then state whether those standard policies/practices were followed with respect to the Seized Property from Plaintiffs, and if not, describe what was done differently and why.

Interrogatory No. 22 (to Martin County Sheriff's Department only): Identify and describe any prior incidents, complaints, or reports (whether formal or informal) in the ten years prior to May 2023 that alleged or involved a Martin County Sheriff's Department officer or employee: (a) seizing property beyond the scope of a warrant or without proper authority, or (b) failing to return property to its rightful owner after the conclusion of an investigation or releasing seized property to someone other than the person from whom it was seized without notice or permission. For each such incident, provide the date, a brief description of the circumstances and allegations, the names of the personnel involved, and what action, if any, the Department took in response (such as an internal investigation, disciplinary action, or changes to policy/training). If no such prior incidents are known, affirmatively so state in your answer.

Interrogatory No. 23 (to Martin County Sheriff's Department only): State whether any internal investigation, review, or evaluation was conducted by the Sheriff's Department (including by Internal Affairs or any supervisory personnel) regarding the May 17, 2023 Search of Plaintiffs' home or the handling/disposition of the Seized Property from that Search. If such an investigation or review was conducted, describe its scope, findings, and outcome – including whether any of the Defendant officers were reprimanded, disciplined, or given additional training as a result, or whether any policy changes were recommended. If no such internal review was conducted, state that no review occurred and explain, if you can, why not (for example, if the Department did not become aware of any issue until this lawsuit, or if it determined no review was necessary).

Interrogatory No. 24 (to Martin County Sheriff's Department only): Identify the person or persons who, as of May 2023, had final decision-making authority within the Martin County Sheriff's Department for matters involving the custody and release of seized property (for example, the official(s) who could authorize releasing evidence or property to a third party or owner). For each person identified, state whether that person was aware of or involved in (a) the decision to seize property from Plaintiffs' residence that was not listed in the warrant, and (b) any decision or authorization to release any of the Seized Property to Defendant Snellgrove (or to refuse its return to Plaintiffs). In your answer, specify whether Sheriff Ingram himself had knowledge of these actions at the time and whether he approved, directed, or acquiesced in them, or was not informed of them.

## IV. REQUESTS FOR PRODUCTION TO ALL DEFENDANTS

RFP No. 24: Produce all documents sufficient to identify each item of the Seized Property and to show the chain of custody and final disposition of each item. This includes, but is not limited to: any search inventory or return prepared in connection with the Search (listing items seized); property or evidence logs or tags recording the handling of those items; any receipts, release forms, or transfer documents indicating when and to whom any of the

items were released or delivered; and any other records showing the movement or status of each item from the time of seizure to the present.

RFP No. 25: Produce all documents and communications relating to the release, transfer, or return of any of the Seized Property to Defendant Brian Snellgrove (or to any other person or entity outside of law enforcement). This includes any written or electronic requests or demands by Snellgrove for the property, any internal correspondence or memoranda discussing whether to release items to Snellgrove, any approvals or authorizations (formal or informal) for releasing the property, any records of communication with the District Attorney or other officials about releasing the property, and any receipt or acknowledgment signed by Snellgrove (or others) upon receiving such property.

RFP No. 26: Produce all documents and communications between any of the Martin County Defendants (or their agents) and either of the Plaintiffs (or their attorneys or representatives) that concern the Seized Property or its return. This includes, for example, any notices concerning the property's disposition, any letters, phone calls, voice messages, or emails from Plaintiffs (or their counsel) requesting return of property, and any written replies from the Sheriff's Department or its counsel. If communications were oral (e.g. phone calls or in-person inquiries), produce any notes, memos, email follow-ups, or internal reports reflecting the content of those communications.

RFP No. 27: Produce all written policies, procedures, manuals, general orders, or guidelines of the Martin County Sheriff's Department (in effect from 2020 to present, and including all versions, revisions, or modifications) concerning the execution of search warrants and the scope of permissible seizures during a search. This request encompasses any policy or directive addressing how deputies should conduct searches, what items may be seized under a warrant, the handling of items not listed in a warrant (including use of the plain view doctrine or obtaining supplemental warrants), and the presence or role of civilians during the execution of warrants (if addressed in policy).

RFP No. 28: Produce all written policies, procedures, manuals, general orders, or guidelines of the Martin County Sheriff's Department (in effect from 2020 to present, and including all versions, revisions, or modifications) concerning the handling of seized property/evidence, including its custody, storage, release, or return. This includes policies on maintaining chain of custody, evidence room procedures (or procedures for storage in places other than the evidence room as may be applicable), policies for returning property to owners or suspects (for instance, after a case is concluded or if a decision is made not to pursue charges), and any procedures required to transfer property to a person claiming ownership (such as a victim of theft) prior to case disposition.

RFP No. 29: Produce all materials concerning training provided to Martin County Sheriff's Department personnel (from 2018 to present) regarding (a) the proper execution of search warrants (with emphasis on adhering to the warrant's scope and lawful seizure of property), and (b) the handling and disposition of seized property (including evidence preservation, chain of custody, and returning or releasing property after investigations). This request includes any training manuals, lesson plans, presentation slides, handouts, or written directives used in training, as well as any training bulletins or memoranda issued to deputies on these topics. If there are records of specific training attended by Defendants Ingram, Dahl, Brown, Gammons, or Phelps on these subjects (such as certificates or training logs), produce those records as well.

RFP No. 30: Produce all documents (from 2015 to present) relating to any complaint, claim, or internal investigation involving allegations that a Martin County Sheriff's Department officer or employee (i) improperly seized property without lawful authority or beyond the scope of a warrant, or (ii) failed to return, lost, misused, or wrongfully disposed of property belonging to an arrestee, suspect, or owner. For each such incident, include the original complaint document (if any), any internal affairs or investigative reports, witness statements, and the final disposition or findings of the investigation.

RFP No. 31: Produce all documents relating to any disciplinary action, remedial training, or policy change taken by the Martin County Sheriff's Department in response to the events involving Plaintiffs (the May 17, 2023 Search and

the handling of Plaintiffs' property) or in response to any other incident identified in Request No. 30. This includes records of any employee discipline (reprimands, suspensions, etc.), notes or minutes of supervisory meetings where the incident was discussed, and any revised or new policies or training protocols implemented to address issues of search warrant execution or property handling.

RFP No. 32: Produce all documents and communications between any Martin County Defendant (or any employee of the Sheriff's Department) and Defendant Brian Snellgrove from April 2023 to present, pertaining to Plaintiffs, the allegations of theft by Austin Hamblin, the decision to obtain or execute the search warrant on Plaintiffs' residence, the identification of items to be seized, or the disposition of the Seized Property. This should include any emails, text messages, letters, or reports where Snellgrove provided information about alleged stolen property, requested or discussed the seized items, or was informed of actions taken regarding the property.

RFP No. 33: Produce any audio or video recordings in the possession of the Sheriff's Department (or the individual Defendants) that document the Search on May 17, 2023 or any communications with Plaintiffs about the seized property. This includes any body-worn camera footage, dash camera video, or audio recordings captured by law enforcement during the search of Plaintiffs' home, as well as any recordings of phone calls or meetings in which Plaintiffs inquired about their property or were informed of its status. If no such recordings exist or were made, please confirm that in your response.

## V. REQUESTS FOR ADMISSION TO ALL DEFENDANTS

RFA No. 27: Admit that during the May 17, 2023 Search of Plaintiffs' residence, one or more items of property were seized that were not listed or described in the search warrant authorizing the Search.

RFA No. 28: Admit that at the time any of the Seized Property was released or turned over to Defendant Brian Snellgrove, Plaintiff Austin Hamblin had not been convicted of any crime related to the allegations for which the property was seized.

RFA No. 29: Admit that the Martin County Sheriff's Department (or its agents) released or transferred possession of some of the Seized Property to Defendant Brian Snellgrove.

RFA No. 30: Admit that no court order or other judicial authorization was obtained by the Martin County Defendants before releasing any of the Seized Property to Defendant Snellgrove.

RFA No. 31: Admit that no court or judge ever made a determination that Defendant Snellgrove was the lawful owner of the Seized Property or that Plaintiffs were not entitled to possess that property, prior to the Sheriff's Department releasing the property to Snellgrove.

RFA No. 32: Admit that the Martin County Defendants did not notify Plaintiffs or give them an opportunity to contest the release of the Seized Property before property taken from Plaintiffs' home was given to Defendant Snellgrove.

RFA No. 33: Admit that after the criminal charges against Austin Hamblin were dropped (dismissed) in November 2024, Plaintiffs (directly or through counsel) requested the return of their property that had been seized during the Search.

RFA No. 34: Admit that as of the filing of this civil lawsuit on May 6, 2025, Plaintiffs had not received back all of the property that was seized from their home on May 17, 2023.

RFA No. 35: Admit that, at the time of the events in question, the Martin County Sheriff's Department had no written policy that specifically required or outlined the process for promptly returning seized property to a suspect or arrestee in the event that criminal charges related to that property were dropped or resolved in the suspect's favor.

RFA No. 36: Admit that the Martin County Sheriff's Department had not provided any training or instruction to its deputies specifically on the procedures for returning or releasing seized property to the person from whom it was seized once an investigation or prosecution was concluded without a conviction.

RFA No. 37: Admit that no Martin County Sheriff's Department personnel were disciplined, reprimanded, or formally counseled as a result of the seizure of property from Plaintiffs outside the scope of the warrant or the release of Plaintiffs' property to Defendant Snellgrove.

RFA No. 38: Admit that, since the events giving rise to this lawsuit, the Martin County Sheriff's Department has not implemented any new written policy or training specifically addressing the issues of (a) limiting seizures of property to the scope of a warrant, or (b) ensuring the proper return of seized property to the rightful owner or person from whom it was seized after criminal proceedings.

---

## VI. NOTICE OF INTENT TO TAKE DEPOSITIONS & REQUEST FOR DATES

Pursuant to Fed. R. Civ. P. 30(a)(1) and 30(b)(6), Plaintiffs intend to depose the following party witnesses consistent with the Court's order dated Oct. 27, 2025:

Organization (Rule 30(b)(6))
Martin County Sheriff's Department (corporate representative)

Proposed Rule 30(b)(6) Topics (non-exhaustive):
A. Policies/procedures/training (2020–present) re: search warrants; seizure, inventory, storage, return, disposition of property; and evidence systems (RMS/CAD/property room).
B. Planning/execution/documentation of the May 17, 2023 Search (personnel present; inventory of items seized).
C. Chain of custody and storage locations for each seized item; all releases/transfers (including any to Snellgrove) and authorizations.
D. Communications with Snellgrove and/or Nichols about the investigation, seized items, release/disposition, or valuation.
E. Communications with the District Attorney regarding charging decisions, case status, dismissal, and property disposition/return.
F. Dispositions (return, sale, auction, destruction) of any seized items and related paperwork (receipts, bills of sale, release forms, court orders, notices).
G. Any internal reviews/complaints/investigations regarding handling or disposition of Plaintiffs' seized property.
H. ESI systems potentially containing responsive data (email servers, bodycam systems, CAD/RMS, property databases) and preservation/collection steps.

Dates & Logistics. Please provide available dates for each deponent within 30 days of this notice, and indicate your preference on location/mode. Plaintiffs prefer to conduct depositions in Houston, Texas. Alternatively, Plaintiffs may be willing to proceed by remote means under Rule 30(b)(4). Please provide preferences or location / means of depositions and if Plaintiff elects to conduct depositions in person proposed suitable locations that may be mutually

convenient. If You elect not to respond, Plaintiff may unilaterally notice depositions dates and/or times in accordance with law.

Cordially Yours,

Kurt Mueller