IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| AUSTIN HAMBLIN and KISKA HAMBLIN,<br>　　*Plaintiff and Counter-Defendants*,<br><br>v.<br><br>MARTIN COUNTY SHERIFF'S DEPARTMENT, BRAD INGRAM, ANDERS DAHL, KELSEY BROWN, RORY GAMMONS, and WESTON PHELPS, **each in their individual and official capacities**,<br>　　*Defendants*,<br><br>v.<br><br>BRIAN SNELLGROVE,<br>　　*Defendant and Counter-Plaintiff*. | MO:25-CV-00245-RCG |

## ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS AND MOTION TO STRIKE

BEFORE THE COURT is Plaintiffs' Motion to Dismiss and Motion to Strike Defendant Brian Snellgrove's Counterclaims. (Doc. 21).[1] This case is before the Court pursuant to the consent of the parties in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Docs. 9, 10, 38). After due consideration of the briefs and the relevant case law, the Court **GRANTS** Plaintiffs' Motion to Dismiss and **DENIES AS MOOT** Plaintiffs' Motion to Strike. (Doc. 21).

### I.  BACKGROUND

On May 6, 2025, Plaintiffs Austin Hamblin and Kiska Hamblin ("Plaintiffs"), initially proceeding *pro se*, commenced this action in the 118th Judicial District, Martin County, Texas, against Defendants Martin County Sheriff's Department, Brad Ingram, Anders Dahl, Kelsey

---
1. All citations are to CM/ECF generated pagination unless otherwise noted.

Brown, Rory Gammons,[2] and Weston Phelps (collectively, "Martin County Defendants"). (Doc. 2-3). On May 22, 2025, Martin County Defendants removed the action to this Court and, subsequently, filed an Answer. (Docs. 1, 2, 3). On June 18, 2025, an attorney appeared on behalf of Plaintiffs and moved to amend their Complaint, which the Court granted. (Docs. 12, 14). In the Amended Complaint, Plaintiffs brought suit against an additional defendant, Brian Snellgrove ("Defendant Snellgrove"). Defendant Snellgrove filed an Answer to Plaintiffs' First Amended Complaint and brought counterclaims for civil conspiracy and conversion. (Doc. 20 at 10–11). While not entirely clear, Defendant Snellgrove appears to bring the civil conspiracy claim against both Plaintiffs but the conversion claim against only Plaintiff Austin Hamblin. *See id*.

Following the filing of Defendant Snellgrove's counterclaims, on August 13, 2025, Plaintiff filed the in Response (Doc. 33), and Plaintiffs subsequently filed their Reply (Doc. 34). Accordingly, this matter is ripe for disposition.

## II.   LEGAL STANDARD

**1. Rule 12(b)(6) Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bel Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must

---

2. The Court recognizes Rory Gammons is employed by the Howard County Sheriff's Department, rather than the Martin County Sheriff's Department, but for ease and simplicity, the Court will refer to the Sheriff's Department and each of the individual officers collectively as Martin County Defendants. (*See* Doc. 15 at 3).

contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155*, 681 F.3d 614, 617 (5th Cir. 2012)); see *Torch Liquidating Tr. ex rel. Bridge Assocs. LLC v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery.") (internal quotation marks and citations omitted).

In a court's review of a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); see *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions."). "Although dismissal under [R]ule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint." *Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017).

### 2. Rule 12(f) Motion to Strike

Federal Rule of Civil Procedure 12(f) allows the Court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Although motions to strike are disfavored and infrequently granted, striking certain allegations can be appropriate when they have no possible relation to the controversy and may cause prejudice to one of the parties." *Am. S. Ins. v. Buckley*, 748 F. Supp. 2d 610, 626–27 (E.D. Tex. 2010). If the "challenged matter is 'directly relevant to the controversy at issue' and is at least 'minimally supported' by the allegations set forth in the pleadings, it should not be stricken under Rule 12(f)." *Gilchrist v. Schlumberger Tech. Corp.*, 321 F.R.D. 300, 302 (W.D. Tex. 2017) (quoting *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012)). Furthermore, the Fifth Circuit has emphasized that "the action of striking a pleading should be sparingly used by the courts." *Mandawala v. Baptist Sch. of Health Pros.*, No. 19-CV-01415, 2020 WL 6365977, *1 (W.D. Tex. Oct. 29, 2020) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962)).

Even so, the Court has broad discretion to determine whether the challenged matter should be stricken. *See In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979). Finally, a motion to strike "generally should not be granted absent a showing of prejudice to the moving party." *Conn v. United States*, 823 F. Supp. 2d 441, 446 (S.D. Miss. 2011) (citing *Augustus*, 306 F.2d at 868); *Stross v. Active Network, LLC*, No. 19-CV-8, 2019 WL 2213883, at *4 (W.D. Tex. May 5, 2019). "Prejudice results to the moving party where the [challenged] allegation . . . would have the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party." *Dishner v. Univ. Health Servs., Inc.*, No. 17-CV-3321, 2018 WL 1617844, at *2 (N.D. Tex. Apr. 4, 2018).

### III.  DISCUSSION

**1. Motion to Dismiss and Motion to Strike**

In their Motion, Plaintiffs contend Defendant Snellgrove's counterclaims of civil conspiracy and conversion should be dismissed for failure to state a claim under Rule 12(b)(6). (Doc. 21 at 5–8). Further, Plaintiffs argue the Court should strike Defendant Snellgrove's scandalous and prejudicial allegations contained in his counterclaims. *Id*. at 15. For the reasons discussed below, the Court need not reach the merits of these arguments.

After the Court ordered Defendant Snellgrove to respond to Plaintiffs' Motion, he filed a "Response" that wholly failed to address the substance of Plaintiffs' Motion. (Doc. 33). Defendant Snellgrove filed a one-and-a-half page document that he claims is a Response to Plaintiffs' Motion to Dismiss and Motion to Strike but is void of any substantive argument, legal authority, or even a cursory mention of his counterclaims. *Id*. Instead, Defendant Snellgrove simply states that motions to strike are disfavored, amended pleadings are not due for two months, discovery has just begun, and the "actions of all the parties in this case need to be fleshed out before any motions to dismiss should occur." *Id*. at 2. Defendant Snellgrove then asks this Court to "withhold any ruling on Plaintiff[s'] motion to dismiss and to strike until after some discovery has taken place and until Amended Pleadings are filed as per the Court's Scheduling Order." *Id*.

"[W]hen a nonmoving party does not file any response to a motion to dismiss, the Court cannot properly grant the motion to dismiss for failure to state a claim solely because the [nonmoving party] failed to oppose the motion." *Schroppel v. Vanderbilt Mort. & Fin., Inc.*, No. 23-CV-2123, 2024 WL 2946138, at *5 (N.D. Tex. May 8, 2024) (internal quotations omitted). But, as here, when a party responds to the motion to dismiss, his failure to address the

grounds for dismissal in that response implicates "[t]his circuit's well-settled precedent instruct[ing] that a party abandons a claim by failing to defend it in response to motions to dismiss and other dispositive pleadings." *Id*. (quoting *McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir. 2023)); *see, e.g.*, *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (holding the plaintiff abandoned her claim by failing to defend it in response to a motion to dismiss); *Terry Black's Barbecue, LLC v. State Auto. Mut. Ins.*, 22 F.4th 450, 459 (5th Cir. 2022) ("We find no error in the district court's conclusion that [the plaintiff] abandoned its extra-contractual claims by failing to defend them in its response to [the defendant's] motion for judgment on the pleadings. . . . A plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims."); *In re Dall. Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017) (affirming "the district court[']s [finding] that [the plaintiff] abandoned the claim by failing to include any argument about the claim in his response to [the defendant's] motions to dismiss and for summary judgment"); *Bedford v. Tex. Dep't of Transp.*, 810 F. App'x 264, 268 (5th Cir. 2020) (per curiam) (finding no error in the district court holding the claims were abandoned because the plaintiff failed to respond to the defendant's motion on the specific claims); *Reedy v. Freedom Mort. Corp.*, No. 23-CV-2403, 2024 WL 4329019, at *3 (N.D. Tex. Apr. 22, 2024) ("When a non-moving party files a response to a motion to dismiss and fails to include an argument about a claim that the motion seeks to have the Court dismiss, the Court may determine that the nonmoving party has abandoned the unaddressed claim.") (collecting cases); *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003) ("The Fifth Circuit makes it clear that when a party does not address an issue in his brief to the district court, that failure constitutes waiver on appeal. By analogy, failure to brief an argument in the district court waives that argument in that court.").

Here, the Court finds Defendant Snellgrove's "non-response" Response to Plaintiffs' Motion to Dismiss triggers an abandonment of his claims. Accordingly, the Court **GRANTS** Plaintiffs' Rule 12(b)(6) Motion to Dismiss and **DISMISSES WITHOUT PREJUDICE** Defendant Snellgrove's counterclaims of civil conspiracy and conversion. (Doc. 21). Further, because the Court finds Defendant Snellgrove's claims should be dismissed, the Court **DENIES AS MOOT** Plaintiffs' Motion to Strike. (Doc. 21); *Guiffrida v. Wagner*, No. 12-2238, 2013 WL 663752, at *1 (E.D. La. Feb. 25, 2013) (granting the defendant's Rule 12(b)(6) motion to dismiss and finding the motions to strike moot); *Prudential Ins. Co. of Am. v. Harry McKneeley & Son Funeral Home, Inc.*, No 96-0356, 1996 WL 531825, at *3 (E.D. La. Sept. 12, 1996) (granting the defendant's Rule 12(b)(6) motion to dismiss and stating "the Court need not entertain the motion to strike, as it is moot"); *Hill v. N. Miss. Med. Ctr.*, No. 09-CV-256, 2010 WL 11519958, at *2 (N.D. Miss. July 20, 2010) (granting the defendant's Rule 12(b)(6) motion to dismiss and did not rule on the motion to strike immaterial, irrelevant, and scandalous portions of the complaint).

### 2. Plaintiffs' Request for Sanctions

In the conclusion of the instant Motion, Plaintiffs ask for monetary sanctions to cover legal expenses incurred in filing the Rule 12(f) Motion to Strike. (Doc. 21 at 18). In their Reply, Plaintiffs renew this request for sanctions and supplement it with new grounds based on Defendant Snellgrove's "continued bad-faith litigation conduct." (Doc. 34 at 4).

Rule 11 provides for sanctions against "any attorney, law firm, or party that violated the rule or is responsible for the violation." FED. R. CIV. P. 11(c)(1). This rule is "aimed at curbing abuses of the judicial system," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990), and is designed "to reduce the reluctance of courts to impose sanctions by emphasizing the

responsibilities of attorneys and reinforcing those obligations through the imposition of sanctions," *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 870 (5th Cir. 1988). To this end, attorneys are required to sign "[e]very pleading, written motion, and other paper" and must certify to the best of their knowledge—formed after an inquiry reasonable under the circumstances—that allegations and other factual contentions submitted to the court have evidentiary support. *See* FED. R. CIV. P. 11(a), (b)(3); *Jenkins v. Methodist Hosps. of Dall., Inc.*, 478 F.3d 255, 263–64 (5th Cir. 2007); *see also Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 567 (5th Cir. 2006) (stating that an attorney has a duty "to conduct a reasonable inquiry into the facts or law before filing the lawsuit" (internal quotations omitted)). These obligations are "personal [and] nondelegable," *Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 126 (1989), and they "must be satisfied; [a] violation . . . justifies sanctions." *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003). In determining compliance with Rule 11, "the standard under which an attorney is measured is an objective, not subjective, standard of reasonableness under the circumstances." *Id.* (internal quotations omitted). "The reasonableness of the conduct involved is to be viewed at the time counsel . . . signed the document alleged to be the basis for the Rule 11 violation." *Jennings v. Joshua Indep. Sch. Dist.*, 948 F.2d 194, 197 (5th Cir. 1991).

Here, the Court finds Defendant Snellgrove or his counsel's conduct in this case is not deserving of sanctions—beyond the independent determination of his counterclaims being dismissed. Accordingly, the Court **DENIES** Plaintiffs' request for sanctions. (Docs. 21, 34).

### IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiffs' Rule 12(b)(6) Motion to Dismiss and **DISMISSES WITHOUT PREJUDICE** Defendant Snellgrove's counterclaims of civil

conspiracy and conversion. (Doc. 21). Further, the Court **DENIES AS MOOT** Plaintiffs' Rule 12(f) Motion to Strike. (Doc. 21). Finally, the Court **DENIES** Plaintiffs' request for sanctions. (Docs. 21, 34).

It is so **ORDERED**.

SIGNED this 18th day of February, 2026.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE