IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN** § | |
| § | |
| vs. § | |
| § | NO: 7:25-cv-00245 |
| **MARTIN COUNTY SHERIFF'S** § | |
| **DEPARTMENT, BRAD INGRAM,** § | |
| **ANDERS DAHL, KELSEY BROWN,** § | |
| **RORY GAMMONS, AND** § | |
| **WESLEY PHELPS** § | |

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER UNDER
FED. R. CIV. P. 26(C) AND TO STAY (OR RESCHEDULE)
BRIAN SNELLGROVE'S NOTICE OF DEPOSITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, Martin County Sheriff's Department, Brad Ingram, Anders Dahl, Kelsey Brown, Rory Gammons, and Wesley Phelps ("Defendants"), by and through undersigned counsel, move for a protective order under Federal Rule of Civil Procedure 26(c) staying and/or forbidding the deposition of Brian Snellgrove as currently noticed for March 30, 2026, and requesting that the Court set reasonable terms for any deposition, including a reset date, because counsel for these Defendants was excluded from the scheduling communications and is committed to trial on the noticed deposition date. In support, Movants respectfully show:

### I. INTRODUCTION / RELIEF REQUESTED

1.   Defendants were served a Notice of Deposition for Brian Snellgrove scheduled on March 30, 2026 at 8:00 a.m. (MST) (which is 9:00 a.m. CST), without including counsel for Defendants in the scheduling discussion.

2.   Denis Dennis and Benjamin Petty are set for trial in Cause No. C250018C, *Margaret Ruthberg v Victor Manuel Aguirre, Jr.*, in the 340th Judicial District Court of Tom Green County, Texas., beginning March 30, 2026 and continuing through March 31, 2026, and cannot attend or adequately prepare for a deposition on March 30, 2026.  Exhibit "C."

3.   Movants request a protective order that (a) stays/forbids the deposition as noticed, and (b) requires the deposition to be reset on a mutually available date and under reasonable terms set by the Court.

### II.  RULE 26(c) STANDARD

4.   Rule 26(c) authorizes the Court, for good cause, to issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense," including

by "forbidding the disclosure or discovery" or "specifying terms, including time and place … for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A)-(B).

5. Rule 26(c) further requires the Movants to certify that it has in good faith conferred or attempted to confer with other affected parties to resolve the dispute without court action. Fed. R. Civ. P. 26(c)(1).

### III. FACTUAL BACKGROUND

6. On March 13, 2026, Defendants' counsel was served Plaintiffs' Notice of Deposition setting the deposition of Brian Snellgrove for March 30, 2026. A true and correct copy is attached as Exhibit "A."

7. The noticed deposition date was selected through communications between Kurt Mueller and Robert Perez, but counsel for Defendants was not included, copied, or consulted, and had no knowledge that a date was being discussed.

8. Upon learning of the notice on March 13, 2026, undersigned counsel promptly notified Kurt Mueller by telephone and email correspondence that (a) counsel had been excluded from any scheduling discussion, and (b) counsel is in trial on March 30, 2026 and cannot attend or prepare for the deposition. Alternative dates for Brian Snellgrove's deposition were provided; however, Plaintiffs' counsel has indicated that he will proceed with the deposition of Brian Snellgrove on March 30, 2026. See attached Exhibit "B."

9. Because Plaintiffs' counsel has declined to withdraw the notice of deposition, this motion was necessary.

### IV. GOOD CAUSE EXISTS FOR A PROTECTIVE ORDER

10. The deposition, as noticed, imposes undue burden and expense and is oppressive because it was set based on an alleged "agreement" reached without participation of counsel for Defendants, depriving them of a meaningful opportunity to be heard on scheduling and to prepare for the examination.

11. Proceeding on the noticed date would substantially prejudice Defendants because Defendants counsel will be in trial and cannot (a) attend the deposition, (b) make or preserve objections appropriately, or (c) examine the witness.

12. The dispute is readily curable by a brief stay and an order requiring the parties to reset the deposition on a mutually available date (or on dates proposed by the Court) and, if appropriate, by remote means. Rule 26(c) expressly allows the Court to specify terms, including the time and place, for discovery.

13. Accordingly, good cause exists to forbid the deposition as currently noticed and to set reasonable terms for any rescheduled deposition. Defendants have already proposed April 10 and May 1, 2026 (pending any unexpected Court seetings) as alternate dates to counsel for all parties and remain available on those dats.

## V.  REQUESTED ORDER

Movants respectfully request that the Court enter an order:

    A.    Staying and/or forbidding the deposition of Brian Snellgrove on March 30, 2026 at 8:00 a.m. MST (which is 9:00 a.m. CST) as currently noticed;

    B.    Requiring the parties to confer in good faith within seven days to select a new date and location (or remote method) for the deposition, and if they cannot agree, requiring Plaintiffs' counsel to provide three] alternative dates and Movants and Brian Snellgrove's counsel to provide three alternative dates, after which the Court will set the date;

    C.    Alternatively, setting the deposition on at an mutually agreed upon date and time by all counsel (by remote means) and limiting it to one day of seven hours absent further order; and

    D.    Granting such other and further relief to which Movants may show themselves justly entitled.

## VI.  CERTIFICATE OF CONFERENCE

Pursuant to Fed. R. Civ. P. 26(c)(1), undersigned counsel certifies that on March 13, 2026 he conferred or attempted to confer in good faith with Plaintiffs' counsel, Kurt Mueller, by phone and email, regarding the relief requested herein. The parties were unable to resolve the dispute because Plaintiffs' counsel declined to withdraw the noticed deposition date despite the trial conflict and exclusion from scheduling.

## VII.  CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant this motion and enter the proposed order submitted herewith.

    Respectfully submitted,

    */s/ Denis Dennis*
    DENIS DENNIS
    State Bar No. 05655566
    ddennis@kmdfirm.com
    OF
    KELLY, MORGAN, DENNIS,
    CORZINE & HANSEN, P.C.
    P.O. Box 1311
    Odessa, Texas  79760-1311
    (432) 367-7271
    FAX:  (432) 363-9121
    ATTORNEYS FOR DEFENDANTS
    Martin County Sheriff's Department,
    Brad Ingram, Anders Dahl, Kelsey
    Brown, Rory Gammons, Wesley Phelps

## CERTIFICATE OF SERVICE

I certify that on the 16th day of March, 2026, a true and correct copy of the above and foregoing was sent to the Plaintiffs' counsel.

                                                  */s/ Denis Dennis*
                                                  DENIS DENNIS