IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| AUSTIN HAMBLIN and KISKA HAMBLIN § | |
| § | |
| vs. § | |
| § | NO: 7:25-cv-00245 |
| MARTIN COUNTY SHERIFF'S § | |
| DEPARTMENT, BRAD INGRAM, § | |
| ANDERS DAHL, KELSEY BROWN, § | |
| RORY GAMMONS, AND § | |
| WESLEY PHELPS § | |

### DEFENDANTS' MOTION FOR PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(C) AND TO STAY (OR RESCHEDULE) BRIAN SNELLGROVE'S NOTICE OF DEPOSITION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, Martin County Sheriff's Department, Brad Ingram, Anders Dahl, Kelsey Brown, Rory Gammons, and Wesley Phelps ("Defendants"), by and through undersigned counsel, move for a protective order under Federal Rule of Civil Procedure 26(c) staying and/or forbidding the deposition of Brian Snellgrove as currently noticed for March 30, 2026, and requesting that the Court set reasonable terms for any deposition, including a reset date, because counsel for these Defendants was excluded from the scheduling communications and is committed to trial on the noticed deposition date. In support, Movants respectfully show:

### I. INTRODUCTION / RELIEF REQUESTED

1. Defendants were served a Notice of Deposition for Brian Snellgrove scheduled on March 30, 2026 at 8:00 a.m. (MST) (which is 9:00 a.m. CST), without including counsel for Defendants in the scheduling discussion.

2. Denis Dennis and Benjamin Petty are set for trial in Cause No. C250018C, *Margaret Ruthberg v Victor Manuel Aguirre, Jr.*, in the 340th Judicial District Court of Tom Green County, Texas., beginning March 30, 2026 and continuing through March 31, 2026, and cannot attend or adequately prepare for a deposition on March 30, 2026. Exhibit "C."

3. Movants request a protective order that (a) stays/forbids the deposition as noticed, and (b) requires the deposition to be reset on a mutually available date and under reasonable terms set by the Court.

### II. RULE 26(c) STANDARD

4. Rule 26(c) authorizes the Court, for good cause, to issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense," including

by "forbidding the disclosure or discovery" or "specifying terms, including time and place … for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A)-(B).

5. Rule 26(c) further requires the Movants to certify that it has in good faith conferred or attempted to confer with other affected parties to resolve the dispute without court action. Fed. R. Civ. P. 26(c)(1).

### III.  FACTUAL BACKGROUND

6. On March 13, 2026, Defendants' counsel was served Plaintiffs' Notice of Deposition setting the deposition of Brian Snellgrove for March 30, 2026. A true and correct copy is attached as Exhibit "A."

7. The noticed deposition date was selected through communications between Kurt Mueller and Robert Perez, but counsel for Defendants was not included, copied, or consulted, and had no knowledge that a date was being discussed.

8. Upon learning of the notice on March 13, 2026, undersigned counsel promptly notified Kurt Mueller by telephone and email correspondence that (a) counsel had been excluded from any scheduling discussion, and (b) counsel is in trial on March 30, 2026 and cannot attend or prepare for the deposition. Alternative dates for Brian Snellgrove's deposition were provided; however, Plaintiffs' counsel has indicated that he will proceed with the deposition of Brian Snellgrove on March 30, 2026. See attached Exhibit "B."

9. Because Plaintiffs' counsel has declined to withdraw the notice of deposition, this motion was necessary..

### IV.  GOOD CAUSE EXISTS FOR A PROTECTIVE ORDER

10. The deposition, as noticed, imposes undue burden and expense and is oppressive because it was set based on an alleged "agreement" reached without participation of counsel for Defendants, depriving them of a meaningful opportunity to be heard on scheduling and to prepare for the examination.

11. Proceeding on the noticed date would substantially prejudice Defendants because Defendants counsel will be in trial and cannot (a) attend the deposition, (b) make or preserve objections appropriately, or (c) examine the witness.

12. The dispute is readily curable by a brief stay and an order requiring the parties to reset the deposition on a mutually available date (or on dates proposed by the Court) and, if appropriate, by remote means. Rule 26(c) expressly allows the Court to specify terms, including the time and place, for discovery.

13. Accordingly, good cause exists to forbid the deposition as currently noticed and to set reasonable terms for any rescheduled deposition. Defendants have already proposed April 10 and May 1, 2026 as alternate dates to counsel for all parties and remain available on those dats.

## V. REQUESTED ORDER

Movants respectfully request that the Court enter an order:

A.  Staying and/or forbidding the deposition of Brian Snellgrove on March 30, 2026 at 8:00 a.m. MST (which is 9:00 a.m. CST) as currently noticed;

B.  Requiring the parties to confer in good faith within seven days to select a new date and location (or remote method) for the deposition, and if they cannot agree, requiring Plaintiffs' counsel to provide three] alternative dates and Movants and Brian Snellgrove's counsel to provide three alternative dates, after which the Court will set the date;

C.  Alternatively, setting the deposition on at an mutually agreed upon date and time by all counsel (by remote means) and limiting it to one day of seven hours absent further order; and

D.  Granting such other and further relief to which Movants may show themselves justly entitled.

## VI. CERTIFICATE OF CONFERENCE

Pursuant to Fed. R. Civ. P. 26(c)(1), undersigned counsel certifies that on March 13, 2026 he conferred or attempted to confer in good faith with Plaintiffs' counsel, Kurt Mueller, by phone and email, regarding the relief requested herein. The parties were unable to resolve the dispute because Plaintiffs' counsel declined to withdraw the noticed deposition date despite the trial conflict and exclusion from scheduling.

## VII. CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant this motion and enter the proposed order submitted herewith.

Respectfully submitted,

_/s/ Denis Dennis_
DENIS DENNIS
State Bar No. 05655566
ddennis@kmdfirm.com
OF
KELLY, MORGAN, DENNIS,
CORZINE & HANSEN, P.C.
P.O. Box 1311
Odessa, Texas 79760-1311
(432) 367-7271
FAX: (432) 363-9121
ATTORNEYS FOR DEFENDANTS
Martin County Sheriff's Department,
Brad Ingram, Anders Dahl, Kelsey
Brown, Rory Gammons, Wesley Phelps

## CERTIFICATE OF SERVICE

I certify that on the 16th day of March, 2026, a true and correct copy of the above and foregoing was sent to the Plaintiffs' counsel.

/s/ Denis Dennis
DENIS DENNIS



# THE KURT MUELLER
## LAW FIRM PLLC

565 S Mason Rd #223
Katy, Texas 77450
Telephone: 713-360-2110
E-Mail: kurt@kurtmuellerpllc.com
Licensed in Texas, Virginia, and Limited Federal Courts

To:   Robert Perez
      221 N. Kansas St. Suite 1103
      El Paso, Texas 79901

March 13, 2026

**Re: PLAINTIFFS' REVISED NOTICE OF ORAL DEPOSITION OF DEFENDANT BRIAN SNELLGROVE, Hamblin v. Martin Co. et al, Civil Action No. 7:25-cv-00245**

Mr. Perez:

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30, Plaintiffs will take the oral deposition of Defendant Brian Snellgrove on March 30, 2026, beginning at 8:00 a.m. Mountain time, at:

> Acr Ink LLC
> 221 N Kansas St Suite 505
> El Paso, TX 79901
> (915) 542-3422

The deposition may be videotaped and/or audio recorded at each party's expense.

The examination will address, among other topics, each seized item individually, including (1) identification and description, (2) the factual and legal basis for any claim of ownership by Mr. Snellgrove or Snellgrove Enterprises, (3) any matching of items to receipts or other records by serial number or other unique identifier, (4) any basis to dispute Plaintiffs' ownership claims including Plaintiffs' sworn affidavit and inventory produced in discovery, and (5) the chain of custody and disposition of each item, including storage, protection, transfer, sale, or other disposition.

To facilitate an efficient deposition, the deponent should bring the materials listed below with him to the deposition. These categories substantially overlap Plaintiffs' prior requests for production served on September 6, 2025 (see, e.g., RFP Nos. 2, 6, 7, 15, 16, 17, 18, 19, 20, 22, & 23). Plaintiffs request production of any non-privileged responsive materials by March 23, 2026 and additional bring the responsive materials with him to the deposition, or confirmation by that date if Defendant contends he will not produce them.

DOCUMENTS REQUESTED TO FACILITATE THE DEPOSITION:

1. For each item seized from Plaintiffs' residence during the May 17, 2023 search, all documents that support or relate to any claim that the item was owned by Mr. Snellgrove or Snellgrove Enterprises, including receipts, invoices, purchase orders, delivery tickets, account statements, transaction histories, inventory logs,



   Snap-on franchisee records, warranty registrations, financing documents, and any serial-number based documentation.
2. All documents reflecting any effort to match any seized item to any record by serial number, model number, part number, engraving, unique marking, photograph, or other unique identifying characteristic, including any spreadsheets, lists, notes, photos, or videos used for identification.
3. All lists, inventories, photographs, videos, notes, communications, or summaries prepared or maintained by Mr. Snellgrove or anyone acting for him relating to:
    a. identifying items at Plaintiffs' residence,
    b. directing or assisting the seizure of items,
    c. transport of seized items,
    d. storage of seized items at 2100 Westside Drive (or any other location), and
    e. any later disposition of any seized item.
4. All documents reflecting the location, custody, storage, transfer, sale, disposal, or other disposition of any seized item, including bills of sale, invoices, sales listings, auction records, consignment records, scrap records, shipping records, and any documents identifying the purchaser or transferee.
5. All communications (including texts and emails) between Mr. Snellgrove (or his agents/employees) and any law enforcement officer or agency relating to:
    a. the alleged theft investigation,
    b. the search warrant execution,
    c. identification of items to be seized,
    d. storage or "custody" of seized items, and
    e. requests for, or discussions of, return or release of property.
6. All documents you contend rebut Plaintiffs' ownership claims for any specific seized item, including documents addressing items Plaintiffs contend were purchased by Plaintiffs or transferred to Plaintiffs by family members (including items identified in sworn affidavit previously produced in discovery).

Cordially Yours,

*[signature]*

Kurt Mueller

**Vicki Sisco**

| | |
|---|---|
| **From:** | Vicki Sisco |
| **Sent:** | Friday, March 13, 2026 5:27 PM |
| **To:** | 'Kurt Mueller'; Robert Perez; kbre1992@icloud.com; Denis Dennis |
| **Subject:** | RE: Deposition of Brian Snellgrove on Mar. 30 |

We will be quashing the notice of deposition.
Snellgrove deposition scheduling was not discussed with Denis.

*Thank you*

*Vicki Sisco*
Assistant to Denis Dennis



4840 E. University Blvd., Suite 200 (79762)
P.O. Box 1311
Odessa, Texas  79760-1311
432-367-7271
432-363-9121 fax
vsisco@kmdfirm.com

---

**From:** Kurt Mueller <kurt@kurtmuellerpllc.com>
**Sent:** Friday, March 13, 2026 5:06 PM
**To:** Vicki Sisco <Vsisco@kmdfirm.com>; Robert Perez <rjperezlaw1@gmail.com>; kbre1992@icloud.com; Denis Dennis <DDennis@kmdfirm.com>
**Subject:** Re: Deposition of Brian Snellgrove on Mar. 30

Greetings:

FRCP 30 requires reasonable notice. I have provided more than 14 days notice, which I believe satisfies the rule's requirement (see FRCP 32(a)(5)(A)).

As reflected in my prior email, Plaintiffs noticed Defendant Brian Snellgrove's deposition for March 30, 2026, after prior discussion with Mr. Perez. I understand from Ms. Sisco's that April 10 and May 1 are currently possible alternative dates for him.

Plaintiffs are willing, as a courtesy, to move Mr. Snellgrove's deposition to either April 10 or May 1 if one of those dates is promptly confirmed by both Mr. Dennis and Mr. Perez.

1



If neither April 10 nor May 1 is confirmed by both counsel, Plaintiffs intend to proceed with Mr. Snellgrove's deposition on March 30, 2026, as previously noticed. Mr. Dennis is of course welcome to attend remotely or to arrange coverage counsel if he wishes to participate.

I have attempted in good faith to accommodate everyone's schedules, but I cannot leave the deposition open-ended while dates continue to shift. If Mr. Dennis contends that the deposition should not proceed on March 30 absent confirmation of an alternative date, then he should promptly seek whatever relief he believes appropriate. Any such motion should accurately set out the parties' conferral efforts and the alternative dates offered.

Coridally Yours,

Kurt Mueller


On Fri, Mar 13, 2026 at 4:48 PM Vicki Sisco <Vsisco@kmdfirm.com> wrote:

> I do not understand the attachments to this email. Denis was NOT consulted regarding scheduling of Snellgrove's deposition and Denis represents six out of seven of the defendants in this case.
>
> Denis will be quashing this notice of deposition.
>
> *Thank you*
>
> *Vicki Sisco*
>
> Assistant to Denis Dennis
>
> 
>
> 4840 E. University Blvd., Suite 200 (79762)
>
> P.O. Box 1311
>
> Odessa, Texas 79760-1311

2

432-367-7271

432-363-9121 fax

vsisco@kmdfirm.com

---

**From:** Kurt Mueller <kurt@kurtmuellerpllc.com>
**Sent:** Friday, March 13, 2026 3:51 PM
**To:** schedule@acr-ink.com; Robert Perez <rjperezlaw1@gmail.com>; Denis Dennis <DDennis@kmdfirm.com>; kbre1992@icloud.com; Vicki Sisco <Vsisco@kmdfirm.com>
**Subject:** Depsotion of Brian Snellgrove on Mar. 30

Mr. Perez,

Per our prior phone discussion, please take notice that, pursuant to Fed. R. Civ. P. 30, Plaintiffs will take the oral deposition of Defendant Brian Snellgrove on March 30, 2026, beginning at 8:00 a.m. Mountain time, at:

ACR Ink LLC
221 N Kansas St Suite 505
El Paso, TX 79901

See attached PDF for additional details.

Cordially,

-----

Kurt Mueller

The Kurt Mueller Law Firm PLLC

565 S Mason Rd #223, Katy, TX, 77450

kurt@KurtMuellerPLLC.com

713-360-2110

Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

3

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

CAUSE NO. C250018C

| | | |
|---|---|---|
| MARGARET RUTHBERG,<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | TOM GREEN COUNTY, TEXAS |
| VICTOR MANUEL AGUIRRE, JR.,<br>*Defendant* | §<br>§<br>§ | 340TH JUDICIAL DISTRICT |

<u>AGREED DOCKET CONTROL ORDER</u>

Plaintiffs and Defendant file this Agreed Docket Control Order pursuant to the Court's instructions and the *Texas Rules of Civil Procedure*. The parties show and agree that the following will be conducted under a Level Three (3) Control Plan:

1. Jury Trial: is set for **March 30, 2026 at 9:00 a.m.** and Pre-trial is set for March 4, 2026 at 9 a.m.

2. All discovery, including supplementation and amendments, must be completed by **February 6, 2026**.

3. Designation of Experts:
   a. Plaintiffs shall designate experts by: **December 9, 2025**.
   b. Defendants shall designate experts by: **January 8, 2026**.

4. Deadline for Amending or Supplementing Pleadings:
   a. Plaintiffs: **February 23, 2026**.
   b. Defendants: **March 2, 2026**.

5. Any dispositive motion or pleading, including motions for summary judgment, shall be filed by **January 23, 2026**.

6. Any objection or motion to exclude or limit expert testimony due to qualification of the expert or reliability of the expert's opinions must be filed no later than **February 6, 2026**, or such objection is waived.

7. By **February 6, 2026**, all parties shall exchange a witness list and exhibit list. The witness list shall contain the name, address, and telephone number of each witness subject of their testimony.

8. By **March 2, 2026**, all parties shall exchange proposed jury charge questions, instructions, and definitions.

9. By **February 23, 2026**, all parties shall exchange any Motions in Limine and Motions to Exclude and deposition designations.

1



10. By **March 2, 2026**, all parties shall file objections to said deposition designations and proposed orders.

11. The parties shall participate in mediation on or before **February 6, 2026**.

12. Limitation on discovery and all other deadlines not addressed in this order shall be controlled by *Texas Rule of Civil Procedure 190.3*.

SIGNED this **6/18/2025**

*Jay K. Weatherly*
JUDGE PRESIDING

AGREED AS TO FORM AND CONTENT:

/s/ Nicholas A. Monroe
Nicholas A. Monroe
Texas State Bar No. 24108917
EDWARD LAW GROUP
6671 Southwest Freeway, Suite 220
Houston, Texas 77074
Phone: (346) 340-6609
E-mail: nicholas@edwardlawgroup.com
*Attorney for Plaintiff*

/s/ Benjamin Petty
Benjamin Petty
KELLY, MORGAN, DENNIS,
CORZINE & HANSEN, P.C.
4840 E. University Blvd, Suite 200
Odessa, Texas 79762
Phone: (432) 367-7271
Email: bpetty@kmdfirm.com
*Attorney for Defendant*

2

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nicholas Monroe on behalf of Nicholas Monroe
Bar No. 24108917
nicholas@edwardlawgroup.com
Envelope ID: 102041666
Filing Code Description: Proposed Order
Filing Description: Agreed Docket Control Order
Status as of 6/16/2025 10:57 AM CST

Associated Case Party: Margaret Ruthberg

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Nicholas Monroe | | nicholas@edwardlawgroup.com | 6/16/2025 10:55:18 AM | SENT |
| Lauren Price | | lauren@edwardlawgroup.com | 6/16/2025 10:55:18 AM | SENT |

Associated Case Party: VictorManuelAguirre, Jr.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Erin Henry | | ehenry@kmdfirm.com | 6/16/2025 10:55:18 AM | SENT |
| Benjamin Petty | | bpetty@kmdfirm.com | 6/16/2025 10:55:18 AM | SENT |