IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND / ODESSA DIVISION

AUSTIN HAMBLIN and KISKA HAMBLIN §
§
VS. §
§     NO.    7:25-cv-00245
MARTIN COUNTY, TEXAS; §
§
BRAD INGRAM, IN HIS INDIVIDUAL §
AND OFFICIAL CAPACITY; §
§
ANDERS DAHL, IN HIS INDIVIDUAL §
AND OFFICIAL CAPACITY; §
§
KELSEY BROWN,   IN HIS INDIVIDUAL §
AND OFFICIAL CAPACITY; §
§
RORY GAMMONS, IN HIS INDIVIDUAL §
AND OFFICIAL CAPACITY; §
§
WESTON PHELPS, IN HIS INDIVIDUAL §
AND OFFICIAL CAPACITY; AND §
§
BRIAN SNELLGROVE §

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

1.  Plaintiffs file this response to Defendants' Motion for Protective Order Under Fed. R. Civ. P.

    26(c) and to Stay (or Reschedule) Brian Snellgrove's Notice of Deposition. The motion should

    be denied to the extent it portrays Plaintiffs as having acted without notice, without conferral, or

    without willingness to accommodate a legitimate conflict. Plaintiffs complied with the

    requirements of Rule 30 in their deposition notice, and the factual matters outside Defendants'

    own exhibits are supported by the accompanying Declaration of Kurt Mueller.

2.  Defendants' own exhibit shows that, after being advised of the claimed trial conflict, Plaintiffs

    agreed with Defendants' suggestion to move the deposition to either April 10 or May 1 if both

Mr. Dennis and Mr. Perez promptly confirmed one of those dates. See Mueller Decl. ¶ 6. The motion never states that Movants actually contacted Mr. Perez, obtained his availability, or attempted to secure one of the dates Movants themselves offered. See id. ¶ 7. The motion therefore seeks broader relief than the record justifies and, at minimum, was filed prematurely.

## BACKGROUND

3. Plaintiffs gave written notice of Brian Snellgrove's deposition on March 13, 2026 for a March 30, 2026 deposition. That was more than fourteen days before the noticed deposition date.

4. The March 30 date was reached only after Plaintiffs' counsel repeatedly attempted to reach Mr. Perez, counsel for Brian Snellgrove, by telephone and email and had difficulty obtaining a response. See Mueller Decl. ¶¶ 2-4. Plaintiffs were ultimately able to secure the March 30 date only after serving unilateral written notice, after which Mr. Perez called back and agreed to the March 30 date. See id. ¶ 4. Plaintiffs additionally agreed, as a courtesy, to Mr. Perez's request that the deposition be held in El Paso. See id. ¶ 5.

5. Once Mr. Dennis objected based on an asserted trial setting, Plaintiffs did not refuse to accommodate the conflict. To the contrary, Defendants' own Exhibit B shows that Plaintiffs immediately offered, as a courtesy, to move the deposition to April 10 or May 1 if both Mr. Dennis and Mr. Perez promptly confirmed one of those dates. These were dates suggested through Mr. Dennis's office and reflect Plaintiffs' willingness to accommodate. See Mueller Decl. ¶ 6.

6. Movants correctly represent that April 10 and May 1 were proposed as alternate dates, and Plaintiffs agreed to either date if both defense counsel promptly confirmed one of them. See Mueller Decl. ¶ 6. But the motion does not say that Movants actually attempted to coordinate those dates with Mr. Perez, does not say that Mr. Perez was available on either date, and does

not describe any concrete attempt to secure agreement from all necessary counsel before filing the motion. As of the filing of this response, Plaintiffs' counsel had not been informed that Movants had in fact conferred with Mr. Perez and attempted to secure agreement on either of those dates. See id. ¶ 7. Movants fault Plaintiffs for allegedly failing to confer, but their own motion reflects the same missing step.

7. Discovery in this case closes on April 1, 2026 according to the Court's operative scheduling order. Movants' proposed dates fall after that deadline. Under Local Rule CV-16, notices served before the discovery deadline that purport to schedule depositions after the deadline will not be enforced unless the Court provides relief. See Mueller Decl. ¶ 8.

## ARGUMENT

### A. Rule 30 requires reasonable written notice

8. Rule 30(a)(1) provides that a party may depose any person, including a party, by oral questions without leave of court except in limited circumstances not present here. Fed. R. Civ. P. 30(a)(1). Rule 30(b)(1) then requires only that the noticing party give reasonable written notice to every other party, stating the time and place of the deposition and the deponent's identity. Fed. R. Civ. P. 30(b)(1). The Rule does not require a noticing party to obtain unanimous consent from separately represented co-defendants before a deposition may be noticed.

9. That matters here. Plaintiffs gave more than fourteen days' written notice. That is not the kind of short-fuse notice specially addressed by Rule 32(a)(5)(A), which bars use of a deposition against a party who received less than fourteen days' notice and promptly moved for protection. Fed. R. Civ. P. 32(a)(5)(A). Plaintiffs therefore did what Rule 30 required: they noticed the deposition in writing and gave every other party advance notice well before the deposition date.

### B. Defendants have not shown good cause for the broader relief they seek

10. Rule 26(c)(1) requires both a good-faith conferral effort and good cause. Fed. R. Civ. P. 26(c)(1). Local Rule CV-7 likewise allows the Court to deny a non-dispositive motion unless the movant certifies a good-faith effort to resolve the matter by agreement and identifies the specific reason agreement could not be reached. W.D. Tex. Civ. R. CV-7. The Fifth Circuit has made clear that the burden rests on the movant and requires a particular and specific demonstration of fact, not stereotyped or conclusory statements. In re Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir. 1998).

11. The motion does not satisfy that standard as filed. Plaintiffs did not stand on March 30 as an immovable date after learning of the alleged conflict. Defendants offered two alternative dates, and Plaintiffs readily agreed in an attempt to satisfy all parties. In their motion, Defendants attached the email proving it. Yet Defendants did not tell the Court whether they ever contacted Mr. Perez to secure either date, whether Mr. Perez was unavailable on those dates, or whether they made any meaningful attempt at conferral before filing their motion.

12. That omission matters because the scheduling problem here does not stem from any refusal by Plaintiffs to be reasonable. It stems from the reality that Mr. Snellgrove is represented by different counsel, that his counsel had been difficult to reach, and that once Plaintiffs finally secured a date, Movants objected but did not themselves complete the coordination they now fault Plaintiffs for not solving single-handedly. See Mueller Decl. ¶¶ 2-7.

### C. Any relief should be narrow, practical, and tied to the discovery deadline

13. Because discovery closes on April 1, 2026, an order merely vacating March 30 and telling the parties to keep trying is not enough. Local Rule CV-16 states that notices served before the discovery deadline that purport to schedule depositions after the deadline will not be enforced. So if the Court moves the deposition beyond April 1, the Court should simultaneously extend

discovery for the limited purpose of taking Brian Snellgrove's deposition and serving any short, deposition-related follow-up discovery made necessary by that testimony.

14. The Court should also place the burden where it belongs. Plaintiffs should not be required to play permanent referee between separately represented defense camps. Plaintiffs oppose any relief. However, if narrow relief is granted, the Court should require Movants and Mr. Perez to promptly confer with Plaintiffs and jointly provide workable dates. A practical order would require Messrs. Dennis and Perez to confer with Plaintiffs within three business days, require the defense to provide three jointly available dates within five business days, require the deposition to occur on one of those dates at Plaintiffs' election, require the deposition to occur no later than fourteen days after the Court's order, and extend the discovery deadline only for that deposition and directly related follow-up.

**<u>PRAYER</u>**

15. For these reasons, Plaintiffs respectfully request that the Court deny Defendants' motion to the extent it seeks findings that Plaintiffs acted improperly or failed to comply with Rule 30, and deny the motion to the extent it seeks open-ended or one-sided scheduling relief.

16. Alternatively, if the Court determines that the asserted March 30 trial conflict warrants moving that specific setting, Plaintiffs request that the Court enter only limited relief: (1) vacate the March 30, 2026 deposition date; (2) require Movants and counsel for Brian Snellgrove to confer promptly with Plaintiffs and provide three jointly available dates; (3) order the deposition to proceed in person on the earliest jointly available date no later than fourteen days after the Court's order; and (4) extend the discovery deadline solely for the purpose of taking that deposition and pursuing any directly related short follow-up discovery or motion practice.

<u>Certificate of Service</u>

I certify that on the date reflected by the CM/ECF date stamps I filed the foregoing document(s)

and that they are available for viewing and downloading from the Court's CM/ECF system, and that

those participants in the case that are registered CM/ECF users and that service will be

accomplished by the CM/ECF system.

Respectfully Submitted,

/s/ Kurt Mueller
------------------------------------
Kurt Mueller
Texas Bar No. 24133133

The Kurt Mueller Law Firm PLLC
565 S Mason Rd PMB 223
Katy, Texas 77450
(713) 360-2110
kurt@kurtmuellerpllc.com