**HAMBLIN V. MARTIN COUNTY ET AL.**
**7:25-CV-245-RCG**

**DECLARATION OF KISKA HAMBLIN IN OPPOSITION TO DEFENDANTS MOTION FOR A PROTECTIVE ORDER:**

I, **Kiska Hamblin**, declare under penalty of perjury as follows:

I am a named Plaintiff in the above-entitled action, over the age of eighteen (18), of sound mind, and possess direct personal knowledge of all facts stated within this Declaration.

This Declaration is submitted to the Court to document the cumulative and undue logistical, academic, and financial burdens imposed upon my family by the requirement to conduct the deposition of Defendant Snellgrove in El Paso, Texas on **March 30th 2026.**

I. Financial and Logistical Burdens of Travel

**Plaintiffs' Financial Responsibility for Discovery:** My husband and I, as the noticing parties, are bearing the full financial responsibility for the deposition, including the court reporter and transcript costs. We are actively funding discovery to move this litigation forward. The additional sacrifice to travel five hours away to accommodate Defendant Snellgrove and his attorney adds a redundant and excessive financial layer to an already costly legal necessity.

**The Undue Burden of Extreme Travel Distance:** My husband, Austin, and I reside in Big Spring, Texas. The necessary round trip to El Paso covers approximately 540 miles, requiring at least ten (10) hours of driving time. Considering the high-pressure environment of the deposition and the significant safety risks of immediate long-distance driving after stressful legal proceedings, an overnight stay is a mandatory logistical requirement. This necessitates arriving on the Sunday before the deposition and departing on Tuesday morning.

**Irrecoverable Financial and Logistical Commitments:** We have already incurred substantial, non-recoverable costs:

**Transportation and Lodging:** Funds have been committed for fuel and non-refundable hotel accommodations in El Paso.

**Lost Wages:** Both Austin and I are taking mandatory, unpaid time off from our jobs. As the primary wage-earners, this represents a direct loss of household income.

**Pre-Paid Legal Costs:** We have already coordinated and funded the travel and availability of our own legal counsel to attend the deposition in El Paso. This is a substantial, non-contingent financial commitment.

II. Disruption to Family and Education

**Critical Child Care and Third-Party Sacrifice:** To facilitate this trip, my mother has arranged travel from Roswell, New Mexico, to Big Spring, Texas. She was required to take a non-refundable leave of absence from her own professional employment to care for our minor children, Bryan and Kymber. These out-of-state arrangements cannot be rescheduled without imposing severe professional friction and financial loss upon a non-party.

**HAMBLIN V. MARTIN COUNTY ET AL.**
**7:25-CV-245-RCG**

**Significant Academic Disruption:** I have recently started classes as a student. The requirement to miss scheduled classes and lose crucial study time to accommodate a 540-mile round-trip commute poses a tangible risk to my academic standing and progress. This is a personal burden that goes far beyond simple financial inconvenience.

## III. Conclusion

We have acted in the utmost good faith by committing substantial, non-recoverable resources to this deposition. The combined impact of the extreme distance, the costs of the deposition itself, the pre-paid legal and travel expenses, and the disruption to my education and family life constitutes a substantial "undue burden" under the rules of discovery.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 17th day of March, 2026

-----Kiska Hamblin