# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND / ODESSA DIVISION

| | | |
|---|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN** | § | |
| | § | |
| **VS.** | § | |
| | § | **NO.    7:25-cv-00245** |
| **MARTIN COUNTY, TEXAS;** | § | |
| | § | |
| **BRAD INGRAM, IN HIS INDIVIDUAL** | § | |
| **AND OFFICIAL CAPACITY;** | § | |
| | § | |
| **ANDERS DAHL, IN HIS INDIVIDUAL** | § | |
| **AND OFFICIAL CAPACITY;** | § | |
| | § | |
| **KELSEY BROWN,   IN HIS INDIVIDUAL** | § | |
| **AND OFFICIAL CAPACITY;** | § | |
| | § | |
| **RORY GAMMONS, IN HIS INDIVIDUAL** | § | |
| **AND OFFICIAL CAPACITY;** | § | |
| | § | |
| **WESTON PHELPS, IN HIS INDIVIDUAL** | § | |
| **AND OFFICIAL CAPACITY; AND** | § | |
| | § | |
| **BRIAN SNELLGROVE** | § | |

## PLAINTIFFS' SUPPLEMENTAL NOTICE REGARDING DEFENDANTS' MOTION FOR PROTECTIVE ORDER

1. Mr. Dennis asked this Court to stay Plaintiffs' deposition of Brian Snellgrove based on Mr. Dennis's claimed trial conflict. Defendants' motion further represented that "Denis Dennis and Benjamin Petty are set for trial" in Cause No. C250018C in Tom Green County beginning March 30, 2026, and cited Exhibit C in support.

2. But Defendants' own Exhibit C does not substantiate that representation in the manner Defendants suggest. On its face, Exhibit C shows a certificate of service identifying Eric Henry and Benjamin Petty as the attorneys noticed for the defendant in that Tom Green County case. Mr. Dennis' name appears nowhere in Exhibit C.

3. Plaintiffs thus bring to the Court's attention that Defendants chose Exhibit C to support a specific representation to this Court, and the exhibit they chose does not identify Mr. Dennis as counsel noticed for that asserted trial setting. In other words, Defendants' own exhibit does not say what Defendants told this Court it says.

4. Then, on March 17, 2026, after Plaintiffs had already filed their response, Mr. Dennis sent Plaintiffs' counsel a letter demanding dates for the depositions of Plaintiffs and stating: "Please furnish dates that Plaintiffs are available to scheduled their depositions. We need to get these depositions taken prior to the discovery deadline." The discovery deadline is presently set as April 1 by Court order. A true and correct copy of that March 17, 2026 letter is attached as Exhibit 1.

5. That is a straightforward contradiction. Defendants invoked Mr. Dennis's claimed unavailability to stop Plaintiffs from taking Mr. Snellgrove's deposition before the discovery cutoff, claimed no availability until April 10th at earliest, and then immediately demanded that Plaintiffs appear for depositions before that discovery deadline issued by this Court.

6. Put simply, Defendants are attempting to use Mr. Dennis's availability as both shield and sword. When Plaintiffs seek discovery from a separately represented defendant, Mr. Dennis's claimed conflict is treated as case stopping and worthy of emergency court intervention. When Defendants seek discovery from Plaintiffs, suddenly the same April 1 deadline becomes urgent and controlling.

7. This supplemental record also reinforces the point already made in Plaintiffs' response. The scheduling problem here did not arise because Plaintiffs refused to be reasonable. Plaintiffs agreed to move the deposition if both Mr. Dennis and Mr. Perez promptly confirmed one of the dates Defendants' office proposed. Defendants never showed that they actually completed that coordination with Mr. Perez before running to court. Now they have compounded that

omission with a contradictory demand that Plaintiffs sit for depositions before the very deadline Defendants claimed prevented Mr. Dennis from participating in Plaintiffs' discovery.

8. Plaintiff also takes note that Mr. Dennis in his demand attached as Exhibit 1 does not indicate that he attempted to confer with Mr. Perez or secure his availability for potential dates before contacting Plaintiff. Once again, Mr. Dennis holds himself to a different standard than he invites this Court to hold Plaintiffs.

9. Plaintiffs respectfully request that the Court consider this supplemental notice and Exhibit 1 in ruling on Defendants' motion, deny the motion to the extent it seeks findings that Plaintiffs acted improperly, and deny any request for one sided or open ended scheduling relief. Plaintiffs otherwise stand on the arguments and requested relief set out in their already filed response.

Certificate of Service

I certify that on the date reflected by the CM/ECF date stamps I filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that those participants in the case that are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Respectfully Submitted,

/s/ Kurt Mueller
-------------------------------------
Kurt Mueller
Texas Bar No. 24133133

The Kurt Mueller Law Firm PLLC
565 S Mason Rd PMB 223
Katy, Texas 77450
(713) 360-2110
kurt@kurtmuellerpllc.com