## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN,**<br>　　*Plaintiffs,* | §<br>§<br>§<br>§ | |
| **v.** | §<br>§ | **MO:25-CV-00245-RCG** |
| **MARTIN COUNTY SHERIFF'S DEPARTMENT; BRAD INGRAM, ANDERS DAHL, KELSEY BROWN, RORY GAMMONS, and WESTON PHELPS, each in their individual and official capacities; and BRIAN SNELLGROVE;**<br>　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER

BEFORE THE COURT is Defendants Martin County Sheriff's Department, Brad Ingram, Anders Dahl, Kelsey Brown, Rory Gammons, and Weston Phelps' (collectively, "Martin County Defendants")[1]　Motion for Protective Order and to Stay (or Reschedule) Brian Snellgrove's Notice of Deposition. (Doc. 59). This case is before the Court pursuant to the consent of the parties in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Docs. 9, 10, 38). After due consideration of the briefs and the relevant case law, the Court **GRANTS** Martin County Defendants' Motion. (Doc. 59).

On March 16, 2026, Martin County Defendants filed the instant Motion stating they were served a Notice of Deposition for Brian Snellgrove scheduled on March 30, 2026, without including their counsel in the scheduling discussion. *Id*. The Motion provided that counsel is set for trial that day and cannot attend or prepare for the deposition, thus Martin County Defendants request a protective order that (1) stays the deposition as noticed and (2) requires the deposition

---

1. The Court recognizes Rory Gammons is employed by the Howard County Sheriff's Department, rather than the Martin County Sheriff's Department, but for ease and simplicity, the Court will refer to the Sheriff's Department and each of the individual officers collectively as Martin County Defendants. (*See* Doc. 15 at 3).

to be reset on a mutually available date. *Id*. In Response, Plaintiffs Austin and Kiska Hamblin ("Plaintiffs") argue the Motion be denied as Plaintiffs offered to move the deposition date upon learning Martin County Defendants' counsel was unavailable, but their counsel never confirmed the new dates. (Doc. 60). Plaintiffs also provide in the alternative that, if the Court determines the March 30 trial conflict warrants moving the deposition, the discovery deadline should be extended from April 1, 2026, to allow the deposition to take place. *Id*. at 5. The next day, Plaintiffs filed a supplemental notice regarding the instant Motion, stating Plaintiffs just received a letter from Martin County Defendants asking for dates to depose Plaintiffs before the April 1 discovery deadline. (Doc. 63).

After consideration of the filings, the Court **ORDERS** all Parties to meet, confer, schedule, and take the depositions of Defendant Brian Snellgrove and Plaintiffs Austin and Kiska Hamblin **on or before May 1, 2026**. The Parties are reminded that counsel may continue discovery beyond the Scheduling Order deadline by agreement. (Doc. 24). The Court anticipates the Parties will be able to conduct these depositions and any remaining discovery without further court intervention.

It is so **ORDERED**.

SIGNED this 19th day of March, 2026.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

2