IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

MIDLAND / ODESSA DIVISION

| | | |
|---|---|---|
| AUSTIN HAMBLIN and KISKA HAMBLIN | § § § | |
| VS. | § § | NO. 7:25-cv-00245-RCG |
| MARTIN COUNTY, TEXAS, | § § § | |
| BRAD INGRAM, | § § | |
| ANDERS DAHL, | § § | |
| KELSEY BROWN, | § § | |
| RORY GAMMONS, | § § | |
| WESTON PHELPS, and | § § | |
| BRIAN SNELLGROVE | § | |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE**

**THIRD AMENDED COMPLAINT**

Plaintiffs Austin Hamblin and Kiska Hamblin file this Unopposed Motion for Leave to File their proposed Third Amended Complaint, attached as Exhibit A, and respectfully show as follows:

### I. BACKGROUND

1. On April 23, 2026, Plaintiffs served counsel for all Defendants with the proposed Third Amended Complaint and requested their positions on consent to amendment under Federal Rule of Civil Procedure 15(a)(2). See Doc. 68 (Notice of Service of Proposed Third Amended Complaint for Conference Purposes).

2. Following the conference required by Local Rule CV-7(g), counsel for all Defendants have advised Plaintiffs that they do not oppose this motion.

3. The Court's existing scheduling order set Court-ordered discovery to conclude on May 1, 2026, following Plaintiffs' successful motion to compel and the Court's resulting order directing additional discovery. The discovery completed during that period, including the depositions of Defendants Brad Ingram and Brian Snellgrove, supplemental interrogatory

answers, and responses to requests for admission from the County Defendants, provides the factual basis for the proposed amendments.

## II. THE PROPOSED AMENDMENT

4. The proposed Third Amended Complaint adds no new parties and asserts no new causes of action. It refines and supplements the factual allegations to reflect the discovery now in the record, restyles the governmental defendant as "Martin County, Texas," splits the prior § 1983 cause of action into component parts for clarity, and drops certain claims, and certain claims as to certain Defendants, based on the developed record. The individual Defendants continue to be sued solely in their personal capacities, and the core § 1983 and supplemental state-law claims against Defendant Snellgrove remain unchanged in substance.

5. These revisions produce a tighter, more focused pleading that eliminates non-viable causes of action, presents a cleaner set of issues for the Court's consideration, and promotes judicial economy.

## III. AUTHORITY AND GOOD CAUSE

6. Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave [to amend] when justice so requires." Where, as here, an amendment implicates a scheduling-order deadline, leave is also evaluated under the Rule 16(b)(4) "good cause" standard. See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 535–536 (5th Cir. 2003) (identifying the four good-cause factors: explanation for the delay, importance of the amendment, potential prejudice, and availability of a continuance to cure any prejudice).

7. Good cause exists. The parties have just completed the Court-ordered discovery period, set to close May 1, 2026, that followed Plaintiffs' successful motion to compel. Substantial portions of the new factual content, including Defendants' sworn admissions concerning Sheriff Ingram's personal decision to deliver seized property to Defendant Snellgrove, the Department's admitted noncompliance with its own evidence-handling policies, the absence of any internal review or discipline following these events, and the Department's admitted inability to account for all seized property, was unknown to Plaintiffs and could not have been pleaded earlier. Plaintiffs have moved diligently to incorporate this material into a refined pleading promptly upon completion of that discovery.

8. The amendment is important. It conforms the pleadings to the developed evidentiary record, narrows the issues, and eliminates non-viable theories. Each of these improvements benefits the parties and the Court.

9. There is no prejudice. No new parties are added, no new causes of action are pleaded, and certain claims and parties are removed entirely. All Defendants, through counsel, have advised that they do not oppose the requested leave.

## IV. RELATED RELIEF

10. Forthcoming Motion to Amend Scheduling Order. Because the proposed Third Amended Complaint is being filed as Court-ordered discovery concludes, Plaintiffs intend to file, in short order, a separate motion to amend the Court's scheduling order to set appropriate post-pleading deadlines. Plaintiffs apprise the Court of that anticipated companion filing here so that it may be considered in conjunction with the present motion.

11. Alternative Request to Exceed Any Applicable Page Limitation. To the extent the proposed Third Amended Complaint exceeds any page limitation imposed by the Local Rules of this Court or by any applicable standing order, Plaintiffs alternatively request leave to exceed that limitation. Good cause exists for such relief. The proposed pleading consolidates and incorporates the substantial discovery record now developed, including sworn admissions from multiple Defendants, and condensing it further would impair Plaintiffs' ability to plead with the particularity required to support their federal § 1983 individual-capacity, conspiracy, and Monell theories. Plaintiffs have already used the discovery process to narrow rather than expand the pleading and submit that the proposed length is the minimum necessary to fairly frame the issues for adjudication.

## V. CONCLUSION AND PRAYER

12. For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Unopposed Motion for Leave, direct the Clerk to file the proposed Third Amended Complaint attached as Exhibit A as the operative pleading, and grant such other and further relief, both at law and in equity, to which Plaintiffs may be entitled.

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule CV-7(g), I certify that on April 23, 2026, I conferred via email with counsel for all Defendants regarding this motion and the attached proposed Third Amended Complaint. Counsel for all Defendants have advised that they do not oppose this motion or the relief requested herein.

## CERTIFICATE OF SERVICE

I certify that on the date reflected by the CM/ECF date stamps I filed the foregoing document and that it is available for viewing and downloading from the Court's CM/ECF system, and that those participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Respectfully submitted,

/s/ Kurt Mueller

-------------------------------------

Kurt Mueller
Texas Bar No. 24133133
The Kurt Mueller Law Firm PLLC
565 S Mason Rd PMB 223
Katy, Texas 77450
(713) 360-2110
kurt@kurtmuellerpllc.com

Counsel for Plaintiffs