**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND / ODESSA DIVISION**

| | | |
|---|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN** | § | |
| | § | |
| **VS.** | § | |
| | § | **NO.    7:25-cv-00245** |
| **MARTIN COUNTY, TEXAS** | § | |
| | § | |
| **BRAD INGRAM,** | § | |
| | § | |
| **ANDERS DAHL,** | § | |
| | § | |
| **KELSEY BROWN,** | § | |
| | § | |
| **RORY GAMMONS,** | § | |
| | § | |
| **WESTON PHELPS, and** | § | |
| | § | |
| **BRIAN SNELLGROVE** | § | |

**PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO FILE**
**MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST**
**DEFENDANT BRIAN SNELLGROVE,**
**AND TO EXCEED THE TWENTY-PAGE LIMIT**

1. Plaintiffs Austin Hamblin and Kiska Hamblin respectfully move the Court, pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rules CV-7(b) and CV-7(c)(2), for leave (i) to file the accompanying Motion for Partial Summary Judgment Against Defendant Brian Snellgrove, attached as Exhibit 1, and (ii) to exceed the twenty-page limit set by Local Rule CV-7(c)(2) and paragraph 6 of the Scheduling Order (Doc. 24 ¶ 6) for the accompanying motion, which runs approximately thirty-three pages. Good cause exists for both forms of leave.

2. Two intervening Court orders made the original April 15, 2026 dispositive-motion deadline unworkable for any motion based on Defendant Snellgrove's deposition testimony. First, the Court's February 19, 2026 Order on Plaintiffs' Motion to Compel directed the individual Martin

County Defendants to produce separate verified discovery responses by March 21, 2026, eleven days before the April 1 discovery cutoff. (Doc. 55.) Second, the Court's March 19, 2026 Order on Defendants' Motion for Protective Order extended the operative deposition discovery period, ordering that the depositions of Defendant Snellgrove and the two Plaintiffs be taken on or before May 1, 2026, sixteen days after the original April 15 dispositive-motion deadline. (Doc. 64.) Defendant Snellgrove's deposition was conducted within that court-ordered window on April 10, 2026.

3. Plaintiffs now file this Motion for Leave less than two weeks after the close of the Court-ordered deposition discovery period, after cross-referencing the deposition record, finalizing the proposed motion, and conferring with opposing counsel as required by Local Rule CV-7. To the extent the Court determines that orderly briefing and consideration of the proposed MSJ counsel in favor of a modest continuance of the August 4, 2026 pretrial conference and August 24, 2026 trial setting, Plaintiffs do not oppose such a continuance.

## PROCEDURAL BACKGROUND

4. The relevant scheduling history appears on the Court's docket:

5. **Scheduling Order (Doc. 24, Sept. 4, 2025).** The Court adopted the parties' scheduling recommendations and ordered: discovery cutoff April 1, 2026; dispositive-motion deadline April 15, 2026; final pretrial conference August 4, 2026; trial August 24, 2026. (Doc. 24 ¶¶ 5–8.) Paragraph 5 of the Scheduling Order expressly provides that "[c]ounsel may by agreement continue discovery beyond the deadline." (Doc. 24 ¶ 5.)

6. **Defendants' Early Summary-Judgment Motion and Partial Stay of Discovery.** On October 2, 2025, the Martin County Defendants filed a Motion for Summary Judgment on immunity grounds (Doc. 26) together with a Motion to Stay Discovery (Doc. 27). The Court

granted the stay in part, allowing continued discovery on non-immunity claims while "narrowly tailoring discovery that can take place as it relates to the claims with immunity defenses." (Doc. 55) The Court directed the parties to complete the immunity-related discovery by January 23, 2026. (Id.)

7. **Motion to Compel; February 19, 2026 Order.** On January 22, 2026, Plaintiffs filed a Motion to Compel Discovery and for Sanctions Regarding Inadequate Rule 30(b)(6) Representation, principally seeking individualized, verified discovery responses from the several Martin County Defendants who had purported to respond collectively. (Doc. 47.) On February 19, 2026, after a hearing, the Court granted the Motion in part and ordered the individual Martin County Defendants to "serve separate, full, and verified answers to the First Set of Discovery Requests provided by Plaintiffs on or before 30 days from the date of this Order." (Doc. 55 at 3) Those court-compelled supplemental responses thus came due on March 21, 2026, leaving eleven days before the April 1 discovery cutoff.

8. **Protective Order Setting May 1, 2026 Deadline for the Snellgrove and Hamblin Depositions.** On March 16, 2026, the Martin County Defendants filed a Motion for Protective Order regarding the noticing of Defendant Snellgrove's deposition. (Doc. 59.) On March 19, 2026, the Court entered an Order directing that "all Parties … meet, confer, schedule, and take the depositions of Defendant Brian Snellgrove and Plaintiffs Austin and Kiska Hamblin on or before May 1, 2026." (Doc. 64 at 2) The Court further "remind[ed] [the parties] that counsel may continue discovery beyond the Scheduling Order deadline by agreement." (Id.) The May 1, 2026 deadline established by the Court for the Snellgrove and Hamblin depositions falls sixteen days after the original April 15, 2026 dispositive-motion deadline.

9. **Snellgrove Deposition.** Plaintiffs conducted Defendant Brian Snellgrove's oral and videotaped deposition within the Court's extended window on April 10, 2026. The Snellgrove deposition

produced approximately 150 pages of sworn testimony bearing directly on every cause of action against him and supplies the principal evidentiary foundation for the proposed Motion for Partial Summary Judgment.

10. **Plaintiffs' Depositions.** The Martin County Defendants took the depositions of Plaintiffs Austin Hamblin and Kiska Hamblin on May 1, 2026 - the final day of the Court-ordered deposition window. (See Doc. 64 at 2.) The factual record relevant to the proposed Motion for Partial Summary Judgment was therefore not complete until May 1, 2026, when Defendants concluded their examination of Plaintiffs.

11. **Preparation of the MSJ and Conferral.** After the Court-ordered May 1, 2026 close of deposition discovery, undersigned counsel undertook a comprehensive cross-reference of Snellgrove's sworn testimony against the documentary record, the deposition exhibits, the verified discovery responses of the Sheriff's Department, and the testimony of Plaintiffs at their own depositions, and prepared the accompanying Motion for Partial Summary Judgment (Ex. 1). On May 7, 2026, undersigned counsel conferred with counsel for Defendant Snellgrove regarding the filing of the proposed Motion for Partial Summary Judgment and the present Motion for Leave. As of the filing of this Motion, counsel for Defendant Snellgrove has not responded. Plaintiffs accordingly treat the Motion as opposed.

## ARGUMENT

12. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Fifth Circuit applies a four-factor test to evaluate good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315

F.3d 533, 536 (5th Cir. 2003); see also Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003); Squyres v. Heico Cos., 782 F.3d 224, 237 (5th Cir. 2015). The four factors are weighed together, with diligence the touchstone. Filgueira v. U.S. Bank Nat'l Ass'n, 734 F.3d 420, 422 (5th Cir. 2013). Good cause does not require a showing of impossibility; it requires reasonable diligence. Sw. Bell, 346 F.3d at 547.

13. Each of the four S&W Enterprises factors favors granting leave.

### A.   Plaintiffs Acted Diligently; the Late Filing Resulted from the Court-Ordered Discovery Schedule, Not from Any Lack of Diligence.

14. The original Scheduling Order left only fourteen days between the originally anticipated close of discovery on April 1, 2026 and the dispositive-motion deadline on April 15, 2026. That compressed window presupposed that fact discovery would be substantially complete by April 1. It was not - principally because of two intervening Court orders that, taken together, made any deposition-based dispositive motion impossible to file by April 15.

15. The Court's March 19, 2026 Order on Defendants' Motion for Protective Order extended the operative deposition discovery period to May 1, 2026 for the very deposition on which the proposed MSJ rests. (Doc. 64.) That court-ordered date falls sixteen days after the original April 15, 2026 dispositive-motion deadline. The Court, in entering that Order, necessarily understood that the original April 15 dispositive-motion deadline could not realistically govern any motion supported by depositions the Court had just ordered to be taken on or before May 1. To hold otherwise would mean that Plaintiffs were obligated to file a dispositive motion based on a deposition that, under the Court's own subsequent Order, was not required to occur until two weeks afterward.

16. Within the Court-ordered May 1 window, Plaintiffs took Defendant Snellgrove's deposition on April 10, 2026 - the earliest mutually available date. That deposition produced approximately 150 pages of sworn testimony, which became the principal evidentiary foundation for the proposed MSJ. It is not realistic, and the Federal Rules do not require, that a comprehensive deposition-supported motion for summary judgment be drafted, finalized, and filed within five days of a 150-page deposition - particularly when the deposition discovery period itself extended sixteen days beyond the dispositive-motion deadline.

17. Even apart from the Snellgrove deposition itself, filing the proposed MSJ before May 1, 2026 would have been imprudent. The Court's March 19, 2026 Order extended discovery for three depositions: Defendant Snellgrove's and the depositions of both Plaintiffs. (Doc. 64 at 2.) The Martin County Defendants took the depositions of Plaintiffs Austin and Kiska Hamblin on the final day of that window, May 1, 2026. Until those depositions were completed, the factual record on which the MSJ depends was not yet fixed: Plaintiffs' own deposition testimony could conceivably have altered the analysis, produced material the MSJ would need to address, supplied additional grounds for summary judgment, or, if adverse, prompted Plaintiffs to seek different or narrower relief. Counsel were not idle in the interval; counsel were responsibly awaiting the completion of the Court's own extended discovery period so that the proposed motion would be filed on a complete record, in the interest of both the parties and the Court.

18. After the Court-ordered May 1, 2026 close of deposition discovery, Plaintiffs' counsel cross-referenced the Snellgrove transcript against the documentary record, integrated the relevant portions of Plaintiffs' own deposition testimony, finalized the proposed Motion for Partial Summary Judgment, conferred with opposing counsel as required by Local Rule CV-7(g) on May 7, 2026, and now files this Motion for Leave less than two weeks after the close of the Court-ordered discovery period - a period that already absorbed the conferral interval required by the

Local Rules. Plaintiffs' diligence is plain on the docket: counsel appeared, amended the complaint, pursued discovery within the limits imposed by the partial stay, moved to compel when defendants stonewalled, prosecuted that motion to a favorable order, took Snellgrove's deposition within the Court's extended window at the earliest available date, sat for Plaintiffs' own depositions on the last day of that window, and moved for leave promptly after the close of the Court-ordered discovery period. The Fifth Circuit's S&W Enterprises diligence requirement is amply satisfied. Sw. Bell, 346 F.3d at 547.

**B.      The Motion Is Important and Will Substantially Narrow the Trial.**

19. The accompanying MSJ seeks summary judgment against Defendant Snellgrove on the threshold state-actor question and on five counts: Count 1 (Fourth Amendment), Count 2 (Fourteenth Amendment procedural due process), Count 5 (conversion), Count 7 (abuse of process), and Count 8 (Texas Theft Liability Act). The motion is built principally on Snellgrove's own sworn deposition admissions, supplemented by Investigator Dahl's sworn admission that he "conscripted" Snellgrove into the warrant-execution team, the Sheriff's Department's verified discovery responses, and the documentary record. If granted in whole or in part, the motion would substantially narrow the matters for jury determination, leaving damages and the remaining contested counts for trial. The importance factor weighs strongly in favor of leave.

**C.      No Prejudice Will Result from Granting Leave.**

20. Granting leave will impose no prejudice on Defendant Snellgrove or any other party. Defendant Snellgrove has had full and fair opportunity to participate in discovery, including the opportunity

to be deposed and to seek discovery from Plaintiffs. The Martin County Defendants obtained the benefit of the very same March 19, 2026 extension and in fact took Plaintiffs' depositions on May 1, 2026. (Doc. 64 at 2.) Defendant Snellgrove has no surprise to fear from a motion built almost entirely on his own sworn testimony and on documents and verified responses already in his possession.

21. The case schedule provides time for orderly briefing of the MSJ. Trial is currently set for August 24, 2026; the final pretrial conference is set for August 4, 2026. Under Local Rule CV-7(d)(2), Defendant Snellgrove has fourteen days to respond, and Plaintiffs have seven days to reply, subject to the page-limit relief Plaintiffs request in Part III.E below. Plaintiffs recognize, however, that briefing, decision, and any consequent narrowing of the trial issues may benefit from a modest adjustment of the pretrial and trial settings to ensure each party has a fair opportunity to prepare on the issues that remain after the Court's ruling.

22. Importantly, granting leave will not require any reopening of fact discovery or any backward-looking modification of any other deadline. The Scheduling Order's own provisions contemplate post-deadline discovery by agreement (Doc. 24 ¶ 5), and Local Rule CV-16(e) authorizes the same. The Court's March 19, 2026 Order itself extended the operative deposition discovery period to May 1, 2026 (Doc. 64); Plaintiffs do not seek any extension beyond what the Court has already entered as to discovery.

       **D.**       **Plaintiffs Do Not Oppose a Modest Continuance of the Pretrial and Trial Settings If the Court Concludes One Is Appropriate.**

23. The S&W Enterprises fourth factor asks whether a continuance is available to cure any prejudice that may attend the requested modification. It is. Plaintiffs do not seek a continuance of trial as the price of leave to file, and they remain ready to brief the proposed MSJ on the standard Local

Rule CV-7 schedule on the current trial setting. But Plaintiffs also recognize the practical realities of the calendar: the deposition discovery period was extended by the Court's own Order to May 1, 2026 (Doc. 64); the proposed MSJ will be filed days afterward; the Local Rule briefing period will run roughly thirty days; and the Court will then need a reasonable interval to consider the motion and any partial narrowing of the issues it produces in advance of the August 4, 2026 final pretrial conference and the August 24, 2026 trial setting.

24. Aligning the pretrial and trial settings with the Court's already-extended discovery schedule would be a natural completion of the case-management adjustments the Court has already made and would be well within the Court's broad scheduling discretion. Plaintiffs accordingly do not oppose, and would respectfully welcome, a modest continuance of the pretrial conference and trial settings to the extent the Court determines such a continuance would promote the orderly resolution of the proposed MSJ and the fair preparation of the parties on the issues that remain. Any such adjustment is, of course, fully within the Court's discretion; Plaintiffs raise the point only to confirm that they will not invoke the trial setting as an obstacle to whatever scheduling adjustments the Court concludes are appropriate.

### E.      Good Cause Supports the Requested Excess Above the Twenty-Page Limit.

25. Local Rule CV-7(c)(2) limits dispositive motions to twenty pages "[u]nless otherwise authorized by the court." Paragraph 6 of the Scheduling Order incorporates the same limit. (Doc. 24 ¶ 6.) The proposed Motion for Partial Summary Judgment runs approximately thirty-three pages, thirteen pages above the standard limit. Good cause supports the requested excess.

26. The proposed MSJ is unusually broad in the issues it presents against a single defendant. It seeks summary judgment on six discrete matters: the threshold state-actor determination and five substantive causes of action — Count 1 (Fourth Amendment unreasonable seizure), Count 2

(Fourteenth Amendment procedural due process), Count 5 (conversion), Count 7 (abuse of process), and Count 8 (Texas Theft Liability Act). The state-actor question alone implicates multiple alternative tests recognized by the Fifth Circuit, each of which is fact-dependent and requires separate treatment. Each substantive cause of action carries distinct elements, and the conversion and TTLA claims further require analysis of potential affirmative defenses, including good-faith mistake of fact. Compressing this analysis into twenty pages would invite either superficial treatment of dispositive legal questions or a heavy reliance on incorporation-by-reference and footnotes that would be less, not more, useful to the Court.

27. The Statement of Facts is necessarily fact-intensive. The proposed MSJ rests on approximately 150 pages of Snellgrove deposition testimony, the verified discovery responses of the Sheriff's Department, a notarized affidavit furnished to law enforcement, the operative search warrant and supporting affidavit, deposition admissions of Investigator Dahl, and the testimony of Plaintiffs at their own depositions. Each cause of action has its own factual predicates that must be laid out for the Court with sufficient specificity to demonstrate the absence of any genuine dispute of material fact. Plaintiffs have already pared the Statement of Facts to the material admissions and exhibits, and the Argument section has been organized to present each issue compactly. Further compression would risk omitting material on which the Court will need to rely.

28. The requested excess is proportionate to the issues presented. Thirty-three pages remains well within the range of authorized excesses this Court entertains in fact-intensive, multi-count summary judgment proceedings, particularly where, as here, a single motion addresses a threshold predicate question and five distinct substantive causes of action on a deposition-supported record. The excess will not burden the Court with extraneous material; it will permit a faithful presentation of a multi-issue motion against a single defendant on a fully developed

factual record. To preserve briefing parity, Plaintiffs do not oppose, and respectfully invite, the Court to authorize Defendant Snellgrove to file a response of equivalent length under Local Rule CV-7(d)(2).

## CONCLUSION

29. For the foregoing reasons, good cause exists under Federal Rule of Civil Procedure 16(b)(4) to permit Plaintiffs to file the accompanying Motion for Partial Summary Judgment Against Defendant Brian Snellgrove.

30. Plaintiffs respectfully request that the Court (i) grant this Motion for Leave; (ii) authorize Plaintiffs to file the accompanying Motion for Partial Summary Judgment in excess of the twenty-page limit set by Local Rule CV-7(c)(2) and paragraph 6 of the Scheduling Order, and authorize Defendant Snellgrove to file a response of equivalent length; (iii) direct the clerk to file Exhibit 1, the proposed Motion for Partial Summary Judgment, as a separate ECF entry as of the date of the Court's order; (iv) to the extent the Court determines that a modest continuance of the August 4, 2026 final pretrial conference and the August 24, 2026 trial setting would promote the orderly briefing and decision of the proposed MSJ, enter such scheduling adjustments as the Court deems appropriate, to which Plaintiffs do not object; and (v) grant such other and further relief, at law and in equity, to which Plaintiffs may show themselves justly entitled.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(g), on May 7, 2026, undersigned counsel conferred by email with counsel for all defendants regarding the relief sought in this Motion and in the underlying

Motion for Partial Summary Judgment. As of the filing of this Motion, neither counsel for the defendants has responded. Plaintiffs accordingly treat this Motion as opposed.

## CERTIFICATE OF SERVICE

I certify that on the date reflected by the CM/ECF date stamp, I filed the foregoing document and that it is available for viewing and downloading from the Court's CM/ECF system, and that those participants in the case who are registered CM/ECF users will be served via the CM/ECF system.

Respectfully submitted,

THE KURT MUELLER LAW FIRM, PLLC

By: /s/ Kurt Mueller
Kurt Mueller
Texas Bar No. 24133133
565 S Mason Rd PMB 223
Katy, Texas 77450
Tel: (713) 360-2110
Email: kurt@kurtmuellerpllc.com