IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND / ODESSA DIVISION

| | | |
|---|---|---|
| AUSTIN HAMBLIN and KISKA HAMBLIN | § | |
| | § | |
| VS. | § | |
| | § | NO.   7:25-cv-00245 |
| MARTIN COUNTY, TEXAS | § | |
| | § | |
| BRAD INGRAM, | § | |
| | § | |
| ANDERS DAHL, | § | |
| | § | |
| KELSEY BROWN, | § | |
| | § | |
| RORY GAMMONS, | § | |
| | § | |
| WESTON PHELPS, and | § | |
| | § | |
| BRIAN SNELLGROVE | § | |

## PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO FILE

## MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST

## MARTIN COUNTY AND THE INDIVIDUAL LAW ENFORCEMENT DEFENDANTS,

## AND TO EXCEED THE TWENTY-PAGE LIMIT

1. Plaintiffs Austin Hamblin and Kiska Hamblin respectfully move the Court, pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rules CV-7(b) and CV-7(c)(2), for leave (i) to file the accompanying Motion for Partial Summary Judgment Against Martin County and the Individual Law Enforcement Defendants Brad Ingram, Anders Dahl, Kelsey Brown, Weston Phelps, and Rory Gammons, attached as Exhibit 1, and (ii) to exceed the twenty-page limit set by Local Rule CV-7(c)(2) and paragraph 6 of the Scheduling Order (Doc. 24 ¶ 6) for the

accompanying motion, which runs approximately forty-seven pages. Good cause exists for both forms of leave.

2. Two intervening Court orders made the original April 15, 2026 dispositive-motion deadline unworkable for any motion built on the individualized Rule 36 admissions and deposition testimony on which the proposed motion principally rests. First, the Court's February 19, 2026 Order on Plaintiffs' Motion to Compel directed the individual Martin County Defendants to produce separate verified discovery responses by March 21, 2026 — twenty-five days before the original April 15 dispositive-motion deadline. (Doc. 55.) Those court-compelled individualized verified responses supply the conclusively-established Rule 36 admissions on which the proposed Motion for Partial Summary Judgment is principally built. Second, the Court's March 19, 2026 Order on Defendants' Motion for Protective Order extended the operative deposition discovery period, ordering that the depositions of Defendant Snellgrove and the two Plaintiffs be taken on or before May 1, 2026 — sixteen days after the original April 15 dispositive-motion deadline. (Doc. 64.) Defendant Snellgrove's deposition, conducted within that court-ordered window on April 10, 2026, supplies corroborating sworn admissions that are cited throughout the proposed motion.

3. Plaintiffs now file this Motion for Leave less than two weeks after the close of the Court-ordered deposition discovery period, after cross-referencing the deposition record and the individualized verified responses, finalizing the proposed motion, and conferring with opposing counsel as required by Local Rule CV-7. To the extent the Court determines that orderly briefing and consideration of the proposed MSJ counsel in favor of a modest continuance of the August 4, 2026 pretrial conference and August 24, 2026 trial setting, Plaintiffs do not oppose such a continuance.

**PROCEDURAL BACKGROUND**

4. The relevant scheduling history appears on the Court's docket:

5. **Scheduling Order (Doc. 24, Sept. 4, 2025).** The Court adopted the parties' scheduling recommendations and ordered: discovery cutoff April 1, 2026; dispositive-motion deadline April 15, 2026; final pretrial conference August 4, 2026; trial August 24, 2026. (Doc. 24 ¶¶ 5–8.) Paragraph 5 of the Scheduling Order expressly provides that "[c]ounsel may by agreement continue discovery beyond the deadline." (Doc. 24 ¶ 5.)

6. **Defendants' Early Summary-Judgment Motion and Partial Stay of Discovery.** On October 2, 2025, the Martin County Defendants filed a Motion for Summary Judgment on immunity grounds (Doc. 26) together with a Motion to Stay Discovery (Doc. 27). The Court granted the stay in part, allowing continued discovery on non-immunity claims while "narrowly tailoring discovery that can take place as it relates to the claims with immunity defenses." (Doc. 55.) The Court directed the parties to complete the immunity-related discovery by January 23, 2026. (*Id.*)

7. **Motion to Compel; February 19, 2026 Order.** On January 22, 2026, Plaintiffs filed a Motion to Compel Discovery and for Sanctions Regarding Inadequate Rule 30(b)(6) Representation, principally seeking individualized, verified discovery responses from the several Martin County Defendants who had purported to respond collectively. (Doc. 47.) On February 19, 2026, after a hearing, the Court granted the Motion in part and ordered the individual Martin County Defendants to "serve separate, full, and verified answers to the First Set of Discovery Requests provided by Plaintiffs on or before 30 days from the date of this Order." (Doc. 55 at 3.) Those court-compelled supplemental responses came due on March 21, 2026, leaving eleven

days before the April 1 discovery cutoff. The individualized verified responses produced in compliance with that Order — including separate Requests for Admission responses from each of the Individual Defendants — supply the conclusively-established Rule 36 admissions on which the proposed Motion for Partial Summary Judgment principally relies. *See* Fed. R. Civ. P. 36(b); *Am. Auto. Ass'n v. AAA Legal Clinic*, 930 F.2d 1117, 1120 (5th Cir. 1991).

8. **Protective Order Setting May 1, 2026 Deadline for the Snellgrove and Hamblin Depositions.** On March 16, 2026, the Martin County Defendants filed a Motion for Protective Order regarding the noticing of Defendant Snellgrove's deposition. (Doc. 59.) On March 19, 2026, the Court entered an Order directing that "all Parties … meet, confer, schedule, and take the depositions of Defendant Brian Snellgrove and Plaintiffs Austin and Kiska Hamblin on or before May 1, 2026." (Doc. 64 at 2.) The Court further "remind[ed] [the parties] that counsel may continue discovery beyond the Scheduling Order deadline by agreement." (*Id.*) The May 1, 2026 deadline established by the Court for the Snellgrove and Hamblin depositions falls sixteen days after the original April 15, 2026 dispositive-motion deadline.

9. **Snellgrove Deposition.** Plaintiffs conducted Defendant Brian Snellgrove's oral and videotaped deposition within the Court's extended window on April 10, 2026. The Snellgrove deposition produced approximately 150 pages of sworn testimony, several portions of which supply corroborating admissions cited in the proposed Motion for Partial Summary Judgment — including Snellgrove's sworn admissions that the warrant-listed items were located in outbuildings before officers entered the home, that he was "directed by the officers to begin to load those items up," and that officers requested his trailers, trucks, and Snap-On employees because the Sheriff's Office "did not have anything to haul off any large items."

10. **Plaintiffs' Depositions.** The Martin County Defendants took the depositions of Plaintiffs Austin Hamblin and Kiska Hamblin on May 1, 2026 — the final day of the Court-ordered deposition window. (*See* Doc. 64 at 2.) The factual record relevant to the proposed Motion for Partial Summary Judgment was therefore not complete until May 1, 2026, when Defendants concluded their examination of Plaintiffs.

11. **Preparation of the MSJ and Conferral.** After the Court-ordered May 1, 2026 close of deposition discovery, undersigned counsel undertook a comprehensive cross-reference of the individualized verified discovery responses, the Snellgrove and Ingram deposition transcripts, the deposition exhibits, the Sheriff's Department's verified responses, Plaintiffs' own deposition testimony, and the documentary record produced in discovery (including text messages, the search warrant and supporting affidavit, the offense reports, the body-worn camera footage produced, and the Department's written manual), and prepared the accompanying Motion for Partial Summary Judgment (Ex. 1). On May 13, 2026, undersigned counsel conferred by email with counsel for the Martin County Defendants regarding the filing of the proposed Motion for Partial Summary Judgment and the present Motion for Leave. As of the filing of this Motion, counsel for the Martin County Defendants has not responded. Plaintiffs accordingly treat the Motion as opposed.

## ARGUMENT

12. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Fifth Circuit applies a four-factor test to evaluate good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a

continuance to cure such prejudice." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *see also Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003); *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015). The four factors are weighed together, with diligence the touchstone. *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). Good cause does not require a showing of impossibility; it requires reasonable diligence. *Sw. Bell*, 346 F.3d at 547.

13. Each of the four *S&W Enterprises* factors favors granting leave.

**A. Plaintiffs Acted Diligently; the Late Filing Resulted from the Court-Ordered Discovery Schedule, Not from Any Lack of Diligence.**

14. The original Scheduling Order left only fourteen days between the originally anticipated close of discovery on April 1, 2026 and the dispositive-motion deadline on April 15, 2026. That compressed window presupposed that fact discovery would be substantially complete by April 1. It was not — principally because of two intervening Court orders that, taken together, made any deposition-and-admissions-based dispositive motion against these Defendants impossible to file by April 15.

15. First, the Court's February 19, 2026 Order on Plaintiffs' Motion to Compel directed each of the Individual Defendants to serve "separate, full, and verified answers" to Plaintiffs' First Set of Discovery Requests by March 21, 2026. (Doc. 55 at 3.) Until the Individual Defendants complied with that Order — twenty-five days before the original April 15 dispositive-motion deadline — Plaintiffs did not possess separate, conclusively-established Rule 36 admissions from each named officer. The proposed Motion for Partial Summary Judgment is built upon those individualized admissions: it cites, by way of example, Ingram RFA Nos. 3, 4, 5, 7, 11, 14, 18,

20, and 26; Dahl RFA Nos. 3, 5, 7, 13, 14, 24, 25, 26, and 28; Brown RFA Nos. 3, 5, 6, 7, 17, 18, and 20; Gammons RFA Nos. 4, 10, and 20; Phelps RFA No. 28; and the Sheriff's Department's responses to RFA Nos. 6, 15, 18, 26, and 29. None of those individualized admissions existed in their conclusive Rule 36 form until the Court-compelled production on March 21, 2026.

16. Second, the Court's March 19, 2026 Order on Defendants' Motion for Protective Order extended the operative deposition discovery period to May 1, 2026 for Defendant Snellgrove and the Plaintiffs. (Doc. 64.) That court-ordered date falls sixteen days after the original April 15, 2026 dispositive-motion deadline. The Court, in entering that Order, necessarily understood that the original April 15 dispositive-motion deadline could not realistically govern any motion supported by depositions the Court had just ordered to be taken on or before May 1. The Snellgrove deposition, taken at the earliest mutually available date on April 10, 2026, produced approximately 150 pages of sworn testimony, multiple portions of which supply corroborating evidence cited throughout the proposed motion against the Martin County Defendants. To require Plaintiffs to file a deposition-supported motion within five days of a 150-page deposition — particularly when the deposition discovery period itself extended sixteen days beyond the dispositive-motion deadline — is not realistic, and the Federal Rules do not require it.

17. Even apart from the Snellgrove deposition itself, filing the proposed MSJ before May 1, 2026 would have been imprudent. The Court's March 19, 2026 Order extended discovery for three depositions: Defendant Snellgrove's and the depositions of both Plaintiffs. (Doc. 64 at 2.) The Martin County Defendants took the depositions of Plaintiffs Austin and Kiska Hamblin on the final day of that window, May 1, 2026. Until those depositions were completed, the factual record on which the MSJ depends was not yet fixed: Plaintiffs' own deposition testimony could conceivably have altered the analysis, produced material the MSJ would need to address,

supplied additional grounds for summary judgment, or, if adverse, prompted Plaintiffs to seek different or narrower relief. Counsel were not idle in the interval; counsel were responsibly awaiting the completion of the Court's own extended discovery period so that the proposed motion would be filed on a complete record, in the interest of both the parties and the Court.

18. After the Court-ordered May 1, 2026 close of deposition discovery, Plaintiffs' counsel undertook the comprehensive cross-reference described in paragraph 11 above, finalized the proposed Motion for Partial Summary Judgment, conferred with opposing counsel as required by Local Rule CV-7(g), and now files this Motion for Leave less than two weeks after the close of the Court-ordered discovery period — a period that already absorbed the conferral interval required by the Local Rules. Plaintiffs' diligence is plain on the docket: counsel appeared, amended the complaint, pursued discovery within the limits imposed by the partial stay, moved to compel when Defendants stonewalled, prosecuted that motion to a favorable Order requiring individualized verified responses, took Sheriff Ingram's deposition on January 15, 2026 within the Court-ordered immunity-discovery window, took Snellgrove's deposition within the Court's extended window at the earliest available date, sat for Plaintiffs' own depositions on the last day of that window, and moved for leave promptly after the close of the Court-ordered discovery period. The Fifth Circuit's *S&W Enterprises* diligence requirement is amply satisfied. *Sw. Bell*, 346 F.3d at 547.

### B. The Motion Is Important and Will Substantially Narrow the Trial.

19. The accompanying MSJ seeks partial summary judgment on the issue of liability on the four federal causes of action against the Martin County Defendants: Count 1 (Fourth Amendment unreasonable seizure / execution beyond scope), Count 2 (Fourteenth Amendment procedural

due process), and Count 3 (§ 1983 conspiracy) against each of the Individual Defendants — Brad Ingram, Anders Dahl, Kelsey Brown, Weston Phelps, and Rory Gammons — and Count 4 (*Monell* liability) against Defendant Martin County. The motion also seeks a determination that the affirmative defense of qualified immunity is unavailable to the Individual Defendants on Counts 1, 2, and 3 as a matter of law. Damages are expressly reserved for trial. The motion is built principally on the Individual Defendants' own sworn admissions under Rule 36, their verified interrogatory responses, the sworn deposition testimony of Sheriff Ingram and corroborating deposition testimony of Defendant Snellgrove, the Sheriff's Department's verified discovery responses, and the documentary record. If granted in whole or in part, the motion would substantially narrow the matters for jury determination, leaving damages and the remaining contested counts for trial, and would resolve the qualified-immunity issue that has driven the case-management posture of this litigation since Defendants' October 2, 2025 Motion for Summary Judgment on immunity grounds (Doc. 26). The importance factor weighs strongly in favor of leave.

### C. No Prejudice Will Result from Granting Leave.

20. Granting leave will impose no prejudice on the Martin County Defendants. They have had full and fair opportunity to participate in discovery, to sit for their own depositions and serve their own discovery, and to depose Plaintiffs and Defendant Snellgrove. The Martin County Defendants are, moreover, the very parties who sought the March 19, 2026 protective-order extension that produced the May 1, 2026 deposition-discovery deadline. (Doc. 59; Doc. 64.) The schedule that necessitates this Motion for Leave was therefore created in part by the Martin County Defendants' own request. The Martin County Defendants have no surprise to fear from a

motion built almost entirely on their own sworn admissions and verified discovery responses and on documents already in their possession.

21. The case schedule provides time for orderly briefing of the MSJ. Trial is currently set for August 24, 2026; the final pretrial conference is set for August 4, 2026. Under Local Rule CV-7(d)(2), the Martin County Defendants have fourteen days to respond, and Plaintiffs have seven days to reply, subject to the page-limit relief Plaintiffs request in Part III.E below. Plaintiffs recognize, however, that briefing, decision, and any consequent narrowing of the trial issues may benefit from a modest adjustment of the pretrial and trial settings to ensure each party has a fair opportunity to prepare on the issues that remain after the Court's ruling.

22. Importantly, granting leave will not require any reopening of fact discovery or any backward-looking modification of any other deadline. The Scheduling Order's own provisions contemplate post-deadline discovery by agreement (Doc. 24 ¶ 5), and Local Rule CV-16(e) authorizes the same. The Court's March 19, 2026 Order itself extended the operative deposition discovery period to May 1, 2026 (Doc. 64); Plaintiffs do not seek any extension beyond what the Court has already entered as to discovery.

> **D. Plaintiffs Do Not Oppose a Modest Continuance of the Pretrial and Trial Settings If the Court Concludes One Is Appropriate.**

23. The *S&W Enterprises* fourth factor asks whether a continuance is available to cure any prejudice that may attend the requested modification. It is. Plaintiffs do not seek a continuance of trial as the price of leave to file, and they remain ready to brief the proposed MSJ on the standard Local Rule CV-7 schedule on the current trial setting. But Plaintiffs also recognize the practical realities of the calendar: the deposition discovery period was extended by the Court's own Order

to May 1, 2026 (Doc. 64); the proposed MSJ will be filed days afterward; the Local Rule briefing period will run roughly thirty days; and the Court will then need a reasonable interval to consider the motion and any partial narrowing of the issues it produces in advance of the August 4, 2026 final pretrial conference and the August 24, 2026 trial setting.

24. Aligning the pretrial and trial settings with the Court's already-extended discovery schedule would be a natural completion of the case-management adjustments the Court has already made and would be well within the Court's broad scheduling discretion. Plaintiffs accordingly do not oppose, and would respectfully welcome, a modest continuance of the pretrial conference and trial settings to the extent the Court determines such a continuance would promote the orderly resolution of the proposed MSJ and the fair preparation of the parties on the issues that remain. Any such adjustment is, of course, fully within the Court's discretion; Plaintiffs raise the point only to confirm that they will not invoke the trial setting as an obstacle to whatever scheduling adjustments the Court concludes are appropriate.

### E. Good Cause Supports the Requested Excess Above the Twenty-Page Limit.

25. Local Rule CV-7(c)(2) limits dispositive motions to twenty pages "[u]nless otherwise authorized by the court." Paragraph 6 of the Scheduling Order incorporates the same limit. (Doc. 24 ¶ 6.) The proposed Motion for Partial Summary Judgment runs approximately thirty-three pages, thirteen pages above the standard limit. Good cause supports the requested excess.

26. The proposed MSJ is unusually broad in the issues it presents. It addresses six discrete matters against six defendants: (1) Count 1 (Fourth Amendment), which presents distinct sub-issues including warrant-scope analysis, the plain-view doctrine, the *Wilson v. Layne* / *Bills v. Aseltine* conscription rule, the *Groh v. Ramirez* failure-to-read-the-warrant analysis, and

bystander liability under *Hale v. Townley*; (2) Count 2 (Fourteenth Amendment procedural due process), including the *Zinermon v. Burch* foreclosure of the *Parratt-Hudson* defense and the Texas statutory pre-deprivation framework under Articles 18.10 and 47.01a; (3) Count 3 (§ 1983 Conspiracy); (4) Count 4 (*Monell*), which requires separate analysis of all four *Monell* pathways recognized in the Fifth Circuit — final-policymaker liability under *Pembaur v. City of Cincinnati*, ratification under *Praprotnik* and *Grandstaff*, deliberate indifference under *City of Canton v. Harris*, and custom-or-practice liability under *Webster v. City of Houston*; (5) the unavailability of qualified immunity as a matter of law, addressed on five independent grounds including *Creamer v. Porter*, the Supreme Court line from *Maryland v. Garrison* through *Groh v. Ramirez*, Defendants' own admitted knowledge of the governing rule, the *Taylor v. Riojas* obviousness principle, and the Fifth Circuit's recent decision in *Alexander v. Arceneaux*, No. 25-30016 (5th Cir. Apr. 13, 2026); and (6) the body-worn-camera record and its doctrinal consequences. Compressing this analysis into twenty pages would invite either superficial treatment of dispositive legal questions or a heavy reliance on incorporation-by-reference and footnotes that would be less, not more, useful to the Court.

27. The Statement of Undisputed Material Facts is necessarily fact-intensive. The proposed MSJ rests on the certified transcript of Sheriff Ingram's January 15, 2026 deposition; the separate verified interrogatory responses and Rule 36 admissions of each of the Individual Defendants and the Sheriff's Department; the Sheriff's Office Policy Manual; deposition testimony of Defendant Snellgrove; documentary exhibits including the search warrant and supporting affidavit, the May 15, 2023 text exchange marked as Deposition Exhibit 13, the seizure inventory, and the Department's social-media post; and the testimony of Plaintiffs at their own depositions. Each cause of action has its own factual predicates that must be laid out for the

Court with sufficient specificity to demonstrate the absence of any genuine dispute of material fact and to satisfy the Fifth Circuit's heightened "specificity and granularity" standard for the clearly-established prong of qualified immunity. *See Morrow v. Meachum*, 917 F.3d 870, 874–76 (5th Cir. 2019). Plaintiffs have already pared the Statement of Facts to the material admissions and exhibits, and the Argument section has been organized to present each issue compactly. Further compression would risk omitting material on which the Court will need to rely.

28. The requested excess is proportionate to the issues presented. Fourty-seven pages remains well within the range of authorized excesses this Court entertains in fact-intensive, multi-count summary judgment proceedings, particularly where, as here, a single motion addresses four federal causes of action against six defendants on a deposition-supported record and seeks a dispositive ruling on the qualified-immunity defense that has driven the case-management posture of this litigation. The excess will not burden the Court with extraneous material; it will permit a faithful presentation of a multi-issue motion on a fully developed factual record. To preserve briefing parity, Plaintiffs do not oppose, and respectfully invite, the Court to authorize the Martin County Defendants to file a response of equivalent length under Local Rule CV-7(d)(2).

## CONCLUSION

29. For the foregoing reasons, good cause exists under Federal Rule of Civil Procedure 16(b)(4) to permit Plaintiffs to file the accompanying Motion for Partial Summary Judgment Against Martin County and the Individual Law Enforcement Defendants.

30. Plaintiffs respectfully request that the Court (i) grant this Motion for Leave; (ii) authorize Plaintiffs to file the accompanying Motion for Partial Summary Judgment in excess of the

twenty-page limit set by Local Rule CV-7(c)(2) and paragraph 6 of the Scheduling Order, and authorize the Martin County Defendants to file a response of equivalent length; (iii) direct the clerk to file Exhibit 1, the proposed Motion for Partial Summary Judgment, as a separate ECF entry as of the date of the Court's order; (iv) to the extent the Court determines that a modest continuance of the August 4, 2026 final pretrial conference and the August 24, 2026 trial setting would promote the orderly briefing and decision of the proposed MSJ, enter such scheduling adjustments as the Court deems appropriate, to which Plaintiffs do not object; and (v) grant such other and further relief, at law and in equity, to which Plaintiffs may show themselves justly entitled.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(g), on May 13, 2026, undersigned counsel conferred by email with counsel for all Defendants regarding the relief sought in this Motion and in the underlying Motion for Partial Summary Judgment. As of the filing of this Motion, counsel for the Martin County Defendants has not responded. Plaintiffs accordingly treat this Motion as opposed.

## CERTIFICATE OF SERVICE

I certify that on the date reflected by the CM/ECF date stamp, I filed the foregoing document and that it is available for viewing and downloading from the Court's CM/ECF system, and that those participants in the case who are registered CM/ECF users will be served via the CM/ECF system.

Respectfully submitted,

Respectfully submitted,

/s/ Kurt Mueller

_____

**Kurt Mueller**
Texas Bar No. 24133133
The Kurt Mueller Law Firm PLLC
565 S Mason Rd PMB 223
Katy, Texas 77450
(713) 360-2110
kurt@kurtmuellerpllc.com