## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND / ODESSA DIVISION

| | | |
|---|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN** | § § § | |
| **V.** | § § § | |
| **MARTIN COUNTY, TEXAS, BRAD INGRAM, ANDERS DAHL, KELSEY BROWN, RORY GAMMONS, WESTON PHELPS, and BRIAN SNELLGROVE** | § § § § § § § § § | **NO. 7:25-cv-00245** |

### DEFENDANTS MARTIN COUNTY, TEXAS, BRAD INGRAM, ANDERS DAHL, KELSEY BROWN, RORY GAMMONS, AND WESTON PHELPS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Martin County, Texas; Brad Ingram; Anders Dahl; Kelsey Brown; Rory Gammons; and Weston Phelps (collectively, "Answering Defendants"), and, subject to and without waiving any defenses available under the Federal Rules of Civil Procedure, file this Answer to Plaintiffs' Third Amended Complaint. Pursuant to Rule 8(b), Answering Defendants admit only those allegations expressly admitted herein, deny those allegations expressly denied herein, and deny any remaining allegation to the extent a response is required.

### I. RESPONSES TO NUMBERED ALLEGATIONS

1. Answering Defendants deny the allegations in paragraph 1.

2. Answering Defendants deny the allegations in paragraph 2.

3. Answering Defendants deny the allegations in paragraph 3.

4. Answering Defendants deny the allegations in paragraph 4.

5. Answering Defendants deny the allegations in paragraph 5.

6.      Answering Defendants deny the allegations in paragraph 6.

7.      With respect to paragraph 7, Answering Defendants do not contest that this Court has subject-matter jurisdiction over Plaintiffs' federal claims; otherwise, denied.

8.      With respect to paragraph 8, Answering Defendants do not contest that the Court may exercise supplemental jurisdiction as alleged; otherwise, denied.

9.      With respect to paragraph 9, Answering Defendants do not contest personal jurisdiction in this Court; otherwise, denied.

10.     With respect to paragraph 10, Answering Defendants do not contest that venue is proper in this District; otherwise, denied.

11.     With respect to paragraph 11, Answering Defendants lack knowledge or information sufficient to form a belief as to Plaintiffs' domiciles and therefore deny.

12.     With respect to paragraph 12, Admitted that Martin County, Texas is a political subdivision of the State of Texas; otherwise, denied.

13.     With respect to paragraph 13, Admitted that Brad Ingram served as Sheriff of Martin County during relevant times; denied as to any remaining allegations, including any characterization as "final policymaker" or legal conclusions.

14.     With respect to paragraph 14, Admitted that Anders Dahl was employed by Martin County through the Sheriff's Office during relevant times; otherwise, denied.

15.     With respect to paragraph 15, Admitted that Kelsey Brown was employed by Martin County through the Sheriff's Office during relevant times; otherwise, denied.

16.     With respect to paragraph 16, Admitted that Rory Gammons was employed by Howard County through the Howard County Sheriff's Office during relevant times; otherwise, denied.

17.    With respect to paragraph 17, Admitted that Weston Phelps was employed by Martin County through the Sheriff's Office during relevant times; otherwise, denied.

18.    With respect to paragraph 18, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations concerning Brian Snellgrove and therefore deny.

19.    With respect to paragraph 19, Answering Defendants admit Plaintiffs purport to sue the individual defendants in their personal capacities; otherwise, denied.

20.    Answering Defendants deny the allegations in paragraph 20.

21.    Answering Defendants deny the allegations in paragraph 21.

22.    Answering Defendants deny the allegations in paragraph 22.

23.    Answering Defendants deny the allegations in paragraph 23.

24.    Answering Defendants deny the allegations in paragraph 24.

25.    Answering Defendants deny the allegations in paragraph 25.

26.    Answering Defendants deny the allegations in paragraph 26.

27.    Answering Defendants deny the allegations in paragraph 27.

28.    Answering Defendants deny the allegations in paragraph 28.

29.    Answering Defendants deny the allegations in paragraph 29.

30.    Answering Defendants deny the allegations in paragraph 30.

31.    Answering Defendants deny the allegations in paragraph 31.

32.    Answering Defendants deny the allegations in paragraph 32.

33.    With respect to paragraph 33, Answering Defendants admit that a search warrant was issued and executed; denied as to the remaining allegations, including any characterization of the warrant's scope or legal conclusions.

34.     With respect to paragraph 34, Answering Defendants admit that a search warrant was executed at Plaintiffs' residence on or about May 17, 2023; otherwise, denied.

35.     Answering Defendants deny the allegations in paragraph 35.

36.     Answering Defendants deny the allegations in paragraph 36.

37.     Answering Defendants deny the allegations in paragraph 37.

38.     Answering Defendants deny the allegations in paragraph 38.

39.     Answering Defendants deny the allegations in paragraph 39.

40.     Answering Defendants deny the allegations in paragraph 40.

41.     Answering Defendants deny the allegations in paragraph 41.

42.     Answering Defendants deny the allegations in paragraph 42.

43.     Answering Defendants deny the allegations in paragraph 43.

44.     Answering Defendants deny the allegations in paragraph 44.

45.     Answering Defendants deny the allegations in paragraph 45.

46.     Answering Defendants deny the allegations in paragraph 46.

47.     Answering Defendants deny the allegations in paragraph 47.

48.     Answering Defendants deny the allegations in paragraph 48.

49.     Answering Defendants deny the allegations in paragraph 49.

50.     Answering Defendants deny the allegations in paragraph 50.

51.     Answering Defendants deny the allegations in paragraph 51.

52.     Answering Defendants deny the allegations in paragraph 52.

53.     Answering Defendants deny the allegations in paragraph 53.

54.     Answering Defendants deny the allegations in paragraph 54.

55.     Answering Defendants deny the allegations in paragraph 55.

56.     Answering Defendants deny the allegations in paragraph 56.

57.     Answering Defendants deny the allegations in paragraph 57.

58.     Answering Defendants deny the allegations in paragraph 58.

59.     Answering Defendants deny the allegations in paragraph 59.

60.     Answering Defendants deny the allegations in paragraph 60.

61.     Answering Defendants deny the allegations in paragraph 61.

62.     Answering Defendants deny the allegations in paragraph 62.

63.     Answering Defendants deny the allegations in paragraph 63.

64.     Answering Defendants deny the allegations in paragraph 64.

65.     Answering Defendants deny the allegations in paragraph 65.

66.     Answering Defendants deny the allegations in paragraph 66.

67.     Answering Defendants deny the allegations in paragraph 67.

68.     Answering Defendants deny the allegations in paragraph 68.

69.     Answering Defendants deny the allegations in paragraph 69.

70.     Answering Defendants deny the allegations in paragraph 70.

71.     Answering Defendants deny the allegations in paragraph 71.

72.     Answering Defendants deny the allegations in paragraph 72.

73.     Answering Defendants deny the allegations in paragraph 73.

74.     Answering Defendants deny the allegations in paragraph 74.

75.     Answering Defendants deny the allegations in paragraph 75.

76.     Answering Defendants deny the allegations in paragraph 76.

77.     Answering Defendants deny the allegations in paragraph 77.

78.     Answering Defendants deny the allegations in paragraph 78.

79.     Answering Defendants deny the allegations in paragraph 79.

80.     Answering Defendants deny the allegations in paragraph 80.

81.     Answering Defendants deny the allegations in paragraph 81.

82.     Answering Defendants deny the allegations in paragraph 82.

83.     Answering Defendants deny the allegations in paragraph 83.

84.     Answering Defendants deny the allegations in paragraph 84.

85.     Answering Defendants deny the allegations in paragraph 85.

86.     Answering Defendants deny the allegations in paragraph 86.

87.     Answering Defendants deny the allegations in paragraph 87.

88.     Answering Defendants deny the allegations in paragraph 88.

89.     Answering Defendants deny the allegations in paragraph 89.

90.     Answering Defendants deny the allegations in paragraph 90.

91.     Answering Defendants deny the allegations in paragraph 91.

92.     Answering Defendants deny the allegations in paragraph 92.

93.     Answering Defendants deny the allegations in paragraph 93.

94.     Answering Defendants deny the allegations in paragraph 94.

95.     Answering Defendants deny the allegations in paragraph 95.

96.     Answering Defendants deny the allegations in paragraph 96.

97.     Answering Defendants deny the allegations in paragraph 97.

98.     Answering Defendants deny the allegations in paragraph 98.

99.     Answering Defendants deny the allegations in paragraph 99.

100.    Answering Defendants deny the allegations in paragraph 100.

101.    Answering Defendants deny the allegations in paragraph 101.

102.    Answering Defendants deny the allegations in paragraph 102.

103.    Answering Defendants deny the allegations in paragraph 103.

104.    Answering Defendants deny the allegations in paragraph 104.

105.    Answering Defendants deny the allegations in paragraph 105.

106.    Answering Defendants deny the allegations in paragraph 106.

107.    Answering Defendants deny the allegations in paragraph 107.

108.    Answering Defendants deny the allegations in paragraph 108.

109.    Answering Defendants deny the allegations in paragraph 109.

110.    Answering Defendants deny the allegations in paragraph 110.

111.    Answering Defendants deny the allegations in paragraph 111.

112.    Answering Defendants deny the allegations in paragraph 112.

113.    Answering Defendants deny the allegations in paragraph 113.

114.    Answering Defendants deny the allegations in paragraph 114.

115.    Answering Defendants deny the allegations in paragraph 115.

116.    Answering Defendants deny the allegations in paragraph 116.

117.    Answering Defendants deny the allegations in paragraph 117.

118.    Answering Defendants deny the allegations in paragraph 118.

119.    Answering Defendants deny the allegations in paragraph 119.

120.    Answering Defendants deny the allegations in paragraph 120.

121.    Answering Defendants deny the allegations in paragraph 121.

122.    Answering Defendants deny the allegations in paragraph 122.

123.    Answering Defendants deny the allegations in paragraph 123.

124.    Answering Defendants deny the allegations in paragraph 124.

125.    Answering Defendants deny the allegations in paragraph 125.

126.    Answering Defendants deny the allegations in paragraph 126.

127.    Answering Defendants deny the allegations in paragraph 127.

128.    Answering Defendants deny the allegations in paragraph 128.

129.    Answering Defendants deny the allegations in paragraph 129.

130.    Answering Defendants deny the allegations in paragraph 130.

131.    Answering Defendants deny the allegations in paragraph 131.

132.    Answering Defendants deny the allegations in paragraph 132.

133.    Answering Defendants deny the allegations in paragraph 133.

134.    Answering Defendants deny the allegations in paragraph 134.

135.    Answering Defendants deny the allegations in paragraph 135.

136.    Answering Defendants deny the allegations in paragraph 136.

137.    Answering Defendants deny the allegations in paragraph 137.

138.    Answering Defendants deny the allegations in paragraph 138.

139.    Answering Defendants deny the allegations in paragraph 139.

140.    Answering Defendants deny the allegations in paragraph 140.

141.    Answering Defendants deny the allegations in paragraph 141.

142.    Answering Defendants deny the allegations in paragraph 142.

143.    Answering Defendants deny the allegations in paragraph 143.

144.    Answering Defendants deny the allegations in paragraph 144.

145.    Answering Defendants deny the allegations in paragraph 145.

146.    Answering Defendants deny the allegations in paragraph 146.

147.    Answering Defendants deny the allegations in paragraph 147.

148.    Answering Defendants deny the allegations in paragraph 148.

149.    Answering Defendants deny the allegations in paragraph 149.

150.    Answering Defendants deny the allegations in paragraph 150.

151.    Answering Defendants deny the allegations in paragraph 151.

152.    Answering Defendants deny the allegations in paragraph 152.

153.    Answering Defendants deny the allegations in paragraph 153.

154.    With respect to paragraph 154, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

155.    With respect to paragraph 155, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

156.    With respect to paragraph 156, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

157.    With respect to paragraph 157, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

158.    With respect to paragraph 158, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

159.    With respect to paragraph 159, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required,

denied.

160.    With respect to paragraph 160, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

161.    With respect to paragraph 161, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

162.    With respect to paragraph 162, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

163.    With respect to paragraph 163, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

164.    With respect to paragraph 164, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

165.    With respect to paragraph 165, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

166.    With respect to paragraph 166, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

167.    With respect to paragraph 167, no response is required to the extent the count is

asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

168.    With respect to paragraph 168, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

169.    With respect to paragraph 169, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

170.    With respect to paragraph 170, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

171.    With respect to paragraph 171, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

172.    With respect to paragraph 172, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

173.    With respect to paragraph 173, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

174.    With respect to paragraph 174, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

175.    With respect to paragraph 175, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

176.    With respect to paragraph 176, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

177.    With respect to paragraph 177, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

178.    With respect to paragraph 178, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

179.    With respect to paragraph 179, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

180.    With respect to paragraph 180, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

181.    With respect to paragraph 181, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

182.    With respect to paragraph 182, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required,

denied.

183.    With respect to paragraph 183, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

184.    With respect to paragraph 184, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

185.    With respect to paragraph 185, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

186.    With respect to paragraph 186, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

187.    With respect to paragraph 187, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

188.    With respect to paragraph 188, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

189.    With respect to paragraph 189, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

190.    With respect to paragraph 190, no response is required to the extent the count is

asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

191.    With respect to paragraph 191, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

192.    With respect to paragraph 192, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

193.    With respect to paragraph 193, no response is required to the extent the count is asserted solely against Defendant Snellgrove. To the extent any response is deemed required, denied.

194.    Answering Defendants deny the allegations in paragraph 194.

195.    Answering Defendants deny the allegations in paragraph 195.

196.    Answering Defendants deny the allegations in paragraph 196.

197.    Answering Defendants deny the allegations in paragraph 197.

198.    Answering Defendants deny the allegations in paragraph 198.

199.    Answering Defendants deny the allegations in paragraph 199.

200.    Answering Defendants deny the allegations in paragraph 200.

201.    Answering Defendants deny the allegations in paragraph 201.

202.    Answering Defendants deny the allegations in paragraph 202.

203.    Answering Defendants deny the allegations in paragraph 203.

204.    With respect to paragraph 204, no response is required.

## II. GENERAL DENIAL

205.    Except as expressly admitted herein, Answering Defendants deny each and every allegation contained in Plaintiffs' Third Amended Complaint and demand strict proof thereof.

### III. AFFIRMATIVE DEFENSES

206.    Plaintiffs' Third Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted, and Answering Defendants reserve the right to seek dismissal on any applicable ground under Rule 12 of the Federal Rules of Civil Procedure to the extent not waived.

207.    The claims asserted against the individual Answering Defendants are barred, in whole or in part, by qualified immunity because Plaintiffs have not alleged facts establishing the violation of a constitutional right that was clearly established at the time of the matters complained of.

208.    The individual Answering Defendants are entitled to official immunity because the acts or omissions alleged by Plaintiffs, if any, were undertaken in the performance of discretionary duties, in good faith, and within the scope of their authority.

209.    The individual Answering Defendants acted in good faith and in an objectively reasonable manner under the circumstances, including in reliance upon a facially valid warrant and the issuing magistrate's determination of probable cause.

210.    To the extent applicable, any search or seizure challenged by Plaintiffs was authorized by voluntary consent given by a person possessing actual or apparent authority to provide such consent.

211.    To the extent applicable, any item seized during execution of the warrant was lawfully seized pursuant to the plain-view doctrine.

212.    To the extent applicable, the acts or omissions alleged by Plaintiffs were undertaken in the course of an ongoing criminal investigation and were supported by probable cause, or at a

minimum by an objectively reasonable belief that probable cause existed, to believe that the property at issue constituted evidence, fruits, or instrumentalities of criminal activity.

213.    Answering Defendants were entitled to rely upon the collective knowledge of law enforcement personnel involved in the investigation and execution of the warrant, and no alleged omission or misunderstanding by any individual officer, considered in isolation, establishes a constitutional violation where the operation was otherwise supported by shared information and coordinated investigative activity.

214.    To the extent Plaintiffs challenge the procurement or issuance of any warrant, such claims are barred, in whole or in part, absent proof of a knowing or reckless false statement or omission that was material to the finding of probable cause.

215.    Plaintiffs' claims are barred, in whole or in part, by the independent intermediary doctrine and by the intervening determination of a neutral magistrate, except to the extent Plaintiffs establish a recognized exception thereto.

216.    Plaintiffs' claims are barred, in whole or in part, by the applicable statute or statutes of limitations.

217.    Plaintiffs' alleged injuries and damages, if any, were caused in whole or in part by the acts or omissions of third parties or by intervening and superseding causes for which Answering Defendants are not responsible.

218.    Plaintiffs lack standing to recover damages not personally sustained by them and, further, lack a legally cognizable property or liberty interest with respect to some or all of the items or theories alleged.

219.    To the extent Plaintiffs assert a procedural due process claim predicated upon any unauthorized deprivation of property, such claim is barred, in whole or in part, because adequate

post-deprivation remedies were available under applicable law.

220. Plaintiffs cannot establish liability against any individual Answering Defendant absent proof of that Defendant's personal involvement in the alleged deprivation, and no Defendant may be held liable under 42 U.S.C. § 1983 solely by reason of respondeat superior, supervisory status, title, or generalized responsibility.

221. To the extent Plaintiffs purport to assert any theory of bystander liability or failure to intervene, Plaintiffs cannot establish the requisite elements of such a claim as to one or more Answering Defendants.

222. Plaintiffs' damages, if any, were not proximately caused by any act or omission of Answering Defendants and/or are speculative, remote, duplicative, unsupported by competent proof, or otherwise unrecoverable as a matter of law.

223. Plaintiffs failed to mitigate their damages, if any.

224. To the extent applicable, Plaintiffs' alleged damages, if any, are barred in whole or in part, or must be reduced, because Plaintiffs failed to avail themselves of procedures available under the Texas Code of Criminal Procedure, or other lawful process, through which they could have asserted any claimed interest in the property at issue and sought return of such property, thereby failing to mitigate or avoid the consequences of the matters complained of.

225. Plaintiffs' claims for punitive or exemplary damages against Martin County, Texas, and against any Defendant in his official capacity are barred as a matter of law.

226. To the extent Plaintiffs seek punitive damages from any individual Answering Defendant, such relief is barred or limited because the acts or omissions alleged were undertaken in good faith, without malice, and without reckless or callous indifference to Plaintiffs' federally protected rights.

227.    To the extent any individual Defendant is sued in an official capacity, such official-capacity claim is duplicative of the claims asserted against Martin County, Texas, and should be dismissed or otherwise limited accordingly.

228.    Plaintiffs cannot establish municipal liability against Martin County, Texas because they cannot establish an official policy, custom, or practice attributable to the County that was the moving force behind any alleged constitutional violation, nor can they establish action by a final policymaker, a persistent widespread custom, deliberate indifference, ratification, failure to train, failure to supervise, or causation.

229.    Answering Defendants are not liable under any theory of respondeat superior with respect to claims brought under 42 U.S.C. § 1983.

230.    Plaintiffs cannot establish the elements of civil conspiracy and, to the extent applicable, any such claim is further barred by the intracorporate conspiracy doctrine.

231.    To the extent Plaintiffs assert any state-law claims against Answering Defendants, such claims are barred by governmental immunity, official immunity, the Texas Tort Claims Act, the intentional-tort exception, any applicable notice or presentment deficiencies, election-of-remedies principles, and all other applicable immunities and defenses.

232.    To the extent Plaintiffs seek declaratory or injunctive relief, such claims are barred, in whole or in part, for lack of standing, mootness, or the absence of a real and immediate threat of future injury.

233.    Answering Defendants seek recovery of taxable costs and such other relief as may be authorized by applicable law.

234.    Answering Defendants reserve the right to assert such additional defenses as may be disclosed through discovery or otherwise become available under the Federal Rules of Civil

Procedure.

## IV. JURY DEMAND

235.    Answering Defendants demand trial by jury on all issues so triable.

## V. PRAYER

236.    WHEREFORE, PREMISES CONSIDERED, Answering Defendants pray that Plaintiffs take nothing by their claims against Answering Defendants; that Plaintiffs' claims against Answering Defendants be dismissed with prejudice to the extent permitted by law; that Plaintiffs recover no punitive or exemplary damages, declaratory relief, or injunctive relief from Answering Defendants except as expressly allowed by applicable law; that judgment be entered in favor of Answering Defendants; that Answering Defendants recover their taxable costs; and that Answering Defendants be granted all such other and further relief, at law or in equity, to which they may be justly entitled and as may be authorized by applicable law.

Respectfully submitted,

*/s/ Denis Dennis*
DENIS DENNIS
State Bar No. 05655566
ddennis@kmdfirm.com
BENJAMIN PETTY
State Bar No. 24105934
bpetty@kmdfirm.com

OF

KELLY, MORGAN, DENNIS,
CORZINE & HANSEN, P.C.
P.O. Box 1311
Odessa, Texas 79760-1311
 (432) 367-7271  /  FAX:  (432) 363-9121

ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date of filing on May 27, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

*/s/ Denis Dennis*
DENIS DENNIS
