## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

AUSTIN HAMBLIN and KISKA HAMBLIN,
  Plaintiffs and Counter Defendants,

v.

MARTIN COUNTY, TEXAS, BRAD INGRAM,
ANDERS DAHL, KELSEY BROWN, RORY
GAMMONS, WESTON PHELPS, each in their
individual capacities,
  Defendants,

v.

BRIAN SNELLGROVE,
  Defendant and Counter Plaintiff.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Civil Action No.
7:25-CV-00245-RCG

### QUESTIONS FOR JURORS

COME NOW Defendants Martin County, Texas, Brad Ingram, Anders Dahl, Kelsey

Brown, Rory Gammons, and Weston Phelps, each in their respective capacities as pleaded

(collectively, the "Martin County Defendants"), and respectfully submit these proposed questions

requested for Court-conducted voir dire pursuant to Local Rule CV-16(f) and any order of the

Court. These questions are submitted to assist the Court in identifying potential bias, prejudice, or

other grounds bearing upon juror impartiality in this civil-rights and property-dispute matter.

1. Do you, any family member, or any close friend have employment, prior employment, or substantial experience in law enforcement, corrections, private security, criminal prosecution, criminal defense, or civil-rights litigation?

2. Do you have any strong feelings, favorable or unfavorable, about sheriff's departments, deputy sheriffs, police officers, or county government that would affect your ability to evaluate the evidence fairly and in accordance with the Court's instructions?

3. Do you believe that a law-enforcement officer who executes a search warrant should be presumed to have acted wrongfully merely because a private citizen later disputes ownership of property seized during the search?

4. Do you believe that a person who complains to law enforcement about suspected theft should be presumed to be lying, acting out of self-interest, or improperly influencing the investigation?

5. Do you believe that a person accused of theft or suspected theft should be presumed to have done something wrong, even if no conviction resulted?

6. This case involves allegations concerning the execution of a search warrant and the handling of property. Do you have personal experiences involving search warrants, seizure of property, stolen property, or disputes over tool or equipment ownership that would affect your ability to be impartial?

7. The Court will instruct you on the law. Is there any juror who would be unable to follow the Court's legal instructions even if the juror personally disagrees with the rule of law being given?

8. Would any juror be unable to require Plaintiffs to prove each element of each claim by a preponderance of the evidence before answering any liability question in Plaintiffs' favor?

9. Would any juror have difficulty awarding no damages, or only nominal damages, if the evidence does not prove compensable injury in the amount claimed?

10. Would any juror be inclined to punish a county or public officials merely because a lawsuit has been filed against them?

11. Would any juror give more weight, less weight, or automatic credibility to testimony from law-enforcement witnesses merely because of their status as officers?

12. Would any juror give more weight, less weight, or automatic credibility to testimony from Plaintiffs merely because they are private citizens suing government defendants?

13. Would any juror be unable to distinguish between alleged mistakes, negligence, poor judgment, or imperfect recordkeeping and a constitutional violation under federal law?

14. Would any juror be unable to consider that ownership, consent, the scope of a search, the reasonableness of officer conduct, and damages may each involve separate factual determinations?

15. Is there any reason, however personal or private, why you could not sit as a fair and impartial juror in a case involving allegations against a county, sheriff, deputies, and a private complainant arising out of a theft investigation and search warrant execution?

Respectfully submitted,

*/s/ Denis Dennis*
DENIS DENNIS
State Bar No. 05655566
BENJAMIN PETTY
State Bar No. 24105934

OF

KELLY, MORGAN, DENNIS,
CORZINE & HANSEN, P.C.
P.O. Box 1311
Odessa, Texas 79760-1311
(432) 367-7271 / FAX: (432) 363-9121
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the date of filing, July 21, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

*/s/ Denis Dennis*
DENIS DENNIS