**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

AUSTIN HAMBLIN and KISKA HAMBLIN,
   Plaintiffs and Counter Defendants,

v.

MARTIN COUNTY, TEXAS, BRAD INGRAM,
ANDERS DAHL, KELSEY BROWN, RORY
GAMMONS, WESTON PHELPS, each in their
individual capacities,
   Defendants,

v.

BRIAN SNELLGROVE,
   Defendant and Counter Plaintiff.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Civil Action No.
7:25-CV-00245-RCG

**MOTION IN LIMINE**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Martin County, Texas, Brad Ingram, Anders Dahl, Kelsey

Brown, Rory Gammons, and Weston Phelps, each in their respective capacities as pleaded

(collectively, the "Martin County Defendants"), and respectfully move the Court, before voir dire

and before the presentation of evidence, to order Plaintiffs, Plaintiffs' counsel, and all witnesses

to refrain from mentioning, referring to, interrogating about, or attempting to place before the jury,

directly or indirectly, any of the matters set forth below, unless and until counsel first approaches

the bench, outside the presence and hearing of the jury, and obtains a ruling from the Court

permitting such matter.

**1. Mediation, Settlement Discussions, and Compromise Communications**

No party, witness, or counsel should mention mediation, mediator communications, settlement negotiations, offers, demands, insurer evaluation, or any compromise position, including any contention that mediation failed or that any party refused to settle.

## 2. Insurance, Risk Pooling, Indemnity, or the Texas Association of Counties

No reference should be made to insurance, indemnity, risk-pool coverage, claims handling, adjuster involvement, reserves, or the Texas Association of Counties, except outside the jury's presence and only if the Court first determines admissibility.

## 3. Undisclosed Witnesses, Exhibits, or Damages Theories

Plaintiffs should be precluded from mentioning or offering witnesses, documents, damages computations, receipts, inventories, recordings, photographs, opinions, or claimed property not timely and properly disclosed, except after a bench conference and ruling.

## 4. Expert Opinions by Undesignated or Unqualified Witnesses

No lay witness should offer expert opinions concerning police practices, constitutional standards, valuation methodologies, medical causation, mental-health diagnosis, lost earning capacity, or legal conclusions unless the witness has been properly disclosed, qualified, and permitted by the Court.

## 5. Legal Conclusions and Characterizations

Witnesses and counsel should not use legal conclusions as factual labels, including "unconstitutional," "illegal search," "civil conspiracy," "state actor," "theft by officers," "stolen by the County," "cover-up," "bad faith," or similar argumentative characterizations, unless permitted by the Court for a limited purpose.

## 6. Golden-Rule, Reptile, or Community-Safety Arguments

Plaintiffs should not ask jurors to place themselves in Plaintiffs' position, protect the community, send a message, punish government, or decide the case based on fear, anger, local sentiment, or generalized distrust of law enforcement.

## 7. Prior or Subsequent Alleged Misconduct

No reference should be made to alleged unrelated complaints, lawsuits, investigations, disciplinary events, policy violations, or other acts involving Martin County or any officer unless the Court first determines that such evidence is admissible under Rules 401, 403, 404, 608, or other applicable authority.

## 8. Religious, Social, or Personal Relationships as Improper Influence

No party should suggest that Bible study attendance, friendship, church affiliation, social contact, or personal acquaintance proves improper motive, conspiracy, or bias unless the Court first determines that the specific evidence is admissible and not unfairly prejudicial.

## 9. Dismissal of Criminal Charges as Proof of Civil Liability

The dismissal of the criminal case should not be argued as proof that any Defendant violated the Constitution, acted in bad faith, lacked probable cause at the time of the warrant, or caused all claimed damages. Any reference should be limited to the fact of dismissal and any legally relevant consequences approved by the Court.

## 10. Indictment, Arrest, Drug, Firearm, or Criminal Allegations Beyond the Court's Rulings

No party should mention or emphasize criminal allegations, alleged contraband, firearm issues, indictment matters, or unrelated offense details for propensity or unfair prejudice unless the Court first defines the permissible scope.

## 11. Hearsay Valuation and Speculative Replacement Cost

Plaintiffs should not offer speculative replacement cost, retail pricing, internet pricing, unsupported valuations, or hearsay estimates as damages evidence without proper foundation, authentication, and relevance to fair market value or another legally permitted measure.

## 12. Attorney Fees and Litigation Expenses Before Liability Determination

No party should state the amount of attorney fees paid or incurred, suggest that fees should influence liability or compensatory damages, or invite the jury to award attorney fees unless and until the Court determines such evidence is relevant to an issue the jury must decide.

## 13. Court Rulings, Motions, Pleadings, and Discovery Disputes

No reference should be made to motions for summary judgment, discovery disputes, sanctions threats, continuances, protective orders, mediation reports, or the Court's prior rulings except as necessary for a limited purpose approved by the Court.

## 14. Spoliation or Missing Evidence Accusations

Plaintiffs should not argue spoliation, intentional destruction, missing body-camera footage, missing photographs, or adverse inferences unless the Court first determines the existence and scope of any permissible inference or instruction.

## 15. Appeals to Wealth, Government Resources, Taxpayers, or Public Funds

No party should argue or insinuate that a verdict should be influenced by the County's public status, alleged ability to pay, taxpayer funds, public budgets, or the relative financial position of any party.

## 16. Undisclosed or Unsupported Emotional-Distress Evidence

Plaintiffs should not offer undisclosed medical, counseling, mental-health, pharmaceutical, or causation testimony, nor should lay witnesses express medical opinions, without proper disclosure and foundation.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Martin County Defendants respectfully pray that the Court grant this Motion in Limine, instruct counsel and witnesses accordingly, and award such other and further relief to which the Martin County Defendants may show themselves justly entitled.

Respectfully submitted,

*/s/ Denis Dennis*
DENIS DENNIS
State Bar No. 05655566
BENJAMIN PETTY
State Bar No. 24105934

OF

KELLY, MORGAN, DENNIS,
CORZINE & HANSEN, P.C.
P.O. Box 1311
Odessa, Texas 79760-1311
(432) 367-7271 / FAX: (432) 363-9121
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the date of filing, July 21, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

*/s/ Denis Dennis*
DENIS DENNIS