**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN,**<br>    **Plaintiffs and Counter Defendants,** | § § § § § § § § § § § § § § § § | |
| **v.** | | |
| **MARTIN COUNTY, TEXAS, BRAD INGRAM, ANDERS DAHL, KELSEY BROWN, RORY GAMMONS, WESTON PHELPS, each in their individual capacities,**<br>    **Defendants,** | | **Civil Action No.<br>7:25-CV-00245-RCG** |
| **v.** | | |
| **BRIAN SNELLGROVE,**<br>    **Defendant and Counter Plaintiff.** | | |

**<u>PROPOSED JURY INSTRUCTIONS</u>**

Defendants Martin County, Texas, Brad Ingram, Anders Dahl, Kelsey Brown, Rory Gammons, and Weston Phelps, each in their respective capacities as pleaded (collectively, the "Martin County Defendants"), respectfully submit the following proposed jury instructions, subject to supplementation after the Court rules on pending dispositive matters, motions in limine, objections, the final pretrial order, the admitted evidence, and any stipulations of the parties.

**A. General Duty of the Jury**

Members of the jury, you must decide the facts from the evidence received in court and apply the law as I give it to you. You must not be influenced by sympathy, prejudice, passion, public opinion, or bias for or against any party.

**B. Burden of Proof**

Plaintiffs bear the burden to prove each element of each claim by a preponderance of the evidence. A preponderance of the evidence means evidence that persuades you that a fact is more likely true than not true.

## C. Separate Consideration of Parties and Claims

You must consider each claim separately as to each Defendant. Evidence admitted against one Defendant may not be considered against another Defendant unless the evidence applies to that Defendant under the Court's instructions.

## D. Credibility of Witnesses

You are the sole judges of witness credibility. In evaluating credibility, you may consider demeanor, opportunity to observe, memory, bias, interest, consistency, reasonableness, prior statements, and all other evidence bearing upon credibility.

## E. Section 1983—General Elements

To recover under 42 U.S.C. § 1983, Plaintiffs must prove by a preponderance of the evidence that a Defendant acted under color of state law and deprived Plaintiffs of a right secured by the Constitution or laws of the United States.

## F. Fourth Amendment—Unreasonable Search or Seizure

The Fourth Amendment protects persons from unreasonable searches and seizures. In deciding whether a search or seizure was unreasonable, you must consider the totality of the circumstances known to the officer at the time, including the warrant, the purpose of the investigation, what the officer observed, what was said or done at the scene, whether consent was given, limited, or withdrawn, and whether a reasonable officer could believe the item was evidence, contraband, stolen property, or otherwise subject to seizure.

## G. Plain View

An officer may seize an item not specifically listed in a warrant if the officer is lawfully present, the officer has lawful access to the item, and the facts available to the officer would warrant a person of reasonable caution in believing that the item is contraband, stolen property, or evidence of a crime. Probable cause does not require certainty.

## H. Consent

Consent may justify a search or seizure if it is voluntarily given by a person with authority to consent. Consent may be limited or withdrawn, but any limitation or withdrawal must be communicated in a manner sufficient for a reasonable officer to understand the limitation or withdrawal.

## I. Personal Participation

An individual Defendant is liable only for his or her own acts or omissions. Plaintiffs must prove that the particular Defendant personally participated in the alleged constitutional deprivation or caused it through that Defendant's own conduct.

## J. Qualified Immunity—Predicate Fact Issues

The Court will determine the legal application of qualified immunity. To the extent the Court submits factual predicates to you, you must answer those factual questions based only on the evidence and without regard to sympathy or hindsight.

## K. Procedural Due Process

To prove a procedural due-process claim, Plaintiffs must prove that they had a protected property interest, that a Defendant deprived them of that interest under color of state law, and that the process available to them, considered as a whole, was constitutionally inadequate.

## L. Municipal Liability

A county is not liable under § 1983 merely because it employed a person who allegedly violated the Constitution, and no act of a private party or non-county actor, standing alone, establishes liability against Martin County. Plaintiffs must prove by a preponderance of the evidence: (1) an underlying constitutional violation by a person whose conduct may legally be attributed to Martin County; (2) an official policy, custom, practice, decision of a final policymaker, or ratification attributable to Martin County; (3) deliberate indifference or the required culpable mental state, if required by the claim submitted; and (4) that the policy, custom, practice, decision, or ratification was the moving force behind the constitutional injury. The fact that Martin County employed or supervised a person involved in the events is not, by itself, sufficient to establish municipal liability.

## M. Conspiracy Under Section 1983

To prove a § 1983 conspiracy, Plaintiffs must prove that two or more persons agreed to commit an unlawful act that deprived Plaintiffs of a constitutional right and that an actual constitutional deprivation resulted from the agreement. Mere cooperation, communication, or presence at the scene is not enough by itself.

## N. State-Law Claim — Conversion Against Brian Snellgrove

To prove conversion, a Plaintiff must prove by a preponderance of the evidence that: (1) the Plaintiff owned, possessed, or had the right to immediate possession of specific personal property; (2) Brian Snellgrove wrongfully exercised dominion or control over that property in denial of, or inconsistent with, the Plaintiff's rights; (3) the Plaintiff demanded return of the property, unless demand was excused; and (4) Brian Snellgrove refused to return the property, unless refusal was excused, and the Plaintiff suffered damages as a result.

## O. State-Law Claim — Negligence in the Alternative Against Brian Snellgrove

If negligence is submitted as an alternative claim, a Plaintiff must prove by a preponderance of the evidence that: (1) Brian Snellgrove owed the Plaintiff a legal duty; (2) Brian Snellgrove breached that duty; and (3) the breach proximately caused damages to the Plaintiff. Negligence means the failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances. Negligence may not be used to duplicate damages awarded for an intentional tort based on the same injury.

## P. State-Law Claim — Abuse of Process Against Brian Snellgrove

To prove abuse of process, a Plaintiff must prove by a preponderance of the evidence that: (1) Brian Snellgrove made an illegal, improper, or perverted use of process; (2) Brian Snellgrove had an ulterior motive or purpose in exercising such process; and (3) the Plaintiff suffered damages as a result. The mere filing of a complaint, report, or proceeding, even if later disputed, is not by itself abuse of process unless the process was used for a collateral purpose after it was issued.

## Q. State-Law Claim — Texas Theft Liability Act Against Brian Snellgrove

To prove liability under the Texas Theft Liability Act, a Plaintiff must prove by a preponderance of the evidence that: (1) the Plaintiff had a possessory right to the property at issue; (2) Brian Snellgrove unlawfully appropriated the property within the meaning of the Texas Theft Liability Act and the applicable provisions of the Texas Penal Code; and (3) the Plaintiff sustained damages as a result. "Appropriate" means to acquire or otherwise exercise control over property. Appropriation is unlawful if it is without the owner's effective consent or if the property is stolen and the actor appropriates it knowing it was stolen by another. A good-faith dispute over ownership, possession, or right to control property may be considered in determining whether the required unlawful appropriation has been proven.

**R. State-Law Claim — Unjust Enrichment / Disgorgement Against Brian Snellgrove**

If unjust enrichment or disgorgement is submitted to the jury, a Plaintiff must prove by a preponderance of the evidence that Brian Snellgrove obtained a benefit from the Plaintiff by fraud, duress, taking undue advantage, or under circumstances that make it inequitable for him to retain the benefit. The measure, if any, is the amount of benefit wrongfully retained, not a duplicate award of the same compensatory damages otherwise awarded.

**S. Compensatory Damages**

If you find liability, you may award only those damages Plaintiffs prove were caused by the violation at issue. Damages may not be based on speculation, guesswork, sympathy, or punishment.

**T. Nominal Damages**

If Plaintiffs prove a constitutional violation but fail to prove actual compensable injury caused by that violation, you may award nominal damages in the amount of one dollar only. Nominal damages are not available as a substitute for compensatory damages that were not proven.

**U. Punitive Damages**

Punitive damages may be considered only against an individual Defendant and only if Plaintiffs prove by a preponderance of the evidence that the particular Defendant acted with evil motive or intent, or with reckless or callous indifference to Plaintiffs' federally protected rights. Punitive damages may not be awarded against Martin County. You must consider punitive damages separately as to each Plaintiff and each individual Defendant, and you may not award punitive damages based on speculation, sympathy, or a desire to punish a party for conduct for which that party has not been found liable.

Respectfully submitted,

*/s/ Denis Dennis*
DENIS DENNIS
State Bar No. 05655566
BENJAMIN PETTY
State Bar No. 24105934

OF

KELLY, MORGAN, DENNIS,
CORZINE & HANSEN, P.C.
P.O. Box 1311
Odessa, Texas 79760-1311
(432) 367-7271 / FAX: (432) 363-9121
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the date of filing, July 21, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

*/s/ Denis Dennis*
DENIS DENNIS

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

**AUSTIN HAMBLIN and KISKA HAMBLIN,**
    **Plaintiffs and Counter Defendants,**

**v.**

**MARTIN COUNTY, TEXAS, BRAD INGRAM,
ANDERS DAHL, KELSEY BROWN, RORY
GAMMONS, WESTON PHELPS, each in their
individual capacities,**
    **Defendants,**

**v.**

**BRIAN SNELLGROVE,**
    **Defendant and Counter Plaintiff.**

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

**Civil Action No.
7:25-CV-00245-RCG**

## PROPOSED VERDICT FORM

Defendants Martin County, Texas, Brad Ingram, Anders Dahl, Kelsey Brown, Rory Gammons, and Weston Phelps, each in their respective capacities as pleaded (collectively, the "Martin County Defendants"), submit the following proposed verdict form in substantially the form below, subject to modification based upon the Court's rulings, the final pretrial order, any ruling on dispositive motions, the evidence admitted at trial, and the Court's final charge.

### A. General Instructions for Answering Questions

Answer each question from a preponderance of the evidence unless the question instructs otherwise. A "Yes" answer must be based on proof as to the particular Plaintiff, the particular Defendant, and the particular claim submitted. You must consider each Plaintiff, each Defendant, and each claim separately.

Do not answer any damages question for a claim unless you have first answered "Yes" to the liability question for that claim. Do not award the same damages more than once. If the same injury, loss, property damage, lost income, mental anguish, or other harm is submitted under more than one claim, include that amount only once in your total damages answer.

### B. Fourth Amendment — Unreasonable Search or Seizure

**Question No. 1.** Did Plaintiff Austin Hamblin prove by a preponderance of the evidence that Defendant Brad Ingram personally violated Austin Hamblin's Fourth Amendment right to be free from an unreasonable search or seizure?

Answer "Yes" or "No": _____

**Question No. 2.** Did Plaintiff Kiska Hamblin prove by a preponderance of the evidence that Defendant Brad Ingram personally violated Kiska Hamblin's Fourth Amendment right to be free from an unreasonable search or seizure?

Answer "Yes" or "No": _____

**Question No. 3.** Did Plaintiff Austin Hamblin prove by a preponderance of the evidence that Defendant Anders Dahl personally violated Austin Hamblin's Fourth Amendment right to be free from an unreasonable search or seizure?

Answer "Yes" or "No": _____

**Question No. 4.** Did Plaintiff Kiska Hamblin prove by a preponderance of the evidence that Defendant Anders Dahl personally violated Kiska Hamblin's Fourth Amendment right to be free from an unreasonable search or seizure?

Answer "Yes" or "No": _____

**Question No. 5.** Did Plaintiff Austin Hamblin prove by a preponderance of the evidence that Defendant Kelsey Brown personally violated Austin Hamblin's Fourth Amendment right to be free from an unreasonable search or seizure?

Answer "Yes" or "No": _____

**Question No. 6.** Did Plaintiff Kiska Hamblin prove by a preponderance of the evidence that Defendant Kelsey Brown personally violated Kiska Hamblin's Fourth Amendment right to be free from an unreasonable search or seizure?

Answer "Yes" or "No": _____

**Question No. 7.** Did Plaintiff Austin Hamblin prove by a preponderance of the evidence that Defendant Rory Gammons personally violated Austin Hamblin's Fourth Amendment right to be free from an unreasonable search or seizure?

Answer "Yes" or "No": _____

**Question No. 8.** Did Plaintiff Kiska Hamblin prove by a preponderance of the evidence that Defendant Rory Gammons personally violated Kiska Hamblin's Fourth Amendment right to be free from an unreasonable search or seizure?

Answer "Yes" or "No": _____

**Question No. 9.** Did Plaintiff Austin Hamblin prove by a preponderance of the evidence that Defendant Weston Phelps personally violated Austin Hamblin's Fourth Amendment right to be free from an unreasonable search or seizure?

Answer "Yes" or "No": _____

**Question No. 10.** Did Plaintiff Kiska Hamblin prove by a preponderance of the evidence that Defendant Weston Phelps personally violated Kiska Hamblin's Fourth Amendment right to be free from an unreasonable search or seizure?

Answer "Yes" or "No": _____

**Question No. 11.** Did Plaintiff Austin Hamblin prove by a preponderance of the evidence that Defendant Brian Snellgrove acted jointly with state actors, or otherwise acted under color of state law, and thereby personally violated Austin Hamblin's Fourth Amendment right to be free from an unreasonable search or seizure?

Answer "Yes" or "No": _____

**Question No. 12.** Did Plaintiff Kiska Hamblin prove by a preponderance of the evidence that Defendant Brian Snellgrove acted jointly with state actors, or otherwise acted under color of state law, and thereby personally violated Kiska Hamblin's Fourth Amendment right to be free from an unreasonable search or seizure?

Answer "Yes" or "No": _____

If you answered "No" to all questions in this section, proceed to Section C. If you answered "Yes" to any question in this section, proceed to the damages questions only after answering all liability questions submitted to you.

## C. Fourteenth Amendment — Procedural Due Process

**Question No. 13.** Did Plaintiff Austin Hamblin prove by a preponderance of the evidence that Defendant Brad Ingram deprived Austin Hamblin of a protected property interest without constitutionally adequate process?

Answer "Yes" or "No": _____

**Question No. 14.** Did Plaintiff Kiska Hamblin prove by a preponderance of the evidence that Defendant Brad Ingram deprived Kiska Hamblin of a protected property interest without constitutionally adequate process?

Answer "Yes" or "No": _____

**Question No. 15.** Did Plaintiff Austin Hamblin prove by a preponderance of the evidence that Defendant Anders Dahl deprived Austin Hamblin of a protected property interest without constitutionally adequate process?

Answer "Yes" or "No": _____

**Question No. 16.** Did Plaintiff Kiska Hamblin prove by a preponderance of the evidence that Defendant Anders Dahl deprived Kiska Hamblin of a protected property interest without constitutionally adequate process?

Answer "Yes" or "No": _____

**Question No. 17.** Did Plaintiff Austin Hamblin prove by a preponderance of the evidence that Defendant Kelsey Brown deprived Austin Hamblin of a protected property interest without constitutionally adequate process?

Answer "Yes" or "No": _____

**Question No. 18.** Did Plaintiff Kiska Hamblin prove by a preponderance of the evidence that Defendant Kelsey Brown deprived Kiska Hamblin of a protected property interest without constitutionally adequate process?

Answer "Yes" or "No": _____

**Question No. 19.** Did Plaintiff Austin Hamblin prove by a preponderance of the evidence that Defendant Rory Gammons deprived Austin Hamblin of a protected property interest without constitutionally adequate process?

Answer "Yes" or "No": _____

**Question No. 20.** Did Plaintiff Kiska Hamblin prove by a preponderance of the evidence that Defendant Rory Gammons deprived Kiska Hamblin of a protected property interest without constitutionally adequate process?

Answer "Yes" or "No": _____

**Question No. 21.** Did Plaintiff Austin Hamblin prove by a preponderance of the evidence that Defendant Weston Phelps deprived Austin Hamblin of a protected property interest without constitutionally adequate process?

Answer "Yes" or "No": _____

**Question No. 22.** Did Plaintiff Kiska Hamblin prove by a preponderance of the evidence that Defendant Weston Phelps deprived Kiska Hamblin of a protected property interest without constitutionally adequate process?

Answer "Yes" or "No": _____

**Question No. 23.** Did Plaintiff Austin Hamblin prove by a preponderance of the evidence that Defendant Brian Snellgrove acted jointly with state actors, or otherwise acted under color of state law, and thereby deprived Austin Hamblin of a protected property interest without constitutionally adequate process?

Answer "Yes" or "No": _____

**Question No. 24.** Did Plaintiff Kiska Hamblin prove by a preponderance of the evidence that Defendant Brian Snellgrove acted jointly with state actors, or otherwise acted under color of state law, and thereby deprived Kiska Hamblin of a protected property interest without constitutionally adequate process?

Answer "Yes" or "No": _____

**D. Section 1983 Civil Conspiracy**

Answer the following questions only if you answered "Yes" to at least one Fourth Amendment or procedural due-process question. If you answered "No" to all Fourth Amendment and procedural due-process questions, answer "No" to Questions Nos. 25 and 26 and proceed to Section E.

**Question No. 25.** Did Plaintiff Austin Hamblin prove by a preponderance of the evidence that two or more Defendants reached an agreement to deprive Austin Hamblin of a constitutional right, and that Austin Hamblin suffered an actual constitutional deprivation as a result of that agreement?

Answer "Yes" or "No": _____

If "Yes," identify each Defendant you find participated in the conspiracy:

      Brad Ingram:      _____

      Anders Dahl:      _____

      Kelsey Brown:      _____

      Rory Gammons:      _____

      Weston Phelps:      _____

      Brian Snellgrove:  _____

**Question No. 26.** Did Plaintiff Kiska Hamblin prove by a preponderance of the evidence that two or more Defendants reached an agreement to deprive Kiska Hamblin of a constitutional right, and that Kiska Hamblin suffered an actual constitutional deprivation as a result of that agreement?

Answer "Yes" or "No": _____

If "Yes," identify each Defendant you find participated in the conspiracy:

      Brad Ingram:      _____

      Anders Dahl:      _____

      Kelsey Brown:      _____

      Rory Gammons:      _____

      Weston Phelps:      _____

      Brian Snellgrove:  _____

## E. Municipal Liability Against Martin County

Answer the following questions only if you answered "Yes" to at least one Fourth Amendment, procedural due-process, or § 1983 conspiracy question based on conduct that may legally be attributed to Martin County. Do not answer "Yes" based solely on conduct by Brian Snellgrove

as a private party or by Rory Gammons as a Howard County officer unless the Court instructs you that such conduct may legally be attributed to Martin County. If you answered "No" to all predicate constitutional questions that may legally support municipal liability against Martin County, answer "No" to Questions Nos. 27 and 28.

**Question No. 27.** Did Plaintiff Austin Hamblin prove by a preponderance of the evidence that Martin County, Texas, through an official policy, custom, practice, final policymaker decision, or ratification attributable to Martin County, was the moving force behind a constitutional violation legally attributable to Martin County and causing injury to Austin Hamblin?

Answer "Yes" or "No": _____

**Question No. 28.** Did Plaintiff Kiska Hamblin prove by a preponderance of the evidence that Martin County, Texas, through an official policy, custom, practice, final policymaker decision, or ratification attributable to Martin County, was the moving force behind a constitutional violation legally attributable to Martin County and causing injury to Kiska Hamblin?

Answer "Yes" or "No": _____

### F. State-Law Claim Against Brian Snellgrove — Conversion

**Question No. 29.** Did Plaintiff Austin Hamblin prove by a preponderance of the evidence that Brian Snellgrove converted property owned by Austin Hamblin?

Answer "Yes" or "No": _____

**Question No. 30.** Did Plaintiff Kiska Hamblin prove by a preponderance of the evidence that Brian Snellgrove converted property owned by Kiska Hamblin?

Answer "Yes" or "No": _____

### G. State-Law Claim Against Brian Snellgrove — Negligence in the Alternative

Answer the negligence questions only if the Court submits negligence as an alternative claim and only to the extent the negligence claim is not duplicative of an intentional-tort finding.

**Question No. 31.** Did Plaintiff Austin Hamblin prove by a preponderance of the evidence that Brian Snellgrove's negligence proximately caused injury to Austin Hamblin?

Answer "Yes" or "No": _____

**Question No. 32.** Did Plaintiff Kiska Hamblin prove by a preponderance of the evidence that Brian Snellgrove's negligence proximately caused injury to Kiska Hamblin?

Answer "Yes" or "No": _____

### H. State-Law Claim Against Brian Snellgrove — Abuse of Process

**Question No. 33.** Did Plaintiff Austin Hamblin prove by a preponderance of the evidence that Brian Snellgrove committed abuse of process against Austin Hamblin?

Answer "Yes" or "No": _____

**Question No. 34.** Did Plaintiff Kiska Hamblin prove by a preponderance of the evidence that Brian Snellgrove committed abuse of process against Kiska Hamblin?

Answer "Yes" or "No": _____

## I. State-Law Claim Against Brian Snellgrove — Texas Theft Liability Act

**Question No. 35.** Did Plaintiff Austin Hamblin prove by a preponderance of the evidence that Brian Snellgrove unlawfully appropriated property from Austin Hamblin in violation of the Texas Theft Liability Act?

Answer "Yes" or "No": _____

**Question No. 36.** Did Plaintiff Kiska Hamblin prove by a preponderance of the evidence that Brian Snellgrove unlawfully appropriated property from Kiska Hamblin in violation of the Texas Theft Liability Act?

Answer "Yes" or "No": _____

## J. State-Law Claim Against Brian Snellgrove — Unjust Enrichment / Disgorgement

Answer the following questions only if the Court submits unjust enrichment or disgorgement to the jury.

**Question No. 37.** Did Plaintiff Austin Hamblin prove by a preponderance of the evidence that Brian Snellgrove was unjustly enriched at Austin Hamblin's expense?

Answer "Yes" or "No": _____

If "Yes," state the amount, if any, by which Brian Snellgrove was unjustly enriched at Austin Hamblin's expense:

$_____

**Question No. 38.** Did Plaintiff Kiska Hamblin prove by a preponderance of the evidence that Brian Snellgrove was unjustly enriched at Kiska Hamblin's expense?

Answer "Yes" or "No": _____

If "Yes," state the amount, if any, by which Brian Snellgrove was unjustly enriched at Kiska Hamblin's expense:

$_____

## K. Compensatory Damages

Answer the following questions only for each Plaintiff for whom you answered "Yes" to at least one liability question. Do not duplicate damages. Do not include any amount for attorney's fees, costs of court, interest, punishment, or speculation.

**Question No. 39.** What sum of money, if paid now in cash, would fairly and reasonably compensate Austin Hamblin for damages, if any, that were proximately caused by the conduct for which you found liability?

Answer separately in dollars and cents, if any:

a. Loss of, damage to, or loss of use of personal property:   $_____

b. Lost income, lost wages, or loss of earning capacity:   $_____

c. Mental anguish or emotional distress:   $_____

d. Other proven compensatory damages, if any:   $_____

      Total compensatory damages for Austin Hamblin:   $_____

**Question No. 40.** What sum of money, if paid now in cash, would fairly and reasonably compensate Kiska Hamblin for damages, if any, that were proximately caused by the conduct for which you found liability?

Answer separately in dollars and cents, if any:

a. Loss of, damage to, or loss of use of personal property:   $_____

b. Lost income, lost wages, or loss of earning capacity:   $_____

c. Mental anguish or emotional distress:   $_____

d. Other proven compensatory damages, if any:   $_____

      Total compensatory damages for Kiska Hamblin:   $_____

## L. Non-Duplication and Allocation Limited to State-Law Claims

Do not allocate fault or responsibility for any federal constitutional claim unless the Court instructs you to do so. The following allocation questions apply only to state-law claims against Brian Snellgrove, if any, for which the Court instructs you that proportionate responsibility or apportionment is legally available. Do not use this section to reduce or apportion damages for a § 1983 constitutional claim unless expressly instructed by the Court.

**Question No. 41.** If you found Brian Snellgrove liable on a state-law claim and the Court instructs you to allocate responsibility for that state-law claim, state the percentage of responsibility, if any, attributable to each person whose conduct you found proximately caused Austin Hamblin's state-law damages. The percentages must total 100%.

      Brian Snellgrove:   _____%

      Austin Hamblin:   _____%

      Other person or entity, if any:   _____%

            Total:   100%

**Question No. 42.** If you found Brian Snellgrove liable on a state-law claim and the Court instructs you to allocate responsibility for that state-law claim, state the percentage of responsibility, if any, attributable to each person whose conduct you found proximately caused Kiska Hamblin's state-law damages. The percentages must total 100%.

Brian Snellgrove: _____%

Kiska Hamblin: _____%

Other person or entity, if any: _____%

Total:    100%

## M. Nominal Damages

Answer the following questions only if you found that a Plaintiff proved a constitutional violation but did not prove actual compensatory damages caused by that constitutional violation. If you answer "Yes," the nominal-damages amount is one dollar and no more.

> **Question No. 43.** Do you award nominal damages to Austin Hamblin for a constitutional violation?
>
> Answer "Yes" or "No": _____

If "Yes," nominal damages awarded: $1.00

> **Question No. 44.** Do you award nominal damages to Kiska Hamblin for a constitutional violation?
>
> Answer "Yes" or "No": _____

If "Yes," nominal damages awarded: $1.00

## N. Punitive Damages

Do not answer the punitive-damages questions unless you have found liability against the individual Defendant identified in the question. Punitive damages may not be awarded against Martin County. Punitive damages may be awarded, if at all, only against an individual Defendant and only if the Plaintiff proves by a preponderance of the evidence that the particular Defendant acted with evil motive or intent, or with reckless or callous indifference to the Plaintiff's federally protected rights. Do not include punitive damages in your compensatory-damages answers.

**Question No. 45.** Did Austin Hamblin prove by a preponderance of the evidence that punitive damages should be assessed against any individual Defendant?

Answer "Yes" or "No": _____

If "Yes," state the amount, if any, assessed against each Defendant:

Brad Ingram: $_____

Anders Dahl: $_____

|  |  |
|---|---|
| Kelsey Brown: | $_____ |
| Rory Gammons: | $_____ |
| Weston Phelps: | $_____ |
| Brian Snellgrove: | $_____ |

**Question No. 46.** Did Kiska Hamblin prove by a preponderance of the evidence that punitive damages should be assessed against any individual Defendant?

Answer "Yes" or "No": _____

If "Yes," state the amount, if any, assessed against each Defendant:

|  |  |
|---|---|
| Brad Ingram: | $_____ |
| Anders Dahl: | $_____ |
| Kelsey Brown: | $_____ |
| Rory Gammons: | $_____ |
| Weston Phelps: | $_____ |
| Brian Snellgrove: | $_____ |

## O. Presiding Juror

After you have answered all questions required by the Court's instructions, your presiding juror must sign and date this verdict form.

_____
Presiding Juror

Date: _____, 2026

Respectfully submitted,

*/s/ Denis Dennis*
DENIS DENNIS
State Bar No. 05655566
BENJAMIN PETTY
State Bar No. 24105934

OF

KELLY, MORGAN, DENNIS,
CORZINE & HANSEN, P.C.
P.O. Box 1311
Odessa, Texas 79760-1311
(432) 367-7271 / FAX: (432) 363-9121
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the date of filing, July 21, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

*/s/ Denis Dennis*
DENIS DENNIS