IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

AUSTIN HAMBLIN and KISKA HAMBLIN,
   Plaintiffs and Counter Defendants,

    §
    §
v.    §
    §
MARTIN COUNTY, TEXAS, BRAD INGRAM,     §
ANDERS DAHL, KELSEY BROWN, RORY     §
GAMMONS, WESTON PHELPS, each in their     §    **Civil Action No.**
individual capacities,     §    **7:25-CV-00245-RCG**
   Defendants,     §
    §
v.    §
    §
    §
BRIAN SNELLGROVE,     §
   Defendant and Counter Plaintiff.

**PROPOSED AMENDED JURY INSTRUCTIONS**

The Martin County Defendants respectfully submit the following proposed jury instructions, subject to supplementation after the Court rules on pending dispositive matters, motions in limina, objections, the final pretrial order, the admitted evidence, any stipulations of the parties, and any instructions submitted by the parties jointly.

**A. Jury Charge Introduction**

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard, and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

**B. Burden of Proof**

Plaintiffs bear the burden to prove each element of each claim by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely

so than not so. If you find that Plaintiffs have failed to prove any element of their claims by a preponderance of the evidence, then they may not recover on that claim.

## C. Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## D. Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

## E. No Inference from Filing Suit

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## F. Duty to Deliberate

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have not been allowed to take notes during this trial. You must rely on your memory.

## G. Damages

If you find that any of the Defendants is liable, you must award the amount you find by a preponderance of the evidence is full and just compensation for all of each Plaintiff's damages. You also will be asked to determine if each Defendant is liable for punitive damages. Because the methods of determining punitive damages and compensatory damages differ, I will instruct you

separately on punitive damages. The instructions I give you now apply only to your consideration of compensatory damages.

Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, because compensatory damages must be actual damages to be recoverable. But compensatory damages are not restricted to out-of-pocket losses of money or lost time. Instead, compensatory damages may include mental and physical aspects of injury, tangible and intangible. Compensatory damages are intended to make each Plaintiff whole, or to restore them to the position they would have been in if the accident had not happened.

In determining compensatory damages, you should consider only the following elements, to the extent you find that each Plaintiff has established them by a preponderance of the evidence: past and future physical pain and suffering, including physical disability, impairment, and inconvenience, and the effect of each Plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life; past and future mental anguish and feelings of economic insecurity caused by disability; income loss in the past; impairment of earning capacity or ability in the future, including impairment of each Plaintiff's earning capacity due to his or her physical condition; past medical expenses; and the reasonable value, not exceeding actual cost to each Plaintiff, of medical care that you find from the evidence will be reasonably certain to be required in the future as a proximate result of the injury in question.

If you find that each Plaintiff is entitled to an award of damages for loss of past or future earnings, there are two particular factors you must consider. First you should consider loss after income taxes; that is you should determine the actual or net income that each Plaintiff has lost or will lose, taking into consideration that any past or future earnings would be subject to income taxes. You must award each Plaintiff only his or her net earnings after tax. This is so because any

award you may make here is not subject to income tax. The federal or state government will not tax any amount that you award on this basis.

Second, an amount to cover a future loss of earnings is more valuable to Plaintiffs if they received the amount today than if they received the same amount in the future. If you decide to award either Plaintiff an amount for lost future earnings, you must discount that amount to present value by considering what return would be realized on a relatively risk-free investment and deducting that amount from the gross future earning award.

However, some of these damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, instead determining what amount that will fairly compensate each Plaintiff for his or her injuries.

**H. Nominal Damages**

If Plaintiffs prove a constitutional violation but fail to prove actual compensable injury caused by that violation, you may award nominal damages in the amount of one dollar only. Nominal damages are not available as a substitute for compensatory damages that were not proven.

**I. Punitive Damages**

You may, but are not required to, award punitive damages against a defendant if that defendant has acted willfully and wantonly. The purpose of an award of punitive damages is to punish the defendant and to deter them and others from acting as they did.

A defendant's action is willful or wanton if it is in reckless or callous disregard of, or with indifference to, the rights of the plaintiff. An actor is indifferent to the rights of another, regardless of the actor's state of mind, when they proceed in disregard of a high and excessive degree of danger that is known to them or was apparent to a reasonable person in their position.

**J. Emotional Distress Damages**

To recover compensatory damages for mental and emotional distress, Plaintiffs' must prove that they have suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiffs' must support [his/her] claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

**K. 42 U.S.C. Section 1983**

Plaintiffs claim that the Martin County Defendants violated the following constitutional rights: (1) the constitutional protection from unreasonable arrest or other "seizure" and (2) the constitutional protection from unreasonable search of one's home or dwelling. An individual Defendant is liable only for his or her own acts or omissions. Plaintiffs must prove that the particular Defendant personally participated in the alleged constitutional deprivation or caused it through that Defendant's own conduct.

To recover damages for these alleged constitutional violations, each Plaintiff must prove by a preponderance of the evidence that: (1) each of the Martin County Defendants committed an act that violated the constitutional rights each Plaintiff claims were violated; and (2) each of the Martin County Defendants' acts were the cause of each Plaintiff's damages.

The first right Plaintiffs claim Defendants violated is the *Fourth Amendment* right to be protected from an unreasonable seizure.

The second right Plaintiffs claim Defendants violated is Plaintiffs' *Fourth Amendment* right to be protected from unreasonable searches of his or her home. The *Fourth Amendment to the*

*Constitution of the United States* protects against "unreasonable searches," and the right to be free from unreasonable government intrusion in one's own home is at the very core of the *Fourth Amendment's* protection. Warrantless searches of a person's home are presumed to be unreasonable unless: (1) the government obtains consent to search; or (2) probable cause and exigent circumstances justify the search. The burden is on each Plaintiff to prove that the search was unreasonable.

The first question is whether there was consent to search. A valid consent to search must be freely and voluntarily given and the individual who gives consent must have authority to do so. Silence or passivity cannot form the basis for consent to enter. An occupant's silence, passivity, or other indication of acquiescence to a show of lawful authority is not enough to show voluntary consent. Officers may search only areas for which consent was given and may not search areas for which no consent was given.

If there is no consent, a warrantless search is still permissible if probable cause and exigent circumstances exist. Probable cause for a warrantless search exists when the facts and circumstances within an officer's knowledge, and of which he or she had reasonably trustworthy information, are sufficient for a reasonable officer to believe that an offense has been or is being committed, and that evidence bearing on that offense will be found in the place to be searched. Whether probable cause exists is based on what a reasonable officer would do under the circumstances and does not consider any particular defendant's state of mind.

Exigent circumstances exist when the situation makes the needs of law enforcement so compelling that the warrantless search is objectively reasonable. One such exigency is the need to prevent the imminent destruction of evidence. An officer may seize an item not specifically listed in a warrant if the officer is lawfully present, the officer has lawful access to the item, and the facts

available to the officer would warrant a person of reasonable caution in believing that the item is contraband, stolen property, or evidence of a crime. Probable cause does not require certainty.

If you find that Plaintiffs' have proved by a preponderance of the evidence that Defendants' conducted an unreasonable search of Plaintiffs' home, then Defendants' violated Plaintiffs' constitutional rights you must then consider whether Defendants' are entitled to qualified immunity, which is a bar to liability. If Plaintiffs' failed to make this showing, then the search was not unconstitutional, and your verdict will be for Defendants' on the unreasonable-search claim.

## L. Qualified Immunity

As to each claim for which Plaintiffs' have proved each essential element, you must consider whether Defendants' are entitled to what the law calls "qualified immunity." Qualified immunity bars a defendant's liability even if they violated a plaintiff's constitutional rights. Qualified immunity exists to give government officials breathing room to make reasonable but mistaken judgments about open legal questions. Qualified immunity provides protection from liability for all but the plainly incompetent government officers, or those who knowingly violate the law. It is Plaintiffs' burden to prove by a preponderance of the evidence that qualified immunity does not apply in this case.

Qualified immunity applies if a reasonable officer could have believed that the search was lawful in light of clearly established law and the information Defendants' possessed. But Defendants' are not entitled to qualified immunity if, at the time of the search, a reasonable officer with the same information could not have believed that their actions were lawful. Law enforcement officers are presumed to know the clearly established constitutional rights of individuals they encounter.

If, after considering the scope of discretion and responsibility generally given to officers in performing their duties and after considering all of the circumstances of this case as they would have reasonably appeared to Defendants' at the time of the search, you find that Plaintiffs' failed to prove that no reasonable officer could have believed that the search was lawful, then Defendants' are entitled to qualified immunity, and your verdict must be for Defendants' on those claims. But if you find that Defendants' violated Plaintiffs' constitutional rights and that Defendants' are not entitled to qualified immunity as to that claim, then your verdict must be for Plaintiffs' on that claim.

## M. Supervisor/Municipal-liability

Plaintiffs' are suing Defendant Sheriff Brad Ingram. A supervisory officer, like Defendant Sheriff Brad Ingram, cannot be held liable merely because their subordinate officer violated someone's constitutional rights. To prove their claim against Defendant Sheriff Brad Ingram, Plaintiffs' must show that Defendant Sheriff Brad Ingram's conduct caused the denial of their constitutional rights.

In this case, Plaintiffs' contends that Defendant Sheriff Brad Ingram violated their constitutional rights by implementing an unconstitutional policy, specifically, by searching their home.

To prevail in their claim against Defendant Sheriff Brad Ingram, Plaintiffs' must prove by a preponderance of the evidence that:

1.  a subordinate of Defendant Sheriff Brad Ingram violated Plaintiffs' constitutional rights;

2.  Defendant Sheriff Brad Ingram implemented a policy for unconstitutional searches;

3.  The policy caused the violation of the Plaintiffs' rights; and

4.  Defendant Sheriff Brad Ingram adopted the policy with deliberate indifference.

For an officer to act with deliberate indifference, they must be: (1) aware of facts from which the inference could be drawn that a substantial risk of serious harm or a violation of constitutional rights exists; and (2) must actually draw that inference. Deliberate indifference requires a showing of more than negligence or even gross negligence. Accordingly, for a supervisor to act with deliberate indifference, they must usually know about a pattern of similar violations. To show deliberate indifference based on a single incident, it must have been apparent or obvious that a constitutional violation was the highly predictable consequence of the particular policy.

To satisfy the deliberate indifference prong of a failure-to-train claim, Plaintiffs' must prove that Defendant Sheriff Brad Ingram knew or should have known that a particular omission in the training program would cause employees to violate the constitutional rights of members of the public they encounter, but Defendant Sheriff Brad Ingram nevertheless chose to retain that program. To prove deliberate indifference in this way, Plaintiffs' must show a pattern of similar constitutional violations by improperly trained employees. A single incident is generally insufficient to show deliberate indifference unless the actor was provided no training whatsoever.

In addition to their claims against officers, Plaintiffs' are suing Martin County. Their county is not liable for the actions of its employees unless the constitutional violation was caused by a county policy or custom.

To prevail on their claim against the county, Plaintiffs' must prove by a preponderance of the evidence that:

1. an official policy or custom existed;

2. a policymaker for the county knew or should have known about the policy or custom;

3. the policymaker was deliberately indifferent; and

4.   the policy or custom was the moving force leading to the constitutional violation.

A "policy" can be a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the county's officers.

A "custom" is a persistent, widespread practice of county officials or employees that, although not formally adopted, is so common and well-settled that it fairly represents county policy. But to show a custom, Plaintiffs' must prove that either the county's governing body or some official with policymaking authority knew or should have known about the custom.

For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists or a violation of constitutional rights exists, and they must also draw the inference.

## N. Procedural Due Process

To prove a procedural due-process claim, Plaintiffs must prove that they had a protected property interest, that a Defendant deprived them of that interest under color of state law, and that the process available to them, considered as a whole, was constitutionally inadequate.

## O. Conspiracy Under Section 1983

To prove a § 1983 conspiracy, Plaintiffs must prove that two or more persons agreed to commit an unlawful act that deprived Plaintiffs of a constitutional right and that an actual constitutional deprivation resulted from the agreement. Mere cooperation, communication, or presence at the scene is not enough by itself.

## P. State-Law Claim — Conversion Against Brian Snellgrove

To prove conversion, a Plaintiff must prove by a preponderance of the evidence that: (1) the Plaintiff owned, possessed, or had the right to immediate possession of specific personal property; (2) Brian Snellgrove wrongfully exercised dominion or control over that property in

denial of, or inconsistent with, the Plaintiff's rights; (3) the Plaintiff demanded return of the property, unless demand was excused; and (4) Brian Snellgrove refused to return the property, unless refusal was excused, and the Plaintiff suffered damages as a result.

**Q. State-Law Claim — Negligence in the Alternative Against Brian Snellgrove**

If negligence is submitted as an alternative claim, a Plaintiff must prove by a preponderance of the evidence that: (1) Brian Snellgrove owed the Plaintiff a legal duty; (2) Brian Snellgrove breached that duty; and (3) the breach proximately caused damages to the Plaintiff. Negligence means the failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances. Negligence may not be used to duplicate damages awarded for an intentional tort based on the same injury.

**R. State-Law Claim — Abuse of Process Against Brian Snellgrove**

To prove abuse of process, a Plaintiff must prove by a preponderance of the evidence that: (1) Brian Snellgrove made an illegal, improper, or perverted use of process; (2) Brian Snellgrove had an ulterior motive or purpose in exercising such process; and (3) the Plaintiff suffered damages as a result. The mere filing of a complaint, report, or proceeding, even if later disputed, is not by itself abuse of process unless the process was used for a collateral purpose after it was issued.

**S. State-Law Claim — Texas Theft Liability Act Against Brian Snellgrove**

To prove liability under the Texas Theft Liability Act, a Plaintiff must prove by a preponderance of the evidence that: (1) the Plaintiff had a possessory right to the property at issue; (2) Brian Snellgrove unlawfully appropriated the property within the meaning of the Texas Theft Liability Act and the applicable provisions of the Texas Penal Code; and (3) the Plaintiff sustained damages as a result. "Appropriate" means to acquire or otherwise exercise control over property.

Appropriation is unlawful if it is without the owner's effective consent or if the property is stolen and the actor appropriates it knowing it was stolen by another. A good-faith dispute over ownership, possession, or right to control property may be considered in determining whether the required unlawful appropriation has been proven.

**T. State-Law Claim — Unjust Enrichment / Disgorgement Against Brian Snellgrove**

If unjust enrichment or disgorgement is submitted to the jury, a Plaintiff must prove by a preponderance of the evidence that Brian Snellgrove obtained a benefit from the Plaintiff by fraud, duress, taking undue advantage, or under circumstances that make it inequitable for him to retain the benefit. The measure, if any, is the amount of benefit wrongfully retained, not a duplicate award of the same compensatory damages otherwise awarded.

Respectfully submitted,

*/s/ Denis Dennis*
DENIS DENNIS
State Bar No. 05655566
ddennis@kmdfirm.com
BENJAMIN PETTY
State Bar No. 24105934
bpetty@kmdfirm.com

OF

KELLY, MORGAN, DENNIS,
CORZINE & HANSEN, P.C.
P.O. Box 1311
Odessa, Texas 79760-1311
(432) 367-7271 / FAX: (432) 363-9121

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on the date of filing, July 21, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

*/s/ Denis Dennis*
DENIS DENNIS