# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND / ODESSA DIVISION

| | | |
|---|---|---|
| AUSTIN HAMBLIN and KISKA HAMBLIN | § | |
| | § | |
| VS. | § | |
| | § | NO.  7:25-cv-00245 |
| MARTIN COUNTY, TEXAS | § | |
| | § | |
| BRAD INGRAM, | § | |
| | § | |
| ANDERS DAHL, | § | |
| | § | |
| KELSEY BROWN, | § | |
| | § | |
| RORY GAMMONS, | § | |
| | § | |
| WESTON PHELPS, and | § | |
| | § | |
| BRIAN SNELLGROVE | § | |

## PLAINTIFFS' PROPOSED JURY QUESTIONS
### PURSUANT TO LOCAL RULE CV-16(f)

Pursuant to Western District of Texas Local Rule CV-16(f)(1), Plaintiffs Austin Hamblin and Kiska Hamblin respectfully submit the attached proposed juror questionnaire and voir dire questions for use in examining prospective jurors. The proposed questions are intended to identify potential bias, relationships, experiences, or preconceived views bearing on the parties, law-enforcement witnesses, governmental entities, civil-rights claims, disputed property ownership, and the fair assessment of witness credibility and damages. Plaintiffs respectfully request that the Court ask the proposed questions, or such portions and modifications as the Court deems appropriate, during voir dire. Local Rule CV-16(f)(1) requires each party to file a list of questions it desires the Court to ask prospective jurors.

1. Has any prospective juror heard of this case, the parties, the search at issue, or any related criminal proceeding or social-media post?

2. Does any prospective juror know any party, witness, lawyer, law firm, Martin County official, Howard County official, sheriff's-office employee, Snellgrove Enterprises employee, Snap-On representative, or Snap-on Credit representative?

3. Has any prospective juror or close family member worked for Martin County, Howard County, the State of Texas, the federal government, law enforcement, corrections, prosecution, criminal defense, a court, probation, parole, private security, or military police?

4. Would any prospective juror automatically give greater or lesser credibility to an elected sheriff, deputy, investigator, county employee, private business owner, or civil-rights plaintiff because of that status?

5. Does any prospective juror believe that law-enforcement officers should never be sued personally for actions taken while working?

6. Does any prospective juror believe that a county should never be required to pay damages because taxpayers ultimately fund county operations?

7. Does any prospective juror have strong views, favorable or unfavorable, about civil-rights lawsuits, money damages against government, punitive damages, or claims that police exceeded a warrant?

8. Has any prospective juror had property searched, seized, impounded, held as evidence, lost, damaged, sold, or not returned by a governmental entity?

9. Has any prospective juror been involved in a disputed ownership, repossession, conversion, inventory-loss, bailment, or employer-employee property dispute?

10. Has any prospective juror worked as a mechanic, welder, technician, machinist, tool dealer, automotive employee, Snap-On franchise employee, or in a trade requiring personally owned tools?

11. Has any prospective juror been accused, arrested, charged, investigated, or prosecuted for an offense that did not result in a conviction? Has any prospective juror reported suspected theft or been the alleged victim of theft?

12. Would any prospective juror treat a criminal accusation, arrest, or indictment as evidence of guilt, ownership, or lawful disposition of property?

13. The parties agree that a warrant was issued, and Plaintiffs do not challenge the validity of its issuance. Can every prospective juror evaluate separately whether officers stayed within its scope and whether property was lawfully handled afterward?

14. Can every prospective juror apply the preponderance-of-the-evidence standard even though the background involves a criminal accusation?

15. [Only if the Court permits evidence concerning the alleged substance:] Would any prospective juror automatically accept a police report's characterization of an unidentified substance without considering the evidentiary foundation and the Court's instructions?

16. Does any prospective juror have strong opinions about body-worn cameras, missing recordings, interrupted recordings, evidence-room procedures, chain of custody, or the failure to document property?

17. Could every prospective juror fairly evaluate a private business owner who assisted police, and decide whether the person was merely cooperating or was jointly participating in challenged conduct?

18. Could every prospective juror follow an instruction that a violation of a state statute or department policy is evidence the jury may consider but does not automatically establish a federal constitutional violation?

19. Could every prospective juror award no more and no less than the damages proved, including nominal or punitive damages if permitted, without being influenced by sympathy, hostility, taxes, insurance, or the parties' relative resources?

20. Is there any reason, including a relationship, prior experience, fixed opinion, financial interest, or hardship, that would prevent any prospective juror from being fair and impartial to Austin Hamblin, Kiska Hamblin, Martin County, Brad Ingram, Anders Dahl, Kelsey Brown, Rory Gammons, Weston Phelps, and Brian Snellgrove?

Respectfully Submitted,

/s/ Kurt Mueller

------------------------------------

Kurt Mueller
Texas Bar No. 24133133

The Kurt Mueller Law Firm PLLC
565 S Mason Rd PMB 223
Katy, Texas 77450
(713) 360-2110
kurt@kurtmuellerpllc.com