# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND / ODESSA DIVISION

| | | |
|---|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN** | § | |
| | § | |
| **VS.** | § | |
| | § | **NO.   7:25-cv-00245** |
| **MARTIN COUNTY, TEXAS** | § | |
| | § | |
| **BRAD INGRAM,** | § | |
| | § | |
| **ANDERS DAHL,** | § | |
| | § | |
| **KELSEY BROWN,** | § | |
| | § | |
| **RORY GAMMONS,** | § | |
| | § | |
| **WESTON PHELPS, and** | § | |
| | § | |
| **BRIAN SNELLGROVE** | § | |

## PLAINTIFFS' PROPOSED STATEMENT OF THE CASE
### PURSUANT TO LOCAL RULE CV-16(f)

Pursuant to Western District of Texas Local Rule CV-16(f)(2), Plaintiffs Austin Hamblin and Kiska Hamblin respectfully submit the following proposed statement of the parties' claims and defenses for use by the Court in conducting voir dire.

On July 17, 2026, Plaintiffs' counsel provided counsel for all Defendants with a proposed joint statement of the case and requested their review and agreement. On July 21, 2026, counsel for the Government Defendants provided Plaintiffs' counsel with a revised proposed statement. Counsel for Defendant Brian Snellgrove did not provide a response or proposed revision.

Because the parties did not reach agreement on a joint statement before the filing deadline, Plaintiffs submit their original proposed statement for the Court's consideration. Plaintiffs respectfully request that the Court use this statement or such modified version as the Court deems appropriate, in describing the nature of the case to the prospective jurors during voir dire.

# HALF-PAGE STATEMENT OF CLAIMS AND DEFENSES FOR VOIR DIRE

This civil-rights and property case concerns the execution and aftermath of a search warrant at Austin and Kiska Hamblin's home. Plaintiffs do not challenge the warrant's issuance or validity. The warrant authorized seizure of exactly two described items: a Snap-On Plasma Cutter model 30i and a Snap-On Air Compressor. Plaintiffs contend that after items matching those descriptions were located, Defendants continued searching, seized numerous additional tools and equipment not listed in the warrant, used Austin's then-employer Brian Snellgrove to identify, load, transport, and store the property, and placed the disputed property in Snellgrove's private barn without neutral custody, notice, or a judicial possession hearing. Plaintiffs assert Fourth Amendment, procedural due-process, conspiracy, municipal-liability, and related Texas claims. Defendants deny liability, contend the search and handling were lawful and reasonable, and dispute ownership and damages. The jury will decide the disputed historical facts, responsibility, and damages under the Court's instructions.

Respectfully Submitted,

/s/ Kurt Mueller

---------------------------------------
Kurt Mueller
Texas Bar No. 24133133

The Kurt Mueller Law Firm PLLC
565 S Mason Rd PMB 223
Katy, Texas 77450
(713) 360-2110
kurt@kurtmuellerpllc.com