# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND / ODESSA DIVISION

| | | |
|---|---|---|
| AUSTIN HAMBLIN and KISKA HAMBLIN | § | |
| | § | |
| VS. | § | |
| | § | NO.    7:25-cv-00245 |
| MARTIN COUNTY, TEXAS | § | |
| | § | |
| BRAD INGRAM, | § | |
| | § | |
| ANDERS DAHL, | § | |
| | § | |
| KELSEY BROWN, | § | |
| | § | |
| RORY GAMMONS, | § | |
| | § | |
| WESTON PHELPS, and | § | |
| | § | |
| BRIAN SNELLGROVE | § | |

## PLAINTIFFS' SUBMISSION OF PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

Pursuant to Western District of Texas Local Rule CV-16(f)(7), Plaintiffs Austin Hamblin and Kiska Hamblin respectfully submit their proposed jury instructions and proposed verdict form.

At the time of this filing, cross-motions for summary judgment remain pending and have not yet been resolved by the Court. Those motions include Plaintiffs' motion for partial summary judgment and the separate dispositive motions and responses filed by the Government Defendants and Defendant Brian Snellgrove.

Because the Court has not yet determined which claims, defenses, parties, or issues will remain for trial, Plaintiffs have prepared the attached proposed jury instructions and verdict form under the working assumption that all pending dispositive motions will be denied in full and that

the claims and defenses presently pleaded will proceed to trial. That assumption is made solely for purposes of complying with Local Rule CV-16(f)(7) and providing the Court with a complete proposed charge based on the present pleadings and record.

Nothing in this submission should be construed as withdrawing, narrowing, abandoning, or conceding any argument, request for relief, proposed established fact, or legal position asserted in Plaintiffs' pending motion for partial summary judgment or related briefing. Likewise, Plaintiffs do not concede the merits of any motion for summary judgment, defense, or legal position asserted by any Defendant.

Plaintiffs respectfully request that the Court rule on the pending dispositive motions before trial and identify the claims, defenses, parties, and factual issues that remain for submission to the jury. Plaintiffs further request leave to revise or supplement the proposed jury instructions and verdict form as necessary to conform them to the Court's summary-judgment rulings, the evidence admitted at trial, and the issues properly preserved for jury determination.

## Instruction No. 1 - Nature of the Case

This is a civil-rights and property case arising from the execution and aftermath of a search warrant at Austin and Kiska Hamblin's residence. Plaintiffs do not challenge the validity of the warrant's issuance. The warrant authorized the search for and seizure of a Snap-On Plasma Cutter model 30i and a Snap-On Air Compressor.

Plaintiffs contend that Defendants exceeded the warrant, seized additional tools and equipment without lawful justification, used Brian Snellgrove to identify, load, transport, and store disputed property, and deprived Plaintiffs of property without adequate notice or a possession hearing. Plaintiffs also assert related Texas claims against Snellgrove. Defendants deny liability, contend their conduct was lawful and reasonable, and dispute ownership, causation, and damages. Plaintiffs deny Snellgrove's counterclaims.

You must decide only the claims and defenses that I submit to you, based solely on the admitted evidence and these instructions.

*Authority: Fifth Circuit Pattern Jury Instructions (Civil Cases) 2.1, 2.2, 10.1 (2020).*

## Instruction No. 2 - Evidence

The evidence consists of sworn testimony, admitted exhibits, stipulated facts, and any facts I instruct you to accept. Lawyers' questions, objections, arguments, and statements are not evidence. The pleadings are not evidence. An accusation, arrest, indictment, or dismissal is not proof of guilt, innocence, ownership, or lawful property disposition.

You must not conduct research, visit locations, use social media, consult outside sources, or consider information not admitted in court.

*Authority: Fifth Circuit Pattern Jury Instructions (Civil Cases) 2.6, 2.7 (2020).*

## Instruction No. 3 - Stipulated Facts

The parties have agreed to certain facts. You must accept each stipulated fact as proved. A stipulation establishes only the fact stated and does not require you to draw any particular inference unless I separately instruct you.

*Authority: Fed. R. Evid. 201; Fifth Circuit Pattern Jury Instructions (Civil Cases) 2.3 (2020).*

### Instruction No. 4 - Burden of Proof

Unless I instruct you otherwise, a party who has the burden of proof must establish the matter by a preponderance of the evidence. This means the party must prove that the matter is more likely true than not true . The standard does not require proof beyond a reasonable doubt.

[For any Texas exemplary-damages question submitted in a second phase, I will separately instruct you on clear and convincing evidence.]

*Authority: Fifth Circuit Pattern Jury Instructions (Civil Cases) 2.18 (2020); Tex. Civ. Prac. & Rem. Code Section 41.003.*

### Instruction No. 5 - Credibility of Witnesses

You are the sole judges of witness credibility and the weight of testimony. You may consider demeanor, opportunity to perceive, memory, consistency, reasonableness, interest, bias, motive, relationship to a party, prior inconsistent statements, corroboration, and all other evidence.

Do not give a witness greater or lesser credibility solely because the witness is or was a sheriff, deputy, investigator, county official, business owner, plaintiff, defendant, or party.

*Authority: Fifth Circuit Pattern Jury Instructions (Civil Cases) 3.1 (2020).*

### Instruction No. 6 - Multiple Parties and Claims

Each claim against each Defendant must be considered separately. Evidence may apply to one party or claim and not another. The fact that a person is named as a Defendant does not

itself establish liability. The fact that Defendants acted at the same event does not itself establish that each Defendant is liable.

You must follow the verdict form carefully and answer only the questions directed by its instructions.

*Authority: Fifth Circuit Pattern Jury Instructions (Civil Cases) 2.13, 2.15 (2020).*

### Instruction No. 7 - Deposition and Recorded Testimony

A deposition is sworn testimony taken before trial. Deposition testimony admitted at trial is entitled to the same consideration as testimony given in the courtroom. A recording or transcript may cover only a portion of an event or testimony. You must consider the admitted portion in context and may not assume that an unrecorded event did or did not occur merely because it is absent from an incomplete recording.

*Authority: Fed. R. Civ. P. 32; Fed. R. Evid. 106; Fifth Circuit Pattern Jury Instructions (Civil Cases) 2.9 (2020).*

### Instruction No. 8 - Section 1983: General Elements

42 U.S.C. Section 1983 provides a remedy when a person, acting under color of state law, deprives another of a right protected by the United States Constitution.

For a constitutional claim against an individual Defendant, each Plaintiff must prove by a preponderance of the evidence that: (1) the Defendant intentionally committed or participated in an act that violated the constitutional right I describe; (2) the Defendant acted under color of state law, unless that element is stipulated; and (3) the Defendant's act was a cause of that Plaintiff's injury or damages.

Negligence alone does not establish a Fourth Amendment violation.

*Authority: 42 U.S.C. Section 1983; Brower v. County of Inyo, 489 U.S. 593, 596-97 (1989); Fifth Circuit Pattern Jury Instructions (Civil Cases) 10.1 (2020).*

**Instruction No. 9 - Under Color of State Law: Government Defendants**

The parties have stipulated, or the Court has determined, that Brad Ingram, Anders Dahl, Kelsey Brown, Rory Gammons, and Weston Phelps acted under color of state law when performing their official duties relevant to this case. You must accept that element as established as to those Defendants.

*Authority: West v. Atkins, 487 U.S. 42, 49-50 (1988); Fifth Circuit Pattern Jury Instructions (Civil Cases) 10.2 (2020).*

**Instruction No. 10 - Under Color of State Law: Brian Snellgrove**

Brian Snellgrove is a private person. A private person acts under color of state law when the person is a willful participant in joint activity with state officials in the challenged conduct. Mere reporting of suspected wrongdoing, providing information, identifying property within the warrant, or ordinary cooperation with police is not enough by itself.

In deciding whether Snellgrove jointly participated, you may consider the parties' communications and planning; whether officials requested, directed, supervised, or authorized his conduct; whether he entered or searched areas under police authority; whether officers relied on him to determine what to seize; whether he supplied employees, vehicles, transportation, storage, inventory, or disposition; whether he exercised authority made possible by the State; and the entire sequence of events. No single factor is controlling.

*Authority: Lugar v. Edmondson Oil Co., 457 U.S. 922, 941-42 (1982); Dennis v. Sparks, 449 U.S. 24, 27-28 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).*

**Instruction No. 11 - Personal Participation and Causation**

An individual is not liable merely because the individual supervised another person, held public office, was present, or was associated with someone who violated the Constitution. Plaintiffs must prove the individual's own intentional participation, direction, knowing acquiescence where legally sufficient, or participation in a proven conspiracy.

An act is a cause of injury when it played a substantial part in bringing about the injury and the injury was a reasonably foreseeable consequence. There may be more than one cause.

*Authority: Monell v. Department of Social Services, 436 U.S. 658, 691-95 (1978); Fifth Circuit Pattern Jury Instructions (Civil Cases) 10.1, causation note (2020).*

### Instruction No. 12 - Fourth Amendment: Scope of the Warrant

The Fourth Amendment protects people and their property against unreasonable searches and seizures. A seizure of property occurs when a person's possessory interest is meaningfully interfered with.

A warrant limits both the places that may be searched and the things that may be seized. The warrant in this case authorized officers to search for and seize a Snap-On Plasma Cutter model 30i and a Snap-On Air Compressor. The warrant did not itself authorize seizure of every tool, every Snap-On-branded item, every container and its contents, or every item claimed by a private person.

Officers may search only locations where an item described in the warrant could reasonably be found. Once the warrant items have been located, the warrant does not continue to authorize searching places for those items where they cannot be located. Any additional search or seizure requires an independent lawful justification, such as voluntary consent or the plain-view doctrine, which I explain next.

To prevail, Plaintiffs must prove that the challenged search or seizure was objectively unreasonable and that the particular Defendant intentionally participated in and caused it.

*Authority: U.S. Const. amend. IV; Marron v. United States, 275 U.S. 192, 196 (1927); Maryland v. Garrison, 480 U.S. 79, 84, 87 (1987); Soldal v. Cook County, 506 U.S. 56, 61 (1992); Creamer v. Porter, 754 F.2d 1311, 1316-18 (5th Cir. 1985).*

### Instruction No. 13 - Plain View

The plain-view doctrine permits seizure of property not described in a warrant only when: (1) the officer was lawfully present at the place from which the item was viewed; (2) the officer had a lawful right of access to the item; and (3) the item's incriminating character was immediately apparent.

Immediately apparent means that, at the time of seizure, the facts known to the officer and reasonably trustworthy information were sufficient to give a reasonable officer probable cause to believe that the particular item was stolen property, contraband, or evidence of a crime. A hunch is not enough. Probable cause does not require proof beyond a reasonable doubt, but it must be particular to the item and based on more than a bare claim.

A manufacturer's logo identifies a manufacturer. It does not automatically establish who owns an item, how the item was acquired, or whether it was stolen. You must consider all facts known to the officer at the moment of the particular seizure, including any serial number, distinctive characteristic, records, statements, objections, possession, and alternative lawful source.

*Authority: Horton v. California, 496 U.S. 128, 136-37 (1990); Arizona v. Hicks, 480 U.S. 321, 326-27 (1987); Texas v. Brown, 460 U.S. 730, 741-42 (1983).*

### Instruction No. 14 - Consent

A search or seizure beyond the warrant may be reasonable if a person with authority freely and voluntarily consented to it and the search or seizure remained within the scope of that consent.

Consent is voluntary only if it is the product of an essentially free and unconstrained choice. Silence, passivity, cooperation with armed officers, or submission to a claim of lawful authority does not by itself establish voluntary consent. You may consider custodial status, coercive procedures, cooperation, awareness of the right to refuse, education and intelligence, the presence of a warrant, and all surrounding circumstances.

Consent is limited to what a reasonable officer would understand from the words and conduct used. A physically present co-occupant's express objection is relevant to whether a warrantless search of shared premises was authorized. A person's identification of some property does not automatically constitute consent to seize all property in a home, cabinet, drawer, or container.

*Authority: Georgia v. Randolph, 547 U.S. 103, 106, 122-23 (2006); Roe v. Texas Department of Protective & Regulatory Services, 299 F.3d 395, 402 & n.5 (5th Cir. 2002); United States v. Kelley, 981 F.2d 1464, 1470 (5th Cir. 1993); Fifth Circuit Pattern Jury Instructions (Civil Cases) 10.1 (2020).*

## Instruction No. 15 - Objective Reasonableness

The Fourth Amendment question is objective. You must evaluate what a reasonable officer would have understood from the facts and reasonably trustworthy information available at the time, not with hindsight. An officer's subjective motive alone does not establish or defeat a Fourth Amendment claim. Evidence of planning, relationships, statements, policy, and motive may still be relevant to what facts were known, whether an asserted justification is credible, conspiracy, municipal policy, punitive damages, or state-law claims.

*Authority: Whren v. United States, 517 U.S. 806, 813 (1996); Graham v. Connor, 490 U.S. 386, 397 (1989).*

## Instruction No. 16 - Procedural Due Process

The Fourteenth Amendment prohibits a State from depriving a person of property without due process of law. A protected property interest may arise from ownership, lawful possession, or a superior right to possess property.

To prevail against an individual Defendant, a Plaintiff must prove by a preponderance of the evidence that: (1) the Plaintiff had a protected ownership or possessory interest in property; (2) the Defendant, acting under color of state law, intentionally caused or participated in a deprivation of that interest; (3) the government failed to provide constitutionally adequate notice

and a meaningful opportunity to be heard at a meaningful time, considering the process that was practicable before transfer, release, sale, or permanent disposition; and (4) the deprivation caused injury.

The Constitution does not require the government to decide disputed title at the search scene. It does require fair process before the State finally resolves disputed possession for one claimant or makes a meaningful hearing impossible. A violation of a state statute or department policy does not automatically prove a constitutional violation, but you may consider such provisions as evidence of available procedures, notice, feasibility, policy, reasonableness, and causation.

*Authority: U.S. Const. amend. XIV; Fuentes v. Shevin, 407 U.S. 67, 80-84 (1972); Zinermon v. Burch, 494 U.S. 113, 127-39 (1990); Mathews v. Eldridge, 424 U.S. 319, 333-35 (1976).*

### Instruction No. 17 - Section 1983 Conspiracy

A civil conspiracy under Section 1983 requires an agreement between two or more persons to commit an act that resulted in an actual deprivation of a federal constitutional right.

For each Defendant, Plaintiffs must prove: (1) the Defendant reached an understanding or meeting of the minds with at least one other participant to accomplish an unlawful objective or to use unlawful means; (2) the Defendant knowingly and voluntarily participated in the agreement; (3) one or more participants committed an act in furtherance of the agreement; (4) the agreement resulted in an actual Fourth or Fourteenth Amendment deprivation; and (5) the deprivation caused injury.

An express written agreement is not required. You may infer agreement from communications, relationships, coordinated actions, sequence, and conduct, but mere parallel conduct, presence, association, or cooperation in a lawful investigation is not enough.

*Authority: Priester v. Lowndes County, 354 F.3d 414, 420 (5th Cir. 2004); Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994); Bevill v. Fletcher, 26 F.4th 270, 283-84 (5th Cir. 2022).*

**Instruction No. 18 - Martin County Liability: Final Policymaker Decision**

Martin County is not liable merely because it employed a person who violated the Constitution. Plaintiffs must prove that an official County policy was the moving force behind a constitutional violation.

The parties have stipulated, or the Court has determined, that Sheriff Brad Ingram was Martin County's final policymaker for the warrant-execution and seized-property matters at issue. A single deliberate decision by a final policymaker may itself be official County policy; Plaintiffs need not prove a widespread pattern for that theory.

To find Martin County liable under this theory, you must find by a preponderance of the evidence that: (1) a constitutional violation occurred; (2) Ingram made, directed, adopted, or knowingly ratified a deliberate final decision concerning the challenged search, seizure, transport, storage, notice, hearing, release, or disposition; and (3) that official decision was the moving force that caused the constitutional violation and injury.

*Authority: Monell v. Department of Social Services, 436 U.S. 658, 690-94 (1978); Pembaur v. City of Cincinnati, 475 U.S. 469, 480-84 (1986); Bennett v. Pippin, 74 F.3d 578, 586 (5th Cir. 1996).*

**Instruction No. 19 - [Alternative] Martin County Policy, Custom, or Failure to Train**

If this alternative theory is submitted, Plaintiffs must prove: (1) an official policy or a persistent, widespread custom existed, or the County failed to train or supervise concerning a recurring task; (2) a final policymaker knew of the policy, custom, or training deficiency; (3) the policymaker acted with deliberate indifference to a known or obvious risk of constitutional violations; and (4) the policy, custom, or deficiency was the moving force behind an actual constitutional violation.

Deliberate indifference is more than negligence or gross negligence. Ordinarily it requires notice from a pattern of similar violations. In the narrow single-incident circumstance, the unconstitutional consequence of the complete or specific training omission must have been highly predictable or obvious.

*Authority: City of Canton v. Harris, 489 U.S. 378, 388-92 (1989); Connick v. Thompson, 563 U.S. 51, 61-64 (2011); Fifth Circuit Pattern Jury Instructions (Civil Cases) 10.5 (2020).*

### Instruction No. 20 - State Statutes and Department Policies

You may consider Texas property-handling statutes and department policies when deciding notice, available process, objective reasonableness, credibility, training, supervision, policymaker choices, and causation. A violation of a state statute or department policy does not, standing alone, establish a violation of the United States Constitution. Conversely, compliance with a policy does not automatically defeat a constitutional claim. The constitutional standards are the standards I have given you.

*Authority: Davis v. Scherer, 468 U.S. 183, 194 & n.12 (1984); Whren v. United States, 517 U.S. 806, 815 (1996).*

### Instruction No. 21 - Conversion Against Brian Snellgrove

Conversion is the unauthorized and wrongful exercise of dominion or control over personal property inconsistent with another person's rights.

Plaintiffs must prove by a preponderance of the evidence that: (1) a Plaintiff owned, possessed, or had the superior right to possess identified property; (2) Snellgrove wrongfully exercised dominion or control over that property in a manner inconsistent with the Plaintiff's rights; (3) if Snellgrove initially acquired possession lawfully, the Plaintiff demanded return and Snellgrove refused; and (4) the conversion caused damages.

Good faith or a mistaken belief of ownership does not necessarily defeat conversion, although it may be relevant to punitive damages and other claims. You must determine the

property and rights proved, not assume that every item bearing a particular brand belonged to one person.

*Authority: Waisath v. Lack's Stores, Inc., 474 S.W.2d 444, 446-47 (Tex. 1971); Presley v. Cooper, 284 S.W.2d 138, 141 (Tex. 1955).*

### Instruction No. 22 - [Alternative] Negligence Against Brian Snellgrove

This negligence claim is submitted only as an alternative to intentional-tort recovery. Plaintiffs must prove by a preponderance of the evidence that: (1) Snellgrove owed a legal duty to use ordinary care in identifying, receiving, transporting, inventorying, segregating, storing, safeguarding, preserving, or disposing of disputed property; (2) he breached that duty; (3) the breach proximately caused injury; and (4) damages resulted.

Ordinary care means the degree of care a person of ordinary prudence would use under the same or similar circumstances. Proximate cause requires cause in fact and foreseeability. You may not award duplicate damages for the same injury under both negligence and an intentional theory.

*Authority: Kroger Co. v. Elwood, 197 S.W.3d 793, 794 (Tex. 2006); IHS Cedars Treatment Center of DeSoto, Texas, Inc. v. Mason, 143 S.W.3d 794, 798-99 (Tex. 2004).*

### Instruction No. 23 - Abuse of Process Against Brian Snellgrove

Abuse of process concerns misuse of legal process after it has issued. Plaintiffs must prove by a preponderance of the evidence that: (1) Snellgrove made an illegal, improper, or perverted use of the warrant or its execution that was neither warranted nor authorized by the process; (2) he used the process for an ulterior purpose; and (3) the misuse caused damages.

Merely making a complaint, causing process to issue, or acting with a bad motive is not enough. The improper use must concern the process itself after issuance, such as using the warrant's execution to obtain a collateral private result the process was not designed to accomplish.

*Authority: Detenbeck v. Koester, 886 S.W.2d 477, 480 (Tex. App.-Houston [1st Dist.] 1994, no writ); Bossin v. Towber, 894 S.W.2d 25, 33 (Tex. App.-Houston [14th Dist.] 1994, writ denied).*

### Instruction No. 24 - Texas Theft Liability Act Against Brian Snellgrove

Plaintiffs claim damages resulting from theft as defined by Texas Penal Code Section 31.03. Plaintiffs must prove by a preponderance of the evidence that Snellgrove unlawfully appropriated identified property with intent to deprive the owner of the property and that the conduct caused damages.

Appropriate means acquiring or otherwise exercising control over property. Appropriation is unlawful if it is without the owner's effective consent. Owner includes a person with title, possession, or a greater right to possession than the actor. Intent to deprive may be inferred from words, acts, retention, sale, integration, transfer, disposal, inability to return, and all surrounding circumstances.

*Authority: Tex. Civ. Prac. & Rem. Code Sections 134.002-.005; Tex. Penal Code Sections 31.01, 31.03.*

### Instruction No. 25 - Unjust Enrichment

Plaintiffs' unjust-enrichment request is equitable and will be decided by the Court unless the Court directs otherwise. You should not add or subtract damages based on attorney fees, equitable relief, or a belief that the Court may grant additional relief.

*Authority: See City of The Colony v. North Texas Municipal Water District, 272 S.W.3d 699, 731 (Tex. App.-Fort Worth 2008, pet. dism'd); Fed. R. Civ. P. 39(c).*

### Instruction No. 26 - Compensatory Damages

If you find liability, award only damages proved by a preponderance of the evidence and caused by the liable Defendant. Damages may include, when legally applicable and proved: the reasonable market value of property at the time and place of conversion or permanent loss; reasonable loss-of-use damages; other economic losses proximately caused; and actual emotional

distress caused by a constitutional violation. Emotional distress must be supported by evidence and is not presumed.

Do not award speculative damages. Do not award attorney fees, litigation expenses, interest, equitable relief, or taxes; the Court will address those matters. Do not increase or decrease an award because of sympathy, hostility, insurance, indemnity, wealth, poverty, or the effect on taxpayers.

For jointly owned or marital property, award the property loss once, not separately to each Plaintiff.

*Authority: Carey v. Piphus, 435 U.S. 247, 254-64 (1978); Williams v. Kaufman County, 352 F.3d 994, 1014 (5th Cir. 2003); Wiese v. Pro Am Services, Inc., 317 S.W.3d 857, 862 (Tex. App.-Houston [14th Dist.] 2010, no pet.).*

### Instruction No. 27 - Nominal Damages

If a Plaintiff proves that a Defendant violated a federal constitutional right but fails to prove actual damages caused by that violation, you must award nominal damages against that Defendant for that violation. Nominal damages recognize the violation without compensating an unproved loss.

*Authority: Carey v. Piphus, 435 U.S. 247, 266-67 (1978); Williams v. Kaufman County, 352 F.3d 994, 1014-15 (5th Cir. 2003).*

### Instruction No. 28 - Punitive and Exemplary Damages; Bifurcated Phase

Do not decide punitive or exemplary damages in the first phase unless I instruct you otherwise. If your liability findings permit a punitive-damages phase, I will give additional instructions and a second verdict form.

Punitive damages under Section 1983 may not be awarded against Martin County. They may be considered against an individual only if the Plaintiff proves that the individual acted with evil motive or intent, or with reckless or callous indifference to federally protected rights. Texas

exemplary damages have separate clear-and-convincing and unanimity requirements, which I will explain if reached.

*Authority: City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Smith v. Wade, 461 U.S. 30, 51-56 (1983); Tex. Civ. Prac. & Rem. Code Sections 41.003, 41.003(d).*

### Instruction No.29- No Double Recovery

The same injury may support more than one legal theory, but a party may recover compensation only once for the same loss. Answer each liability question as instructed. In the damages section, do not duplicate the value of the same property, the same loss of use, or the same other injury under multiple claims. The Court will apply any further election or offset required by law.

*Authority: Tony Gullo Motors I, L.P. v. Chapa, 212 S.W.3d 299, 303-05 (Tex. 2006).*

### Instruction No. 30 - Deliberations and Verdict

Your verdict must be unanimous. Discuss the case with one another, consider every juror's views, and reach agreement if you can do so without surrendering an honest conviction merely to return a verdict. Follow the sequence and directions in the verdict form. Do not decide a question that the form tells you to skip.

*Authority: Fed. R. Civ. P. 48; Fifth Circuit Pattern Jury Instructions (Civil Cases) 3.2 (2020).*

## PLAINTIFFS' PROPOSED SPECIAL VERDICT FORM

Answer each question unanimously and follow every skip instruction. The Court should delete questions resolved by dispositive order and conform Defendant names and claims before submission.

### PART I. COMMON HISTORICAL FINDINGS

1. Did officers locate items matching the two descriptions in the warrant before the principal residence was searched?  YES _____  NO _____.

2. Did Austin Hamblin freely and voluntarily consent to a search of the principal residence beyond the search authorized by the warrant?  YES _____  NO _____.

3. If you answered YES to Question 2, did the scope of that consent reasonably include seizure of every additional item actually removed?  YES _____  NO _____.

4. Did Kiska Hamblin, while physically present, expressly object to entry, continued searching, or seizure of one or more additional items?  YES _____  NO _____.

5. At the time additional property was seized, was the allegedly stolen or incriminating character of every additional item immediately apparent to a reasonable officer based on item-specific, reasonably trustworthy facts?  YES _____  NO _____.

6. Did Brian Snellgrove willfully participate in joint activity with state officials in the challenged identification, search, seizure, loading, transport, storage, release, or disposition of property?  YES _____  NO _____.

### PART II. FOURTH AMENDMENT CLAIM

For each Defendant, answer whether Plaintiffs proved that the Defendant intentionally participated in and caused an unreasonable search or seizure beyond the warrant or without an independent lawful justification.

| Defendant | As to Austin | As to Kiska |
|---|---|---|
| Brad Ingram | YES ___  NO ___ | YES ___  NO ___ |
| Anders Dahl | YES ___  NO ___ | YES ___  NO ___ |

| Defendant | As to Austin | As to Kiska |
|---|---|---|
| Kelsey Brown | YES ___ NO ___ | YES ___ NO ___ |
| Rory Gammons | YES ___ NO ___ | YES ___ NO ___ |
| Weston Phelps | YES ___ NO ___ | YES ___ NO ___ |
| Brian Snellgrove | YES ___ NO ___ | YES ___ NO ___ |

## PART III. PROCEDURAL DUE-PROCESS CLAIM

For each Defendant, answer whether Plaintiffs proved that the Defendant, acting under color of state law, intentionally participated in and caused a deprivation of protected property without constitutionally adequate notice and a meaningful opportunity to be heard.

| Defendant | As to Austin | As to Kiska |
|---|---|---|
| Brad Ingram | YES ___ NO ___ | YES ___ NO ___ |
| Anders Dahl | YES ___ NO ___ | YES ___ NO ___ |
| Kelsey Brown | YES ___ NO ___ | YES ___ NO ___ |
| Rory Gammons | YES ___ NO ___ | YES ___ NO ___ |
| Weston Phelps | YES ___ NO ___ | YES ___ NO ___ |
| Brian Snellgrove | YES ___ NO ___ | YES ___ NO ___ |

## PART IV. SECTION 1983 CONSPIRACY

If you found an actual Fourth or Fourteenth Amendment violation, answer whether each Defendant knowingly joined an agreement that caused that violation.

| Defendant | YES | NO |
|---|---|---|
| Brad Ingram | ___ | ___ |
| Anders Dahl | ___ | ___ |
| Kelsey Brown | ___ | ___ |
| Rory Gammons | ___ | ___ |
| Weston Phelps | ___ | ___ |
| Brian Snellgrove | ___ | ___ |

## PART V. MARTIN COUNTY

7. Did Plaintiffs prove that an official final decision made, directed, adopted, or knowingly ratified by Sheriff Ingram was the moving force behind a constitutional violation?

YES _____ NO _____.

8. [Alternative] Did Plaintiffs prove that a Martin County policy, widespread custom, or deliberately indifferent training or supervision deficiency was the moving force behind a constitutional violation? YES _____ NO _____.

## PART VI. TEXAS CLAIMS AGAINST BRIAN SNELLGROVE

9.  Did Plaintiffs prove conversion by Brian Snellgrove?  YES _____  NO _____.

10.  [Alternative] Did Plaintiffs prove negligence by Brian Snellgrove?  YES _____  NO

_____.

11.  Did Plaintiffs prove abuse of process by Brian Snellgrove?  YES _____  NO _____.

12.  Did Plaintiffs prove a violation of the Texas Theft Liability Act by Brian Snellgrove?

YES _____  NO _____.

## PART VII. [IF REMAINING] SNELLGROVE COUNTERCLAIMS

13.  Did Brian Snellgrove prove conversion by Austin Hamblin?  YES _____  NO _____.

14.  Did Brian Snellgrove prove conversion by Kiska Hamblin?  YES _____  NO _____.

15.  Did Brian Snellgrove prove an underlying tort and a civil conspiracy between Austin and

Kiska Hamblin that caused damages?  YES _____  NO _____.

## PART VIII. COMPENSATORY DAMAGES

Answer only for injuries caused by a Defendant or claim for which you found liability.

Do not duplicate the same loss.

16.  Reasonable value of Plaintiffs' property permanently lost or converted:

$_____.

17.  Reasonable loss-of-use and other proven property-related economic damages:

$_____.

18.  Other proven economic damages to Austin Hamblin, excluding duplicate property loss:

$_____.

19.  Actual emotional-distress damages to Austin Hamblin caused by federal constitutional

violations: $_____.

20.  Actual emotional-distress damages to Kiska Hamblin caused by federal constitutional

violations: $_____.

21. If you found a federal constitutional violation but no actual damages for that violation, nominal damages are $1. Identify the liable Defendant or Defendants:

_____.

22. [If counterclaims remain] Proven damages to Brian Snellgrove caused by a counterclaim on which you found liability: $_____.

## PART IX. PUNITIVE-DAMAGES GATEWAY

For each individual Defendant against whom you found federal liability, did Plaintiffs prove conduct motivated by evil motive or intent, or reckless or callous indifference to federally protected rights? This question determines only whether a second phase is required.

| Individual Defendant | YES | NO |
| --- | --- | --- |
| Brad Ingram | ___ | ___ |
| Anders Dahl | ___ | ___ |
| Kelsey Brown | ___ | ___ |
| Rory Gammons | ___ | ___ |
| Weston Phelps | ___ | ___ |
| Brian Snellgrove | ___ | ___ |

FOREPERSON: _____

DATE: _____

Respectfully submitted,

**/s/ Kurt Mueller**
Kurt Mueller
Texas Bar No. 24133133
The Kurt Mueller Law Firm PLLC
565 S. Mason Road, PMB 223
Katy, Texas 77450
(713) 360-2110
kurt@kurtmuellerpllc.com
Counsel for Plaintiffs and Counter-Defendants

### CERTIFICATE OF SERVICE

I certify that on the date reflected by the CM/ECF filing stamp, I filed this document with the Clerk of Court through the CM/ECF system, which will send notice of electronic filing to all counsel of record.

**/s/ Kurt Mueller**

Respectfully Submitted,

/s/ Kurt Mueller
-------------------------------------
Kurt Mueller
Texas Bar No. 24133133

The Kurt Mueller Law Firm PLLC
565 S Mason Rd PMB 223
Katy, Texas 77450
(713) 360-2110
kurt@kurtmuellerpllc.com