**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN,**<br>    **Plaintiffs and Counter Defendants,**<br><br>**v.**<br><br>**MARTIN COUNTY, TEXAS, BRAD INGRAM, ANDERS DAHL, KELSEY BROWN, RORY GAMMONS, WESTON PHELPS, each in their individual capacities,**<br>    **Defendants,**<br><br>**v.**<br><br>**BRIAN SNELLGROVE,**<br>    **Defendant and Counter Plaintiff.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No.<br>7:25-CV-00245-RCG** |

**MARTIN COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBIT LIST
PURSUANT TO LOCAL RULE CV-16(g)(2)**

TO THE HONORABLE COURT AND ALL PARTIES OF RECORD:

1.      Pursuant to Western District of Texas Local Rule CV-16(g)(2), Defendants Martin County, Texas; Brad Ingram; Anders Dahl; Kelsey Brown; and Rory Gammons (collectively, "Martin County Defendants") [1] hereby disclose all reasonable objections, together with the grounds therefor, that may be made to the admissibility of exhibits identified in Plaintiffs' Exhibit List filed at Docket Entry 107. These objections are made to preserve all evidentiary objections and to avoid waiver under Local Rule CV-16(g)(2).

2.      Martin County Defendants preserve all objections required to be disclosed under Local Rule CV-16(g)(2) and further reserve objections that depend on the manner of offer, foundation supplied at trial, completeness, context, or other circumstances that cannot reasonably

---

[1] Weston Phelps was dismissed as a party in the Court's Omnibus Order filed July 24, 2026 [docket number 110].

be evaluated before trial. The identification of a specific objection to an exhibit does not waive any other objection that becomes apparent from Plaintiffs' actual use of the exhibit at trial.

3.      Nothing in this objection list constitutes an admission that Plaintiffs have established the admissibility of any exhibit or that any exhibit may be used for every purpose for which Plaintiffs may offer it. Martin County Defendants reserve objections to the scope, foundation, completeness, context, and permissible inferences associated with Plaintiffs' use of any exhibit at trial.

## OBJECTIONS TO INDIVIDUAL EXHIBITS

4.      **Plaintiffs' Exhibit 8: (withheld)**. Martin County Defendants reserve all objections to Exhibit 8 pending disclosure of the exhibit's identity and contents.

5.      **Plaintiffs' Exhibits 10, 11, 12, and 13: (withheld).** Martin County Defendants reserve all objections to Exhibits 10, 11, 12, and 13 pending disclosure of the exhibits' identity and contents.

6.      **Plaintiffs' Exhibit 17:** May 16, 2023 email strings among concerning serial _____

    (a) **Objection 17.1 – Incomplete Description:** Martin County Defendants object on the grounds that the exhibit description is incomplete and does not identify the parties to the email or the subject matter. Defendants reserve all objections pending clarification of the exhibit's identity and contents.

    (b) **Objection 17.2 – Authentication:** Martin County Defendants object under Rule 901 to the extent Plaintiffs do not establish the authenticity of the emails, including the identities of the senders and recipients, the accuracy of the metadata, and that the emails have not been altered.

    (c) **Objection 17.3 – Hearsay:** Martin County Defendants object to any statement in the emails offered for its truth unless Plaintiffs establish an applicable hearsay exception.

    (d) **Objection 17.4 – Relevance:** Martin County Defendants object under Rule 402 pending clarification of the subject matter and the connection to any claim or defense remaining for trial.

    (e) **Objection 17.5 – Completeness:** Martin County Defendants object under Rule

106 to the extent Plaintiffs offer only portions of an email thread without the full context.

(f) **Objection 17.6 – Rule 403:** Martin County Defendants object under Rule 403.

7. **Plaintiffs' Exhibit 25: (withheld).** Martin County Defendants reserve all objections to Exhibit 25 pending disclosure of the exhibit's identity and contents.

8. **Plaintiffs' Exhibit 28:** Warren Kniepkamp's February 11, 2024 sworn statement or declaration and attached item list.

(a) **Objection 28.1 – Hearsay:** Martin County Defendants object to the sworn statement and attached item list as hearsay. The statement contains out-of-court assertions by Warren Kniepkamp offered to prove that he supplied, sold, or gave specific tools to Austin Hamblin and that those tools were among the items seized. Unless Plaintiffs establish that Mr. Kniepkamp will testify at trial and be subject to cross-examination, or that the statement falls within a hearsay exception, the statement is inadmissible. The attached item list is hearsay within hearsay and requires separate foundation.

(b) **Objection 28.2 – Authentication:** Martin County Defendants object under Rule 901 to the extent Plaintiffs do not establish that the statement was actually signed and sworn to by Warren Kniepkamp, that the attached list is authentic, and that the list accurately reflects Mr. Kniepkamp's records or knowledge.

(c) **Objection 28.3 – Lack of Personal Knowledge:** Martin County Defendants object under Rule 602 to the extent Mr. Kniepkamp's statement or list reflects information he did not personally observe or know, including statements about what items were present at Plaintiffs' residence on May 17, 2023, or what items were seized by law enforcement.

(d) **Objection 28.4 – Relevance and Disputed Ownership:** Martin County Defendants object under Rule 402 to the extent the statement is offered to establish that Plaintiffs owned the seized property. The statement reflects only Mr. Kniepkamp's claim that he provided certain items to Plaintiffs; it does not establish that those specific items were among the items seized, that Plaintiffs retained ownership, or that the items were not subsequently transferred, sold, or replaced.

(e) **Objection 28.5 – Foundation and Personal Knowledge:** Martin County Defendants object under Rules 403 and 602 to the extent the statement was prepared after the events at issue, lacks adequate foundation, or is offered without testimony permitting cross-examination regarding the basis for the listed items, their condition, their ownership, and whether they were present at Plaintiffs' residence or seized on May 17, 2023.

(f) **Objection 28.6 – Rule 403:** Martin County Defendants object under Rule 403 to the extent the statement is more prejudicial than probative or would mislead the jury.

9.   **Plaintiffs' Exhibit 29:** Authorized Snap-on franchisee customer statements and related records from Warren Kniepkamp to Austin Hamblin covering the period January 1, 2010 through May 24, 2023.

(a) **Objection 29.1 – Hearsay:** Martin County Defendants object to the customer statements and related records as hearsay. The documents are out-of-court statements offered to prove the purchase history, payment history, and ownership of tools. Unless Plaintiffs establish that the documents qualify as business records under Rule 803(6) through proper foundation testimony from a custodian or qualified witness, the documents are inadmissible hearsay.

(b) **Objection 29.2 – Authentication and Foundation:** Martin County Defendants object under Rule 901 and Rule 803(6) to the extent Plaintiffs do not establish that the records were kept in the regular course of Mr. Kniepkamp's business, that they were made at or near the time of the transactions by a person with knowledge, and that it was the regular practice of the business to make such records. Plaintiffs must present testimony from a qualified custodian or witness with knowledge of the record-keeping practices.

(c) **Objection 29.3 – Relevance and Link to Seized Property:** Martin County Defendants object under Rule 402 to the extent the records do not establish which specific items reflected in the records were present at Plaintiffs' residence on May 17, 2023, or were among the items seized. The records may show historical purchases, but they do not establish that the items purchased were retained, not sold or transferred, or that they match the seized items by serial number or other identifying characteristics.

(d) **Objection 29.4 – Voluminous and Cumulative:** Martin County Defendants object under Rule 403 to the extent the records span more than thirteen years and are voluminous, cumulative, and likely to confuse the jury or waste time. If the records are offered, Plaintiffs should be required to present a summary under Rule 1006, subject to proper foundation and the availability of the underlying records for inspection.

(e) **Objection 29.5 – Rule 403:** Martin County Defendants object under Rule 403.

10.   **Plaintiffs' Exhibit 30:** Snap-on Credit LLC inventory report for Austin Hamblin, debtor or account number 117629683, printed May 31, 2023.

(a) **Objection 30.1 – Hearsay:** Martin County Defendants object to the inventory

report as hearsay. The report is an out-of-court statement by Snap-on Credit LLC offered to prove the items purchased, dates, prices, and account status. Unless Plaintiffs establish that the report qualifies as a business record under Rule 803(6) through proper foundation testimony, the report is inadmissible.

(b) **Objection 30.2 – Authentication and Foundation:** Martin County Defendants object under Rule 901 and Rule 803(6) to the extent Plaintiffs do not establish the authenticity of the report, the identity of the custodian or preparer, the record-keeping practices of Snap-on Credit LLC, and that the report was made in the regular course of business at or near the time of the transactions.

(c) **Objection 30.3 – Relevance and Link to Seized Property:** Martin County Defendants incorporate by reference Objection 29.3 and object under Rule 402 to the extent the report does not establish that the items listed were among the items seized or were present at Plaintiffs' residence on May 17, 2023.

(d) **Objection 30.4 – Best Evidence:** Martin County Defendants object under Rule 1002 to the extent the report is a summary or compilation derived from underlying records and the underlying records are the best evidence of the transactions.

(e) **Objection 30.5 – Rule 403:** Martin County Defendants object under Rule 403.

11.    **Plaintiffs' Exhibit 31:** Austin Hamblin's Snap-On retail installment contracts, add-on riders, invoices, purchase records, payment records, and account statements.

(a) **Objection 31.1 – Hearsay:** Martin County Defendants incorporate by reference Objection 29.1 and object to the extent the contracts, invoices, and records are offered for their truth and do not fall within a hearsay exception.

(b) **Objection 31.2 – Authentication and Foundation:** Martin County Defendants incorporate by reference Objection 29.2 and object under Rule 901 and Rule 803(6).

(c) **Objection 31.3 – Relevance and Link to Seized Property:** Martin County Defendants incorporate by reference Objection 29.3 and object under Rule 402.

(d) **Objection 31.4 – Voluminous and Cumulative:** Martin County Defendants incorporate by reference Objection 29.4 and object under Rule 403 and Rule 1006.

(e) **Objection 31.5 – Best Evidence:** Martin County Defendants object under Rule 1002 to the extent copies or summaries are offered when originals are available.

(f) **Objection 31.6 – Rule 403:** Martin County Defendants object under Rule 403.

12.    **Plaintiffs' Exhibit 32: (withheld).** Martin County Defendants reserve all

objections to Exhibit 32 pending disclosure of the exhibit's identity and contents.

13.    **Plaintiffs' Exhibit 33:** Photographs and video depicting 3700 Hamilton Street, the residence, exterior areas, shed, trailers, vehicles, tools, cabinets, equipment, and the condition and location of property before or during the May 17, 2023 search.

(a) **Objection 33.1 – Authentication:** Martin County Defendants object under Rule 901 to the extent Plaintiffs do not establish the authenticity of the photographs and video, including testimony that they accurately depict the residence and property as they existed on or about May 17, 2023, that they have not been altered or edited, and that the photographer or videographer has personal knowledge of the scene.

(b) **Objection 33.2 – Relevance and Temporal Connection:** Martin County Defendants object under Rule 402 to the extent any photographs or video were taken at a time other than May 17, 2023, and do not accurately depict the condition or location of property on the date of the search. Photographs taken before or after the search may not be relevant or may be misleading as to what officers observed on the date of the search.

(c) **Objection 33.3 – Hearsay:** Martin County Defendants object to the extent any video contains audio statements offered for their truth, which statements constitute hearsay unless an exception applies.

(d) **Objection 33.4 – Completeness:** Martin County Defendants object under Rule 106 to the extent Plaintiffs offer only selected photographs or video clips without providing the full context or all photographs and video taken during the relevant time period.

(e) **Objection 33.5 – Cumulative and Prejudicial:** Martin County Defendants object under Rule 403 to the extent multiple photographs or video clips depict the same or substantially similar scenes and are cumulative, or to the extent the volume of photographs or video is more prejudicial than probative or wastes time.

14.    **Plaintiffs' Exhibit 35: (withheld)**. Martin County Defendants reserve all objections to Exhibit 35 pending disclosure of the exhibit's identity and contents.

15.    **Plaintiffs' Exhibit 36:** Martin County Sheriff's Office case-preparation checklist, disclosure statement, case-delivery sheet, and related transmittal records identifying the materials assembled and delivered to the prosecuting attorney in Case No. 23-0135.

(a) **Objection 36.1 – Hearsay:** Martin County Defendants object to the checklist, disclosure statement, case-delivery sheet, and transmittal records as hearsay to the extent they contain out-of-court statements offered for their truth. Unless Plaintiffs establish an applicable exception, such as Rule 803(6) or Rule 803(8), the documents are inadmissible.

(b) **Objection 36.2 – Authentication:** Martin County Defendants object under Rule 901 to the extent Plaintiffs do not establish that the documents are authentic, were prepared by law enforcement in the regular course of business, and accurately reflect the materials transmitted.

(c) **Objection 36.3 – Relevance:** Martin County Defendants object under Rule 402 to the extent the documents are not relevant to any claim or defense remaining for trial. The transmission of materials to the prosecuting attorney is part of standard criminal-case procedure and does not establish a constitutional violation or municipal liability.

(d) **Objection 36.4 – Improper Inference:** Martin County Defendants object to the extent Plaintiffs seek to introduce the documents to suggest that the criminal case was improperly pursued or that the materials transmitted were incomplete or inaccurate. The dismissal of the criminal case does not establish that the investigation or prosecution was improper or that Defendants violated Plaintiffs' constitutional rights.

(e) **Objection 36.5 – Rule 403:** Martin County Defendants object under Rule 403 to the extent the documents are cumulative, confusing, or more prejudicial than probative.

## OBJECTIONS TO PLAINTIFFS' RESERVED RIGHTS AND GENERAL RESERVATIONS

16.    Martin County Defendants object to Plaintiffs' blanket reservation of rights to amend or supplement the exhibit list, use defense-designated exhibits, offer demonstrative aids and summaries, offer rebuttal or impeachment evidence, or respond to unexpected testimony to the extent such reservations would permit untimely disclosure, unfair surprise, or prejudice inconsistent with the Federal Rules of Civil Procedure, the Local Rules, or this Court's scheduling orders.

**Objection A – Untimely Amendments and Supplements:**

17.    Martin County Defendants object to any amendment or supplement to the exhibit list that is not made in compliance with Local Rule CV-16(f), Rule 26(e), and this Court's

scheduling orders, or that would prejudice Martin County Defendants' trial preparation. Plaintiffs may not use their reservations as a means to circumvent disclosure deadlines or to introduce evidence that could have been disclosed earlier with reasonable diligence.

**Objection B – Use of Defense Exhibits:**

18.     Martin County Defendants object to Plaintiffs' reservation of the right to use defense-designated exhibits without specific identification to the extent Plaintiffs seek to use such exhibits in their case-in-chief without reasonable advance notice. Plaintiffs should identify any defense exhibit they intend to use substantively before trial so that Martin County Defendants have a fair opportunity to evaluate admissibility, context, and any necessary objections.

**Objection C – Demonstrative Aids and Summaries:**

19.     Martin County Defendants object to Plaintiffs' reservation of the right to use demonstrative aids, summaries, charts, timelines, and compilations not timely disclosed. Demonstrative aids derived from timely disclosed evidence are subject to advance disclosure under Local Rule CV-16(f)(4) and this Court's procedures. Plaintiffs may not introduce unanticipated demonstratives that require advance review and objection.

**Objection D – Rebuttal and Impeachment Evidence:**

20.     Martin County Defendants object to Plaintiffs' reservation of the right to offer rebuttal or impeachment evidence not disclosed to the extent such evidence could reasonably have been anticipated and disclosed. While true rebuttal evidence responding to issues first raised by Defendants may be permitted, Plaintiffs may not use the rebuttal reservation to introduce substantive evidence that should have been disclosed in their case-in-chief.

**Objection E – Reservation Does Not Waive Defendants' Objections:**

21.     Martin County Defendants object to any inference that Plaintiffs' reservation of objections to defense exhibits constitutes a waiver of Martin County Defendants' objections to

Plaintiffs' exhibits or imposes any burden on Martin County Defendants to prove the admissibility of Plaintiffs' exhibits. Plaintiffs bear the burden of establishing the admissibility of their own exhibits.

## CONCLUSION

22. Martin County Defendants respectfully submit these objections to comply with Local Rule CV-16(g)(2) and to preserve appropriate evidentiary objections to Plaintiffs' exhibits. Martin County Defendants request that the Court sustain any objection that is well taken when the exhibit is offered, exclude or limit any exhibit or portion thereof that does not satisfy the Federal Rules of Evidence, and require Plaintiffs to establish the necessary foundation, authentication, and admissibility before any exhibit is admitted into evidence or published to the jury.

Respectfully submitted,

*/s/ Denis Dennis*
DENIS DENNIS
State Bar No. 05655566
BENJAMIN PETTY
State Bar No. 24105934
OF

KELLY, MORGAN, DENNIS,
CORZINE & HANSEN, P.C.
P.O. Box 1311
Odessa, Texas 79760-1311
(432) 367-7271 / FAX: (432) 363-9121
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the date of filing, July 28, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

*/s/ Denis Dennis*
DENIS DENNIS