# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND ODESSA DIVISION

| | | |
|---|---|---|
| AUSTIN HAMBLIN AND KISKA HAMBLIN | ) | |
| | ) | |
| | ) | |
| v. | ) | NO. 7: 25-CV:00245-RCG |
| | ) | |
| MARTIN COUNTY, TEXAS | ) | |
| BRAD INGRAM, | ) | |
| ANDERS DAHL | ) | |
| KELSEY BROWN, | ) | |
| RORY GAMMONS, | ) | |
| WESTON PHELPS, and | ) | |
| BRIAN SNELLGROVE | ) | |

### DEFENDANT SNELLGROVE'S RESPONSE TO PLAINTIFFS' EXHIBIT LIST

TO THE HONORABLE COURT AND ALL PARTIES OF RECORD:

1. Comes now, Defendant Brian Snellgrove, and pursuant to the Local Rule CV-16(g)(2), hereby discloses his objections to Plaintiffs' Exhibit List filed at Docket Entry No. 107. These objections are made to preserve objections and to avoid waiver under the Local Rule. Defendant reserves the right to make additional objections depending on how Plaintiff offers his Exhibits at trial.

2. Defendant reserves the right to object to the scope, foundation, context and permissible inferences that Plaintiff may seek to assert at trial.

3. **Plaintiffs' Exhibits 8, 10 11, 12, and 13.** Plaintiff has withheld identification of these exhibits. Defendant thus cannot intelligently assert any objections at this time. Defendant Snellgrove reserves the right to assert objections pending disclosure and offer of these exhibits.

4. **Plaintiffs' Exhibit 16.**  Defendant reserves the right to object to this exhibit depending on the context and authentication of the exhibit since the exhibit is vague as to time and date.

5. **Plaintiffs' Exhibit 17.**  Defendant objects to Plaintiffs' Exhibit 17 in that the Exhibit contains an incomplete description as to who made the email, the time and date the email was made, and as to the contents of the exhibit.  Without knowing more, Defendant objects to this Exhibit as being not having proper authentication, may contain possible hearsay, and without knowing more the exhibit may violate Federal Rules of Evidence 402 and 403.

6. **Plaintiffs' Exhibit 19, 20, 21, 22, 23, 24, 26.**  Defendant objects to the use of discovery responses in lieu of actual testimony.  If the Exhibit is to be used as a basis for impeachment of a Witnesses testimony, Defendant has no objection.

7. **Plaintiffs' Exhibit 25.** Plaintiff has withheld identification of this exhibit.  Defendant thus cannot intelligently assert any objections at this time.  Defendant Snellgrove reserves the right to assert objections pending disclosure and offer of these exhibits.

8. **Plaintiffs' Exhibit 28.**  Defendant to the use of this Exhibit in lieu of actual live testimony by this witness.  The Exhibit as offered is hearsay and denies Defendant his Constitutional Right of Confrontation. The sworn statement standing alone lacks personal knowledge of what was seized on the date in question, lacks proper authentication, and lacks a proper foundation.

9. **Plaintiffs' Exhibit 29.**  This Exhibit completely fails identify what customer statements are being referred to.  Any franchisee customer statements not properly identified are in violation of Federal Rules of Evidence 402 and 403, lack a proper foundation for admission, and are hearsay.  The Exhibit fails to make any showing of how Authorized Snap-on franchisee customer statements have any relationship to Warren Kniepkamp and Austin Hamblin.

Defendant requests that he be allowed to see the actual contemplated Exhibit prior to being required to assert objections.

10. **Plaintiffs' Exhibit 30.** Defendant objects to the lack of authentication and foundation being presented for this Exhibit.

11. **Plaintiffs' Exhibit 32.** Plaintiff has withheld identification of this exhibit.  Defendant thus cannot intelligently assert any objections at this time.  Defendant Snellgrove reserves the right to assert objections pending disclosure and offer of these exhibits.

12. **Plaintiffs' Exhibit 33.** Defendant objects to the authenticity for this Exhibit to the extent that Plaintiffs do not provide any information as to who took the photos and video and unless actually taken at the time of search and seizure, the photos and video are not relevant to the case.  The exhibit is also cumulative to the body cam videos that will be in evidence.

13.  **Plaintiffs' Exhibit 35.**  Plaintiff has withheld identification of this exhibit. Defendant thus cannot intelligently assert any objections at this time.  Defendant Snellgrove reserves the right to assert objections pending disclosure and offer of these exhibits.

14. **Plaintiffs' Exhibit 36.**  Plaintiff objects under Rule 901 to the extent that Plaintiff does not establish the authenticity of the documents and Plaintiff does not establish that the exhibit was prepared in the regular course of business.  The exhibit contains hearsay and Defendant objects that the exhibit as presented violates his right of confrontation.

15.  Defendant objects to Plaintiff blanket reservation of rights to amend or supplement their exhibit list.  To the extent that Plaintiff reserved their right to present additional exhibits, Defendant reserves that right to present objections to the now unknown Plaintiff exhibits.

Respectfully submitted,

/s/ Robert J. Perez

Robert J. Perez
Texas Bar No. 15779050

Robert J. Perez
221 N. Kansas, Suite 1103
El Paso, Texas 79901
(915) 542-1222
Rjperezlaw1@gmail.com

CERTIFICATE OF SERVICE

I certify that on July 28, 2026, a true and correct copy of Defendant's Objections to Plaintiff's Exhibit List was served on all counsel of record via the Court's CM/ECF system.

/s/ Robert J. Perez

Robert J. Perez