**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND / ODESSA DIVISION**

| | | |
|---|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN** | § | |
| | § | |
| **VS.** | § | |
| | § | **NO. 7:25-cv-00245** |
| **MARTIN COUNTY, TEXAS** | § | |
| | § | |
| **BRAD INGRAM,** | § | |
| | § | |
| **ANDERS DAHL,** | § | |
| | § | |
| **KELSEY BROWN,** | § | |
| | § | |
| **RORY GAMMONS,** | § | |
| | § | |
| **WESTON PHELPS, and** | § | |
| | § | |
| **BRIAN SNELLGROVE** | § | |

**PLAINTIFFS' RESPONSE UNDER LOCAL RULE CV-16(g)(3) TO THE MARTIN COUNTY DEFENDANTS' MOTION IN LIMINE**

1. Plaintiffs and Counter Defendants Austin Hamblin and Kiska Hamblin file this Response to the Martin County Defendants' Motion in Limine (Doc. 91) pursuant to Western District of Texas Local Rule CV-16(g)(3) and the Federal Rules of Evidence. Plaintiffs respond to Motion in Limine Nos. 4, 8, 11, 14, and 16. Plaintiffs' exhibit objections and related objections to other pretrial submissions are filed separately.

2. Plaintiffs do not oppose narrow and reciprocal rulings that prevent genuinely undisclosed expert opinions, unsupported valuation testimony, formal spoliation accusations without a predicate ruling, or lay medical diagnosis. Plaintiffs object, however, to language that would exclude admissible testimony based on personal knowledge, bar relevant circumstantial evidence, or prevent Plaintiffs from presenting the theories and evidence that survived summary judgment.

## THE PRETRIAL SUBMISSIONS MUST BE CONFORMED TO THE JULY 24, 2026 OMNIBUS ORDER

3. Document 91 was filed on July 21, 2026. The Court entered its Omnibus Order three days later. (Doc. 110). The Court dismissed the Fourteenth Amendment claim against all Defendants; dismissed the Fourth Amendment claim against Weston Phelps; limited the Section 1983 conspiracy claim to Brad Ingram, Anders Dahl, and Brian Snellgrove; and limited the surviving municipal-liability theory to the single act of Sheriff Ingram as Martin County's final policymaker. (Doc. 110 at 29-33, 38-49).

4. Accordingly, Plaintiffs object to any requested evidentiary limitation that assumes the continued existence of a dismissed claim or theory or that bars evidence relevant to a surviving claim.

## RESPONSE TO THE MARTIN COUNTY DEFENDANTS' MOTION IN LIMINE (DOC. 91)

### Motion in Limine No. 4: Undesignated or Unqualified Expert Opinions

5. Plaintiffs object to Motion in Limine No. 4 to the extent it would convert testimony based on firsthand knowledge automatically into expert testimony or exclude a treating physician merely because no retained-expert report exists. The line must be drawn question by question under Rules 602, 701, and 702.

6. Jesse Metcalf was the second in command under Sheriff Ingram during the relevant time period. Billy Reynolds was the second in command at the Martin County Sheriff's Office under Sheriff Cozart (who took office after Ingram). Plaintiffs intend to ask Metcalf and/or Reynolds about the policies, practices, procedures, and evidence-handling methods actually in place during their service; the matters they personally observed or reviewed; the inventory and recording deficiencies they identified; and facts that may contradict Sheriff

Ingram's testimony, either in the Plaintiff's case-in-chief or in rebuttal. Those are facts derived from Metcalf / Reynolds's own employment and personal knowledge. Plaintiffs do not intend to ask Metcalf / Reynolds to announce constitutional standards, provide generalized national police-practices opinions, or offer opinions beyond the scope of his own experience and that of the Office he worked for.

7. The Martin County Defendants themselves identify Metcalf and Reynolds as a potential 'peace-officer/procedures witness or fact witness concerning policy, inventory, recordings, property handling, or later review.' (Doc. 89 at 3). They should not be permitted to identify him for that subject matter and simultaneously obtain an order that prevents Plaintiffs from eliciting the same firsthand factual testimony. Rule 701 permits opinions rationally based on perception and particularized knowledge derived from a witness's position, while reserving specialized methodology for Rule 702.

8. Plaintiffs also anticipate calling Dr. Scott Barkley, a licensed physician who treated Austin Hamblin for depression and anxiety. Plaintiffs intend to elicit what Dr. Barkley personally observed, the history presented during treatment, the treatment he provided, medications he prescribed, diagnoses and clinical decisions formed during treatment, and the contents of records generated in the ordinary course of care. He was not retained or specially employed to give litigation opinions, so Federal Rule of Civil Procedure 26(a)(2)(B) did not require a retained-expert report (and no such report exists).

9. Plaintiffs do not contend that the absence of a Rule 26(a)(2)(B) report authorizes undisclosed expert opinions. To the extent the Court determines that a particular treatment-based diagnosis, prognosis, or causation opinion falls under Rule 702, the governing disclosure provision is Rule 26(a)(2)(C), and any alleged disclosure deficiency must be evaluated under Rule 37(c)(1), including substantial justification and harmlessness.

A blanket motion in limine should not exclude Dr. Barkley's firsthand treatment testimony before the Court hears the actual question, foundation, and purpose.

10. Motion in Limine No. 4 should therefore be denied as overbroad or clarified to preserve: (1) Reynolds's testimony based on his personal knowledge of Martin County practices and this investigation; (2) Dr. Barkley's firsthand treatment testimony; and (3) any non-retained expert testimony permitted.

**Motion in Limine No. 8: Religious, Social, or Personal Relationships**

11. Plaintiffs do not intend to argue that any witness is more or less truthful because of religious belief or affiliation. Such an argument would be improper under Federal Rule of Evidence 610. Plaintiffs do intend to prove that Ingram attended Bible study at Snellgrove's residence and that Ingram and Snellgrove had an existing friendship and recurring social contact. The evidence is offered to establish the nature and closeness of their preexisting relationship, opportunity for communication, potential bias, motive, and the plausibility of a common plan, not to attack or bolster anyone's religious beliefs.

12. Bias and relationship evidence is ordinarily relevant. See United States v. Abel, 469 U.S. 45, 51-52 (1984). More importantly, the Omnibus Order expressly relied on the friendship, Bible-study attendance, months of communications, and surrounding conduct as circumstantial evidence from which a jury could infer a preceding agreement among Ingram, Dahl, and Snellgrove. (Doc. 110 at 35-38). Motion in Limine No. 8 would improperly remove from the jury evidence the Court has already held relevant to the surviving conspiracy claim.

13. The Court should deny Motion in Limine No. 8 or narrow it to prohibit only arguments based on religious belief, moral character, or religious credibility. Plaintiffs should remain

free to establish the fact, frequency, and setting of the social contacts as relationship and bias evidence.

**Motion in Limine No. 11: Valuation and Replacement-Cost Evidence**

14. Plaintiffs agree that unsupported speculation is inadmissible. Plaintiffs object to any categorical exclusion of retail pricing, catalog pricing, internet pricing, or replacement-cost evidence. Properly authenticated commercial publications and market compilations may be admissible under Federal Rule of Evidence 803(17), and pricing evidence may be relevant to fair market value, replacement cost, loss of use, and the reasonableness of other valuations.

15. Texas law recognizes that fair market value may be established by comparable market sales or replacement cost less depreciation, among other accepted methods. Current retail may require adjustment for age, condition, depreciation, and the relevant valuation date, and defense counsel can argue for such if they wish. But those limitations go to foundation and weight, not categorical exclusion.

16. Plaintiffs anticipate offering Warren Kniepkamp, an experienced Snap-On distributor, in their case-in-chief and, if appropriate, in rebuttal to Snellgrove. Kniepkamp may testify from particularized knowledge concerning Snap-On products, the tools he personally provided to Austin, how Snap-On pricing and distribution work, and how listed prices relate to actual market and replacement values. Austin and Kiska may also provide properly founded owner testimony concerning their property.

17. Any ruling must also be reciprocal. The Martin County Defendants and Snellgrove should not be allowed to rely on Snellgrove's $283,445 valuation, retail invoices, catalogs, or internet prices while excluding comparable evidence from Plaintiffs. The Court should

deny Motion in Limine No. 11 or limit it to evidence lacking authentication, personal knowledge, a hearsay exception, or a demonstrated relationship to a legally permitted measure of damages.

**Motion in Limine No. 14: Missing Body-Camera Footage and Other Recording Evidence**

18. Plaintiffs do not request through this response a formal Rule 37(e) spoliation instruction or a mandatory adverse presumption. Plaintiffs object to Motion in Limine No. 14 because it sweeps much further and seeks to prevent any reference to missing body-camera footage, missing photographs, or adverse evidentiary circumstances unless the Court first authorizes an inference. The motion would improperly suppress relevant historical facts and ordinary credibility argument.

19. Plaintiffs intend to prove the body-camera policies in force; which participating officers were equipped or required to record; which officers did not activate or wear cameras; the existence of a substantial gap in Dahl's recording; Dahl's decision to stop recording; and the absence of footage depicting the bulk loading, transportation, unloading, and storage of the seized property. Plaintiffs also intend to examine witnesses about the reasons for those choices and the resulting absence of an objective record. These matters are relevant to policy compliance, witness credibility, the completeness of the produced clips, the parties' intent, and the surviving conspiracy theory. Fed. R. Evid. 401, 607, 611.

20. The distinction between failure to create a recording and later loss of existing electronically stored information should be preserved. Rule 37(e) governs loss of existing electronically stored information and reserves the most severe adverse-inference remedies for an intent to deprive. It does not make deliberate nonrecording, policy violations, or the incompleteness of offered footage irrelevant. Nor does it prevent counsel from asking the

jury to draw reasonable inferences from conduct and surrounding circumstances. Conspiratorial agreement may be proven circumstantially through conduct. See Mack v. Newton, 737 F.2d 1343, 1350 (5th Cir. 1984); Doc. 110 at 34-38.

21. The Omnibus Order repeatedly relied on the limited available footage and identified what the recorded segments did and did not show. (Doc. 110 at 12-29). If Defendants offer partial clips as an objective account of the search, Plaintiffs must be allowed to explain that the footage is incomplete and to test the reasons for that incompleteness.

22. The Court should deny Motion in Limine No. 14 as written. Alternatively, the Court may prohibit Plaintiffs from using the technical label 'spoliation' or requesting a formal adverse-inference instruction without a separate ruling, while expressly permitting evidence and argument concerning nonactivation, deactivation, gaps, missing recordings or photographs, policy compliance, completeness, credibility, and intent.

**Motion in Limine No. 16: Emotional-Distress Evidence**

23. Plaintiffs agree that a lay witness may not diagnose a psychiatric condition. However, Plaintiffs object to Motion in Limine No. 16 to the extent it would bar family members, friends, coworkers, or treating providers from describing facts they personally observed.

24. Noemi Kniepkamp is Kiska Hamblin's mother and Austin Hamblin's mother-in-law. She communicated with the family regularly during the relevant period and personally observed their condition, behavior, family functioning, and changes from baseline. She may testify about matters such as crying, withdrawal, sleeplessness, anxiety, loss of routine, difficulty caring for the children, the children's placement in her care, and the duration and severity of observable changes. She will not be asked to provide a medical diagnosis.

25. Specific emotional-distress evidence may be supplied by the claimant and corroborated by third parties. Expert testimony is not categorically required. See Thomas v. Texas Department of Criminal Justice, 297 F.3d 361, 368-70 (5th Cir. 2002); McCaig v. Wells Fargo Bank (Tex.), N.A., 788 F.3d 463, 482-84 (5th Cir. 2015). The appropriate safeguard is to require personal knowledge and concrete testimony concerning the nature, extent, severity, and duration of the observed harm, not to exclude lay testimony entirely.

26. Motion in Limine No. 16 should be denied or narrowed to exclude only undisclosed records, medical diagnoses by lay witnesses, or specialized causation opinions lacking the disclosures and foundation required by Rules 26, 701, and 702.

## PRAYER

27. Plaintiffs respectfully request that the Court deny or narrow Motion in Limine Nos. 4, 8, 11, 14, and 16 consistent with the limitations stated above and grant such other and further relief to which Plaintiffs may be entitled.

## Certificate of Service

I certify that on the date reflected by the CM/ECF date stamps I filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that those participants in the case that are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Respectfully Submitted,

/s/ Kurt Mueller

------------------------------------

Kurt Mueller
Texas Bar No. 24133133

The Kurt Mueller Law Firm PLLC
565 S Mason Rd PMB 223
Katy, Texas 77450
(713) 360-2110
kurt@kurtmuellerpllc.com