IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| AUSTIN HAMBLIN and KISKA HAMBLIN,<br>    Plaintiffs and Counter Defendants,<br><br>v.<br><br>MARTIN COUNTY, TEXAS, BRAD INGRAM,<br>ANDERS DAHL, KELSEY BROWN, RORY<br>GAMMONS, WESTON PHELPS, each in their<br>individual capacities,<br>    Defendants,<br><br>v.<br><br>BRIAN SNELLGROVE,<br>    Defendant and Counter Plaintiff. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.<br>7:25-CV-00245-RCG |

**DEFENDANTS' OPPOSED MOTION FOR LEAVE TO SUPPLEMENT VERDICT-FORM SUBMISSION IN LIGHT OF THE OMNIBUS ORDER AND TO SUBMIT RULE 49 SPECIAL INTERROGATORIES REGARDING PROPERTY-VALUE DAMAGES**

Defendants Martin County, Texas, Brad Ingram, Anders Dahl, Kelsey Brown, Rory Gammons, and Weston Phelps, each without waiving any prior rulings, defenses, objections, or preserved positions, are referred to collectively herein as the "Martin County Defendants." [1] The Martin County Defendants respectfully move for leave to supplement their verdict-form submission in light of the Court's Omnibus Order and to submit targeted written interrogatories under Federal Rule of Civil Procedure 49 regarding Plaintiffs' claimed property-value damages. In support, the Martin County Defendants respectfully show the Court as follows:

**I.**

**INTRODUCTION AND RELIEF REQUESTED**

The Martin County Defendants request leave to supplement their verdict-form submission

---

[1] Weston Phelps was dismissed as a party in the Court's Omnibus Order filed July 24, 2026 [docket number 110].

with the written interrogatories attached as Exhibit A, or with substantially similar Rule 49 findings. The requested interrogatories are necessary because the Omnibus Order materially narrowed the claims to be tried and eliminated the Fourteenth Amendment procedural due-process theory as a basis for liability or damages. Without special findings, a global property-value question risks permitting a non-segregated award for unowned property, lawfully seized property, dismissed theories, Snellgrove-only conduct, or speculative value evidence.

## II.

## BACKGROUND

The Court's Omnibus Order narrowed the case in material respects. As relevant here, the Court dismissed Plaintiffs' Fourteenth Amendment procedural due-process claim against all Defendants; dismissed the Fourth Amendment claim against Weston Phelps; dismissed the Section 1983 conspiracy claim against Phelps, Brown, and Gammons; and narrowed the municipal-liability claim against Martin County to a single-act-final-policymaker theory. The remaining federal theories against the Martin County Defendants are limited to the Fourth Amendment unreasonable search/seizure claim against Ingram, Dahl, Brown, and Gammons; the Fourth Amendment-predicate conspiracy claim against Ingram and Dahl; and the Monell single-act-final-policymaker theory against Martin County.

## III.

## GOOD CAUSE EXISTS TO CONSIDER THIS SUPPLEMENTAL REQUEST

The Martin County Defendants acknowledge that the parties' Local Rule pretrial disclosures were due on July 21, 2026, and that the Martin County Defendants submitted their proposed jury materials on that date. The Court's Omnibus Order, however, was issued after those submissions. Objections to the parties' pretrial materials were due and submitted on July 28, 2026,

and the pretrial hearing is set for August 4, 2026.

The Omnibus Order materially narrowed the claims and damages theories to be tried, including dismissal of the Fourteenth Amendment procedural due-process claim against all Defendants and narrowing of the remaining federal claims against the Martin County Defendants. The Martin County Defendants therefore seek leave to supplement their verdict-form submission for the limited purpose of requesting written Rule 49 findings that correspond to the narrowed trial posture created by the Court's intervening ruling.

This request is not made for delay, surprise, or tactical advantage. It is directed to the form of jury findings necessary to ensure that any property-value award is based only on surviving claims and properly segregated factual predicates. The requested supplement will not prejudice Plaintiffs because the pretrial hearing has not yet occurred, the charge has not been finalized, and Plaintiffs may respond to or object to the proposed interrogatories before or at the pretrial hearing.

By contrast, refusing to consider the supplement would risk submission of a general damages question that permits an award for dismissed theories, unowned property, lawfully seized property, Snellgrove-only conduct, or speculative value evidence. Accordingly, good cause and the interests of a legally accurate jury submission support consideration of Defendants' supplemental Rule 49 request.

## IV.

## ARGUMENT AND AUTHORITIES

### A.  Rule 49 authorizes special findings and written interrogatories.

Rule 49 provides two related procedural tools for obtaining written jury findings: a special verdict under Rule 49(a) and a general verdict accompanied by written questions under Rule 49(b). Under Rule 49(a), the Court may require the jury to return special written findings on each issue

of fact, including by submitting written questions susceptible of categorical or other brief answers, written forms of special findings, or any other method the Court considers appropriate. Fed. R. Civ. P. 49(a). Under Rule 49(b), the Court may submit written factual questions together with a general verdict. Fed. R. Civ. P. 49(b); *see also Richard's Paint & Body Shop, LLC v. BASF Corp.*, No. A-11-CA-560 AWA, 2012 U.S. Dist. LEXIS 158069, at *19-21 (W.D. Tex. 2012) (explaining the distinction between Rule 49(a) special verdict findings and Rule 49(b) written questions accompanying a general verdict and stating that "[i]n more complex cases, courts may use multiple general verdicts or they can mix and match general and specific verdicts with regard to different claims."). Both mechanisms confirm that written interrogatories may be used to focus the jury on the factual predicates necessary to support a legally proper verdict. The Fifth Circuit has recognized that "[t]he special verdict permitted by Rule 49(a) is a splendid device for clarification of jury verdicts and for focusing the jurors' attention on the disputed facts without the possible confusion that may result from a lengthy charge concerning the different legal rules that would apply if the jury reaches one factual conclusion rather than another. Therefore, we have repeatedly and frequently praised its use." *Guidry v. Kem Mfg. Co.*, 598 F.2d 402, 405 (5th Cir. 1979) (praising Rule 49(a) special verdicts as a device for clarifying jury findings and focusing the jury on disputed factual issues).

**B. Special findings are necessary to avoid a non-segregated or legally unsupported property-value award.**

A general damages question asking the jury to state the value of "tools" or property "as a whole" would not adequately protect against an improper verdict in the present posture. Such a question would not require the jury to separate property Plaintiffs owned from property they did not own, property actually seized from property not seized, wrongfully seized property from

lawfully seized property, damages caused by surviving federal claims from damages attributable to dismissed theories or Snellgrove-only conduct, or competent value proof from speculation.

## C. The proposed interrogatories are narrowly tailored to the narrowed claims and damages issues.

The proposed interrogatories require the jury to make only those findings necessary to support a recoverable property-value award: ownership or right to possess, seizure, wrongfulness under a surviving claim, proximate causation, competent value, allocation by Plaintiff, and Defendant-specific causation. These findings will guide the jury, avoid duplication, and permit meaningful review of any verdict.

## D. The Court should submit Exhibit A or substantially similar Rule 49 findings.

For these reasons, the Martin County Defendants respectfully request that the Court grant leave to supplement the verdict-form submission and submit Exhibit A, or substantially similar written interrogatories sufficient to segregate recoverable from non-recoverable property-value damages.

## V.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Martin County Defendants respectfully request that the Court grant leave to supplement their verdict-form submission, consider the Rule 49 special interrogatories attached as Exhibit A, submit those interrogatories or substantially similar written findings to the jury, predicate such supplementation on the Omnibus Order and the narrowed scope of trial, and grant the Martin County Defendants all other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

*/s/ Denis Dennis*
DENIS DENNIS
State Bar No. 05655566
BENJAMIN PETTY
State Bar No. 24105934

OF
KELLY, MORGAN, DENNIS,
CORZINE & HANSEN, P.C.
P.O. Box 1311
Odessa, Texas 79760-1311
(432) 367-7271 / FAX: (432) 363-9121
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF CONFERENCE

Counsel for the Martin County Defendants conferred with counsel for Plaintiffs and counsel for Defendant and Counter-Plaintiff Brian Snellgrove regarding the relief requested in this Motion. Plaintiffs' **counsel opposes** the requested relief. Snellgrove's counsel **does not oppose** the requested relief.

## CERTIFICATE OF SERVICE

I hereby certify that on the date of filing, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

*/s/ Denis Dennis*
DENIS DENNIS