**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND / ODESSA DIVISION**

| | | |
|---|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN** | § | |
| | § | |
| **VS.** | § | |
| | § | **NO.   7:25-cv-00245** |
| **MARTIN COUNTY , TEXAS** | § | |
| | § | |
| **BRAD INGRAM,** | § | |
| | § | |
| **ANDERS DAHL,** | § | |
| | § | |
| **KELSEY BROWN,** | § | |
| | § | |
| **RORY GAMMONS,** | § | |
| | § | |
| **WESTON PHELPS,  and** | § | |
| | § | |
| **BRIAN SNELLGROVE** | § | |

**PLAINTIFFS' EXPEDITED MOTION FOR LEAVE TO SUPPLEMENT EXHIBIT
IDENTIFICATION AND RULE 26(a)(3) PRETRIAL DISCLOSURES**

TO THE HONORABLE JUDGE OF SAID COURT:

1. Plaintiffs Austin Hamblin and Kiska Hamblin respectfully request expedited leave to replace the reserved entries P-10 through P-13 in their Local Rule CV-16(f)(4) exhibit identification with four specifically identified exhibits. The request is narrow. It adds no claim, defense, witness, expert opinion, or category of damages.

2. Two exhibits, P-10 and P-11, were dynamic records that were finalized on August 3, 2026, so that the Court and jury would receive current, accurate information through the eve of the final pretrial conference. The other two, P-12 and P-13, are not newly disclosed evidence. They were previously produced and marked as Exhibits 2 and 3 to Austin Hamblin's deposition, and the

Martin County Defendants affirmatively designated the same deposition exhibits and record categories as expected trial evidence.

3. Good cause exists under Federal Rule of Civil Procedure 16(b)(4), the supplementation is timely under Rule 26(e), and any defect in Plaintiffs' original exhibit-list descriptions is substantially justified and harmless under Rule 37(c)(1). Because the final pretrial conference is set for August 4, 2026, and trial is set for August 24, 2026, Plaintiffs respectfully request that the Court address this motion at the final pretrial conference or otherwise on an expedited basis.

## I. RELEVANT BACKGROUND

4. Plaintiffs timely filed their Local Rule CV-16(f)(4) exhibit identification. The filing reserved exhibit numbers P-10 through P-13, using the word "withheld" while Plaintiffs completed and verified the intended records. Plaintiffs recognize that a reserved number is not, by itself, the completed "appropriate identification" required by Local Rule CV-16(f)(4). Plaintiffs therefore seek leave rather than assume supplementation as of right.

5. Plaintiffs seek to identify the four reserved exhibits as follows:

| Exhibit | Identification | Status | Purpose |
|---|---|---|---|
| **P-10** | Snap-on Online Store Product and Retail Price Compilation, generated August 3, 2026, containing product numbers, descriptions, and then-current listed retail prices for products corresponding to disputed property. | Expected | Valuation and replacement-cost context. |
| **P-11** | Dominguez Tools LLC Authorized Snap-on Franchisee Customer Statement for Austin Hamblin, complete history through August 3, 2026. | Expected | Purchases, replacement efforts, mitigation, occupational use, and damages. |
| **P-12** | Doug Scott Tools Sales History for Austin Hamblin, October 23, 2024 through December 31, 2025. | Expected | Purchases, replacement efforts, mitigation, occupational use, and damages. |
| **P-13** | Warren Kniepkamp Authorized Snap-on Franchisee Customer Statement for Austin Hamblin, January 1, 2010 through May 24, 2023. | Expected | Lawful acquisition, ownership, possession, product identification, and valuation. |

6. P-10 was generated from the Snap-on online store on August 3, 2026. P-11 was printed by a authorized Snap-on franchisee on August 3, 2026, includes transactions through that date, and is expressly labeled a complete-history customer statement for that store between the listed dates. Plaintiffs are serving those finalized documents contemporaneously with this motion.

7. P-12 and P-13 were already part of the discovery record. P-12 was marked as Exhibit 2 to Austin Hamblin's deposition, and P-13 was marked as Exhibit 3. Defense counsel therefore possessed the documents and had the opportunity to question Austin about them. The requested supplementation corrects Plaintiffs' exhibit-list identification; it does not reveal concealed evidence.

8. The Martin County Defendants' own exhibit list confirms actual notice. Their G-5 designates selected excerpts from Austin Hamblin's deposition "including exhibits marked therein." Their G-7 separately designates deposition exhibits including a "sales history" and "customer statement." Their G-14 designates "Snap-On account records, invoices, credit contracts, customer statements, inventory records, serial-number records, and warranty/return records" for ownership, valuation, alleged stolen property, and damages. Martin County Defendants' CV-16(f) Pretrial Materials, Doc. 88 at 2-3.

9. Plaintiffs filed this motion thirteen days after the original exhibit identification, immediately after P-10 and P-11 were finalized, and twenty-one days before trial. Plaintiffs do not request a continuance.

## II. GOVERNING STANDARDS

10. Local Rule CV-16(f)(4) requires an appropriate identification of each non-impeachment exhibit at least fourteen days before the earliest trial-related setting. W.D. Tex. Loc. R. CV-16(f)(4). When a scheduling or pretrial deadline has passed, Rule 16(b)(4) permits modification

for good cause and with the Court's consent. Good cause focuses on whether the deadline could reasonably have been met despite the movant's diligence. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, N.A.*, 315 F.3d 533, 535-36 (5th Cir. 2003).

11. The Fifth Circuit guides the Court's discretion through four considerations: (1) the explanation for the untimely request; (2) the importance of the proposed amendment; (3) potential prejudice; and (4) the availability of a continuance or another measure to cure prejudice. *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167-68 (5th Cir. 2010). A less-than-persuasive explanation does not end the inquiry when importance and lack of prejudice establish good cause. *Id.* at 168.

12. Rule 26(e)(1)(A) requires timely supplementation when a prior disclosure is materially incomplete or incorrect, unless the corrective information has otherwise been made known during discovery or in writing. Rule 37(c)(1) permits use of information despite a disclosure defect when the failure was substantially justified or harmless. The Fifth Circuit considers the explanation, importance, prejudice, and availability of a continuance in making that determination. *CQ, Inc. v. TXU Mining Co., L.P.*, 565 F.3d 268, 279-80 (5th Cir. 2009).

13. To the extent the Court treats this request as an after-deadline extension under Rule 6(b)(1)(B), the Court may grant relief for excusable neglect after considering the danger of prejudice, the length and impact of the delay, the reason for the delay and whether it was within the movant's control, and good faith. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993).

14. Rule 16(e)'s manifest-injustice standard governs modification of an order issued after a final pretrial conference. No such final pretrial order had issued when this motion was filed. If the

Court nevertheless applies Rule 16(e), the same facts establish that a narrow amendment is necessary to prevent manifest injustice without unfairly injuring Defendants.

### III. GOOD CAUSE EXISTS, AND THE SUPPLEMENTATION IS HARMLESS

**A. Plaintiffs acted diligently and have a concrete explanation.**

15. For P-10 and P-11, the timing follows from the nature of the records. Online retail prices and an active customer account change over time. Plaintiffs reserved specific exhibit numbers while obtaining, compiling, and verifying final versions current through the final pretrial conference. P-10 and P-11 were finalized on August 3, and Plaintiffs moved for leave immediately. The short interval reflects an effort to provide accurate evidence, not tactical delay.

16. For P-12 and P-13, the underlying documents were timely made known in discovery. Rule 26(e)(1)(A) expressly recognizes that additional corrective disclosure is unnecessary when the information has otherwise been made known during discovery or in writing. These documents were marked as Austin deposition exhibits, available for examination, and later identified by the Martin County Defendants as expected evidence. The omission was limited to the descriptions on Plaintiffs' own exhibit list.

17. Plaintiffs acknowledge that P-12 and P-13 could have been specifically named in the original list. But even if the Court treats that omission as weighing against Plaintiffs on the explanation factor, it does not outweigh the importance of the evidence and the absence of meaningful prejudice. *Meaux*, 607 F.3d at 168. And in any event, Plaintiffs in their evidence disclosure reserved the right to use any exhibit or demonstrative of any of the other parties, and thus the disclosure was implicit.

**B. The exhibits address central ownership, valuation, and mitigation issues.**

18. Ownership and lawful possession of the disputed tools are central trial issues. P-13 is product-level evidence of Austin's lawful acquisition of professional tools from an independent Snap-on franchisee before the May 2023 seizure. It directly corroborates Plaintiffs' longstanding position that Austin accumulated tools from sources other than Defendant Snellgrove.

19. P-11 and P-12 document post-seizure purchases from independent tool sellers. Subject to foundation and the Court's evidentiary rulings, they are relevant to replacement efforts, mitigation, continuing occupational need, and the financial consequences of losing a working mechanic's tool collection.

20. P-10 provides current product-number and retail-price context for Snap-on products corresponding to claimed property. It also helps translate broad inventory labels such as "sockets," "wrenches," and "hand tools" into the individual components and sets those categories may encompass.

21. Together, the records help the jury understand how a working mechanic acquires, finances, maintains, and replaces professional tools through independent franchisees. They bear on lawful acquisition, credibility, valuation, mitigation, and damages. Excluding them because Plaintiffs' list retained placeholder descriptions would elevate a correctable identification defect over the merits.

**C. Defendants cannot show unfair surprise or litigation prejudice.**

22. P-12 and P-13 are not surprise evidence. They were deposition exhibits. The Martin County Defendants then represented to the Court that Austin's deposition exhibits, a sales history, a customer statement, and Snap-on account records were evidence they expected to offer. A party is not unfairly surprised by documents it possessed, could examine at deposition, and affirmatively designated for trial.

23. P-11 falls squarely within G-14's designated category of Snap-on customer statements and account records. P-10 concerns the same valuation subject expressly identified in G-14. The precise August 3 versions are updated records, but their subject matter, purposes, product numbers, and relevance are not new.

24. Defendant Snellgrove likewise cannot show trial by ambush. P-12 and P-13 were part of the common deposition record. Ownership, independent acquisition, Snap-on customer records, and valuation have been disputed throughout this case. Snellgrove is himself a Snap-on franchisee and is uniquely familiar with Snap-on product numbers, account statements, dealer records, and pricing practices.

25. The requested supplementation changes no liability theory or damages category and requires no new expert analysis. Trial remains twenty-one days away. The records are straightforward transaction and product records. Any additional review burden is limited and can be addressed without moving trial.

26. In *Meaux*, the Fifth Circuit found only minor prejudice where the opposing parties had discovery on the subject and prior warning. 607 F.3d at 168. The court explained that being denied the ability to prevail on a technicality is not the type of prejudice that warrants exclusion. *Id.* The notice here is stronger because Defendants possessed the exact historical records and the Martin County Defendants designated them.

**IV. CONFERENCE STATEMENT AND REQUEST FOR WAIVER**

27. Plaintiffs' counsel was unable to complete a conference before filing this motion. P-10 and P-11 were not finalized until late on August 3, 2026, and the final pretrial conference is set for August 4, 2026. Plaintiffs filed promptly so that the Court could address the proposed exhibit identifications at the conference rather than after it. Plaintiffs do not represent that this motion is unopposed. Service through CM/ECF will provide all counsel immediate electronic notice of the motion and exhibits, and Plaintiffs will be prepared to confer before or at the final pretrial conference. Plaintiffs respectfully request that the Court waive the conference requirement under Local Rule CV-1(e), or alternatively permit Defendants to state their positions at the conference before the Court rules.

**V. CONCLUSION**

28. Plaintiffs respectfully request that the Court waive the prefiling conference requirement for this motion, grant leave to file the proposed Supplemental Exhibit Identification attached as Exhibit A, permit Plaintiffs to identify P-10 through P-13 for use at trial subject to all proper evidentiary objections, allow Defendants seven days to serve exhibit-specific objections, take up the request at the August 4 final pretrial conference, and grant all other relief to which Plaintiffs are entitled.

**CERTIFICATE OF SERVICE**

I certify that on the date reflected by the CM/ECF filing stamp, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

Respectfully Submitted,

/s/ Kurt Mueller

-----------------------------------------------------------

Kurt Mueller
Texas Bar No. 24133133
The Kurt Mueller Law Firm PLLC
 565 S Mason Rd PMB 223
Katy, Texas 77450
(713) 360-2110
kurt@kurtmuellerpllc.com
*Counsel for Plaintiffs*