**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND / ODESSA DIVISION**

| | | |
|---|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN** | § | |
| | § | |
| **VS.** | § | |
| | § | **NO. 7:25-cv-00245** |
| **MARTIN COUNTY, TEXAS** | § | |
| | § | |
| **BRAD INGRAM,** | § | |
| | § | |
| **ANDERS DAHL,** | § | |
| | § | |
| **KELSEY BROWN,** | § | |
| | § | |
| **RORY GAMMONS,** | § | |
| | § | |
| **WESTON PHELPS, and** | § | |
| | § | |
| **BRIAN SNELLGROVE** | § | |

**PLAINTIFFS' NOTICE REGARDING COURT-ORDERED CONFERENCE TO NARROW CLAIMS**

1. Plaintiffs Austin Hamblin and Kiska Hamblin file this Notice to memorialize their compliance with the Court's August 5, 2026 Order Memorializing Final Pretrial Conference. Doc. 127. In its Order, the Court directed Plaintiffs and Defendant Brian Snellgrove to "confer and submit to the Court any agreements to narrow the claims proceeding to trial no later than August 7, 2026." Doc. 127 at 1. in no uncertain terms, that I am not to settle anything

2. In compliance with that directive, undersigned counsel contacted Mr. Perez, counsel for Defendant Brian Snellgrove, on August 7, 2026, concerning the possibility of narrowing the claims remaining for trial. The parties communicated by text message and email.

3. During those communications, Mr. Perez advised undersigned counsel that he had been instructed by his client, Defendant Brian Snellgrove, "in no uncertain terms, that I am not to settle anything."

4. Plaintiffs are continuing to review the claims remaining for trial and anticipate filing an appropriate motion pursuant to Federal Rules of Civil Procedure 15 and 16 seeking leave to withdraw certain counts before trial. Any such request will be made in the spirit of simplifying and narrowing the issues for presentation to the jury, consistent with the Court's encouragement during the August 4, 2026 Final Pretrial Conference.

5. Plaintiffs further note that any narrowing of their state-law causes of action will not constitute a withdrawal or limitation of the compensatory damages they seek through their surviving claims under 42 U.S.C. § 1983.

6. The basic purpose of a § 1983 damages award is to compensate persons for injuries caused by the deprivation of constitutional rights. Carey v. Piphus, 435 U.S. 247, 254-57 (1978); Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 306-07 (1986). Compensable injury under § 1983 is not confined to out-of-pocket loss but extends to other monetary harms and to personal humiliation and mental anguish and suffering. Stachura, 477 U.S. at 307. Accordingly, to the extent Plaintiffs establish liability on their surviving § 1983 claims and prove causation and damages at trial, Plaintiffs intend to seek full compensation for all actual injuries caused by those constitutional violations, including, without limitation, the value of any tools or other property improperly seized and not returned, damages arising from the loss of use of that property, lost employment, lost income, and other economic harm proximately caused by the deprivation, and mental and emotional harm supported by competent evidence. See Carey, 435 U.S. at 264 & n.20; Hale v. Fish, 899 F.2d 390, 403-04 (5th Cir. 1990) (affirming a § 1983 compensatory award encompassing mental anguish, damage to reputation, and legal fees, and holding that a legal debt

incurred as a consequence of the violation is actual damage); Forsyth v. City of Dallas, 91 F.3d 769, 774-75 (5th Cir. 1996) (affirming § 1983 mental anguish awards supported by the plaintiffs' testimony).

7. To the extent Plaintiffs establish municipal liability against Martin County under their surviving Monell theory, Plaintiffs likewise intend to seek, without duplication, the compensatory damages caused by the constitutional violation attributable to the County. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978) (local governing bodies may be sued directly under § 1983 for monetary relief where the unconstitutional action implements or executes a policy adopted by that body's officers or a governmental custom).

8. Plaintiffs file this Notice solely to memorialize the August 7, 2026 conference and the parties' respective positions following the Court's directive. Plaintiffs request no relief from the Court through this Notice and reserve any request to narrow the claims for an appropriate motion.

Certificate of Service

I certify that on the date reflected by the CM/ECF date stamps I filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that those participants in the case that are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Respectfully Submitted,

/s/ Kurt Mueller
------------------------------------

Kurt Mueller
Texas Bar No. 24133133

The Kurt Mueller Law Firm PLLC
565 S Mason Rd PMB 223
Katy, Texas 77450
(713) 360-2110
kurt@kurtmuellerpllc.com