**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| AUSTIN HAMBLIN and KISKA HAMBLIN, | § | |
| Plaintiffs, | § | |
| v. | § | **MO:25-CV-00245-RCG** |
| BRAD INGRAM, ANDERS DAHL, KELSEY | § | |
| BROWN, RORY GAMMONS, each in their | § | |
| individual capacity; MARTIN COUNTY, TEXAS; | § | |
| and BRIAN SNELLGROVE, | § | |
| Defendants. | § | |

**PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT AND FOR VOLUNTARY WITHDRAWAL AND DISMISSAL WITHOUT PREJUDICE OF COUNTS 6 AND 8**

1. Plaintiffs Austin Hamblin and Kiska Hamblin respectfully move under Federal Rules of Civil Procedure 15(a)(2), 16(b)(4), 16(c)(2)(A), and, to the extent applicable, 16(e), for leave to file the proposed Fourth Amended Complaint attached as Exhibit A and to voluntarily withdraw Count 6, Negligence, and Count 8, Texas Theft Liability Act (TTLA), against Defendant Brian Snellgrove. Plaintiffs request that the Court dismiss both counts WITHOUT PREJUDICE on the exact terms stated in this Motion and the accompanying proposed Order.

2. This is a voluntary withdrawal initiated by Plaintiffs. It is not a settlement, compromise, concession on the merits, or attempt to avoid an adverse verdict, ruling, or judgment. Plaintiffs seek the withdrawal to simplify and narrow the issues for trial in direct response to the Court's encouragement at the August 4, 2026 Final Pretrial Conference and the Court's written directive that Plaintiffs and Defendant Snellgrove confer regarding agreements to narrow the claims proceeding to trial. Doc. 127 at 1.

3. Plaintiffs expressly condition the requested withdrawal on dismissal WITHOUT PREJUDICE, a determination that Defendant Snellgrove is not a prevailing party with

respect to either withdrawn count, and an allocation under which each party bears its own court costs, litigation expenses, fees, and attorney's fees attributable to Counts 6 and 8. Plaintiffs do not consent to dismissal with prejudice or to any fee or cost award arising from the withdrawal. If the Court is unwilling to grant the requested relief on the terms expressly stated herein, Plaintiffs respectfully request that the Court deny this Motion rather than alter the requested disposition.

## I. BACKGROUND AND THE COURT'S DIRECTION TO NARROW THE CASE

4. The Third Amended Complaint is the live pleading. Doc. 74. It asserts Count 6, Negligence, and Count 8, TTLA, only against Defendant Snellgrove. Plaintiffs seek to withdraw only those two counts. No other claim, defense, damages theory, or request for relief, except relief unique to Counts 6 and 8, is withdrawn by this Motion.

5. The Court has not entered judgment against Plaintiffs on either claim. In the July 24, 2026 Omnibus Order, the Court identified the elements of the TTLA claim and denied Plaintiffs' request for affirmative summary judgment because a factual dispute remained concerning Plaintiffs' possessory rights. Doc. 110 at 47-48. The Court did not dismiss the TTLA claim or enter judgment for Defendant Snellgrove. The negligence claim likewise remained part of the live pleading and was not disposed of in the Omnibus Order.

6. At the August 4, 2026 Final Pretrial Conference, the Court encouraged the parties to simplify and narrow the state-law claims to be presented to the jury. The Court then ordered that Plaintiffs and Defendant Snellgrove confer and submit any agreements to narrow the claims proceeding to trial no later than August 7, 2026. Doc. 127 at 1.

7. Undersigned counsel complied on August 7, 2026, by conferring with Mr. Perez, counsel for Defendant Snellgrove, by text message and email. Mr. Perez advised that his client had instructed him not to settle any portion of the case under any conditions and therefore

would not consent to withdrawal of any pending count. No agreement was reached. This Motion is opposed.

8. Plaintiffs nevertheless have independently concluded that voluntarily withdrawing the negligence and TTLA counts will materially simplify the trial. The withdrawal removes separate elements, jury instructions, and statutory fee issues; reduces duplication among overlapping state and federal theories; and permits the jury to focus on the claims the parties will actually litigate. The requested withdrawal therefore implements the trial-management objective identified by the Court.

## II. RULE 15 IS THE PROPER VEHICLE, AND PLAINTIFFS HAVE COMPLIED WITH THE LOCAL RULES

9. Rule 41 addresses dismissal of an action, not the deletion of selected causes of action from an otherwise continuing case. The Fifth Circuit has therefore explained that elimination of part of an action is properly treated as an amendment under Rule 15. Ryan v. Occidental Petroleum Corp., 577 F.2d 298, 302 n.2 (5th Cir. 1978); see also Williams v. Taylor Seidenbach, Inc., 958 F.3d 341, 347 (5th Cir. 2020) (en banc) (recognizing amendment under Rule 15 as the straightforward means of excising remaining claims).

10. Rule 15(a)(2) provides that leave should be freely given when justice so requires. Leave is particularly appropriate here because the proposed amendment adds no claim, party, factual allegation, witness, exhibit, or theory. It only reflects the voluntary withdrawal without prejudice of Counts 6 and 8 and makes the minimum conforming changes necessary to memorialize that withdrawal. There is no undue delay, bad faith, dilatory motive, repeated failure to cure pleading defects, undue prejudice, or futility. See Foman v. Davis, 371 U.S. 178, 182 (1962).

11. Western District of Texas Local Rule CV-7(b) requires an executed proposed pleading to accompany a motion for leave. Although Plaintiffs do not believe a complete repleading is substantively necessary to withdraw two individual counts, Plaintiffs submit the proposed Fourth Amended Complaint as Exhibit A in an abundance of caution and to ensure full compliance with the Local Rules. The proposed pleading makes no other substantive amendment, does not seek reconsideration of any prior ruling, and does not revive any claim or party previously voluntarily dismissed. It does however continue pleading the fourteenth amendment cause of action so as to indicate Plaintiffs are not withdrawing this portion of the complaint and to preserve its objection to the Court's omnibus order.

## III. GOOD CAUSE EXISTS UNDER RULE 16

12. Because the pleading-amendment deadline has passed, Rule 16(b)(4) requires good cause before Rule 15's liberal standard applies. S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, N.A., 315 F.3d 533, 535-36 (5th Cir. 2003). The relevant considerations are: (1) the explanation for the amendment; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure any prejudice. Id. at 536.

13. The explanation strongly favors leave. Plaintiffs are acting promptly after the Court encouraged narrowing at the August 4 Final Pretrial Conference, memorialized that direction in the August 5 Order, and required the parties to confer by August 7. Doc. 127 at 1. Plaintiffs conferred by the ordered deadline and now seek the Court's permission after Defendant declined to agree.

14. The amendment is important because it materially simplifies the issues for the jury and the Court. It removes two overlapping causes of action, avoids duplicative instructions and verdict questions, and eliminates a separate fee-shifting issue under the TTLA.

15. Allowing the amendment causes Defendant no cognizable prejudice. Plaintiffs are not expanding the case. Defendant will have two fewer claims to defend, and no discovery, witness, exhibit, expert, or trial strategy must be added in response.

16. No continuance is necessary. The amendment reduces, rather than increases, the work required for trial and allows the August 24, 2026 trial setting to remain intact. These circumstances establish good cause under Rule 16(b)(4).

17. To the extent the final pretrial order controls the claims to be tried, modification is also appropriate under Rules 16(c)(2)(A) and 16(e). Rule 16 expressly contemplates formulating and simplifying issues. Requiring Plaintiffs to try claims they have voluntarily elected to withdraw, after the Court encouraged narrowing, would create unnecessary expense and juror confusion. Modifying the pretrial order solely to remove Counts 6 and 8 prevents manifest injustice and prejudices no party.

## IV. THE WITHDRAWAL IS NOT SOUGHT TO AVOID AN ADVERSE MERITS RESULT

18. There has been no adverse verdict, judgment, or merits dismissal of Count 6 or Count 8. Trial has not begun. The TTLA claim survived as a live claim after the Court determined that a factual dispute prevented affirmative summary judgment for Plaintiffs. Doc. 110 at 47-48. The negligence claim was not adjudicated. Plaintiffs are voluntarily relinquishing the opportunity to try two live claims, not attempting to escape a judgment already entered or a ruling that would otherwise dispose of them.

19. The timing confirms the purpose. Plaintiffs seek withdrawal only after the Court encouraged the parties to narrow the state-law theories and ordered a conference directed to that subject. Doc. 127 at 1. Plaintiffs promptly conferred, failed to obtain agreement, and now

seek leave to accomplish the Court's stated objective through the proper procedural mechanism.

20. This case therefore differs from BBP Sub I LP v. Di Tucci, No. 05-12-01523-CV, 2014 WL 3743669, at *4 (Tex. App.-Dallas July 29, 2014, no pet.) (mem. op.), where the record supported a finding that the plaintiff nonsuited its TTLA claim to avoid an unfavorable ruling after the defendant sought summary judgment. Here, the Court has not entered or announced an adverse merits ruling on either withdrawn count, Defendant Snellgrove has obtained no merits relief on either count, and the withdrawal follows the Court's own direction to simplify the case.

21. Plaintiffs therefore request an express finding that the withdrawal is made to simplify and narrow the issues for trial and is not made to avoid an adverse verdict, unfavorable ruling, or judgment on the merits.

## V. DEFENDANT SNELLGROVE IS NOT A PREVAILING PARTY

22. The TTLA provides that each person who prevails in a suit under that chapter shall be awarded court costs and reasonable and necessary attorney's fees. Tex. Civ. Prac. & Rem. Code § 134.005(b). The requested without-prejudice disposition does not make Defendant Snellgrove a prevailing party.

23. In Epps v. Fowler, the Supreme Court of Texas held that a defendant ordinarily is not a prevailing party when a plaintiff voluntarily dismisses without prejudice because that disposition does not materially alter the parties' legal relationship. 351 S.W.3d 862, 868-70 (Tex. 2011). The limited exception applies only when the trial court determines, on the defendant's motion, that the plaintiff dismissed to avoid an unfavorable judgment. Id. at 870.

24. Texas courts have applied that principle directly to the TTLA. In Cricket Communications, Inc. v. Trillium Industries, Inc., the court held that defendants were not prevailing parties under § 134.005(b) where the theft claims were voluntarily dismissed without prejudice. 235 S.W.3d 298, 311 (Tex. App.-Dallas 2007, no pet.). The same result follows here, especially because the requested Order will expressly find that the withdrawal is for trial simplification and not to avoid an unfavorable merits result.

25. The Court should therefore determine that Defendant Snellgrove is not a prevailing party as to Count 6 or Count 8 by reason of the withdrawal or the resulting dismissal without prejudice. That determination is an express and indispensable condition of the relief Plaintiffs request.

## VI. FEE AND COST ALLOCATION FOR THE WITHDRAWN COUNTS

26. Plaintiffs request that each party bear its own court costs, litigation expenses, fees, and attorney's fees attributable to Counts 6 and 8. No party should recover any such amount from another party based on the voluntary withdrawal, the dismissal without prejudice, or work attributable solely to those two counts.

27. That requested allocation is limited. It does not waive, restrict, or adjudicate any right to recover taxable costs, litigation expenses, fees, or attorney's fees attributable to any claim that remains pending, including any recovery authorized by 42 U.S.C. § 1988 or other applicable law. The proposed Order preserves all such rights with respect to the remaining causes of action.

## VII. WITHDRAWAL DOES NOT LIMIT COMPENSATORY RELIEF AVAILABLE UNDER THE SURVIVING FEDERAL CLAIMS

28. Withdrawal of Counts 6 and 8 does not withdraw or limit the compensatory damages Plaintiffs seek through their surviving causes of action under 42 U.S.C. § 1983. The

purpose of compensatory damages under § 1983 is to compensate actual injuries caused by the constitutional deprivation. Carey v. Piphus, 435 U.S. 247, 254-59, 264 (1978); Memphis Community School District v. Stachura, 477 U.S. 299, 306-08 (1986).

29. To the extent Plaintiffs establish liability, causation, and actual injury at trial, Plaintiffs will seek compensation through the surviving § 1983 claims for all legally recoverable losses caused by the constitutional violations, including the value of any tools or other property improperly taken and not returned, loss of use of the tools and property, loss of employment and income caused by the deprivation of the tools, emotional and mental harm supported by competent evidence, and related actual losses. See Carey, 435 U.S. at 264 & n.20; Hale v. Fish, 899 F.2d 390, 403-04 (5th Cir. 1990); Forsyth v. City of Dallas, 91 F.3d 769, 774-76 (5th Cir. 1996).

30. One reason Plaintiffs seek to withdraw overlapping state-law theories is that the surviving § 1983 claims permit full compensatory relief for the actual injuries proven to have been caused by the federal constitutional violations, without submitting unnecessary duplicate theories to the jury. To the extent Plaintiffs establish municipal liability under the surviving Monell theory, Plaintiffs likewise seek the same nonduplicative compensatory damages attributable to Martin County. See Monell v. Department of Social Services, 436 U.S. 658, 690-95 (1978). Plaintiffs do not seek a double recovery for any single injury.

## VIII. CONCLUSION

31. Plaintiffs respectfully request that the Court grant this Motion only on the terms expressly requested; accept the proposed Fourth Amended Complaint attached as Exhibit A; recognize Plaintiffs' voluntary withdrawal of Count 6 and Count 8; dismiss both counts WITHOUT PREJUDICE; find that the withdrawal is made to simplify the issues for trial and not to avoid an adverse verdict, ruling, or judgment; find that Defendant Snellgrove is

not a prevailing party as to either withdrawn count; order each party to bear its own costs, expenses, fees, and attorney's fees attributable to Counts 6 and 8; preserve any legally authorized award of costs, expenses, fees, or attorney's fees attributable to the remaining claims; and leave all remaining claims, defenses, damages theories, and requests for relief unaffected.

Respectfully submitted,
**/s/ Kurt Mueller**
Kurt Mueller
Texas Bar No. 24133133

The Kurt Mueller Law Firm PLLC
565 S Mason Rd PMB 223
Katy, Texas 77450
(713) 360-2110
Fax: N/A
kurt@kurtmuellerpllc.com

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

On August 7, 2026, undersigned counsel conferred by text message and email with Mr. Perez, counsel for Defendant Brian Snellgrove, concerning a fee-neutral voluntary withdrawal without prejudice of Counts 6 and 8. Mr. Perez advised that his client had instructed him not to settle any portion of the case under any conditions and therefore Defendant would not consent to the requested withdrawal. No agreement could be reached. This Motion is opposed.

**/s/ Kurt Mueller**
Kurt Mueller

## CERTIFICATE OF SERVICE

I certify that on the date reflected by the CM/ECF filing stamp, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will provide notice to all counsel of record who are registered CM/ECF users.

**/s/ Kurt Mueller**
Kurt Mueller