**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| AUSTIN HAMBLIN and KISKA HAMBLIN, | § | |
| Plaintiffs, | § | |
| v. | § | **MO:25-CV-00245-RCG** |
| BRAD INGRAM, ANDERS DAHL, KELSEY | § | |
| BROWN, RORY GAMMONS, each in their | § | |
| individual capacity; MARTIN COUNTY, TEXAS; | § | |
| and BRIAN SNELLGROVE, | § | |
| Defendants. | § | |

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH**
**AMENDED COMPLAINT AND DISMISSING COUNTS 6 AND 8**
**WITHOUT PREJUDICE**

BEFORE THE COURT is Plaintiffs' Opposed Motion for Leave to File Fourth Amended Complaint and for Voluntary Withdrawal and Dismissal Without Prejudice of Counts 6 and 8. Having considered the Motion, the record, the Court's prior rulings, the August 4, 2026 Final Pretrial Conference, the August 5, 2026 Order Memorializing Final Pretrial Conference, and the applicable law, the Court ORDERS as follows:

1. Plaintiffs' Motion is GRANTED only on the terms expressly stated in this Order.

2. The proposed Fourth Amended Complaint attached to Plaintiffs' Motion as Exhibit A is ACCEPTED. The Clerk is DIRECTED to file it as Plaintiffs' Fourth Amended Complaint. The Fourth Amended Complaint is limited to reflecting the voluntary withdrawal without prejudice of Count 6 and Count 8 and does not revive any claim or party previously dismissed or alter any prior ruling of the Court.

3. Plaintiffs' withdrawal of Count 6 and Count 8 is VOLUNTARY. It is not a settlement, compromise, or concession on the merits.

4. Count 6 of the Third Amended Complaint and Fourth Amended Complaint, NEGLIGENCE against Defendant Brian Snellgrove, is VOLUNTARILY WITHDRAWN by Plaintiffs and DISMISSED WITHOUT PREJUDICE by the Court.

5. Count 8 of the Third Amended Complaint and Fourth Amended Complaint, TEXAS THEFT LIABILITY ACT against Defendant Brian Snellgrove, is VOLUNTARILY WITHDRAWN by Plaintiffs and DISMISSED WITHOUT PREJUDICE by the Court.

6. The Court FINDS that Plaintiffs requested withdrawal of Counts 6 and 8 to simplify and narrow the issues for trial following the Court's encouragement at the August 4, 2026 Final Pretrial Conference and the Court's August 5, 2026 directive that Plaintiffs and Defendant Snellgrove confer regarding agreements to narrow the claims proceeding to trial. The Court further FINDS that the withdrawal is not taken to avoid an adverse verdict, unfavorable ruling, judgment, or other merits determination.

7. The Court FINDS that neither Count 6 nor Count 8 was adjudicated against Plaintiffs on the merits before this withdrawal. The Court's July 24, 2026 Omnibus Order denied Plaintiffs' request for affirmative summary judgment on the TTLA claim because a factual dispute remained, and the negligence claim remained pending. The voluntary withdrawal therefore relinquishes two live claims rather than avoiding an adverse merits disposition.

8. Neither Plaintiffs nor Defendant Brian Snellgrove is a prevailing party with respect to Count 6 or Count 8 by reason of the voluntary withdrawal, the dismissal without prejudice, or this Order. Specifically, Defendant Snellgrove IS NOT A PREVAILING PARTY under Texas Civil Practice and Remedies Code § 134.005(b) with respect to the withdrawn TTLA claim.

9. With respect to Count 6 and Count 8, each party shall bear its own court costs, litigation expenses, fees, and attorney's fees. No party shall recover from another party any court

costs, litigation expenses, fees, or attorney's fees based on the voluntary withdrawal or dismissal without prejudice of those two counts, including any claim under Texas Civil Practice and Remedies Code § 134.005(b) arising from the withdrawal or dismissal of Count 8.

10. Nothing in this Order waives, restricts, adjudicates, or otherwise affects any party's right to seek court costs, litigation expenses, fees, or attorney's fees attributable to any cause of action that remains pending, to the extent such an award is authorized by 42 U.S.C. § 1988 or other applicable law.

11. Nothing in this Order withdraws or limits any compensatory damages theory, exemplary damages theory, punitive damages theory, or any other damages theory available through the remaining causes of action, subject to proof, causation, applicable law, and the prohibition against double recovery. All remaining claims, defenses, damages theories, and requests for relief remain unaffected.

12. Any pretrial order governing the claims to be tried is MODIFIED solely to reflect the voluntary withdrawal and dismissal WITHOUT PREJUDICE of Count 6 and Count 8.

13. The dismissal of Count 6 and Count 8 is WITHOUT PREJUDICE. No provision of this Order shall be construed as a dismissal with prejudice or as an adjudication of the substantive merits of either withdrawn claim.

**It is so ORDERED.**

SIGNED this _____ day of August, 2026.

_____
**RONALD C. GRIFFIN**
UNITED STATES MAGISTRATE JUDGE