**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **AUSTIN and KISKA HAMBLIN,** | § | |
|    **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No.** |
| **BRAD INGRAM, ANDERS DAHL, KELSEY** | § | **7:25-CV-00245-RCG** |
| **BROWN, RORY GAMMONS, each in their** | § | |
| **individual capacities; MARTIN COUNTY,** | § | |
| **TEXAS, and BRIAN SNELLGROVE;** | § | |
|    **Defendants.** | § | |

August 12, 2026

Honorable Ronald C. Griffin
United States Magistrate Judge
Western District of Texas
Midland/Odessa Division

**Re:**    **Letter Brief on Rule 403 Admissibility of Evidence of Alleged Substance and Pipes**

Dear Judge Griffin:

Defendants Brad Ingram, Anders Dahl, Kelsey Brown, Rory Gammons, each in their individual capacity, and Martin County, Texas (collectively, "Defendants") respectfully submit this letter brief addressing whether evidence of the alleged substance and pipes seized during the May 17, 2023, search should be admitted at trial under Federal Rule of Evidence 403. It bears emphasis that the search warrant return, which specifically identifies this evidence, has already been admitted at the request of each and every party in this case. Defendants respectfully submit that, having admitted the return, the jury should not receive a version of the search that omits material portions of what the officers encountered and recorded at the scene. Any such limitation would risk presenting the search in an incomplete and artificially narrowed manner.

## I. INTRODUCTION

The Court has requested briefing on whether evidence concerning the alleged substance and pipes seized during the May 17, 2023 search is admissible under Federal Rule of Evidence 403. Defendants respectfully submit that the evidence should not be excluded. It is part of the same search-and-seizure event challenged by Plaintiffs, appears in pre-admitted exhibits P-5, G-1, and S-3, and has probative value that is not substantially outweighed by any danger of unfair prejudice.

On May 17, 2023, Martin County Sheriff's Office deputies executed a search warrant at Plaintiffs' residence at 3700 Hamilton Street, Big Spring, Howard County, Texas. The warrant return and inventory specifically list, among other items, two "glass meth pipe[s]," "[t]wo small

bags containing methamphetamine," and "one short barrel rifle with no serial number." The return was filed with the issuing magistrate and is part of the official record of the search.

The Court has pre-admitted Plaintiffs' exhibits P-1 through P-7, P-9, P-14, P-18 through P-24, P-26, P-27, P-33, P-34, and P-36; Martin County Defendants' exhibits G-1 through G-6, G-8 through G-11, G-14, G-15, G-17, G-18, and G-20; and Defendant Snellgrove's exhibits S-3 through S-10. Exhibits P-5, G-1, and S-3 all contain the search warrant, supporting affidavit, and warrant return/inventory, which document the seizure of the alleged substance and pipes.

## II.  LEGAL STANDARD

Rule 403 permits exclusion of relevant evidence only if its probative value is substantially outweighed by unfair prejudice, confusion, misleading the jury, undue delay, waste of time, or cumulative presentation. Fed. R. Evid. 403. Rule 403 should only be applied sparingly. *United States v. Sims*, 11 F.4th 315, 323 (5th Cir. 2021). The rule is "not designed to even out the weight of the evidence"; rather, its principal function is limited to excluding matter of scant or cumulative probative force offered mainly for its prejudicial effect. *Id.* (quoting *Baker v. Canadian Nat'l/Ill. Cent. R.R.*, 536 F.3d 357, 369 (5th Cir. 2008)). The Fifth Circuit has likewise described Rule 403's scope as narrow and has held that unfair prejudice must *substantially* outweigh probative value before exclusion is warranted. *United States v. El-Mezain*, 664 F.3d 467, 508–11 (5th Cir. 2011) (emphasizing that Rule 403 is applied sparingly and affirming admission of challenged evidence where its contextual and probative value was not substantially outweighed by unfair prejudice).

Unfair prejudice does not mean evidence that is merely damaging to the opposing party. It means an *unfair* tendency to lure the factfinder into deciding on an improper basis rather than on proof specific to the issues being tried. *United States v. Perez-Solis*, 709 F.3d 453, 464–65 (5th Cir. 2013) (defining unfair prejudice as the capacity for evidence to lure the decisionmaker into making a decision on an improper basis); *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1155–56 (5th Cir. Unit A Sept. 1981) (holding that evidence is not unfairly prejudicial merely because it is adverse, and reversing exclusion of highly probative intoxication evidence). Thus, evidence is not excludable merely because it is unfavorable; it must create a danger of *unfair* decision making that *substantially* outweighs its probative value. *Perez-Solis*, 709 F.3d at 464–65; *El-Mezain*, 664 F.3d at 508–11.

Evidence is intrinsic when it is inextricably intertwined with the events at issue, is part of a single episode, is a necessary preliminary, or completes the story by providing the immediate context of events in time and place. *United States v. Rice*, 607 F.3d 133, 141–42 (5th Cir. 2010) (treating evidence as intrinsic when it was part of the same series of transactions and necessary to complete the story for the jury); *United States v. Watkins*, 591 F.3d 780, 784–86 (5th Cir. 2009) (holding that evidence completing the story of the offense is intrinsic and not governed by Rule 404(b)); *United States v. Royal*, 972 F.2d 643, 647–48 (5th Cir. 1992) (holding that acts are intrinsic when they are part of a single criminal episode or necessary preliminaries to the charged offense). Intrinsic evidence does not implicate Rule 404(b), although it remains subject to Rule 403. *Watkins*, 591 F.3d at 785–86; *Rice*, 607 F.3d at 141.

## III.  ARGUMENT

**A. The Evidence of the Alleged Substance and Pipes Appears in Already-Admitted Exhibits and Is Intrinsic to the Search and Seizure.**

The alleged substance and pipes were discovered during the same search that forms the factual foundation of Plaintiffs' Fourth Amendment claims. They were observed and seized by the same officers, during the same continuous search, and documented in the same warrant return and inventory already admitted as exhibits P-5, G-1, and S-3. They are not collateral matters offered to prove character or propensity. They are part of the unitary event the jury must understand to evaluate the challenged search and seizure.

That context matters. Plaintiffs' claims require the jury to assess the reasonableness of the officers' conduct, the scope of the warrant, the application of any plain-view issues, and the circumstances known to officers at the scene. Evidence that officers encountered suspected contraband during the search is probative of those issues and helps present the search as it occurred, not a sanitized version that omits facts recorded in the official return. The Fifth Circuit has repeatedly approved admission of evidence that completes the story, places events in context, or allows the jury to evaluate all surrounding circumstances. *Rice*, 607 F.3d at 141–42 (same series of transactions); *Watkins*, 591 F.3d at 784–86 (complete-the-story evidence); *Royal*, 972 F.2d at 647–48 (single-episode evidence).

This case is therefore materially unlike a case in which unrelated prior-act evidence is offered merely to suggest bad character. The evidence is part of the same official search record. It explains what the officers saw, what was seized, why the full inventory reads as it does, and why the challenged conduct occurred in the context in which it did. Because the evidence is intrinsic to the events at issue and appears in pre-admitted exhibits, exclusion under Rule 403 would be warranted only if the danger of unfair prejudice substantially outweighed its probative value.

**B. The Probative Value of the Evidence Is Not Substantially Outweighed by the Danger of Unfair Prejudice.**

The evidence has meaningful probative value. It bears on what officers observed while executing the warrant, whether the incriminating nature of items was apparent for plain-view purposes, whether officers had lawful access to those items, and whether their actions were objectively reasonable in light of the facts known to them. Evidence of suspected contraband discovered during a search is especially probative where the jury must evaluate the search itself and the conduct of the officers who executed it.

The danger of unfair prejudice does not substantially outweigh that probative value. Plaintiffs are not on trial for any alleged drug-related offense. The relevant inquiry is the officers' conduct and the search context. Any concern that the jury might misuse the evidence can be addressed through a limiting instruction advising that the evidence is admitted only to evaluate the search, the officers' conduct, and related legal issues, and not to decide whether Plaintiffs committed any unrelated wrongdoing. *See Dartez v. Fibreboard Corp.*, 765 F.2d 456, 461–62 (5th Cir. 1985) (explaining that Rule 403 is an extraordinary remedy to be used sparingly and that evidence contrary to a party's interest is not unfairly prejudicial when it is probative of a material issue).

The Fifth Circuit recognizes that limiting instructions ordinarily mitigate potential prejudice. In *United States v. Hicks*, the court affirmed admission of highly sensitive evidence concerning an officer's death because the evidence was relevant to the charged possession issue, its probative value was not substantially outweighed by unfair prejudice, and the district court gave a limiting instruction advising that the defendant was not on trial for murder. *United States v. Hicks*, 389 F.3d 514, 522–23 (5th Cir. 2004) (affirming admission of evidence concerning an officer's death where it was accompanied by a limiting instruction). Likewise, in *United States v. Sepulveda*, the court held that any possible prejudice from evidence concerning a heroin transaction was cured by a limiting instruction advising that the defendant was not on trial for conduct not alleged in the indictment. *United States v. Sepulveda*, 710 F.2d 188, 189–90 (5th Cir. 1983) (holding that a limiting instruction cured any prejudice from evidence of uncharged conduct).

Those cases support admission here. The evidence at issue is substantially less inflammatory than the evidence admitted in *Hicks* and *Sepulveda*. It is contained in the official search return and inventory; it is part of the same search; and it is relevant to the conduct actually at issue. If the Court has any concern about prejudice, a targeted limiting instruction is a narrower and more appropriate remedy than exclusion.

### C. The Jury Should Receive the Facts Necessary to Evaluate the Officers' Conduct Under the Totality of the Circumstances.

The reasonableness of the officers' conduct cannot be evaluated in a factual vacuum. The jury should receive the facts necessary to determine what occurred during the search and what information was available to the officers at the scene. Courts evaluating search-and-seizure claims consider the circumstances confronting officers at the time, not a reconstructed record stripped of facts that may be uncomfortable for one side.

The same principle applies to law-enforcement context evidence. Evidence bearing on motive, identity, intent, and the circumstances surrounding the charged or disputed conduct may be admitted where it assists the jury in understanding the case and its probative value is not substantially outweighed by unfair prejudice. *See United States v. Kinchen*, 729 F.3d 466, 471–74 (5th Cir. 2013) (holding that evidence of prior drug possession and a related statement was admissible under Rule 404(b) to show motive and to rebut a mistaken-identity defense, and that any prejudicial effect was diminished by a limiting instruction). Although *Kinchen* arose in a criminal evidentiary setting, its Rule 403 analysis supports the broader point that relevant contextual evidence is not inadmissible merely because it is unfavorable, particularly where a limiting instruction can confine the jury's use of the evidence. *Id.* at 473–74.

Here, Defendants do not seek to try Plaintiffs for possession of contraband. They seek to present the search and seizure accurately, including the inventory the Court has already pre-admitted through exhibits from every side. Rule 403 does not require the Court to excise probative portions of an admitted official return merely because those portions are unfavorable to Plaintiffs. It requires exclusion only when unfair prejudice substantially outweighs probative value. On this record, it does not.

### IV.  CONCLUSION

For these reasons, Defendants respectfully submit that evidence of the alleged substance and pipes seized during the May 17, 2023, search is admissible under Rule 403. The evidence is part of the same search challenged in this case, appears in pre-admitted exhibits P-5, G-1, and S-3, and is probative of the officers' conduct, the search context, and related issues such as plain view and qualified immunity. Any risk of unfair prejudice can be addressed through an appropriate limiting instruction.

Defendants therefore request that the Court deny any request to exclude this evidence and permit Defendants to present the search and the circumstances confronting the officers accurately and completely.

Respectfully submitted,

/s/ Denis Dennis
DENIS DENNIS
State Bar No. 05655566
BENJAMIN PETTY
State Bar No. 24105934
OF
KELLY, MORGAN, DENNIS,
CORZINE & HANSEN, P.C.
P.O. Box 1311
Odessa, Texas 79760-1311
(432) 367-7271 / FAX: (432) 363-9121
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the date of filing, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

/s/ Denis Dennis
DENIS DENNIS