**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **AUSTIN HAMBLIN and** | § | |
| **KISKA HAMBLIN,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| **BRAD INGRAM, ANDERS** | § | |
| **DAHL, KELSEY BROWN,** | § | **Civil Action No.** |
| **RORY GAMMONS, each in** | § | **7:25-CV-00245-RCG** |
| **their individual capacity;** | § | |
| **MARTIN COUNTY, TEXAS;** | § | |
| **and BRIAN SNELLGROVE,** | § | |
| *Defendants.* | § | |

## PLAINTIFFS' OBJECTION TO MARTIN COUNTY'S 403 LETTER BRIEF

Plaintiffs Austin Hamblin and Kiska Hamblin respectfully request that the Court strike and disregard Document 136 without leave to file a corrected, amended, substitute, or supplemental letter brief. Document 136 is not a five-page submission under the rules that govern filings in this District. It is a single-spaced merits brief compressed into five docket pages. This filing raises only that procedural defect. Plaintiffs' Rule 403 arguments are confined to their separately filed letter brief, and Plaintiffs do not use this motion to answer any merits argument in Document 136 or to submit a response or reply prohibited by the Court's order reflected in Document 126.

### . DOCUMENT 136 MATERIALLY VIOLATES THE COURT'S FIVE-PAGE LIMIT AND LOCAL RULE CV-10

The Court's August 5, 2026 Order authorized each side to submit a Rule 403 letter brief no later than August 12, 2026, directed that each brief be no more than five pages, and expressly stated: "No responses or replies will be accepted." Dkt. 126 at 1. The Order did not waive or modify the District's ordinary formatting rules.

Local Court Rule CV-7(a) requires every pleading, motion, or other submission made outside a hearing or trial to comply with Rule CV-10. Rule CV-10(a) requires 12-point or larger font,

one-inch margins, and **double spacing**. (emphasis added) W.D. Tex. Local Ct. R. CV-7(a), CV-10(a). A letter brief submitted for the Court's decision is an "other submission" within those rules.

Document 136 occupies five docket pages, but nearly every line of its substantive prose is single-spaced. Its single-spaced passages are not headings, footnotes, or block quotations. They are the brief's factual presentation, legal standard, and argument. The filing contains more than 2,000 words of substantive advocacy. A mechanical reformatting of the same content into the required 12-point font, one-inch margins, and double spacing, without adding substance, occupies approximately eight pages. The noncompliant spacing therefore supplied Defendants roughly three additional compliant pages of advocacy.

This is not a cosmetic defect. The Court limited the amount of advocacy, not merely the number of electronic sheets. The five-page cap has meaning only if both sides use the same required font, margins, and spacing. Local Rule CV-5(c) confirms that the Clerk's docketing of a nonconforming document does not establish compliance; the Clerk must file the document and notify the filing party of the defect. W.D. Tex. Local Ct. R. CV-5(c).

### A POST-DEADLINE REWRITE WOULD BE AN UNAUTHORIZED NEW BRIEF, NOT A CURE

There is no ministerial way to cure Document 136. If Defendants merely double-space the existing text, the resulting brief materially exceeds five pages. If Defendants shorten the text to five compliant pages, they must decide which facts, authorities, themes, and requested relief to retain, delete, reorganize, and emphasize. Those are substantive litigation choices. Even an instruction prohibiting "new argument or authority" would not eliminate the prejudice, because selecting and reorganizing the existing material is itself a reformulation of the merits presentation.

The prejudice is especially acute because Document 126 established a same-deadline, no-response briefing structure. Plaintiffs were entitled to one five-page, compliant submission, and Defendants were entitled to the same. Once Plaintiffs' timely letter brief became available, permitting Defendants to replace Document 136 would give them two advantages denied to

Plaintiffs: additional time beyond the Court's deadline and a one-sided opportunity to tailor their final presentation after reviewing Plaintiffs' position. That would operate as the response or reply the Court expressly prohibited.

The Court should not treat this as the understandable mistake of an inexperienced or self-represented litigant. The State Bar of Texas identifies Defendants' lead counsel as Board Certified in Civil Appellate Law, licensed since 1990, and admitted to practice in the Western District of Texas. Plaintiffs mention those qualifications only because they eliminate any equitable reason to grant experienced appellate counsel a second, post-deadline opportunity to comply with an elementary local formatting rule. Plaintiffs do not seek sanctions or any disciplinary finding.

Moreover, once the August 12 deadline expired, any replacement became an untimely merits filing. Rule 6(b)(1)(B) permits a post-deadline extension only on motion and only upon a showing that the failure resulted from excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). In L.A. Public Insurance Adjusters, the Fifth Circuit emphasized that excusable neglect is a prerequisite once a deadline has run and reversed acceptance of an untimely filing that supplied a new theory after the parties' positions had already been briefed. L.A. Pub. Ins. Adjusters, Inc. v. Nelson, 17 F.4th 521, 524-27 (5th Cir. 2021). Defendants did not seek advance leave to alter the formatting or exceed the page limit.

## THE COURT SHOULD STRIKE AND DISREGARD DOCUMENT 136 WITHOUT LEAVE TO REFILE

District courts have broad discretion to interpret and enforce their local rules. In re Adams, 734 F.2d 1094, 1102 (5th Cir. 1984). This District has exercised that discretion to strike a single-spaced filing for noncompliance with Rule CV-10. Hoffman v. Thaler, No. SA-11-CA-1083-XR, Dkt. 144 at 2 (W.D. Tex. Oct. 23, 2012) (striking a single-spaced motion that exceeded the applicable page limitation). The violation here is particularly material because it occurred within an express five-page cap and a briefing procedure that foreclosed any response or reply.

Allowing a replacement would turn noncompliance into a procedural benefit. The compliant party would receive one opportunity to present its position, while the noncompliant party would receive both an overlength first submission and a post-deadline opportunity to select and reshape its strongest points after reviewing the opposing brief. The only remedy that preserves the Court's same-deadline, no-reply structure is to strike and disregard Document 136 without leave to refile.

Plaintiffs again emphasize that they seek no monetary sanction. They ask only that the Court enforce the same five-page limitation and formatting rules against both sides and decline to consider advocacy submitted in material violation of those requirements.

### PRAYER

For these reasons, Plaintiffs respectfully request that the Court (1) strike Document 136; (2) disregard Document 136 in deciding the Rule 403 issue; (3) deny Defendants leave to file any corrected, amended, substitute, or supplemental Rule 403 letter brief; and (4) grant any further procedural relief necessary to preserve equal application of Document 126 and Local Rule CV-10.

Respectfully submitted,

/s/ Kurt Mueller
**Kurt Mueller**
Texas Bar No. 24133133

**THE KURT MUELLER LAW FIRM PLLC**
565 S. Mason Road, PMB 223
Katy, Texas 77450
Telephone: (713) 360-2110
Email: kurt@kurtmuellerpllc.com

**ATTORNEY FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

I certify that on the date of filing, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Kurt Mueller