IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| AUSTIN HAMBLIN and KISKA HAMBLIN, <br>      *Plaintiffs,* | § § § § | |
| v. | § § | **MO:25-CV-00245-RCG** |
| BRAD INGRAM, ANDERS DAHL, KELSEY BROWN, RORY GAMMONS, each in their individual capacity; MARTIN COUNTY, TEXAS; and BRIAN SNELLGROVE, <br>      *Defendants.* | § § § § § § § | |

**PLAINTIFFS' LETTER BRIEF REGARDING ADMISSIBILITY OF THE ALLEGED CONTROLLED SUBSTANCE AND PARAPHERNALIA UNDER FEDERAL RULE OF EVIDENCE 403**

Pursuant to the Court's August 5, 2026 Order (Dkt. 126), Plaintiffs submit that the alleged substance and glass pipes should be excluded under Rule 403. The same analysis governs the alleged firearm, which the Court included in the same limine ruling. Plaintiffs object not only to physical display of these items but to any testimony, questioning, or argument about them. They bear on nothing the jury must decide, and their inflammatory character would distort the questions that do matter: the scope of the search and the seizure and disposition of the tools.

## I.  THE ITEMS ARE NO LONGER TIED TO ANY CLAIM OR DEFENSE.

1.      At the August 4, 2026 final pretrial conference, Plaintiffs reaffirmed their disclaimer of any cause of action arising from the seizure of the alleged substance, the glass pipes, and the firearm. The disclaimer is complete and unconditional.

2.      No element of any claim remaining for trial turns on those items. What remains is the Fourth Amendment claim, the conspiracy claim, the Monell claim, and the state law claims against Snellgrove related to the tools and other property seized. As the Court framed the inquiry, the questions are what permitted the officers to keep searching once the plasma

cutter and air compressor were found, what permitted them to seize property the warrant never described, and whether what happened to the tools and other items after seizure complied with operative law.

## II.  THE EVIDENCE HAS NO PROBATIVE VALUE ON ANY TRIABLE ISSUE.

### A.  The officers' subjective reaction is not the legal standard.

3.     At the pretrial hearing on August 4, Defendants urged that these items bear on the officers' state of mind, good faith, and qualified immunity. That theory misstates the law. Qualified immunity has been a purely objective inquiry since *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), which eliminated the subjective good faith element. If any immunity question reaches a jury, what it measures is "the objective legal reasonableness of the officers' conduct." *McCoy v. Hernandez*, 203 F.3d 371, 376 (5th Cir. 2000). Fourth Amendment reasonableness is objective as well. *Graham v. Connor*, 490 U.S. 386, 397 (1989). How these officers felt is not a fact of consequence. Fed. R. Evid. 401.

### B.  The items surfaced after the conduct at issue and cannot inform it.

4.     Plaintiffs proffer that the alleged substance was found late in the search, inside a small box, itself inside a nightstand or dresser in a bedroom. It certainly is not reflected as being found on any of the body camera recordings available. Further, an air compressor and a plasma cutter cannot fit inside a small box. Finally, whatever sat in that box could not have influenced any officer's decision before it was opened. A fact unknown to the actor cannot make his act more reasonable, so the discovery bears on nothing that preceded it.

5.     Neither can the discovery justify what came after. "[A] search is not to be made legal by what it turns up." *United States v. Di Re*, 332 U.S. 581, 595 (1948). Each seizure outside the warrant required its own justification at the moment the item was taken, and the incriminating character of that item had to be immediately apparent. *Horton v. California*, 496 U.S. 128, 136-37 (1990); *Arizona v. Hicks*, 480 U.S. 321, 326-27 (1987). Items inside a box inside a

nightstand inside in a bedroom does not render the incriminating character of a socket set in a detached carport or detached laundry room / shop  immediately apparent.

### C.  The items are unconnected to the rest of the case.

6.      Neither Snellgrove nor Martin County claimed or possessed the alleged substance or pipes or firearm. They were not loaded onto Snellgrove's trailers, hauled to his barn, or sold by Snellgrove, nor placed inside Martin County's evidence room. It plays no role in the transport, storage, chain of custody, or disposition of Plaintiffs' property, which is the heart of the conspiracy and conversion theories, and it says nothing about who owned the tools. Counsel for the Martin County Defendants represented that the material remains in the Howard County evidence room and that officers will bring it to trial. Howard County is not a named party. The substance never entered the custody chain this case is about and is in no party's possession, custody, or control.

### D.  The substance has never been identified.

7.      The substance was never tested and no laboratory report has been produced. Defendant Gammons submitted it and the glass items for destruction, as his report reflects. See Ex. A. Defendants nonetheless represented at the conference that the substance survives and could be tested before trial. Plaintiffs attorney have attempted to verify this with Howard County in person, which has refused to confirm or deny the substance's existence in its evidence locker. An unidentified substance offered under the label "methamphetamine" proves nothing while carrying the full weight of the word.

## III.  ANY VALUE IS SUBSTANTIALLY OUTWEIGHED UNDER RULE 403.

8.      **Unfair prejudice.** Evidence is unfairly prejudicial when it carries "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). Telling this jury that the Hamblins

are drug users, or dealers, invites a verdict on their perceived character instead of on what the officers did. That is the propensity use the Rules forbid. Fed. R. Evid. 404(b)(1). Defendants made this very argument explicit at the pretrial conference on August 4, describing drugs in the presence of children and characterizing the scene as a possible drug deal. A jury that hears that framing does not return clear eyed to whether a warrant for two items authorized the removal of more than fifty categories of items.

9. **Confusion of the issues and waste of time.** Admitting this material opens a trial within a trial: whether the substance is contraband at all, whether it was destroyed or preserved, who has held it since May 2023, and whether a returned firearm was illegal or not. Each would consume time on issues the jury will never answer.

10. **Testimony and display.** The prejudice does not depend on the packets being in the room. A witness who tells the jury that officers found methamphetamine and pipes in the Hamblins' home does the damage in words; the display only compounds it. Defendants indicated also intend to carry the packets into the courtroom as a demonstrative. A demonstrative must help the jury understand admitted evidence; suspected contraband aids no understanding of the warrant, its scope, consent, or plain view.

11. **Completeness does not require more.** Defendants argued at the hearing the jury cannot be shown some seized items and not others. That is not a rule of evidence, and the concern is already met: the inventory return is pre-admitted and the Court has declined to redact it. No limiting instruction could cure what testimony and display would add.

## IV.  INDEPENDENT GROUND: THIS EVIDENCE WAS NEVER DISCLOSED.

12. The alleged substance and pipes appear on no party's exhibit list and were not pre-admitted. Plaintiffs first learned of Defendants' intent to offer this material at the August 4 conference, twenty days before trial. See Fed. R. Civ. P. 26(a)(3)(A)(iii), 37(c)(1). The governing factors

favor exclusion: Defendants offer no explanation for omitting evidence seized in May 2023; the evidence is unimportant on their own framing; and Plaintiffs cannot test it, retain a rebuttal expert, or depose a custodian before August 24. *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007). A non-party holds the material, so no Defendant can produce it and no Howard County custodian is on any witness list. Plaintiffs object to the addition of any such custodian as a witness. Further, testing it now would inject an undisclosed expert opinion past the designation deadline, to which Plaintiffs have no opportunity to rebut.

## CONCLUSION

13. Plaintiffs respectfully request that the Court exclude all evidence, testimony, questioning, argument, and demonstrative or physical display concerning the alleged controlled substance, the glass pipes, and the firearm, and direct that no witness characterize the untested substance as methamphetamine.

### CERTIFICATE OF SERVICE

I certify that on the date reflected by the CM/ECF date stamp I filed the foregoing document, that it is available for viewing and downloading from the Court's CM/ECF system, and that service on all registered CM/ECF participants will be accomplished by that system.

Respectfully submitted,

/s/ Kurt Mueller
Kurt Mueller
Texas Bar No. 24133133
The Kurt Mueller Law Firm PLLC
565 S Mason Rd PMB 223
Katy, Texas 77450
(713) 360-2110
kurt@kurtmuellerpllc.com
ATTORNEY FOR PLAINTIFFS