**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND ODESSA DIVISION**

| | | |
|---|---|---|
| AUSTIN HAMBLIN AND KISKA | ) | |
| HAMBLIN | ) | |
| | ) | |
| v. | ) | NO. 7: 25-CV:00245-RCG |
| | ) | |
| MARTIN COUNTY, TEXAS | ) | |
| BRAD INGRAM, | ) | |
| ANDERS DAHL | ) | |
| KELSEY BROWN, | ) | |
| RORY  GAMMONS, | ) | |
| WESTON PHELPS, and | ) | |
| BRIAN SNELLGROVE | ) | |

August 12, 2026

Honorable Ronald C. Griffin
United States Magistrate Judge
Western District of Texas
Midland/Odessa Division

RE:     Letter Brief on Rule 403 Admissibility of Alleged Substance and Pipes

Dear Judge Griffin:

Defendant Brian Snellgrove respectfully submits this letter brief with respect to the alleged substance and pipes that were seized as part of the execution of the Search Warrant that took place on May 17, 2023.

In a very real sense, the very language of Rule 403 is very instructive with regard to the admissibility of the alleged drugs found and the pipes.  Evidence may be excluded if the probative value is **substantially outweighed,** by **unfair prejudice,** or evidence that confuses the issues or misleads the jury.  In this case, the reasonableness of the Defendants' actions are being evaluated by the jury.  As already has been briefed, in order to properly decide whether the Defendants' actions violated the Constitutional rights of the Plaintiffs, a jury must be allowed to view the totality of circumstances in the search.  The "good faith" actions of the Defendants is what is being reviewed.  What the officer's saw, and when they saw what they saw will be crucial to evaluating their actions. What was in plain view and what was seen while consent to search was being given is in essence the case.  The finding of the drugs certainly is something that would lead a reasonable officer to believe that that the reasons for the investigation may be stronger that originally believed.  That evidence certainly goes to the "good faith" belief of the

officers in what they were doing.  The evidence is certainly probative as to the actions of the Defendants.  The issue here is whether the probative value of the evidence is substantially outweighed by unfair prejudice or other confusion of the issues.

Unfair prejudice, within the context of Rule 403, "means an undue tendency to suggest (a) decision on an improper basis, commonly, though not necessarily, an emotional one." *Ballou v. Henri Studios, Inc.,* 656 F.2d 1147 (5th Cir. 1977).  The prejudice to the Plaintiff, is not unfair. They had the substance in their home.  The things found in the house are part of the reasonableness equation of the Defendants' state of mind with respect to their actions, and are a part of the totality of the circumstances that must be evaluated by the jury.  Under Federal Rule of Evidence 105, in reaching a decision whether to exclude evidence on the grounds of unfair prejudice, consideration should be given to the probable effectiveness of lack of effectiveness of a limiting instruction.  It is the actions of the Defendants that is under scrutiny.  To not allow this evidence to be considered by the jury robs the jury of the totality of the circumstances, and would indeed unfairly prejudice the Defendants.  A limiting instruction can be given to the jury that would diminish any "unfair prejudice" to the Plaintiffs. Thus, the evidence should be allowed, but a limiting instruction to the jury should also be given.

Respectfully submitted,

/s/ Robert J. Perez

Robert J. Perez
Texas Bar No. 15779050

Robert J. Perez
221 N. Kansas, Suite 1103
El Paso, Texas 79901
(915) 542-1222
Rjperezlaw1@gmail.com

CERTIFICATE OF SERVICE

I certify that on August 12, 2026, a true and correct copy of Defendant's Letter Brief was served on all counsel of record via the Court's CM/ECF system.

/s/ Robert J. Perez

Robert J. Perez