| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

# AGREED PROPOSED JURY INSTRUCTIONS

*Black text reflects agreement between Plaintiffs and Martin County. Blue text reflects Martin County Defendants' proposals. Orange text reflects Plaintiffs' proposals.*

## A. Jury Charge Introduction[1]

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

## B. Burden of Proof[2]

Plaintiffs bear the burden to prove each element of each claim by a preponderance of the

[1] *See Modern Federal Jury Instructions—Civil*, Fifth Circuit Form 485a-5C, Instr. 3.1 (Matthew Bender & Co. 2026).

[2] *See Modern Federal Jury Instructions—Civil*, Fifth Circuit Form 485a-5C, Instr. 3.2 (Matthew Bender & Co. 2026).

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiffs have failed to prove any element of their claims by a preponderance of the evidence, then they may not recover on that claim A Defendant must prove any affirmative defense by the same standard.

**C. Evidence[3]**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**D. Witnesses[4]**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

A witness is not more or less believable just because the witness is a party, an officer, a business owner, a public official, or another interested person. Judge every witness by the same rules.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

---

[3] *See Modern Federal Jury Instructions—Civil*, Fifth Circuit Form 485a-5C, Instr. 3.3 (Matthew Bender & Co. 2026).

[4] *See Modern Federal Jury Instructions—Civil*, Fifth Circuit Form 485a-5C, Instr. 3.4 (Matthew Bender & Co. 2026).

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

**E. No Inference from Filing Suit[5]**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**F. Duty to Deliberate[6]**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have not been allowed to take notes during this trial. You must rely on your memory.

The verdict you return to the Court must be agreed upon by each of you and all of you together.

**G. Damages[7]**

If you find that any of the Defendants is liable, you must award the amount you find by a preponderance of the evidence is full and just compensation for all of each Plaintiff's damages. You also will be asked to determine if each Defendant is liable for punitive damages. Because the methods of determining punitive damages and compensatory damages differ, I will instruct you separately on punitive damages. The instructions I give you now apply only to your consideration of compensatory damages.

Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, because compensatory damages must be actual damages to be recoverable. But compensatory damages are not restricted to out-of-pocket losses of money or lost time. Instead, compensatory damages may include mental and physical aspects of injury, tangible and intangible. Compensatory damages are intended to make each Plaintiff whole, or to restore them to the position they would have been in if the accident had not happened.

In determining compensatory damages, you should consider only the following elements, to the extent you find that each Plaintiff has established them by a preponderance of the evidence: past and future physical pain and suffering, including physical disability, impairment, and

[5] *See Modern Federal Jury Instructions—Civil*, Fifth Circuit Form 485a-5C, Instr. 3.6 (Matthew Bender & Co. 2026).

[6] *See Modern Federal Jury Instructions—Civil*, Fifth Circuit Form 485a-5C, Instr. 3.7 (Matthew Bender & Co. 2026).

[7] *See Modern Federal Jury Instructions—Civil*, Fifth Circuit Form 485a-5C, Instr. 4.8 (Matthew Bender & Co. 2026).

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

inconvenience, and the effect of each Plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life; past and future mental anguish and feelings of economic insecurity caused by disability; income loss in the past; impairment of earning capacity or ability in the future, including impairment of each Plaintiff's earning capacity due to his or her physical condition; past medical expenses; and the reasonable value, not exceeding actual cost to each Plaintiff, of medical care that you find from the evidence will be reasonably certain to be required in the future as a proximate result of the injury in question.

If you find that each Plaintiff is entitled to an award of damages for loss of past or future earnings, there are two particular factors you must consider. First you should consider loss after income taxes; that is you should determine the actual or net income that each Plaintiff has lost or will lose, taking into consideration that any past or future earnings would be subject to income taxes. You must award each Plaintiff only his or her net earnings after tax. This is so because any award you may make here is not subject to income tax. The federal or state government will not tax any amount that you award on this basis.

Second, an amount to cover a future loss of earnings is more valuable to Plaintiffs if they received the amount today than if they received the same amount in the future. If you decide to award either Plaintiff an amount for lost future earnings, you must discount that amount to present value by considering what return would be realized on a relatively risk-free investment and deducting that amount from the gross future earning award.

However, some of these damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, instead you are determining what amount will fairly compensate each Plaintiff for his or her injuries.

**Unclean Hands; Affirmative Defense**

Defendant contends that, even if Plaintiff could prevail on one or more of his claims against Defendant, Plaintiff is not entitled to any recovery or relief on any of those claims under the doctrine of unclean hands. This doctrine bars a Plaintiff from benefiting when its own conduct in connection with the same matter has been unjust, or that Plaintiff's own improper conduct led to the matter before the Court.

Defendant bears the burden of proving by a preponderance of the evidence the Plaintiff has unclean hands. The Defendant must prove by a preponderance of the evidence that Plaintiffs' conduct was wrongful or improper, and that the conduct relates to the issues being asserted before the Court. The conduct must be sufficiently related to the transaction at issue to justify the application of the doctrine of unclean hands.. The Defendant must also show that it has been seriously harmed by Plaintiffs' conduct and these wrongs cannot be corrected without applying the doctrine of unclean hands.

*Lazy M Ranch v. TXI Operation, LP,* 978 S.Wd.2d 678, 683 (Tex.App.__Austin 1998, pet.denied)

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

*GE Capital Commercial, Inc.,et al v. Worthington National Bank, (Case 3:09-cv-00572-L) (Northern District of Texas)*

**Mitigation of Damages**

Under the law, the mitigation of damages doctrine requires a Plaintiff to exercise reasonable care in minimizing its damages. Defendants assert that Plaintiffs failed to take reasonable steps to avoid or reduce the losses caused by Defendants alleged unlawful acts. To prevail on this assertion, Defendants must prove by a preponderance of the evidence that a specific reduction in damages was possible and that the Plaintiff unreasonably failed to take those steps. The party that asserts an injured party's failure to mitigate his damages has the burden of proving the failure to mitigate and must show the extent to which the damages were increased by the failure to mitigate.

*Yound v. Thota,* 272 S.W.3d 822, (Tex. App.—Fort Worth 2008, pet. denied) *Great Am.Ins.Co. v. North Austin MUD,* 908 S.W.2d 415, 426 (Tex. 1995.)

If you find liability, award full and fair compensation for each loss that the evidence shows was caused by that conduct. Compensatory damages repay a loss. They do not punish. Damages need not be proved to the penny. If the evidence gives you a reasonable basis, use your best judgment to make a fair estimate. Do not refuse damages only because the exact amount is hard to measure. But do not guess.

The damages questions ask about these separate kinds of harm:

1. The value of property that was lost, not returned, sold, wrongfully kept, or returned damaged;
2. The reasonable value of the loss of use of that property;
3. Austin Hamblin's other economic loss, including lost income or reduced earning ability;
4. Harm to Austin Hamblin's reputation caused by a federal constitutional violation;
5. Mental or emotional distress caused by a federal constitutional violation.

For property that was lost, not returned, sold, or converted, use its fair market value at the time and place of the loss or conversion. If property was returned damaged, use the drop in its fair market value. Do not include loss of use in the property-value amount.

The verdict form asks for one total property-value amount. Consider all admitted evidence, including the inventory, photos, videos, receipts, business records, and witness testimony. The inventory is evidence, but it does not control your answer. You may include property or value not separately stated in the inventory if Plaintiffs proved that the property was taken and lost or damaged. Do not include the two glass pipes, the two small bags, or the firearm.

Do not include attorney's fees, court costs, interest, punishment, or tax effects in compensatory damages. Do not raise or lower damages because of insurance, indemnity, wealth, poverty, or the effect of a judgment on taxpayers.

Award each loss only once, even if more than one claim or Defendant caused it. Award a shared or marital property loss only once. Do not divide one injury just because more than one

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

Defendant caused it. The verdict form asks who caused each kind of harm. The Court will apply the law to your answers.

Award future loss only if the evidence shows that it is reasonably certain to occur.

*Authority: Carey v. Piphus, 435 U.S. 247, 254-67 (1978); Williams v. Kaufman County, 352 F.3d 994, 1014-15 (5th Cir. 2003); Castellano v. Fragozo, 352 F.3d 939, 957-58 (5th Cir. 2003) (en banc); Dyl v. Adams, 167 F.3d 945, 947 (5th Cir. 1999); Grandstaff v. City of Borger, 767 F.2d 161, 172 (5th Cir. 1985); Wiese v. Pro Am Services, Inc., 317 S.W.3d 857, 862 (Tex. App.-Houston [14th Dist.] 2010, no pet.).*

### H. Nominal Damages[8]

If you return a verdict for either Plaintiff but find that that Plaintiff has failed to prove by a preponderance of the evidence that he or she suffered any actual damages, then you must return an award of damages in the sum of one dollar, evidencing that liability has been proved.

If a Plaintiff proves a federal constitutional violation but proves no actual loss caused by it, the Court will award that Plaintiff one dollar in nominal damages. Nominal damages recognize the violation without paying for an unproved loss.

*Authority: Carey v. Piphus, 435 U.S. 247, 266-67 (1978); Williams v. Kaufman County, 352 F.3d 994, 1014-15 (5th Cir. 2003).*

### I. Punitive Damages[9]

You may, but are not required to, award punitive damages against a defendant if that defendant has acted willfully and wantonly. The purpose of an award of punitive damages is to punish the defendant and to deter them and others from acting as they did.

A defendant's action is willful or wanton if it is in reckless or callous disregard of, or with indifference to, the rights of the plaintiff. An actor is indifferent to the rights of another, regardless of the actor's state of mind, when they proceed in disregard of a high and excessive degree of danger that is known to them or was apparent to a reasonable person in their position.

Do not include punitive damages in a compensatory-damages answer. Punitive damages are not available against Martin County.

For a surviving Texas claim against Brian Snellgrove, exemplary damages require clear and convincing proof of fraud, malice, or gross negligence, plus a unanimous finding.

*Authority: Smith v. Wade, 461 U.S. 30, 51-56 (1983); City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Tex. Civ. Prac. & Rem. Code §§ 41.003, 41.003(d).*

### J. Emotional Distress Damages[10]

To recover compensatory damages for mental and emotional distress, Plaintiffs must prove that they suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that, by themselves, support a mental-

---

[8] *See Modern Federal Jury Instructions—Civil*, U.S. District Courts, All Districts, Form 485a, Instr. 87-88 (Matthew Bender & Co. 2026).

[9] *See Modern Federal Jury Instructions—Civil*, Fifth Circuit Form 485a-5C, Instr. 4.9 (Matthew Bender & Co. 2026).

[10] *See Modern Federal Jury Instructions—Civil*, Fifth Circuit Form 485a-5C, Instr. 10.13 (Matthew Bender & Co. 2026).

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiffs must support their claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence admitted at trial and may not be based on speculation or sympathy.

Medical proof is not required. A Plaintiff's own testimony may be enough if you believe it and it gives specific facts about the kind, severity, and length of the distress. There is no exact formula for its dollar value. Use your sound judgment and the evidence.

*Authority: Williams v. Trader Publishing Co., 218 F.3d 481, 486-87 (5th Cir. 2000); Forsyth v. City of Dallas, 91 F.3d 769, 774 (5th Cir. 1996).*

### K. 42 U.S.C. Section 1983[11]

Plaintiffs claim that Defendants Brad Ingram, Anders Dahl, Kelsey Brown, Rory Gammons, and Brian Snellgrove violated Plaintiffs' Fourth Amendment right to be free from an unreasonable search or seizure. An individual Defendant is liable only for his or her own acts or omissions. Plaintiffs must prove that the particular Defendant personally participated in the alleged constitutional deprivation or caused it through that Defendant's own conduct.

To recover damages for these alleged constitutional violations, each Plaintiff must prove by a preponderance of the evidence that: (1) each of the Martin County Defendants committed an act that violated the constitutional rights each Plaintiff claims were violated; and (2) each of the Martin County Defendants' acts were the cause of each Plaintiff's damages.

The first right Plaintiffs claim Defendants violated is the *Fourth Amendment* right to be protected from an unreasonable seizure. Plaintiffs do not challenge that a valid search warrant was issued by a neutral magistrate.

The second right Plaintiffs claim Defendants violated is Plaintiffs' *Fourth Amendment* right to be protected from unreasonable searches of his or her home. The *Fourth Amendment to the Constitution of the United States* protects against "unreasonable searches," and the right to be free from unreasonable government intrusion in one's own home is at the very core of the *Fourth Amendment's* protection. Warrantless searches of a person's home are presumed to be unreasonable unless: (1) the government obtains consent to search; or (2) probable cause and exigent circumstances justify the search. The burden is on each Plaintiff to prove that the search was unreasonable.

*See Modern Federal Jury Instructions—Civil*, Fifth Circuit Form 485a-5C, Instr. 10.1 (Matthew Bender & Co. 2026).

#### ***Consent***

The first question is whether there was consent to search. A valid consent to search must be freely and voluntarily given and the individual who gives consent must have authority to do so. Silence or passivity cannot form the basis for consent to enter. An occupant's silence, passivity, or other indication of acquiescence to a show of lawful authority is not enough to show voluntary

---

[11] *See Modern Federal Jury Instructions—Civil*, Fifth Circuit Form 485a-5C, Instr. 10.1 (Matthew Bender & Co. 2026).

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

consent. Officers may search only areas for which consent was given, and may not search areas for which no consent was given.

*See Modern Federal Jury Instructions—Civil*, Fifth Circuit Form 485a-5C, Instr. 10.1 (Matthew Bender & Co. 2026).

***Probable Cause and Exigent Circumstances***

If there is no consent, a warrantless search is still permissible if probable cause and exigent circumstances exist. Probable cause for a warrantless search exists when the facts and circumstances within an officer's knowledge, and of which he or she had reasonably trustworthy information, are sufficient for a reasonable officer to believe that an offense has been or is being committed, and that evidence bearing on that offense will be found in the place to be searched. Whether probable cause exists is based on what a reasonable officer would do under the circumstances and does not consider any particular defendant's state of mind.

Exigent circumstances exist when the situation makes the needs of law enforcement so compelling that the warrantless search is objectively reasonable. One such exigency is the need to prevent the imminent destruction of evidence. An officer may seize an item not specifically listed in a warrant if the officer is lawfully present, the officer has lawful access to the item, and the facts available to the officer would warrant a person of reasonable caution in believing that the item is contraband, stolen property, or evidence of a crime. Probable cause does not require certainty.

*See Modern Federal Jury Instructions—Civil*, Fifth Circuit Form 485a-5C, Instr. 10.1 (Matthew Bender & Co. 2026).

***Plain View Doctrine***

If there is no consent, a warrantless search is also permissible if it falls under the plain view doctrine, which provides grounds for seizure of an item when an officer's access to an object has some prior justification under the Fourth Amendment. Under this doctrine, officers can seize items without a warrant if (1) the officers lawfully entered the area where the items were located; (2) the items were in plain view; (3) the incriminating nature of the items was 'immediately apparent'; and (4) the officers had a lawful right of access to the items. The incriminating nature of an item is 'immediately apparent' if the officers have 'probable cause' to believe that the item is either evidence of a crime or contraband. Probable cause does not require certainty. Rather, it is a flexible, common-sense standard that merely requires that the facts available to the officer would warrant a man of reasonable caution in the belief that certain items may be contraband or stolen property or useful as evidence of a crime." It is not necessary that the officer know that the discovered property is contraband or evidence of a crime, but only that there be a practical, nontechnical probability that incriminating evidence is involved. When reviewing probable cause determinations, you must consider the totality of the circumstances—including the officers' training and experience as well as their knowledge of the situation at hand.

*Alexander v. Arceneaux*, 172 F.4th 455, 460-61 (5th Cir. 2026).

***Under Color of State Law***

Brad Ingram, Anders Dahl, Kelsey Brown, and Rory Gammons acted under color of state law

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

when performing the official conduct relevant to this case. Brian Snellgrove is a private person. A private person acts under color of state law when the person is a willful participant in joint activity with state officials in the challenged conduct. Merely reporting suspected wrongdoing, providing information, identifying an item described in the warrant, or engaging in ordinary cooperation with law enforcement is not enough by itself. **You may consider all the facts and circumstances in deciding whether he knowingly joined or participated in the alleged joint activity.**

The Fourth Amendment question is objective. Evaluate what a reasonable officer would have understood from the facts and reasonably trustworthy information available at the time, not with hindsight. **A plaintiff alleging a § 1983 claim based on an unreasonable seizure in violation of the Fourth Amendment has the burden of proving at trial that an asserted exception to the warrant requirement did not apply**. If you find that Plaintiffs have proved by a preponderance of the evidence that Defendants conducted an unreasonable search of Plaintiffs' home, then Defendants violated Plaintiffs' constitutional rights, and you must then consider whether Defendants are entitled to qualified immunity, which is a bar to liability. If Plaintiffs failed to make this showing, then the search was not unconstitutional, and your verdict must be for Defendants on the unreasonable-**search and seizure claims**.

*See Modern Federal Jury Instructions—Civil*, Fifth Circuit Form 485a-5C, Instr. 10.1 (Matthew Bender & Co. 2026).

### K-1. Personal Responsibility

For each Plaintiff and each individual Defendant, Plaintiffs must prove three things. First, the Defendant took part in, directed, or caused the act. Second, the act violated that Plaintiff's Fourth Amendment right. Third, the act caused harm. A person is not liable only because the person was a supervisor, held office, was present, or knew someone involved. Negligence alone is not enough.

### K-2. Acting Under State Authority

Brad Ingram, Anders Dahl, Kelsey Brown, and Rory Gammons acted under state authority when they performed the official acts at issue.

Brian Snellgrove is a private person. He acted under state authority only if he willingly joined state officials in the search or seizure. Reporting a suspected crime, giving information, or helping in an ordinary lawful way is not enough. Consider the whole course of events. You may consider messages and planning. You may also consider whether officers asked for, directed, watched, or approved his acts. Consider whether he searched or opened containers under police authority, whether officers relied on him to choose what was taken, and whether he helped load, move, store, keep, sell, or dispose of property. No one fact controls.

### K-3. Search, Seizure, and the Warrant

A search and a seizure are different. A search enters an area where a person has a right to privacy. A seizure takes or controls property and interferes with a person's right to possess it. Decide search and seizure separately for each Plaintiff and each Defendant.

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

Plaintiffs do not challenge the warrant itself. The warrant allowed officers to search only places where the listed Snap-On plasma cutter model 30i or Snap-On air compressor could reasonably be found. It allowed seizure of those listed items. It did not, by itself, allow officers to take every tool, every Snap-On item, or everything inside each cabinet, drawer, or container. After officers found items matching both listed descriptions, the warrant did not allow them to keep searching for other kinds of property. A later search needed valid consent or another legal basis. Taking an item not listed in the warrant needed valid consent or the plain-view rule below.

A Plaintiff must prove that the search or seizure was unreasonable and that the particular Defendant took part in it, directed it, or caused it.

### K-4. Consent

A search or seizure beyond the warrant may be lawful if a person with authority freely consented and the officers stayed within that consent. Consent may be limited. A person may withdraw his or her own consent. Silence, cooperation, or giving in to a claim of police authority does not by itself show free consent. Consent to search or to point out some property is not consent to take every other item. If one occupant consents but another physically present occupant clearly objects to a search of shared areas, the consent does not authorize that search as to the objecting occupant.

### K-5. Plain View

An item not listed in the warrant could be taken under the plain-view rule only if three facts were true. First, the officer was lawfully where the item could be seen. Second, the officer had a lawful right to reach it. Third, before taking it, the officer had probable cause to believe that the specific item was stolen property, contraband, or evidence of a crime. A hunch, a brand logo, or broad suspicion alone does not automatically prove that point. Probable cause does not require certainty. Consider what the particular Defendant knew at that time. This includes information from others, objections at the scene, and facts showing a lawful source or right to possess the item.

### K-6. Reasonableness

Judge reasonableness from the facts and trustworthy information available at the time, not with hindsight. A Defendant's motive alone does not decide a Fourth Amendment claim. But evidence of planning, relationships, statements, policy, or motive may help you decide what happened, what a person knew, conspiracy, County policy, punitive damages, or a state-law claim.

*Authority: U.S. Const. amend. IV; Horton v. California, 496 U.S. 128, 136-41 (1990); Arizona v. Hicks, 480 U.S. 321, 326-27 (1987); Georgia v. Randolph, 547 U.S. 103, 120-23 (2006); Gates v. Tex. Dep't of Protective & Regul. Servs., 537 F.3d 404, 426 (5th Cir. 2008); Creamer v. Porter, 754 F.2d 1311, 1318-19 (5th Cir. 1985); Omnibus Order, Doc. 110 at 11-29.*

## L. Qualified Immunity[12]

As to each claim for which Plaintiffs have proved each essential element, you must consider whether Defendants are entitled to what the law calls "qualified immunity." Qualified immunity bars a defendant's liability even if the defendant violated a plaintiff's constitutional rights. Qualified immunity exists to give government officials breathing room to make reasonable but mistaken judgments about open legal questions. Qualified immunity provides protection from

[12] See *Modern Federal Jury Instructions—Civil*, Fifth Circuit Form 485a-5C, Instr. 10.3 (Matthew Bender & Co. 2026).

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

liability for all but plainly incompetent government officers or those who knowingly violate the law. It is Plaintiffs' burden to prove by a preponderance of the evidence that qualified immunity does not apply in this case.

Qualified immunity applies if a reasonable officer could have believed that the search was lawful in light of clearly established law and the information Defendants possessed. But Defendants are not entitled to qualified immunity if, at the time of the search, a reasonable officer with the same information could not have believed that their actions were lawful. Law-enforcement officers are presumed to know the clearly established constitutional rights of individuals they encounter.

If, after considering the scope of discretion and responsibility generally given to officers in performing their duties and after considering all of the circumstances of this case as they would have reasonably appeared to Defendants at the time of the search, you find that Plaintiffs failed to prove that no reasonable officer could have believed that the search was lawful, then Defendants are entitled to qualified immunity, and your verdict must be for Defendants on those claims. But if you find that Defendants violated Plaintiffs' constitutional rights and that Defendants are not entitled to qualified immunity as to that claim, then your verdict must be for Plaintiffs on that claim.

First decide whether each officer violated each Plaintiff's Fourth Amendment right. Do not think about qualified immunity when you answer those questions. Qualified immunity is separate. It applies only to the individual officers, but not to Martin County or Brian Snellgrove. If immunity applies, it protects the officer from personal damages, but it does not erase the constitutional violation.

I give you the clearly established legal rules. You decide the disputed facts and apply those rules. For each officer and each search or seizure you found unconstitutional, ask this question: Did Plaintiffs prove that every reasonable officer in the same position would have understood that the conduct was unlawful? Base your answer on the facts you find that officer knew. If yes, qualified immunity does not apply.

*Authority: Brown v. Burmaster, No. 25-30541, slip op. at 6-9 (5th Cir. July 14, 2026); Mason v. Faul, No. 18-30362, slip op. at 4-6 (5th Cir. July 17, 2019); Ramirez v. Killian, 113 F.4th 415, 426-30 (5th Cir. 2024); Melear v. Spears, 862 F.2d 1177, 1184 (5th Cir. 1989); Presley v. City of Benbrook, 4 F.3d 405, 409-10 (5th Cir. 1993).*

### M. Municipal Liability Against Martin County[13]

In addition to their claims against individual Defendants, Plaintiffs are suing Martin County. Martin County may be liable only if Plaintiffs prove that Sheriff Brad Ingram was Martin County's final policymaker for the challenged law-enforcement conduct and that, while acting as final policymaker, he committed or participated in a Fourth Amendment violation, or in a § 1983 conspiracy that resulted in a Fourth Amendment violation. Martin County is not liable merely because it employed a person who allegedly committed a constitutional violation.

To prevail on their municipal-liability claim against Martin County, Plaintiffs must prove by a

[13] *See Modern Federal Jury Instructions—Civil*, Fifth Circuit Form 485a-5C, Instr. 10.5 (Matthew Bender & Co. 2026); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Turner v. Upton County*, 915 F.2d 133, 136–38 (5th Cir. 1990).

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

preponderance of the evidence that:

1. Sheriff Brad Ingram was Martin County's final policymaker for the challenged law-enforcement conduct;

2. Sheriff Brad Ingram, acting as that final policymaker, committed or participated in a Fourth Amendment violation or in a § 1983 conspiracy that resulted in a Fourth Amendment deprivation;

3. Sheriff Brad Ingram's policymaker act or decision was the moving force behind the constitutional violation; and

4. Plaintiffs suffered damages caused by that violation.

The Court has determined that Sheriff Brad Ingram was Martin County's final policymaker for the warrant and seized-property matters at issue. Martin County is not liable only because it employed an officer who violated the Constitution.

For each Plaintiff, Plaintiffs must prove all three of these facts:

1. A Fourth Amendment violation occurred;
2. Sheriff Ingram, acting as final policymaker, made, directed, or personally carried out a deliberate decision that became official County policy, including a decision to join a Section 1983 conspiracy; and
3. That decision was the moving force, meaning it directly caused the Fourth Amendment violation and harm to that Plaintiff.

If Sheriff Ingram knowingly joined a Section 1983 conspiracy, you may consider acts taken by another member to carry out the agreement. Do not consider qualified immunity when deciding Martin County's liability.

*Authority: Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-94 (1978); Pembaur v. City of Cincinnati, 475 U.S. 469, 480-84 (1986); Turner v. Upton County, 915 F.2d 133, 136-38 (5th Cir. 1990); Brown v. Burmaster, No. 25-30541, slip op. at 11-13 (5th Cir. July 14, 2026); Omnibus Order, Doc. 110 at 39-42.*

## N. Conspiracy Under Section 1983[14]

To prove a § 1983 conspiracy, Plaintiffs must prove that Defendants Brad Ingram, Anders Dahl, and Brian Snellgrove agreed to commit an unlawful act that deprived Plaintiffs of their Fourth Amendment right to be free from unreasonable searches or seizures, and that an actual Fourth Amendment deprivation resulted from the agreement. Mere cooperation, communication, or presence at the scene is not enough by itself.

For each Plaintiff, Plaintiffs must prove four things. First, two or more of Brad Ingram, Anders Dahl, and Brian Snellgrove knowingly agreed to carry out an unlawful search or seizure, or to use unlawful means. Second, the particular Defendant knowingly joined the agreement. Third,

[14] *See Modern Federal Jury Instructions—Civil*, U.S. District Courts, All Districts, Form 485a, Instrs. 87-68, 87-73 (Matthew Bender & Co. 2026).

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

one member acted to carry it out. Fourth, the agreement caused a Fourth Amendment violation and harm to that Plaintiff.

The agreement need not be written or spoken out loud. You may infer it from messages, planning, relationships, timing, and coordinated acts. Mere presence, contact, or ordinary lawful cooperation is not enough by itself.

*Authority: Priester v. Lowndes County, 354 F.3d 414, 420 (5th Cir. 2004); Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994); Bevill v. Fletcher, 26 F.4th 270, 283-84 (5th Cir. 2022).*

### O. State-Law Claim — Conversion Against Brian Snellgrove

To prove conversion, Plaintiffs must prove by a preponderance of the evidence that: (1) Plaintiffs, together, owned, possessed, or had the right to immediate possession of specific personal property; (2) Brian Snellgrove wrongfully exercised dominion or control over that property in denial of, or inconsistent with, Plaintiffs' rights; (3) Plaintiffs demanded return of the property, unless demand was excused; and (4) Brian Snellgrove refused to return the property, unless refusal was excused, and Plaintiffs suffered damages as a result.

For each Plaintiff, that Plaintiff must prove three things. First, the Plaintiff owned, possessed, or had the better right to possess identified property. Second, Brian Snellgrove wrongfully controlled it in a way that denied the Plaintiff's rights. Third, this caused loss. A Plaintiff does not have to prove that both spouses owned every item together.

A demand and refusal are required only if Snellgrove first got possession lawfully and had not clearly denied the Plaintiff's rights. No demand was needed if he got possession wrongfully or later sold, disposed of, transferred, mixed into inventory, or otherwise clearly treated the property as his own.

*Authority: Waisath v. Lack's Stores, Inc., 474 S.W.2d 444, 446-47 (Tex. 1971); Presley v. Cooper, 284 S.W.2d 138, 141 (Tex. 1955).*

### P. State-Law Claim — Abuse of Process Against Brian Snellgrove

To prove abuse of process, a Plaintiff must prove by a preponderance of the evidence that: (1) Brian Snellgrove made an illegal, improper, or perverted use of process; (2) Brian Snellgrove had an ulterior motive or purpose in exercising such process; and (3) the Plaintiff suffered damages as a result. The mere filing of a complaint, report, or proceeding, even if later disputed, is not by itself abuse of process unless the process was used for a collateral purpose after it was issued.

For each Plaintiff, that Plaintiff must prove by a preponderance of the evidence that: (1) Brian Snellgrove made an illegal, improper, or perverted use of legal process after it issued, in a manner neither warranted nor authorized by the process; (2) he used the process for an ulterior or collateral purpose; and (3) the misuse caused damages to that Plaintiff. Merely making a complaint, causing process to issue, or acting with an improper motive is not enough. The improper use must concern the process itself after issuance and must seek a collateral result that the process was not designed to accomplish.

*Authority: Detenbeck v. Koester, 886 S.W.2d 477, 480 (Tex. App.-Houston [1st Dist.] 1994, no writ); Bossin v. Towber, 894 S.W.2d 25, 33 (Tex. App.-Houston [14th Dist.] 1994, writ denied).*

### Q. State-Law Claim — Texas Theft Liability Act Against Brian Snellgrove

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

To prove liability under the Texas Theft Liability Act, Plaintiffs must prove by a preponderance of the evidence that: (1) Plaintiffs, together, had a possessory right to the property at issue; (2) Brian Snellgrove unlawfully appropriated the property within the meaning of the Texas Theft Liability Act and the applicable provisions of the Texas Penal Code; and (3) Plaintiffs sustained damages as a result. "Appropriate" means to acquire or otherwise exercise control over property. Appropriation is unlawful if it is without the owner's effective consent or if the property is stolen and the actor appropriates it knowing it was stolen by another. A good-faith dispute over ownership, possession, or right to control property may be considered in determining whether the required unlawful appropriation has been proven.

For each Plaintiff, that Plaintiff must prove three things. First, Brian Snellgrove misused legal process after it was issued. Second, he used it to obtain a result the process was not meant to produce. Third, the misuse caused harm. A complaint, the issue of process, or bad motive alone is not enough.

*Authority: Detenbeck v. Koester, 886 S.W.2d 477, 480 (Tex. App.-Houston [1st Dist.] 1994, no writ); Bossin v. Towber, 894 S.W.2d 25, 33 (Tex. App.-Houston [14th Dist.] 1994, writ denied).*

*[PLAINTIFFS' PROPOSAL: Omit the Texas Theft Liability Act instruction because Plaintiffs have moved to withdraw that claim.]*

### R. State-Law Claim — Unjust Enrichment / Disgorgement Against Brian Snellgrove

If unjust enrichment or disgorgement is submitted to the jury, Plaintiffs must prove by a preponderance of the evidence that Brian Snellgrove obtained a benefit from Plaintiffs by fraud, duress, taking undue advantage, or under circumstances that make it inequitable for him to retain the benefit. The measure, if any, is the amount of benefit wrongfully retained, not a duplicate award of the same compensatory damages otherwise awarded.

Plaintiffs propose that unjust enrichment and disgorgement be decided by the Court, not the jury. The jury should not raise or lower compensatory damages because the Court may later grant equitable relief.

*Authority: Fed. R. Civ. P. 39(c); City of The Colony v. N. Tex. Mun. Water Dist., 272 S.W.3d 699, 731 (Tex. App.-Fort Worth 2008, pet. dism'd).*

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

# AGREED PROPOSED VERDICT FORM

## A. General Instructions for Answering Questions[15]

Answer each question from a preponderance of the evidence unless the question instructs otherwise. A "Yes" answer must be based on proof as to the particular Plaintiff, the particular Defendant, and the particular claim submitted. You must consider each Plaintiff, each Defendant, and each claim separately.

First answer the constitutional-violation questions without considering qualified immunity. Qualified immunity is addressed **subsequently**.

Do not award the same loss more than once. State each indivisible injury only once. Do not divide a single injury merely because more than one Defendant caused it. In the causation table, identify every Defendant whose conduct caused or contributed to cause each damage category. The Court will apply the legal consequences and prevent double recovery.

Certain disclaimed items appearing on an inventory are not part of any claim or request for damages and are not submitted for decision. The fact that a person filed this lawsuit is not evidence and creates no inference that any party is entitled to recover.

Do not answer any damages question for a claim unless you have first answered "Yes" to the liability question for that claim, unless the Court's instructions tell you otherwise. Do not award the same damages more than once. If the same injury, loss, property damage, lost income, mental anguish, or other harm is submitted under more than one claim, include that amount only once in your total damages answer.

The fact that a person filed this lawsuit is not evidence and does not create any inference that any party is entitled to recover.

Use the preponderance standard unless a question says otherwise. Preponderance of the evidence means more likely than not. Consider each Plaintiff, Defendant, and claim separately. Follow every skip instruction. If a question does not apply, leave it blank.

First answer the Fourth Amendment questions. Do not consider qualified immunity until the separate immunity section. Do not answer a damages question unless you found liability that could have caused that kind of harm.

Award each loss only once. Do not divide one injury just because more than one Defendant caused it. In the causation tables, mark every Defendant who caused or helped cause that kind of harm. The Court will apply the law to your answers.

Do not award damages for the two glass pipes, the two small bags, or the firearm. The fact that a person filed this case is not evidence. The property question asks for one total amount, not a value for each item.

---

[15] *See Modern Federal Jury Instructions—Civil*, Fifth Circuit Form 485a-5C, Instrs. 3.2, 3.6, 3.7 (Matthew Bender & Co. 2026).

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

*Authority: Lindsley v. Omni Hotels Management Corp., No. 23-11167, slip op. at 5-7, 14-16 (5th Cir. Dec. 16, 2024); Brown v. Burmaster, No. 25-30541, slip op. at 11-13 (5th Cir. July 14, 2026).*

## B. Fourth Amendment — Unreasonable Search or Seizure[16]

### Question No. 1: Search or Seizure Not Authorized by Warrant or Other Lawful Basis

As to each Defendant listed below, did Plaintiffs prove by a preponderance of the evidence that the Defendant personally participated in or caused a search or seizure of Plaintiffs' property that was not authorized by the search warrant, valid consent, the plain-view doctrine, exigent circumstances, reasonable reliance on other officers, or another lawful basis submitted by the Court?

Answer "Yes" or "No" for each Defendant.

1. Brad Ingram: ______
2. Anders Dahl: ______
3. Kelsey Brown: ______
4. Rory Gammons: ______
5. Brian Snellgrove: ______

### Question No. 2: Consent to Search

As to each Defendant for whom you answered "Yes" to Question No. 1, did Plaintiffs prove by a preponderance of the evidence that, at the time of the challenged search, no person with actual or apparent authority had voluntarily consented to the search, or that any consent previously given had been clearly limited, modified, or withdrawn before that Defendant acted?

Answer "Yes" or "No" for each Defendant.

1. Brad Ingram: ______
2. Anders Dahl: ______
3. Kelsey Brown: ______
4. Rory Gammons: ______

[16] *See Modern Federal Jury Instructions—Civil*, Fifth Circuit Form 485a-5C, Instr. 10.1 (Matthew Bender & Co. 2026); *Modern Federal Jury Instructions—Civil*, U.S. District Courts, All Districts, Form 485a, Instrs. 87-68, 87-74A, 87-74B (Matthew Bender & Co. 2026).

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

5. Brian Snellgrove: ______

**Question No. 4: Clear Limitation, Modification, or Withdrawal of Consent**

Did Plaintiffs prove by a preponderance of the evidence that Austin Hamblin or Kiska Hamblin clearly communicated, before the challenged search or seizure at issue, that consent was refused, limited, modified, or withdrawn?

Answer "Yes" or "No."

Answer: ______

If your answer is "Yes," identify the person who clearly communicated the refusal, limitation, modification, or withdrawal, and identify when it was communicated.

1. Austin Hamblin: ______

2. Kiska Hamblin: ______

If your answer is "Yes," answer Question No. 5.

**Question No. 5: Defendant's Knowledge of Any Limitation, Modification, or Withdrawal**

For each Defendant listed below, did Plaintiffs prove by a preponderance of the evidence that, before that Defendant engaged in the challenged search or seizure, the Defendant knew or reasonably should have understood that consent had been refused, limited, modified, or withdrawn?

Answer "Yes" or "No" for each Defendant.

1. Brad Ingram: ______

2. Anders Dahl: ______

3. Kelsey Brown: ______

4. Rory Gammons: ______

5. Brian Snellgrove: ______

**Question No. 6: Consent or Other Lawful Basis to Seize or Remove Property**

As to each Defendant listed below, did Plaintiffs prove by a preponderance of the evidence that the seizure, removal, loading, transfer, or release of the item or category of property at issue was not authorized by valid consent, the warrant, plain view, exigent circumstances, reasonable reliance on other officers, or another lawful basis submitted by the Court?

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

Answer "Yes" or "No" for each Defendant.

1. Brad Ingram: ______
2. Anders Dahl: ______
3. Kelsey Brown: ______
4. Rory Gammons: ______
5. Brian Snellgrove: ______

**Question No. 7: Probable Cause for Seizure of Additional Property**

As to each Defendant listed below, did Plaintiffs prove by a preponderance of the evidence that, at the time of the challenged seizure, the Defendant lacked probable cause to believe that the item or category of property seized was stolen property, contraband, or evidence of a crime?

Answer "Yes" or "No" for each Defendant.

1. Brad Ingram: ______
2. Anders Dahl: ______
3. Kelsey Brown: ______
4. Rory Gammons: ______
5. Brian Snellgrove: ______

**Question No. 8: Exigent Circumstances**

As to each Defendant listed below, do you find by a preponderance of the evidence that exigent circumstances existed at the time of the challenged search or seizure beyond the warrant's scope?

Answer "Yes" or "No" for each Defendant.

1. Brad Ingram: ______
2. Anders Dahl: ______
3. Kelsey Brown: ______
4. Rory Gammons: ______
5. Brian Snellgrove: ______

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

If you answered “Yes” as to any Defendant, identify the exigency you find existed:

1. Imminent injury or need for emergency aid: ______
2. Immediate danger to officers or others: ______
3. Imminent destruction, concealment, removal, or loss of evidence: ______
4. Hot pursuit or escape risk: ______
5. Other exigency submitted by the Court: [DESCRIBE]: ______

**Question No. 9: Police-Created Exigency**

If you answered “Yes” to Question No. 8 as to any Defendant, do you find by a preponderance of the evidence that the exigency was created by officers engaging in or threatening conduct that violated the Fourth Amendment?

Answer “Yes” or “No” for each Defendant.

1. Brad Ingram: ______
2. Anders Dahl: ______
3. Kelsey Brown: ______
4. Rory Gammons: ______

**Question No. 10: Lawful Presence for Plain View**

As to each Defendant listed below, did Plaintiffs prove by a preponderance of the evidence that the Defendant was not lawfully present in the area from which the item or category of property was first observed?

Answer “Yes” or “No” for each Defendant.

1. Brad Ingram: ______
2. Anders Dahl: ______
3. Kelsey Brown: ______
4. Rory Gammons: ______
5. Brian Snellgrove: ______

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

**Question No. 11: Item in Plain View**

As to each Defendant listed below, did Plaintiffs prove by a preponderance of the evidence that the item or category of property seized was not in plain view before it was seized?

Answer "Yes" or "No" for each Defendant.

1. Brad Ingram: ______
2. Anders Dahl: ______
3. Kelsey Brown: ______
4. Rory Gammons: ______
5. Brian Snellgrove: ______

**Question No. 12: Immediately Apparent Incriminating Character**

As to each Defendant listed below, did Plaintiffs prove by a preponderance of the evidence that, before the seizure, the facts known to that Defendant and reasonably trustworthy information available to that Defendant were insufficient to cause a reasonable officer to believe that the item or category of property was stolen property, contraband, or evidence of a crime?

Answer "Yes" or "No" for each Defendant.

1. Brad Ingram: ______
2. Anders Dahl: ______
3. Kelsey Brown: ______
4. Rory Gammons: ______
5. Brian Snellgrove: ______

**Question No. 13: Lawful Right of Access**

As to each Defendant listed below, do you find by a preponderance of the evidence that the Defendant had a lawful right of access to the item or items seized under the plain-view doctrine?

Answer "Yes" or "No" for each Defendant.

1. Brad Ingram: ______
2. Anders Dahl: ______

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

3. Kelsey Brown: ______

4. Rory Gammons: ______

5. Brian Snellgrove: ______

**Question No. 14: Information from Civilian or Other Witnesses**

As to each Defendant listed below, did Plaintiffs prove by a preponderance of the evidence that the Defendant's reliance, if any, on information supplied by Brian Snellgrove or another civilian was objectively unreasonable under the circumstances known to the Defendant at the time?

Answer "Yes" or "No" for each Defendant.

1. Brad Ingram: ______

2. Anders Dahl: ______

3. Kelsey Brown: ______

4. Rory Gammons: ______

**Question No. 15: Personal Participation in an Unreasonable Search or Seizure**

As to each Defendant listed below, did Plaintiffs prove by a preponderance of the evidence that the Defendant personally participated in, directed, knowingly assisted, or—if Brian Snellgrove is at issue—was a willful participant in a search or seizure that was not authorized by the warrant, valid consent, plain view, exigent circumstances, reasonable reliance on other officers, or another lawful basis submitted by the Court?

Answer "Yes" or "No" for each Defendant.

1. Brad Ingram: ______

2. Anders Dahl: ______

3. Kelsey Brown: ______

4. Rory Gammons: ______

5. Brian Snellgrove: ______

**Question No. 16: Reasonable Officer's Understanding of Consent**

For each law-enforcement Defendant listed below, do you find by a preponderance of the evidence that a reasonable officer in that Defendant's position would have known or understood that Plaintiffs had not consented to the challenged search or seizure, or had limited or withdrawn any consent, before that Defendant acted?

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

Answer “Yes” or “No” for each Defendant.

1. Brad Ingram: ______
2. Anders Dahl: ______
3. Kelsey Brown: ______
4. Rory Gammons: ______

**Question No. 17: Reasonable Officer’s Understanding of Plain View**

For each law-enforcement Defendant listed below, do you find by a preponderance of the evidence that a reasonable officer in that Defendant’s position would have understood that the incriminating nature of the additional property seized was not immediately apparent before seizure?

Answer “Yes” or “No” for each Defendant.

1. Brad Ingram: ______
2. Anders Dahl: ______
3. Kelsey Brown: ______
4. Rory Gammons: ______

**Question No. 18: Reasonable Officer’s Understanding of Warrant Scope**

For each law-enforcement Defendant listed below, do you find by a preponderance of the evidence that a reasonable officer in that Defendant’s position would have understood that the challenged continued search or seizure exceeded the warrant’s authorized scope and was not justified by consent, plain view, exigent circumstances, or another exception submitted by the Court?

Answer “Yes” or “No” for each Defendant.

1. Brad Ingram: ______
2. Anders Dahl: ______
3. Kelsey Brown: ______
4. Rory Gammons: ______

**Question No. 19: Reliance on Other Officers**

For each law-enforcement Defendant listed below, do you find by a preponderance of the evidence that the Defendant reasonably relied on information communicated by another

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

officer pertaining to consent, the withdrawal or modification of consent, probable cause, or the plain-view doctrine?

Answer "Yes" or "No" for each Defendant.

1. Brad Ingram: ______
2. Anders Dahl: ______
3. Kelsey Brown: ______
4. Rory Gammons: ______

If you answered "Yes" as to any Defendant, identify the information reasonably relied upon:

1. Consent had been given: ______
2. Consent had not been limited or withdrawn: ______
3. Probable cause existed: ______
4. Plain view applied: ______

**Question No. 20: Qualified-Immunity Fact Question**

For each law-enforcement Defendant listed below, did Plaintiffs prove by a preponderance of the evidence that no reasonable officer in that Defendant's position, knowing the facts that Defendant knew at the time, could have believed that the challenged search or seizure was authorized by the warrant, valid consent, the plain-view doctrine, exigent circumstances, reasonable reliance on other officers, or another lawful basis submitted by the Court?

Answer "Yes" or "No" for each Defendant.

1. Brad Ingram: ______
2. Anders Dahl: ______
3. Kelsey Brown: ______
4. Rory Gammons: ______

**Question No. 21: Fourth Amendment Violation**

As to each Defendant listed below, did Plaintiffs prove by a preponderance of the evidence that the Defendant personally caused or participated in a search or seizure that was unreasonable under the Fourth Amendment because it was not authorized by the

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

warrant, valid consent, the plain-view doctrine, exigent circumstances, reasonable reliance on other officers, or another lawful basis submitted by the Court?

Answer "Yes" or "No" for each Defendant.

1. Brad Ingram: ______
2. Anders Dahl: ______
3. Kelsey Brown: ______
4. Rory Gammons: ______
5. Brian Snellgrove: ______

If you answered "Yes" as to any Defendant, identify whose rights were violated:

1. Austin Hamblin: ______
2. Kiska Hamblin: ______
3. Both: ______

**Question No. 22: Causation**

As to each Defendant for whom you answered "Yes" to Question No. 22, did Plaintiffs prove by a preponderance of the evidence that the Defendant's conduct was a proximate cause of damages to Austin Hamblin or Kiska Hamblin?

Answer "Yes" or "No" for each Defendant.

1. Brad Ingram: ______
2. Anders Dahl: ______
3. Kelsey Brown: ______
4. Rory Gammons: ______
5. Brian Snellgrove: ______

If you answered "Yes" as to any Defendant, proceed to the damages questions provided separately by the Court.

*[PLAINTIFFS' PROPOSAL: Omit Question Nos. 1-10 and the separate fact and knowledge questions. Use Sections C-F below to decide state action, search, seizure, and qualified immunity separately. This shorter path avoids overlapping or inconsistent answers.]*

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

### C. Brian Snellgrove Acting Under State Authority

Question No. __. Did Plaintiffs prove that Brian Snellgrove willingly joined state officials in the challenged search? Answer Yes or No: ___________

Question No. __. Did Plaintiffs prove that Brian Snellgrove willingly joined state officials in the challenged seizure? Answer Yes or No: ___________

### D. Fourth Amendment - Unreasonable Search

For each Defendant, answer Yes only if the Plaintiff proved all three facts:
1. The Defendant took part in, directed, or caused the search.
2. The search went beyond the warrant without valid consent or another lawful basis.
3. The search harmed that Plaintiff.
For Snellgrove, answer only if you found that he acted under state authority in the search.

| Defendant | As to Austin | As to Kiska |
|---|---|---|
| **Brad Ingram** | Yes / No | Yes / No |
| **Anders Dahl** | Yes / No | Yes / No |
| **Kelsey Brown** | Yes / No | Yes / No |
| **Rory Gammons** | Yes / No | Yes / No |
| **Brian Snellgrove** | Yes / No | Yes / No |

### E. Fourth Amendment - Unreasonable Seizure

For each Defendant, answer Yes only if the Plaintiff proved all three facts:
1. The Defendant took part in, directed, or caused the taking.
2. One or more items were not allowed by the warrant, valid consent, or plain view.
3. The taking harmed that Plaintiff.
For Snellgrove, answer only if you found that he acted under state authority in the seizure.

| Defendant | As to Austin | As to Kiska |
|---|---|---|
| **Brad Ingram** | Yes / No | Yes / No |
| **Anders Dahl** | Yes / No | Yes / No |
| **Kelsey Brown** | Yes / No | Yes / No |
| **Rory Gammons** | Yes / No | Yes / No |
| **Brian Snellgrove** | Yes / No | Yes / No |

### F. Qualified Immunity

Answer only where you found an unreasonable search. Mark Yes if Plaintiffs proved that every reasonable officer in the same position, knowing the same facts, would have understood that the search was unlawful. A Yes means qualified immunity does not apply.

| Government Officer | As to Austin | As to Kiska |
|---|---|---|
| **Brad Ingram** | Yes / No | Yes / No |
| **Anders Dahl** | Yes / No | Yes / No |
| **Kelsey Brown** | Yes / No | Yes / No |
| **Rory Gammons** | Yes / No | Yes / No |

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

Answer only where you found an unreasonable seizure. Mark Yes if Plaintiffs proved that every reasonable officer in the same position, knowing the same facts, would have understood that the seizure was unlawful. A Yes means qualified immunity does not apply.

| Government Officer | As to Austin | As to Kiska |
|---|---|---|
| **Brad Ingram** | Yes / No | Yes / No |
| **Anders Dahl** | Yes / No | Yes / No |
| **Kelsey Brown** | Yes / No | Yes / No |
| **Rory Gammons** | Yes / No | Yes / No |

## C. Section 1983 Civil Conspiracy

Answer the following questions only if you answered "Yes" to at least one Fourth Amendment question. If you answered "No" to all Fourth Amendment questions, answer "No" to the conspiracy questions and proceed to Section E.

**Question No. 11.** Did Plaintiff Austin Hamblin prove by a preponderance of the evidence that two or more Defendants reached an agreement to deprive Austin Hamblin of a constitutional right, and that Austin Hamblin suffered an actual constitutional deprivation as a result of that agreement?

Answer "Yes" or "No": __________

If "Yes," identify each Defendant you find participated in the conspiracy:

Brad Ingram: __________

Anders Dahl: __________

Brian Snellgrove: __________

**Question No. 12.** Did Plaintiff Kiska Hamblin prove by a preponderance of the evidence that two or more Defendants reached an agreement to deprive Kiska Hamblin of a constitutional right, and that Kiska Hamblin suffered an actual constitutional deprivation as a result of that agreement?

Answer "Yes" or "No": __________

If "Yes," identify each Defendant you find participated in the conspiracy:

Brad Ingram: __________

Anders Dahl: __________

Brian Snellgrove: __________

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

## G. Section 1983 Civil Conspiracy

Question No. __. Did Austin Hamblin prove all of these facts? Two or more of Brad Ingram, Anders Dahl, and Brian Snellgrove knowingly agreed to carry out an unlawful search or seizure. One of them acted to carry it out. The agreement caused a Fourth Amendment violation and harm to Austin. Answer Yes or No: __________

Question No. __. Did Kiska Hamblin prove all of these facts? Two or more of Brad Ingram, Anders Dahl, and Brian Snellgrove knowingly agreed to carry out an unlawful search or seizure. One of them acted to carry it out. The agreement caused a Fourth Amendment violation and harm to Kiska. Answer Yes or No: __________

If you answered Yes for a Plaintiff, identify every person who knowingly joined the agreement. You must identify at least two people for that Plaintiff.

| Participant | As to Austin | As to Kiska |
|---|---|---|
| **Brad Ingram** | Yes / No | Yes / No |
| **Anders Dahl** | Yes / No | Yes / No |
| **Brian Snellgrove** | Yes / No | Yes / No |

## D. Municipal Liability Against Martin County

Answer the following questions only if you answered "Yes" to at least one Fourth Amendment or § 1983 conspiracy question based on conduct legally attributable to Martin County through Sheriff Brad Ingram as final policymaker. Do not answer "Yes" based solely on conduct by Brian Snellgrove as a private party or by Rory Gammons as a Howard County officer unless the Court instructs you that such conduct may legally be attributed to Martin County. If you answered "No" to all predicate constitutional questions that may legally support municipal liability against Martin County, answer "No" to Question Nos. 13 and 14.

**Question No. 13.** Did Plaintiff Austin Hamblin prove by a preponderance of the evidence that Martin County, Texas, through Sheriff Brad Ingram acting as Martin County's final policymaker, was the moving force behind a Fourth Amendment violation legally attributable to Martin County and causing injury to Austin Hamblin?

Answer "Yes" or "No": __________

**Question No. 14.** Did Plaintiff Kiska Hamblin prove by a preponderance of the evidence that Martin County, Texas, through Sheriff Brad Ingram acting as Martin County's final policymaker, was the moving force behind a Fourth Amendment violation legally attributable to Martin County and causing injury to Kiska Hamblin?

Answer "Yes" or "No": __________

## H. Municipal Liability Against Martin County

Do not consider qualified immunity here. The Court has ruled that Sheriff Ingram was Martin County's final policymaker for the matters at issue.

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

Question No. __. Did Austin Hamblin prove all of these facts? Sheriff Ingram acted as Martin County's final policymaker. He made, directed, or carried out a deliberate decision that became County policy. That decision directly caused a Fourth Amendment violation and harm to Austin. This may include a decision to join a Section 1983 conspiracy. Answer Yes or No: __________

Question No. __. Did Kiska Hamblin prove all of these facts? Sheriff Ingram acted as Martin County's final policymaker. He made, directed, or carried out a deliberate decision that became County policy. That decision directly caused a Fourth Amendment violation and harm to Kiska. This may include a decision to join a Section 1983 conspiracy. Answer Yes or No: __________

**E. State-Law Claim Against Brian Snellgrove — Conversion**

**Question No. 15.** Did Plaintiffs prove by a preponderance of the evidence that Brian Snellgrove converted property that Plaintiffs, together, owned, possessed, or had the right to possess?

Question No. __. Did Austin Hamblin prove that Brian Snellgrove converted one or more items that Austin owned, possessed, or had the better right to possess, and that this caused loss? Answer Yes or No: __________

Question No. __. Did Kiska Hamblin prove that Brian Snellgrove converted one or more items that Kiska owned, possessed, or had the better right to possess, and that this caused loss? Answer Yes or No: __________

**F. State-Law Claim Against Brian Snellgrove — Abuse of Process**

**Question No. 16.** Did Plaintiff Austin Hamblin prove by a preponderance of the evidence that Brian Snellgrove committed abuse of process against Austin Hamblin?

Answer “Yes” or “No”: __________

**Question No. 17.** Did Plaintiff Kiska Hamblin prove by a preponderance of the evidence that Brian Snellgrove committed abuse of process against Kiska Hamblin?

Answer “Yes” or “No”: __________

**J. State-Law Claim Against Brian Snellgrove - Abuse of Process**

Question No. __. Did Austin Hamblin prove that Brian Snellgrove committed abuse of process and caused harm to Austin? Answer Yes or No: __________

Question No. __. Did Kiska Hamblin prove that Brian Snellgrove committed abuse of process and caused harm to Kiska? Answer Yes or No: __________

*[PLAINTIFFS' PROPOSAL: Omit the Texas Theft Liability Act section and Question No. 18 because Plaintiffs have moved to withdraw that claim.]*

**G. State-Law Claim Against Brian Snellgrove — Texas Theft Liability Act**

*[PLAINTIFFS' PROPOSAL: Omit unjust enrichment and disgorgement from the verdict form. Those equitable issues should be decided by the Court.]*

Blue Martin County Defendants
Red Snellgrove
Orange Austin and Kiska Hamblin

**Question No. 18.** Did Plaintiffs prove by a preponderance of the evidence that Brian Snellgrove unlawfully appropriated property from Plaintiffs in violation of the Texas Theft Liability Act?

Answer "Yes" or "No": __________

## H. State-Law Claim Against Brian Snellgrove — Unjust Enrichment / Disgorgement

*[PLAINTIFFS' PROPOSAL: Omit unjust enrichment and disgorgement from the verdict form. Those equitable issues should be decided by the Court.]*

Answer the following questions only if the Court submits unjust enrichment or disgorgement to the jury.

**Question No. 19.** Did Plaintiffs prove by a preponderance of the evidence that Brian Snellgrove was unjustly enriched at Plaintiffs' expense?

Answer "Yes" or "No": __________

If "Yes," state the amount, if any, by which Brian Snellgrove was unjustly enriched at Plaintiffs' expense. Do not duplicate any property-value or compensatory damages awarded elsewhere.

$___________

## I. Special Interrogatories Regarding Property-Value Damages

You must answer the following questions separately and in the order submitted. You may not award property damages for any item or category of property unless Plaintiffs prove, by a preponderance of the evidence, each of the following: (a) that Plaintiffs, together, owned, possessed, or had the right to possess the item or category of property at the time of the search; (b) that the item or category of property was seized from Plaintiffs' residence; (c) that the seizure of the item or category of property was not authorized by the warrant, consent, plain view, or another lawful basis; (d) that the loss, damage, or loss of use of the item or category of property was proximately caused by conduct for which you have found liability; and (e) that the value claimed for the item or category of property is proven by competent evidence and is not speculative.

You may not award damages for property Plaintiffs did not prove they jointly owned, possessed, or had the right to possess. You may not award damages for property lawfully seized. You may not award damages for property whose alleged loss or damage was caused solely by conduct for which you have not found liability. You may not award the same damages more than once.

**Question No. 20. Property-Damages Table.** For each item or category of property listed below, answer each column separately and in order from column 1 to column 5. Do not award property-value damages for any item or category unless Plaintiffs prove, by a

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

preponderance of the evidence, that Plaintiffs, together, owned, possessed, or had the right to possess the item or category.

- ***Column 1***: For each item or category of property listed in Column 1, did Plaintiffs, together, prove by a preponderance of the evidence that they owned, possessed, or had the right to possess the item or category of property at the time of the search? Answer "Yes" or "No."

- ***Column 2***: For each item or category for which you answered "Yes" in Column 1, did Plaintiffs prove by a preponderance of the evidence that the item or category was seized from Plaintiffs' residence? Answer "Yes" or "No."

- ***Column 3***: For each item or category for which you answered "Yes" in Column 2, did Plaintiffs prove by a preponderance of the evidence that the item or category was wrongfully seized because of conduct for which you found liability? Answer "Yes" or "No."

- ***Column 4***: For each item or category for which you answered "Yes" in Column 3, did Plaintiffs prove by a preponderance of the evidence that loss, damage, or loss of use of the item or category was proximately caused by conduct for which you found liability? Answer "Yes" or "No."

- ***Column 5***: For each item or category for which you answered "Yes" in Column 4, state the amount of money, if any, that Plaintiffs proved by a preponderance of the evidence is the fair and reasonable value of that item or category. Do not include any amount for property for which you answered "No" in Columns 1, 2, 3, or 4. Do not include attorney's fees, costs, interest, punishment, or speculative amounts.

*[PLAINTIFFS' PROPOSAL: Omit Question Nos. 20-22 and the item-by-item schedule. It would require hundreds of separate answers, treat a disputed inventory as the limits of the case, and create a serious risk of inconsistent findings. Use the shorter total-damages questions in Section L below.]*

| **Item / Category** | **Column 1** Owned / Right to Possess? Yes / No | **Column 2** Seized? Yes / No | **Column 3** Wrongfully Seized? Yes / No | **Column 4** Caused Loss? Yes / No | **Column 5** Value, if Any |
|---|---|---|---|---|---|
| Snap On 75th Anniversary roll cabinet, S/N# 95161820, 95205988 | | | | | $ |
| Snap On 1 ½" wrench | | | | | $ |
| Snap On pliers | | | | | $ |
| Snap On 15-piece tool kit | | | | | $ |
| Blue Point (Snap On) socket | | | | | $ |

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

| ITEM / CATEGORY | COLUMN 1 Owned / Right to Possess? Yes / No | COLUMN 2 Seized? Yes / No | COLUMN 3 Wrongfully Seized? Yes / No | COLUMN 4 Caused Loss? Yes / No | COLUMN 5 Value, if Any |
|---|---|---|---|---|---|
| set | | | | | |
| Snap On butane gas soldering kit | | | | | $ |
| Blue Point (Snap On) hand riveter | | | | | $ |
| Snap On 9 piece extensions | | | | | $ |
| Snap On bolt cutters | | | | | $ |
| Snap On grease gun | | | | | $ |
| Snap On 4-foot tool storage light | | | | | $ |
| Snap On product in box to be mailed | | | | | $ |
| Snap On lawn chair | | | | | $ |
| Apple iPhone issued by Snellgrove Enterprises | | | | | $ |
| Snap On recirculating parts washer, S/N# DBO048940 | | | | | $ |
| Snap On black high gloss roll cabinet, S/N# W126171A, MOD# KETN682AOPC | | | | | $ |
| Snap On red powder tool box, S/N# AB370402A, MOD# KRA6200FPBO | | | | | $ |
| Snap On red air compressor, S/N# JAC22178-010, MOD# BRA7180VEM | | | | | $ |
| Snap On red plasma cutter, S/N# E96041 | | | | | $ |
| Snap On MIG welder, S/N# E28082 | | | | | $ |
| Snap On TIG welder, S/N# 28723 | | | | | $ |
| Snap On black & gray welding table | | | | | $ |
| Snap On black & pink roll cabinet | | | | | $ |
| Snap On gray & pink roll cabinet | | | | | $ |

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

| ITEM / CATEGORY | COLUMN 1 Owned / Right to Possess? Yes / No | COLUMN 2 Seized? Yes / No | COLUMN 3 Wrongfully Seized? Yes / No | COLUMN 4 Caused Loss? Yes / No | COLUMN 5 Value, if Any |
|---|---|---|---|---|---|
| Snap On red tool chest | | | | | $ |
| Snap On red wall cabinet | | | | | $ |
| Snap On teal roll cabinet, S/N# AC456766A, MOD# KCP1422BAT | | | | | $ |
| Snap On black & pink roll cabinet | | | | | $ |
| Snap On clear door display cabinet, S/N# HD037300A, MOD# SSX22P177 | | | | | $ |
| Snap On red popcorn maker | | | | | $ |
| Snap On black bump box speaker | | | | | $ |
| Snap On black portable air compressor, S/N# 20491113, MOD# CTNF9050 | | | | | $ |
| Snap On black roll cabinet | | | | | $ |
| Snap On black roll cabinet | | | | | $ |
| Snap On floor jack | | | | | $ |
| Snap On floor jack | | | | | $ |
| Snap On red motorized bicycle | | | | | $ |
| Snap On tray table | | | | | $ |
| Snap On tray table | | | | | $ |
| Snap On tray table | | | | | $ |
| Snap On tray table | | | | | $ |
| Snap On fan, S/N# 5221002593 | | | | | $ |
| Blue Point (Snap On) pink tool box | | | | | $ |
| Snap On black wet/dry vacuum, S/N# 2021232975 | | | | | $ |
| Porto Cool Jetstream, S/N# 22102014311059 | | | | | $ |
| Glass meth pipe | | | | | $ |
| Glass meth pipe | | | | | $ |

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

| **ITEM / CATEGORY** | **COLUMN 1** Owned / Right to Possess? Yes / No | **COLUMN 2** Seized? Yes / No | **COLUMN 3** Wrongfully Seized? Yes / No | **COLUMN 4** Caused Loss? Yes / No | **COLUMN 5** Value, if Any |
|---|---|---|---|---|---|
| Two small bags containing methamphetamine | | | | | $ |
| One short barrel rifle with no serial number | | | | | $ |
| Assorted Snap On hand tools and power tools contained in the roll cabinet drawers and tool chests | | | | | $ |
| Snap On red bicycle | | | | | |
| **Total non-duplicative recoverable property-value damages:** | | | | | $ |

*[PLAINTIFFS' PROPOSAL: If an individual list of items is to be used, Plaintiff object to the inclusion of the alleged meth pipes the alleged bags contain methamphetamine, the file, and to say "snap-on" hand tools with specificity. Also, plaintiffs do not believe the inventory list was complete, so Plaintiffs would additional request a catch all category reading "Other items seized but not listed on the inventory".]*

**Question No. 21. Defendant-Specific Causation for Property Value.** For each Defendant for whom you found liability, state whether Plaintiffs proved by a preponderance of the evidence that the Defendant's conduct proximately caused the recoverable property-value damages, if any, stated in Question No. 20.

Answer "Yes" or "No."

| | |
|---|---|
| Brad Ingram: | |
| Anders Dahl: | |
| Kelsey Brown: | |
| Rory Gammons: | |
| Martin County, Texas: | |
| Brian Snellgrove: | |

**Question No. 22. Amount of Property-Value Damages Proximately Caused by Each Liable Defendant.** For each Defendant for whom you answered "Yes" in Question No. 21, state the amount of recoverable property-value damages, if any, proximately caused by that Defendant's conduct. Do not duplicate damages. If the same property-value damages were caused by more than one Defendant, do not add the same amount more than once in calculating Plaintiffs' total damages.

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

| | |
|---|---|
| Brad Ingram: | $ |
| Anders Dahl: | $ |
| Kelsey Brown: | $ |
| Rory Gammons: | $ |
| Martin County, Texas: | $ |
| Brian Snellgrove: | $ |
| **Total non-duplicative recoverable property-value damages:** | **$** |

## J. Compensatory Damages

Answer the following questions only as instructed. Property damages are submitted jointly for Plaintiffs in Question No. 23. Do not include the same property damages again in any individual-damages answer. Do not duplicate damages. Do not include any amount for attorney's fees, costs of court, interest, punishment, or speculation.

**Question No. 23. Joint Property Damages.** What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs for recoverable property-value damages, if any, that were proximately caused by conduct for which you found liability? Do not include any amount not supported by your answers to Question No. 20 and the defendant-specific questions that follow.

Answer in dollars and cents, if any: $__________

**Question No. 24.** What sum of money, if paid now in cash, would fairly and reasonably compensate Austin Hamblin for individual damages, if any, that were proximately caused by the conduct for which you found liability? Do not include any amount awarded in Question No. 23.

Answer separately in dollars and cents, if any. Do not include joint property damages in this answer.

| | |
|---|---|
| Lost income, lost wages, or loss of earning capacity: | $ |
| Mental anguish or emotional distress: | $ |
| Other proven compensatory damages, if any: | $ |
| **Total compensatory damages for Austin Hamblin:** | **$** |

**Question No. 25.** What sum of money, if paid now in cash, would fairly and reasonably compensate Kiska Hamblin for damages, if any, that were proximately caused by the conduct for which you found liability?

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

Answer separately in dollars and cents, if any:

| | |
|---|---|
| Lost income, lost wages, or loss of earning capacity: | $ |
| Mental anguish or emotional distress: | $ |
| Other proven compensatory damages, if any: | $ |
| **Total compensatory damages for Kiska Hamblin:** | **$** |

**Do you believe the Defendants have proven that Plaintiffs' have unclean hands?**

Answer "Yes" or "No." __________

**Do you believe that Plaintiffs' failed to mitigate their damages, and if so, in want amount?**

$__________

**L. Plaintiffs' Proposed Compensatory Damages**

Answer only if you found liability that caused the kind of harm asked about. Award each loss once. Do not include attorney's fees, costs, interest, or punishment. Do not include the two glass pipes, the two small bags, or the firearm.

Question No. __. What total amount would fairly compensate Austin and Kiska Hamblin for their property loss? Include only property that:
1. either Plaintiff owned, possessed, or had the right to possess;
2. was taken during the May 17 search;
3. was lost, not returned, sold, wrongfully kept, or returned damaged; and
4. was lost or damaged because of conduct for which you found liability.
Use fair market value at the time and place of loss or conversion. For property returned damaged, use the drop in value. Consider all admitted evidence. The inventory is evidence, but it does not control your answer. Do not include loss of use.
Answer: $____________________

Question No. __. What amount would fairly compensate Plaintiffs for the reasonable value of the loss of use of their property? Do not include the property value again.
Answer: $____________________

Question No. __. What amount would fairly compensate Austin Hamblin for other economic loss, including lost income or reduced earning ability? Do not include property value or loss of use.
Answer: $____________________

Question No. __. What amount would fairly compensate Austin Hamblin for harm to his reputation caused by a federal constitutional violation?
Answer: $____________________

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

Question No. __. What amount would fairly compensate Austin Hamblin for mental or emotional distress caused by a federal constitutional violation?
Answer: $____________________

Question No. __. What amount would fairly compensate Kiska Hamblin for mental or emotional distress caused by a federal constitutional violation?
Answer: $____________________

For each Defendant you found liable, mark Yes for every kind of harm that Defendant caused or helped cause. More than one Defendant may be marked Yes for the same harm. For reputation or emotional harm tied to a federal constitutional violation, mark Yes only for a Defendant you found liable under federal law for that Plaintiff. Do not assign dollars or percentages in these tables.

| Defendant | Property Loss | Loss of Use | Austin Economic Loss | Austin Reputation Harm | Austin Emotional Harm |
|---|---|---|---|---|---|
| **Brad Ingram** | Yes / No | Yes / No | Yes / No | Yes / No | Yes / No |
| **Anders Dahl** | Yes / No | Yes / No | Yes / No | Yes / No | Yes / No |
| **Kelsey Brown** | Yes / No | Yes / No | Yes / No | Yes / No | Yes / No |
| **Rory Gammons** | Yes / No | Yes / No | Yes / No | Yes / No | Yes / No |
| **Martin County** | Yes / No | Yes / No | Yes / No | Yes / No | Yes / No |
| **Brian Snellgrove** | Yes / No | Yes / No | Yes / No | Yes / No | Yes / No |
| | | | | | |

| Defendant | Kiska Emotional Harm |
|---|---|
| Brad Ingram | Yes / No |
| Anders Dahl | Yes / No |
| Kelsey Brown | Yes / No |
| Rory Gammons | Yes / No |
| Martin County | Yes / No |
| Brian Snellgrove | Yes / No |

## K. Non-Duplication and Allocation Limited to State-Law Claims

*[PLAINTIFFS' PROPOSAL: Omit percentage allocation. If the Court later finds that Chapter 33 applies to a surviving Texas claim, use a separate question for that claim only. Do not apply it to Section 1983 claims.]*

Do not allocate fault or responsibility for any federal constitutional claim unless the Court instructs you to do so. The following allocation questions apply only to state-law claims against Brian Snellgrove, if any, for which the Court instructs you that proportionate responsibility or apportionment is legally available. Do not use this section to reduce or apportion damages for a § 1983 constitutional claim unless expressly instructed by the Court.

**Question No. 26.** If you found Brian Snellgrove liable on a state-law claim and the Court instructs you to allocate responsibility for that state-law claim, state the percentage of

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

responsibility, if any, attributable to each person whose conduct you found proximately caused Austin Hamblin's state-law damages. The percentages must total 100%.

Brian Snellgrove: _______%

Austin Hamblin: _______%

Other person or entity, if any: _______%

Total: 100%

**Question No. 27.** If you found Brian Snellgrove liable on a state-law claim and the Court instructs you to allocate responsibility for that state-law claim, state the percentage of responsibility, if any, attributable to each person whose conduct you found proximately caused Kiska Hamblin's state-law damages. The percentages must total 100%.

Brian Snellgrove: _______%

Kiska Hamblin: _______%

Other person or entity, if any: _______%

Total: 100%

## L. Nominal Damages

Answer the following questions only if you found that a Plaintiff proved a constitutional violation but did not prove actual compensatory damages caused by that constitutional violation. If you answer "Yes," the nominal-damages amount is one dollar and no more.

**Question No. 28.** Do you award nominal damages to Austin Hamblin for a constitutional violation?

Answer "Yes" or "No": __________

If "Yes," nominal damages awarded: $1.00

**Question No. 29.** Do you award nominal damages to Kiska Hamblin for a constitutional violation?

Answer "Yes" or "No": __________

If "Yes," nominal damages awarded: $1.00

## M. Plaintiffs' Proposed Nominal Damages

If you found a federal constitutional violation for a Plaintiff but awarded no compensatory damages for that violation, the Court will award that Plaintiff one dollar. Do not answer another nominal-damages question.

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

## M. Punitive Damages

Do not answer the punitive-damages questions unless you have found liability against the individual Defendant identified in the question. Punitive damages may not be awarded against Martin County. Punitive damages may be awarded, if at all, only against an individual Defendant and only if the Plaintiff proves by a preponderance of the evidence that the particular Defendant acted with evil motive or intent, or with reckless or callous indifference to the Plaintiff's federally protected rights. Do not include punitive damages in your compensatory-damages answers.

**Question No. 30.** Did Austin Hamblin prove by a preponderance of the evidence that punitive damages should be assessed against any individual Defendant?

Answer "Yes" or "No": __________

If "Yes," state the amount, if any, assessed against each Defendant:

Brad Ingram: $___________

Anders Dahl: $___________

Kelsey Brown: $___________

Rory Gammons: $___________

Brian Snellgrove: $___________

**Question No. 31.** Did Kiska Hamblin prove by a preponderance of the evidence that punitive damages should be assessed against any individual Defendant?

Answer "Yes" or "No": __________

If "Yes," state the amount, if any, assessed against each Defendant:

Brad Ingram: $___________

Anders Dahl: $___________

Kelsey Brown: $___________

Rory Gammons: $___________

Brian Snellgrove: $___________

## N. Punitive and Exemplary Damages Gateways

Federal punitive damages. For each individual Defendant you found liable under federal law, mark Yes if the Plaintiff proved evil motive or intent, or reckless or callous disregard of that

| | |
|---|---|
| Blue | Martin County Defendants |
| Red | Snellgrove |
| Orange | Austin and Kiska Hamblin |

Plaintiff's federal rights. A Yes answer only sends the amount to a separate phase. Punitive damages are not available against Martin County.

| Individual Defendant | As to Austin | As to Kiska |
|---|---|---|
| **Brad Ingram** | Yes / No | Yes / No |
| **Anders Dahl** | Yes / No | Yes / No |
| **Kelsey Brown** | Yes / No | Yes / No |
| **Rory Gammons** | Yes / No | Yes / No |
| **Brian Snellgrove** | Yes / No | Yes / No |

Texas exemplary damages against Brian Snellgrove. Answer only for a surviving Texas claim that allows these damages. Mark Yes only if the Plaintiff proved by clear and convincing evidence that the harm resulted from fraud, malice, or gross negligence. A Yes must be unanimous and only sends the amount to a separate phase.

| Plaintiff | Answer |
|---|---|
| **Austin Hamblin** | Yes / No |
| **Kiska Hamblin** | Yes / No |

Clear and convincing evidence means proof that gives you a firm belief or conviction that the claim is true. Malice means a specific intent to cause substantial harm. Gross negligence means conduct that created an extreme risk of serious harm. The person must have actually known of that risk and acted with conscious indifference to the rights, safety, or welfare of others.

## O. Duty to Deliberate

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up your honest beliefs because the other jurors think differently, or merely to finish the case.

## P. Presiding Juror

After you have answered all questions required by the Court's instructions, your presiding juror must sign and date this verdict form.

__________________________________
Presiding Juror

Date: ____________________, 2026