**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN,** *Plaintiffs,* | § § § § | |
| v. | § | **MO:25-CV-00245-RCG** |
| **BRAD INGRAM, ANDERS DAHL, KELSEY BROWN, RORY GAMMONS, each in their individual capacity; MARTIN COUNTY, TEXAS; and BRIAN SNELLGROVE,** *Defendants.* | § § § § § § § | |

**PLAINTIFFS' MOTION FOR LIMITED RECONSIDERATION OF PEREMPTORY CHALLENGES AND TO ESTABLISH COORDINATED DEFENSE TRIAL PROCEDURES**

Plaintiffs Austin Hamblin and Kiska Hamblin respectfully request limited reconsideration and clarification of the jury-selection and trial-management provisions in the Court's August 5, 2026 Order Memorializing Final Pretrial Conference. (Dkt. 127). The Order gives Plaintiffs three peremptory challenges, Defendant Brian Snellgrove three, and the Martin County Defendants three. At the final pretrial conference, however, the Court treated Defendants as one side for voir dire, required them to divide a single fifteen-minute allotment, repeatedly recognized their practical alignment, and left the strike allocation open to reconsideration before trial. Pretrial Tr. 7-9, 41, 63-64.

Since entry of the Order, separate co-counsel has appeared for Defendant Anders Dahl. (Dkt. 135). Plaintiffs ask the Court to adopt three narrow procedures: three aggregate peremptory challenges per side; simultaneous and confidential submission of one Plaintiffs' strike sheet and one consolidated defense strike sheet; and one designated defense attorney to handle each witness from beginning to end. Defendants may rotate the designation from witness to witness as

they see fit, and a narrow leave-of-Court procedure would protect any genuinely distinct matter. This request changes no claim, evidence, deadline, or trial date.

**THREE PEREMPTORY CHALLENGES PER SIDE WOULD PROVIDE A BALANCED PROCESS.**

Section 1870 authorizes the Court to treat several defendants as a single party, allow additional challenges, and determine whether challenges are exercised separately or jointly. 28 U.S.C. § 1870; Fed. R. Civ. P. 47(b). The Fifth Circuit describes the Court's discretion over additional challenges as complete. Rodriguez v. Riddell Sports, Inc., 242 F.3d 567, 579-80 (5th Cir. 2001). Plaintiffs therefore do not contend that the present allocation exceeds the Court's authority. They respectfully request a different exercise of that discretion in light of the actual trial alignment and the addition of further defense counsel.

The present allocation gives the defense side six potential removals while Plaintiffs have three, even though Defendants seek the same ultimate result on the claims being tried and have already been treated as one side for voir dire. Three challenges per side is the simplest allocation and preserves meaningful defense input through a consolidated defense sheet. Rodriguez's prejudice analysis also noted that the opposing sides there received equal aggregate numbers. Id. at 580. Amendment of the pretrial order would cause no substantial injury, affect no merits preparation, and require no delay. See Jordan v. Maxfield & Oberton Holdings, L.L.C., 977 F.3d 412, 419 (5th Cir. 2020).

**SIMULTANEOUS, CONFIDENTIAL STRIKE SHEETS WOULD ELIMINATE ANY SEQUENCING CONCERN.**

The Court described a written process in which counsel would mark strike sheets and return them to the courtroom deputy. Pretrial Tr. 9. Plaintiffs request an express clarification that Plaintiffs will submit one sheet listing no more than three strikes, Defendants collectively will

submit one consolidated sheet listing no more than three strikes, and both sheets will be delivered confidentially before either side learns the other's selections. The deputy can then apply both sets at once. This makes strike order immaterial and avoids reactive or duplicative strikes.

**A ONE-ATTORNEY-PER-WITNESS PROTOCOL WOULD PREVENT DUPLICATION WHILE PRESERVING EACH DEFENSE.**

The requested protocol is simple - one horse, one rider. Defendants collectively would identify one attorney for each witness. From the first question through completion of the witness, that attorney alone would conduct any direct examination, cross-examination, redirect, or recross on behalf of Defendants. The same attorney alone would make defense objections concerning that witness and respond to objections during the defense examination. Other defense counsel could confer, pass questions or authorities to the lead attorney, and select a different lead for the next witness.

Federal Rule of Evidence 611(a) authorizes the Court to control witness examination to make the process effective and avoid wasting time. The Fifth Circuit recognizes reasonable structural limits that streamline presentation while leaving parties room to make tactical choices within those limits. United States v. Colomb, 419 F.3d 292, 299-301 (5th Cir. 2005). It has also treated a one-attorney-per-witness arrangement as providing ample cross-examination where counsel could confer and the designated lawyer conducted the examination. United States v. Soudan, 812 F.2d 920, 927-28 (5th Cir. 1986). Soudan involved an agreement among defense counsel, but it confirms the practical adequacy of the procedure requested here.

The proposal excludes no witness, evidence, question, objection, or defense theory. Defendants may choose the lead on a witness by witness basis, every lawyer may advise that attorney, and counsel may seek leave outside the jury's presence for a privilege, conflict, or genuinely distinct and nonduplicative matter that cannot fairly be addressed through the lead.

Although the Court initially contemplated separate defense examinations, Pretrial Tr. 67-68, Dahl's additional counsel has since appeared and Plaintiffs intend to call every individual Defendant. Separate defense examinations are also inequitable as it effectively gives the defense two (or perhaps now, with the appearance of additional counsel, three) bites at the same witness to the Plaintiff's one, with double (or triple) the chance to persuade the jury. A clear witness-lead rule will permit all defense counsel to contribute without successive rounds of examination and objections. The additional appearance likewise should not create an additional voir dire allotment, opening statement, closing argument, or enlargement of side-based time.

**PLAINTIFFS' PRESENT TRIAL ESTIMATE.**

Plaintiffs presently intend to call every individual Defendant as an adverse witness during their case-in-chief and anticipate approximately 7.5 hours worth of direct examination for all Plaintiff's witnesses. The estimate does not include cross examination time. The estimate depends in part on the number and length of objections, sidebars, as well as the evasiveness of witnesses which may require more precise or detailed questioning. The requested witness-lead protocol should help preserve that schedule without limiting any party's evidence.

**CONCLUSION AND PRAYER**

Plaintiffs respectfully request that the Court modify and clarify Docket No. 127 as follows:

1. Plaintiffs receive three aggregate peremptory challenges, and Defendants collectively receive three aggregate peremptory challenges through one consolidated defense strike sheet;

2. Plaintiffs' and Defendants' strike sheets are submitted simultaneously and confidentially, with no selections disclosed until both have been submitted;

3. Defendants designate one lead attorney for each witness, who alone conducts all defense examination of that witness and alone makes or responds to objections concerning that witness, absent leave for a genuinely distinct and nonduplicative matter; and

4. Additional counsel does not enlarge the defense side's aggregate voir dire time, create an additional opening or closing, or enlarge any time the Court allocates by side.

Plaintiffs do not request a separate hearing and are prepared to address any implementation detail at the final pretrial hearing on the morning of trial.

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(g), undersigned counsel conferred via email on August 13, 2026 with counsel for the Martin County Defendants, Defendant Snellgrove, and Defendant Dahl. No reply was received.

**CERTIFICATE OF SERVICE**

I certify that on the date reflected by the CM/ECF filing stamp, I filed the foregoing document through the Court's CM/ECF system, which will serve all counsel of record who are registered CM/ECF users.

Respectfully submitted,

/s/ Kurt Mueller
Kurt Mueller
Texas Bar No. 24133133
THE KURT MUELLER LAW FIRM PLLC
565 S. Mason Road, PMB 223
Katy, Texas 77450
Telephone: (713) 360-2110
Fax: N/A
kurt@kurtmuellerpllc.com

ATTORNEY FOR PLAINTIFFS