**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN,** *Plaintiffs,* | § § § | |
| **v.** | § § | **MO:25-CV-00245-RCG** |
| **BRAD INGRAM, ANDERS DAHL, KELSEY BROWN, RORY GAMMONS, each in their individual capacity; MARTIN COUNTY, TEXAS; and BRIAN SNELLGROVE;** *Defendants.* | § § § § § § § | |

**ORDER MEMORIALIZING EVIDENTIARY RULING**

On August 4, 2026, the Court conducted a final pretrial conference in this case. Discussed were references to the alleged substance and pipes seized during the search. The next day, the Court issued an Order for Letter Briefs, allowing the parties to submit a letter brief arguing whether evidence of the alleged substance and pipes should be permitted at trial under the Federal Rules of Evidence. (Doc. 126). On August 12, 2026, Plaintiffs, Martin County Defendants, and Defendant Snellgrove submitted letter briefs. (Docs. 136, 138, 139).

As an initial matter, Plaintiffs objected to Martin County Defendants' Letter Brief, arguing the Court should disregard and strike it because the brief is single-spaced, rather than double-spaced. (Doc. 137). The Court **OVERRULES** Plaintiffs' objection and will consider Martin County Defendants' Letter Brief.

Martin County Defendants argue the evidence has meaningful probative value because "[i]t bears on what officers observed while executing the warrant, whether the incriminating nature of items was apparent for plain-view purposes, whether officers had lawful access to those items, and whether their actions were objectively reasonable in light of the facts known to them." (Doc. 136 at 3). Further, they argue the "jury should receive the facts necessary to determine what occurred

during the search and what information was available to the officers at the scene." *Id.* at 4. Similarly, Defendant Snellgrove asserts the reasonableness of all Defendants' conduct and their "good faith" actions[1] are under review, thus this evidence is essential for the jury to view the totality of the circumstance of the search. (Doc. 139 at 1).

In contrast, Plaintiffs argue there is no subjective good faith element at issue here and the officers' state of mind is not a fact of consequence. (Doc. 138 at 2). Further, Plaintiffs assert that no element of any remaining claim turns on the alleged substance, the glass pipes, and the firearm. *Id.* at 1. And these items being found cannot render the incriminating character of Snap-On tools immediately apparent, which is what is at issue here. *Id.* at 2–3. Discussing Rule 403 specifically, Plaintiffs explain that allowing Defendants to tell the jury Plaintiffs are drug users or dealers invites a verdict on their perceived character instead of on what the officers did, which is the propensity use the Rules forbid. *Id.* at 3–4. Finally, Plaintiffs argue admitting these items opens a trial within a trial, distracting the jury with questions they will never need to answer: whether the substance is contraband at all, whether it was destroyed or preserved, who has held it since May 2023, and whether a returned firearm was illegal or not. *Id.* at 4.

After further consideration of the parties' arguments, the Court finds it need not even reach Rule 403 because the alleged substance, glass pipes, and firearm are not relevant evidence under Rule 401. Under Rule 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. "Irrelevant evidence is not admissible." FED. R. EVID. 402. While the relevance "bar is low," the Court does not find these items meet the threshold. In a

1. Good faith is an element of the official immunity defense under Texas state law and is inapplicable to qualified immunity. *See City of Houst. v. Edwards*, No. 01-22-00709, 2023 WL 5021217, at *7 (Tex. App.—Houston [1st Dist.] 2023, no pet.).

civil case regarding the execution of a warrant to search for allegedly stolen Snap-On tools, where the issues center around Defendants having a lawful warrant exception, the Court does not find the discovery of an alleged substance, glass pipes, and firearm even marginally affect the material facts at issue. *Hicks-Fields v. Harris County*, 860 F.3d 803, 809 (5th Cir. 2017).

Even assuming, *arguendo*, the evidence is relevant, the Court finds Plaintiffs' argument for excluding the items under Rule 403 most compelling. District courts have wide discretion in determining the admissibility of evidence under the Federal Rules," but the exclusion of evidence under Rule 403 should occur only sparingly. *United States v. Abel*, 469 U.S. 45, 54 (1984); *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993). Under Rule 403, "[T] he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *Id.* (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979), *cert. denied*, 444 U.S. 862 (1979)). "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). As the Fifth Circuit has made clear, "unfair prejudice" in the context of Rule 403 "is not to be equated with testimony simply adverse to the opposing party . . . [t]he prejudice must be 'unfair.'" *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977).

Here, allowing Defendants to put on evidence of the alleged substance, glass pipes, and firearm would be unfairly prejudicial to Plaintiffs, substantially outweighing any potential probative value. As Plaintiffs argue, the discussion of these items would cast them in a negative

light without adding any probative value. Further, the Court finds the evidence would derail the trial away from the fact issues at hand, causing confusion of the issue and the jury being misled.

Martin County Defendants argue a limiting instruction would mitigate any potential prejudice. (Doc. 136 at 4). In doing so, they rely on the Fifth Circuit decision in *United States v. Hicks*, 389 F.3d 514, 522–23 (5th Cir. 2004).[2] There, the defendant was charged with capital murder of a police officer, but he was acquitted. *Id.* at 521. Subsequently, a federal grand jury indicted the defendant for possessing firearms and ammunition while he was subject to a domestic restraining order. *Id.* The district court allowed the government to introduce evidence of the officer's death at trial. *Id.* at 522. The Fifth Circuit found this evidence was not prejudicial because "the jury could *not* have concluded that [the defendant] was responsible for the officer's death unless it *also* concluded that he possessed the ammunition in question. Thus, the traditional rationale for excluding 'other acts' evidence—that if the jury was led to believe that the defendant committed one bad act, it might unfairly find that he committed another separate bad act—is inapplicable to this case." *Id.* (emphasis in original). Additionally, the court reasoned that the evidence was reasonably necessary for the jury to understand why the officer would not be testifying. *Id.* at 523. But here, the same rationale does not apply. The discovery of the alleged substance and glass pipes during the search has no bearing on whether the officers' conducted a lawful search and seizure after those items were found. Instead, this evidence would only go labeling Plaintiffs as drug users or dealers, which is what the Rules seek to prevent.

2. Martin County Defendants also point to *United States v. Sepulveda*, where the Fifth Circuit found the trial judge's decision that the probative value of intrinsic evidence concerning a heroin transaction outweighed any prejudice to the defendant was not erroneous. 710 F.2d 188, 189–90 (5th Cir. 1983). Because that is as far as the analysis goes in that case, it is not very instructive for the case at hand.

Accordingly, the Court's Motion in Limine ruling on the evidence remains in effect. Defendants will be provided an opportunity to make a bill at trial regarding this evidence outside the presence of the jury.

Finally, the Court finds it necessary to redact pre-admitted exhibits P-5, G-1, and S-3. These exhibits all contain the search warrant, supporting affidavit, and warrant return/inventory, which document the seizure of the alleged substance, pipes, and firearm. The Court pre-admitted these exhibits at the Final Pretrial Conference prior to taking up the Parties' Motions in Limine, which discussed the issue of these items. It was inadvertent to admit these unredacted exhibits before making a ruling on the Motions in Limine. Because the exhibits have not yet been published to the jury, the Court **WITHDRAWS** exhibits P-5, G-1, and S-3. The parties may redact references to the alleged substance, pipes, and firearm, then move to readmit the exhibit(s). The Court will allow an unredacted exhibit to be submitted for purposes of the appellate record.

It is so **ORDERED**.

Signed this 20th day of August, 2026.

**RONALD C. GRIFFIN**
United States Magistrate Judge