**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN,** *Plaintiffs*, | § § § | |
| **v.** | § § | **MO:25-CV-00245-RCG** |
| **BRAD INGRAM, ANDERS DAHL, KELSEY BROWN, RORY GAMMONS, each in their individual capacity; MARTIN COUNTY, TEXAS; and BRIAN SNELLGROVE;** *Defendants*. | § § § § § § § | |

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

BEFORE THE COURT is Plaintiffs Austin and Kiska Hamblin's ("Plaintiffs") Motion for Partial Reconsideration of the Court Omnibus Order as to Count 2. (Doc. 123). This case is before the Court pursuant to the consent of the parties in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Docs. 9, 10, 38). After due consideration, the Court **DENIES** Plaintiffs' Motion for Partial Reconsideration. (Doc. 123).

Federal Rule of Civil Procedure 54(b) allows the Court to revise or amend "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Furthermore, the Fifth Circuit has stated that a "trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). "However, Rule 54(b) motions are not the proper vehicle for rehashing evidence, legal theories, or arguments." *Minyard v. Double D Tong,*

*Inc.*, 237 F. Supp. 3d 480, 490 (W.D. Tex. 2017) (citing Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)).

Plaintiffs' ask the Court to reconsider its ruling on Plaintiffs' Fourteenth Amendment procedural due process claim. (Doc. 123). After taking into consideration Plaintiffs' arguments, the Court stand Fourteenth Amendment claim. (Doc. 110). In its Order, the Court granted "Martin County Defendants' Motion for Summary Judgment (Doc. 26) as to Plaintiffs' Fourteenth Amendment procedural due process claim against *all Defendants*." *Id*. at 33 (emphasis added). Because Defendant Snellgrove did not join Martin County Defendants' Motion for Summary Judgment, the ruling entered for him was an inadvertent error. Rather than stating "all Defendants," the Court's Order should have read "Martin County Officers." However, the Court notes it later granted Defendant Snellgrove's Oral Motion for judgment as a matter of law as to Plaintiffs' Fourteenth Amendment claim against Defendant Snellgrove for the same reasons provided in the Court's Omnibus Order. (Doc. 127 at 2).

It is so **ORDERED**.

SIGNED this 20th day of August, 2026.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE