**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN,** *Plaintiffs,* | § § § § | |
| v. | § | **MO:25-CV-00245-RCG** |
| **BRAD INGRAM, ANDERS DAHL, KELSEY BROWN, RORY GAMMONS, each in their individual capacity; MARTIN COUNTY, TEXAS; and BRIAN SNELLGROVE,** *Defendants.* | § § § § § § § § | |

**DEFENDANT SNELLGROVES RESPONSE TO PLAINTIFFS' MOTION TO RECONSIDER DISMISSAL OF THE ABUSE-OF-PROCESS CLAIM UNDER RULE 54(b) AND, TO THE EXTENT NECESSARY, FOR A NEW TRIAL UNDER RULE 59(a)**

Defendant Snellgrove files his response to Plaintiffs Austin Hamblin and Kiska Hamblin's motion pursuant to Federal Rule of Civil Procedure 54(b) to reconsider the interlocutory ruling that withheld their Texas abuse-of-process claim against Brian Snellgrove from the jury on limitations grounds, and to request reinstatement of that claim and a jury trial on it, with a new trial under Rule 59(a)(1)(A) to the extent necessary to afford that relief. For cause, Defendant would respectfully respond as follows.

Plaintiffs are not entitled to a new trial on their claim that their Abuse of Process cause of action should not have been dismissed for limitations. There are three elements for an abuse of process claim: "(1) the defendant made an illegal, improper or perverted use of the process, a use neither warranted nor authorized by the process; (2) the defendant had an ulterior motive or purpose in exercising such illegal, perverted or improper use of the process; and (3) damage to the plaintiff as a result of such illegal act." To prevail on this claim, Plaintiffs must be the clear

owners of the property in question. *Cooper v. Trent,* 551 S.W.3d 325, 333-34 (Tex.App.-Houston [14th Dist.] 2018, pet denied.) In this case, Defendant Snellgrove claimed to be the lawful owner of the property in question and filed a police complaint against Plaintiff Austin Hamblin that ultimately led to the issuance of a Search warrant by a neutral magistrate, and to a criminal indictment by a Grand Jury. Plaintiffs' due-process theory assumes undisputed ownership and undisputed entitlement to immediate return of the property. The jury in this case very clearly indicated that Plaintiffs did not have a property right to the items that were seized. Thus, even if the abuse of process claim had been submitted, such as the submission of the Conversion claim, Plaintiffs' claim would have failed as the jury found against them on their conversion claim. The jury clearly believed that Snellgrove was the owner of the property, and Plaintiffs could not demonstrate any damage.

In addition to the foregoing, Plaintiffs in this case very clearly indicated that they believed the harm that occurred to them happened on May 17, 2023. The Texas Code of Criminal Procedure Article 47.01 provides a procedure by which a person claiming an interest in allegedly stolen property may petition for a hearing to determine possession. Plaintiffs did not seek to obtain such a ruling within the applicable statute of limitations and their failure to invoke available post-deprivation due process claims precludes any recovery. Plaintiffs Abuse of Process claims were properly not submitted to the jury.

This is a case that was vigorously contested, and the jury made a clear finding that the property at issue belonged to Snellgrove. The findings in the conversion claim demonstrate this fact, and the clear testimony of the Plaintiffs demonstrated that they believed that the deprivation of their alleged property began on May 17, 2023. In addition, the very process Plaintiffs complain about, the execution of the search warrant, was found to be legal by the jury. The

Abuse of Process claim was correctly not submitted to the jury on the basis of limitations; furthermore, the findings of the jury preclude Plaintiffs' Motion for a New Trial.

**PRAYER**

Defendant Snellgrove respectfully requests that the Court deny Plaintiffs motion to reconsider the dismissal of the abuse of process claim for limitations, and respectfully prays that the Court deny Plaintiffs' Motion for New Trial.

Respectfully submitted,

/s/ Robert J. Perez

Robert J. Perez
Texas Bar No. 15779050

Robert J. Perez
221 N. Kansas, Suite 1103
El Paso, Texas 79901
(915) 542-1222
Rjperezlaw1@gmail.com

CERTIFICATE OF SERVICE

I certify that on September 29th, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

/s/ Robert J. Perez

Robert J. Perez