IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN,** *Plaintiffs*, | § § § | |
| **v.** | § § | **MO:25-CV-00245-RCG** |
| **BRAD INGRAM, ANDERS DAHL, KELSEY BROWN, RORY GAMMONS, each in their individual capacity; MARTIN COUNTY, TEXAS; and BRIAN SNELLGROVE,** *Defendants*. | § § § § § § § | |

**ORDER DENYING PLAINTIFFS' MOTION FOR FINDINGS OF FACT, CONCLUSIONS OF LAW, AND EQUITABLE JUDGMENT ON THEIR UNJUST ENRICHMENT CLAIM**

BEFORE THE COURT is Plaintiffs Austin and Kiska Hamblin's ("Plaintiffs") Motion for Findings of Fact, Conclusions of Law, and Equitable Judgment on their Unjust Enrichment Claim, and Alternative Motion to Revise the Court's Interlocutory Ruling. (Doc. 151).[1] This case is before the Court pursuant to the consent of the parties in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Docs. 9, 10, 38). After due consideration, the Court **DENIES** Plaintiffs' Motion for Equitable Judgment and Alternative Motion for Revision of the Court's Interlocutory Ruling. (Doc. 151).

Plaintiffs file their Motion for Equitable Judgment under the premise their unjust enrichment claim was never resolved over the course of trial. *See id.* On August 26, 2026, at the conclusion of Plaintiffs' case in chief, Defendant Brian Snellgrove ("Defendant Snellgrove") moved for Judgment as a Matter of Law on Plaintiffs' § 1983 and conversion claims on statute of limitations grounds. (Doc. 152). The Court granted Defendant Snellgrove's Motion as to Plaintiffs' § 1983 claims and denied it as to the conversion claim, noting it was subject to re-

1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

urging after the parties briefed the issue. (Doc. 174 at 2:29:50–2:35:25). Plaintiffs' counsel raised a question as to Plaintiffs' abuse of process claim. *Id.* at 2:37:40–2:37:50. The Court told the parties it would be addressed in the morning. *Id.* at 2:37:56. The next morning, the Court allowed the parties to present their arguments on the statute of limitations accrual date for Plaintiffs' conversion, abuse of process, and unjust enrichment claims. (Doc. 176 at 0:28:35–0:40:30). After arguments, the Court determined the accrual date was a fact question best presented to the jury. *Id.* at 0:41:00–0:43:02. The jury was to be presented with a question regarding the lawfulness of Defendant Snellgrove's taking of Plaintiffs' property to help the Court determine the limitations legal question. *Id.* The Court then specifically addressed the abuse of process and unjust enrichment claims. *Id.* at 0:45:51–0:46:22. While the Court stated it was "not sure [it's] a cause as much as maybe a damage," it still granted Defendant Snellgrove's Rule 50 Motion on those two claims. *Id.* The Court further explained the only things left to be submitted to the jury were the accrual date on the conversion claim, the § 1983 claim against the other defendants, and the qualified immunity defense. *Id.* at 0:46:22–0:46:40. While the Court expressed concern with the applicability of the unjust enrichment claim, it ultimately made a ruling on the claim. *Id.* at 0:45:51–0:46:22. Thus, Plaintiffs' Motion is based on a faulty premise. (*See* Doc. 151). However, the Court will consider the Motion as one for reconsideration.

Federal Rule of Civil Procedure 54(b) allows the Court to revise or amend "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Furthermore, the Fifth Circuit has stated that a "trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v.*

*Kroger Tex., L.P.*, 864 F.3d 326 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). "However, Rule 54(b) motions are not the proper vehicle for rehashing evidence, legal theories, or arguments." *Minyard v. Double D Tong, Inc.*, 237 F. Supp. 3d 480, 490 (W.D. Tex. 2017) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Plaintiffs ask the Court to reconsider its ruling on Plaintiffs' unjust enrichment claim against Defendant Snellgrove. (*See* Doc. 151). After taking into consideration Plaintiffs' arguments, the Court stands on its prior ruling. (Doc. 176 at 0:45:51–0:46:22).

Accordingly, the Court **DENIES** Plaintiffs' Motion for Findings of Fact, Conclusions of Law, and Equitable Judgment on their Unjust Enrichment Claim, and Alternative Motion for Revision of the Court's Interlocutory Ruling. (Doc. 151).

It is so **ORDERED**.

SIGNED this 30th day of September, 2026.



RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE