**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN,** *Plaintiffs*, | § § § | |
| **v.** | § § | **MO:25-CV-00245-RCG** |
| **BRAD INGRAM, ANDERS DAHL, KELSEY BROWN, RORY GAMMONS, each in their individual capacity; MARTIN COUNTY, TEXAS; and BRIAN SNELLGROVE,** *Defendants*. | § § § § § § | |

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

BEFORE THE COURT is Plaintiffs Austin and Kiska Hamblin's ("Plaintiffs") Motion for Partial Reconsideration of the Court's 50(a) Rulings in Favor of Brian Snellgrove and Alternative Motion Under Rules 15(b)(2) and 15(c). (Doc. 148).[1] This case is before the Court pursuant to the consent of the parties in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Docs. 9, 10, 38). After due consideration, the Court **DENIES** Plaintiffs' Motion for Reconsideration and Alternative Motions Under 15(b)(2) and 15(c). (Doc. 148).

Federal Rule of Civil Procedure 54(b) allows the Court to revise or amend "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Furthermore, the Fifth Circuit has stated that a "trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). "However, Rule 54(b) motions are not the

1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

proper vehicle for rehashing evidence, legal theories, or arguments." *Minyard v. Double D Tong, Inc.*, 237 F. Supp. 3d 480, 490 (W.D. Tex. 2017) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Plaintiffs ask the Court to reconsider its ruling on Plaintiffs' § 1983 Fourth Amendment and conspiracy claims. (Doc. 148). After taking into consideration Plaintiffs' arguments, the Court stands on its prior ruling. (Doc. 152).[2]

Plaintiffs further ask the Court to find their claims against Defendant Brian Snellgrove relate back under Federal Rule of Civil Procedure 15(c). (Doc. 148). Under Rule 15(c), a claim against a new defendant can relate back when the party to be brought in (1) received notice of the action, and (2) knew or should have known the action would have been brought against them but for a mistake in that person's identity. FED. R. CIV. P. 15(c). After considering Plaintiffs' arguments, the Court again stands on its prior ruling. (Doc. 152).

Accordingly, the Court **DENIES** Plaintiffs' Motion for Reconsideration and Alternative Motion Under Rules 15(b)(2) and 15(c). (Doc. 148).

It is so **ORDERED**.

SIGNED this 30th day of September, 2026.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

2. The Court made this ruling on the record during trial on August 26, 2026. (Doc. 152). The minute entry for the August 26, 2026, proceedings was not docketed until September 1, 2026, explaining the nonsequential numbering of the docket citations.