**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN,** *Plaintiffs,* | § | |
| **v.** | § | **MO:25-CV-00245-RCG** |
| **BRAD INGRAM, ANDERS DAHL, KELSEY BROWN, RORY GAMMONS, each in their individual capacity; MARTIN COUNTY, TEXAS; and BRIAN SNELLGROVE,** *Defendants.* | § | |

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND FOR NEW TRIAL**

BEFORE THE COURT is Plaintiffs Austin and Kiska Hamblin's ("Plaintiffs") Motion for Reconsideration of the Court's Exclusion of Billy Reynolds and for a New Trial Under Rule 59(a). (Doc. 166).[1] This case is before the Court pursuant to the consent of the parties in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Docs. 9, 10, 38). After due consideration, the Court **DENIES** Plaintiffs' Motion for Reconsideration of the Court's Exclusion of Billy Reynolds and for a New Trial Under Rule 59(a). (Doc. 166).

Federal Rule of Civil Procedure 54(b) allows the Court to revise or amend "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Furthermore, the Fifth Circuit has stated that a "trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. &*

1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

*Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). "However, Rule 54(b) motions are not the proper vehicle for rehashing evidence, legal theories, or arguments." *Minyard v. Double D Tong, Inc.*, 237 F. Supp. 3d 480, 490 (W.D. Tex. 2017) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Plaintiffs ask the Court to reconsider its ruling on the exclusion of Billy Reynolds. (Doc. 166). After taking into consideration Plaintiffs' arguments, the Court stands on its prior ruling.

Plaintiffs further ask the Court for a new trial under Rule 59(a). (Doc. 166). Rule 59 itself does not specify what grounds are necessary to grant a new trial. FED. R. CIV. P. 59. However, the Fifth Circuit has laid out several reasons why a new trial may be granted, including a verdict against the great weight of the evidence, excessive damages award, unfair trial, or prejudicial error. *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). The Court does not find any of these reasons present. Further, even if the evidentiary ruling was in error, the Court may only grant a new trial for an error that affects a party's substantial rights. FED. R. CIV. P. 61. Plaintiffs argue the exclusion affected their substantial rights because counsel for Defendant Brian Snellgrove asked the jury whether Plaintiffs behaved like victims by seeking police help in his closing argument. (Doc. 166 at 10). However, this argument ignores the instructions the Court gave the jury. (Doc. 158). The Court instructed the jury, "statements of counsel are not evidence; they are only arguments . . . . What the lawyers say or do is not evidence." (Doc. 158). Thus, the Court does not find an error that affects Plaintiffs' substantial rights.

Accordingly, the Court **DENIES** Plaintiffs' Motion for Reconsideration of the Court's Exclusion of Billy Reynolds and for a New Trial Under Rule 59(a). (Doc. 166).

It is so **ORDERED**.

SIGNED this 30th day of September, 2026.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE