**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN,** *Plaintiffs,* | § | |
| **v.** | § | **MO:25-CV-00245-RCG** |
| **BRAD INGRAM, ANDERS DAHL, KELSEY BROWN, RORY GAMMONS, each in their individual capacity; MARTIN COUNTY, TEXAS; and BRIAN SNELLGROVE,** *Defendants.* | § | |

**ORDER DENYING PLAINTIFFS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, OR ALTERNATIVELY FOR A NEW TRIAL UNDER RULE 59**

BEFORE THE COURT is Plaintiffs Austin and Kiska Hamblin's ("Plaintiffs") Renewed Motion for Judgment as a Matter of Law as to Anders Dahl's Fourth Amendment Liability, or Alternatively for a New Trial Under Rule 59. (Doc. 165).[1] This case is before the Court pursuant to the consent of the parties in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Docs. 9, 10, 38). After due consideration, the Court **DENIES** Plaintiffs' Renewed Motion for Judgment as a Matter of Law as to Anders Dahl's Fourth Amendment Liability, or Alternatively for a New Trial Under Rule 59. (Doc. 165).

On August 27, 2026, Plaintiff moved for judgment as a matter of law against Defendant Anders Dahl ("Defendant Dahl") under Rule 50(a). (Doc. 152). The Court denied the Motion and sent the question of Defendant Dahl's liability to the jury. *Id.* The same day, the jury returned a verdict as to Plaintiffs' submitted claims. (Doc. 163). The jury returned a Defense verdict, finding Plaintiffs failed to prove their claims by a preponderance of the evidence. *Id.* Relevant to the instant Motion, the jury found Plaintiffs did not prove by a preponderance of the evidence

1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

that Defendant Dahl "personally participated in or caused an unreasonable search or seizure that was not authorized by the warrant or valid consent." *Id.* at 1–2. On September 4, 2026, Plaintiffs filed their Renewed Motion for Judgment as a Matter of Law as to Defendant Dahl's Liability, or Alternatively for a New Trial Under Rule 59. (Doc. 165). On September 11, 2026, Defendants Dahl; Martin County, Texas; Brad Ingram; Kelsey Brown; and Rory Gammons filed their Response in Opposition. (Doc. 167). On September 13, 2026, Plaintiffs filed their Reply. (Doc. 168). Accordingly, the instant Motion has been fully briefed and is ripe for disposition.

When considering a motion under Rule 50, the Court may only grant the motion if no reasonable jury would have a legally sufficient evidentiary basis to find for the party on that issue. FED. R. CIV. P. 50. The Court must review all evidence in the record and draw all reasonable inferences in favor of the nonmoving party, not making any credibility determinations or weighing the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). In the instant motion, Plaintiffs ask the Court to set aside the jury's verdict as to Defendant Dahl. (Doc. 165). The Fifth Circuit has advised judgment as a matter of law should not be granted "unless the facts and inferences point 'so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion.'" *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235 (5th Cir. 2001) (quoting *Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316, 1322 (5th Cir. 1994)).

At the core of Plaintiffs' argument is Defendant Dahl's bodycam footage presented at trial. (Doc. 165). In the footage, Defendant Dahl is seen opening toolbox drawers that he later testified could not fit the two items described in the warrant. (Doc. 165). Plaintiffs further argue Defendants waived their consent defense by presenting it to the jury as a "red herring." *Id.* Based on this, Plaintiffs argue they deserve judgment as a matter of law. *Id.* However, neither of these

arguments persuade the Court to disregard the jury's verdict. The question presented to the jury was whether Plaintiffs proved by a preponderance of the evidence that Defendant Dahl "personally participated in or caused an unreasonable search or seizure that was not authorized by the warrant or valid consent," to which the jury answered no. (Doc. 163). The verdict form did not require the jury to explain why they reached this verdict. *See id.* Thus, the Court does not know on what grounds the jury found Plaintiff did not prove their case by a preponderance of the evidence. Plaintiff argues the consent defense was waived, and that even if it was not, the bodycam footage does not establish consent. (*See* Doc. 165). But the Court is to examine the entire record, not only the portions of the record cited to in the Motion. *See Reeves*, 530 U.S. at 150. Examining the entire record in the light most favorable to the nonmovant, the Court does not find facts "so strongly and overwhelmingly in the movant's favor" to justify disturbing the jury's verdict. *Flowers*, 247 F.3d at 235.

Plaintiffs further ask the Court for a new trial under Rule 59(a). (Doc. 165). Rule 59 itself does not specify what grounds are necessary to grant a new trial. FED. R. CIV. P. 59. However, the Fifth Circuit has laid out several reasons why a new trial may be granted, including a verdict against the great weight of the evidence, excessive damages award, unfair trial, or prejudicial error. *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). The Court does not find any of these reasons present.

Accordingly, the Court **DENIES** Plaintiffs' Renewed Motion for Judgment as a Matter of Law as to Anders Dahl's Fourth Amendment Liability, or Alternatively for a New Trial Under Rule 59. (Doc. 165).

It is so **ORDERED**.

SIGNED this 30th day of September, 2026.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE