**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN,** *Plaintiffs,* | § § § | |
| **v.** | § § | **MO:25-CV-00245-RCG** |
| **BRAD INGRAM, ANDERS DAHL, KELSEY BROWN, RORY GAMMONS, each in their individual capacity; MARTIN COUNTY, TEXAS; and BRIAN SNELLGROVE,** *Defendants.* | § § § § § § § | |

**FINAL JUDGMENT**

The above-entitled cause came on for trial before this Court beginning August 24, 2026. This case is before the Court pursuant to the consent of the parties in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Docs. 9, 10, 38). Kurt Mueller appeared as counsel for Plaintiffs Austin Hamblin and Kiska Hamblin. Denis Dennis and Ben Petty appeared as counsel for Defendants Martin County, Texas; Brad Ingram; Anders Dahl; Kelsey Brown; and Rory Gammons. Robert Perez appeared as counsel for Defendant Brian Snellgrove. Oral and documentary evidence were presented, and the jury was properly instructed followed by argument of counsel.

The jury found as follows:

**A. FOURTH AMENDMENT: UNREASONABLE SEARCH OR SEIZURE**

**Question 1: Fourth Amendment Violation**

As to each Defendant listed below, did Plaintiffs prove by a preponderance of the evidence that the Defendant personally participated in or caused an unreasonable search or seizure that was not authorized by the warrant or valid consent?

Answer "Yes" or "No" for each Defendant:

1. Brad Ingram: No

2. Anders Dahl: No

3. Kelsey Brown: No

4. Rory Gammons: No

If you answered "No" as to any Defendant, damages cannot be awarded against that Defendant. If you answered "No" as to every Defendant, skip to Question 11.

## G. CONVERSION AGAINST BRIAN SNELLGROVE

**Question 11: Lawful or Unlawful Conversion**

Did Plaintiffs Austin and Kiska Hamblin prove by a preponderance of the evidence that on May 17, 2023, Brian Snellgrove lawfully obtained possession of one or more items that Plaintiffs owned, possessed, or had the right to possess?

Answer "Yes" or "No": No

**Question 12: Conversion (Austin)**

Did Plaintiff Austin Hamblin prove by a preponderance of the evidence that Brian Snellgrove converted one or more items that Plaintiff Austin Hamblin, owned, possessed, or had the right to possess?

Answer "Yes" or "No": No

**Question 13: Conversion (Kiska)**

Did Plaintiff Kiska Hamblin prove by a preponderance of the evidence that Brian Snellgrove converted one or more items that Plaintiff Kiska Hamblin, owned, possessed, or had the right to possess?

Answer "Yes" or "No": No

Based on the jury's verdict, **IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiffs Austin Hamblin and Kiska Hamblin take nothing against Defendants Martin County, Texas; Brad Ingram; Anders Dahl; Kelsey Brown; Rory Gammons; and Brian Snellgrove, and all claims asserted in this case are dismissed with prejudice to refiling of same. Any relief for claims asserted by Plaintiffs are therefore **DENIED** and Plaintiffs takes nothing.

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, this Judgment shall be a final judgment as to the claims set forth in this trial.

It is so **ORDERED**.

SIGNED this 30th day of September, 2026.



RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE