**AFFIDAVIT OF BILLY RAY REYNOLDS**

I, Billy Ray Reynolds, being of sound mind and over the age of eighteen years, do hereby swear and affirm under oath as follows:

1. My name is Billy Ray Reynolds. I am a Texas Commissioned Peace Officer with Personal Identification Number 302378. I have served continuously as a Peace Officer in the State of Texas since 2004, approximately twenty-two (22) years.
2. I currently hold the following Texas Commission on Law Enforcement (TCOLE) certifications: Master Peace Officer, Advanced Jailer, Sexual Assault / Family Violence Investigator, Firearms Instructor, TCOLE Instructor, Mental Health Peace Officer, and Standardized Field Sobriety Testing Practitioner.
3. I have completed over 2,200 hours of law enforcement training and have earned 77 hours of college credit through Rio Salado College with an emphasis in Law Enforcement Technology. I am current on all required TCOLE training.
4. I am presently employed as a Deputy with the Baylor County Sheriff's Office. From October 2024 to February 2026, I served as Chief Deputy for the Martin County Sheriff's Office.
5. I have written and executed numerous search warrants during my career as a peace officer. To date, none of those warrants have been successfully challenged.
6. This affidavit concerns my review of a criminal case involving Austin Hamblin and the execution of a search warrant by the Martin County Sheriff's Office. My testimony addresses search warrant requirements, evidence collection procedures, and proper handling of seized property under Texas law.
7. Shortly after beginning my duties as Chief Deputy in October 2024, I became aware of communications from Kiska Hamblin inquiring about the return of tools from the Martin County Sheriff's Office property room. Sheriff Cozart informed me that no property matching the Hamblin description could be located in the property room.
8. I reviewed the case file for the arrest of Austin Hamblin. The file contained the offense report, a copy of the search warrant, a handwritten inventory, and documents appearing to show ownership of property by Austin Hamblin.
9. After reviewing the case file and watching the body-worn camera video of the search warrant execution, I determined the following facts:

a. Austin Hamblin was employed by Brian Snellgrove selling Snap-on tools and was reportedly one of Snellgrove's top salesmen. Hamblin was still actively employed by Snellgrove at the time the search warrant was executed.

b. Snellgrove reported suspected theft based primarily on hearsay information from a third party (a babysitter who had been in the Hamblin home). No written statements were obtained from other employees, and Snellgrove provided no documented proof of ownership for any specific items at the time of the report.

c. A search warrant was obtained listing specific items (including a plasma cutter and welder with serial numbers). The warrant was signed by a District Judge and executed at the Hamblin residence in Howard County.

d. None of the specific items listed in the search warrant were located during the search. However, numerous Snap-on tools were observed in the residence.

e. Brian Snellgrove was contacted and came to the residence during the execution of the warrant. He made a blanket claim that all items bearing the Snap-on name belonged to him. All such items were seized and ultimately released to Snellgrove for "safe keeping," as noted in the report by Investigator Dahl.

10. I later met with Austin and Kiska Hamblin at the Martin County Sheriff's Office. I informed them that the Martin County Sheriff's Office no longer had possession of the property. They provided a copy of a court document showing the case had been dismissed and that the property should be returned to them. I placed a copy of that document in the case file.

11. Based on my review of the facts, training, experience, and applicable law, it is my professional opinion that:

a. This matter should have been treated as a civil dispute between an employer and employee rather than a criminal theft investigation. There was insufficient evidence of theft, no verified proof of ownership by Snellgrove, and no independent corroboration beyond hearsay.

b. The search warrant described specific items by serial number. Once those items were not located, any further seizure of property exceeded the scope of the warrant.

c. Items were seized from areas and containers beyond the scope authorized by the warrant without additional probable cause.

d. Property seized in Howard County was transported to Martin County and released to the complainant, Brian Snellgrove, without a court order from the magistrate, in apparent violation of Texas Code of Criminal Procedure Articles 18.10 and 18.11.

e. Standard evidence collection protocols were not followed, including proper documentation, photography of items in place, and detailed inventory with locations and serial numbers.

12. I was not involved in the original investigation or execution of the search warrant. My knowledge of this matter is based solely on my review of the case file, video, and related documents after I became Chief Deputy.

I swear and affirm that the foregoing statements are true and correct to the best of my knowledge and belief.

Further Affiant Sayeth Naught.

________________________________________

Billy Ray Reynolds Date: 6-8-2026

**SUBSCRIBED AND SWORN TO** before me, the undersigned authority, on this 8th day of June, 2026.

________________________________________

Notary Public, State of Texas My Commission Expires: 9-11-2029

TARA STILES
NOTARY PUBLIC
STATE OF TEXAS
ID 130508397
EXP. 09-11-2029