**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN,** *Plaintiffs,* | § § § § | |
| v. | § | **MO:25-CV-00245-RCG** |
| **BRAD INGRAM, ANDERS DAHL, KELSEY BROWN, RORY GAMMONS, each in their individual capacity; MARTIN COUNTY, TEXAS; and BRIAN SNELLGROVE,** *Defendants.* | § § § § § § § | |

**DEFENDANT SNELLGROVES RESPONSE TO PLAINTIFFS' MOTION FOR NEW TRIAL, TO ALTER OR AMEND THE FINAL JUDGEMENT, AND FOR RENEWED MOTIONS FOR JUDGMENT AS A MATTER OF LAW**

Defendant Snellgrove files his response to Plaintiffs Austin Hamblin and Kiska Hamblin's latest motion for new trial (Document number 191). For cause, Defendant would respectfully respond as follows.

Plaintiffs are renewing their motions for new trial and their motions in Doc.165, Doc.166, Doc.148, Doc.123, Doc. 169, Doc. 151, and Doc. 78.) In reconsidering motions, the law requires balancing finality against the need for a just decision on all the facts. *Templer v. HydroChem Inc.,* 367 F.3d 473, 478-79 (5th Cir. 2004). In general, if the Court is to grant Plaintiffs' motion to retry the case or to render verdict, the verdict must be against the great weight of the evidence. The arguments presented by Plaintiff in this motion, to a great extent, re-hash arguments that have already been made in the above referenced documents. Plaintiff seeks to reopen nearly every state of the litigation, and to second guess the court's decisions and the jury's verdict. This case was vigorously prosecuted by all sides, and the jury quickly decided against Plaintiff. The

jury weighed the evidence presented, and their decision should be respected. As is set forth in *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150-51(2000), the court is to review the trial record as a whole. Rule 59 governs motions to alter or amend a final judgment. It is an extraordinary remedy that should be used sparingly, and it serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *Templet v. HydroChem Inc.,* 367 F.3d. 473, 479 (5th Cir. 2004).

Plaintiff places great weight on the exclusion of the testimony of Billy Reynolds. Reynolds testified outside the presence of the jury that he did not have any personal knowledge about the happenings in this case. Any testimony he could have presented would have been hearsay and pure conjecture on his part. Defendants have a more valid claim about the exclusion of Kiska Hamblin becoming a source for the State early on in the search process. Had that evidence been allowed, Plaintiff' arguments about lack of consent would have been completely eviscerated. There was no manifest errors of law or fact in this case to warrant the relief sought by Plaintiffs. Furthermore, Plaintiffs now complain about legal matters, such as alleged improper jury argument, that they did not object to or for proper curative instructions were given. There was no manifest errors of law in this case that warrant the extraordinary remedy that Plaintiffs seek.

Plaintiffs are not entitled to a new trial on their claim that their Abuse of Process cause of action should not have been dismissed for limitations. There are three elements for an abuse of process claim: "(1) the defendant made an illegal, improper or perverted use of the process, a use neither warranted nor authorized by the process; (2) the defendant had an ulterior motive or purpose in exercising such illegal, perverted or improper use of the process; and (3) damage to the plaintiff as a result of such illegal act." To prevail on this claim, Plaintiffs must be the clear

owners of the property in question. *Cooper v. Trent,* 551 S.W.3d 325, 333-34 (Tex.App.-Houston [14th Dist.] 2018, pet denied.) In this case, Defendant Snellgrove claimed to be the lawful owner of the property in question and filed a police complaint against Plaintiff Austin Hamblin that ultimately led to the issuance of a Search warrant by a neutral magistrate, and to a criminal indictment by a Grand Jury. Plaintiffs' due-process theory assumes undisputed ownership and undisputed entitlement to immediate return of the property. The jury in this case very clearly indicated that Plaintiffs did not have a property right to the items that were seized. Thus, even if the abuse of process claim had been submitted, such as the submission of the Conversion claim, Plaintiffs' claim would have failed as the jury found against them on their conversion claim. The jury clearly believed that Snellgrove was the owner of the property, and Plaintiffs could not demonstrate any damage.

In addition to the foregoing, Plaintiffs in this case very clearly indicated that they believed the harm that occurred to them happened on May 17, 2023. The Texas Code of Criminal Procedure Article 47.01 provides a procedure by which a person claiming an interest in allegedly stolen property may petition for a hearing to determine possession. Plaintiffs did not seek to obtain such a ruling within the applicable statute of limitations and their failure to invoke available post-deprivation due process claims precludes any recovery. Plaintiffs Abuse of Process claims were properly not submitted to the jury.

This is a case that was vigorously contested, and the jury made a clear finding that the property at issue belonged to Snellgrove. The findings in the conversion claim demonstrate this fact, and the clear testimony of the Plaintiffs demonstrated that they believed that the deprivation of their alleged property began on May 17, 2023. In addition, the very process Plaintiffs complain about, the execution of the search warrant, was found to be legal by the jury. The

Abuse of Process claim was correctly not submitted to the jury on the basis of limitations; furthermore, the findings of the jury preclude Plaintiffs' Motion for a New Trial.

To prevail on a conversion claim, Plaintiffs must be the clear owners of the property in question. This is an issue that was hotly in dispute, and the jury soundly ruled against Plaintiff on all claims. The jury's decision was supported by the evidence presented and the Court's legal rulings complained of do not give rise to the type of extraordinary relief Plaintiff is seeking. Plaintiffs' motion should be denied in all aspects.

**CONCLUSION AND PRAYER**

This was a hard fought case that had both legal and factual battles. Plaintiffs were not happy with all the court's decisions, but Defendants likewise were not happy with all the court's decisions. However, there are no extraordinary circumstances in this case that warrant the relief Plaintiffs seek in this case. Defendant Snellgrove respectfully requests that the Court deny Plaintiffs' Motion for New Trial, to Alter or Amend the Final Judgment, and Renewed Motions for Judgment as a Matter of Law.

Respectfully submitted,

/s/ Robert J. Perez

Robert J. Perez
Texas Bar No. 15779050

Robert J. Perez
221 N. Kansas, Suite 1103
El Paso, Texas 79901
(915) 542-1222
Rjperezlaw1@gmail.com

CERTIFICATE OF SERVICE

I certify that on November 5, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

/s/ Robert J. Perez

Robert J. Perez