**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **AUSTIN HAMBLIN and KISKA HAMBLIN,** *Plaintiffs*, | § | |
| **v.** | § | **MO:25-CV-00245-RCG** |
| **BRAD INGRAM, ANDERS DAHL, KELSEY BROWN, RORY GAMMONS, each in their individual capacity; MARTIN COUNTY, TEXAS; and BRIAN SNELLGROVE,** *Defendants*. | § | |

**ORDER DENYING PLAINTIFFS' MOTION FOR NEW TRIAL, TO ALTER OR AMEND THE FINAL JUDGMENT, AND RENEWED MOTIONS FOR JUDGMENT AS A MATTER OF LAW**

BEFORE THE COURT is Plaintiffs Austin and Kiska Hamblin's ("Plaintiffs") Motion for New Trial, to Alter or Amend the Final Judgment, and Renewed Motions for Judgment as a Matter of Law. (Doc. 191).[1] This case is before the Court pursuant to the consent of the parties in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Docs. 9, 10, 38). After due consideration, the Court **DENIES** Plaintiffs' Motion for New Trial, to Alter or Amend the Final Judgment, and Renewed Motions for Judgment as a Matter of Law. (Doc. 191).

On August 27, 2026, the jury delivered a take-nothing verdict in favor of Defendants Brad Ingram, Anders Dahl, Kelsey Brown, Rory Gammons, each in their individual capacity; Martin County, Texas (collectively, "Martin County Defendants"); and Brian Snellgrove ("Defendant Snellgrove"). Plaintiffs then challenged a host of the Court's rulings and the jury verdict, including its ruling the § 1983 claim against Defendant Snellgrove was barred by the statute of limitations (Doc. 148), its ruling on unjust enrichment (Doc. 151), the jury's verdict as to Defendant Anders Dahl's Fourth Amendment liability (Doc. 165), the Court's exclusion of

1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

witness Billy Reynolds (Doc. 166), and its ruling on Plaintiffs' abuse of process claims (Doc. 169). Following the Court's denial of these motions (Docs. 185, 186, 187, 188, 189), it entered Final Judgment (Doc. 190). On October 22, 2026, Plaintiffs filed the instant Motion for New Trial, renewing all of their previous challenges as well as challenging the Court's summary judgment rulings. (Doc. 191). Martin County Defendants and Defendant Snellgrove both filed Responses (Docs. 192, 193), and Plaintiffs filed a Reply (Doc. 194). Accordingly, the matter is ripe for disposition.

## I. LEGAL STANDARD

Plaintiffs ask the Court for relief on their procedural due process claims, Fourth Amendment claims against the Martin County Defendants, and Fourth Amendment and conspiracy, abuse of process, and unjust enrichment claims against Defendant Snellgrove. (Doc. 191).

### A. New Trial Under Rule 59(a)

A court may grant a new trial when the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed. *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). If a new trial is based on evidentiary grounds, the jury's verdict must be "against the great—not merely the greater—weight of the evidence." *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989) (quoting *Conway v. Chem. Leaman Tank Lines, Inc.*, 610 F.2d 360, 363 (5th Cir. 1980)). "Against the great weight of the evidence is a confining standard; a lesser standard would damage the jury's role as the principal trier of fact." *Id.* at 791 (citing *Spurlin v. Gen. Motors Corp.*, 528 F.2d 612, 620 (5th Cir. 1976)). It is not a standard easily met. *Id.* at 789.

As to the exclusion of evidence as grounds for granting a new trial,

> Unless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

FED. R. CIV. P. 61. The party claiming exclusionary error bears the burden of demonstrating its substantial rights were prejudiced. *Moench v. Marquette Transp. Co. Gulf-Inland, LLC*, 838 F.3d 586, 594 (5th Cir. 2016). "A ruling has affected the substantial rights of the party if, when considering the evidence presented at trial, the ruling had a substantial effect on the outcome of the trial." *Id.* (quoting *Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 430 (5th Cir. 2014)).

**B. Alter or Amend Judgment Under Rule 59(e)**

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). It's not the proper vehicle for "rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Id.* at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Nor is it a proper vehicle to "re-litigate matters that have been resolved to the movant's dissatisfaction and Plaintiff cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court." *Alvarado v. Tex. Rangers*, No. 03-CA-0305, 2005 WL 1420846, at *2 (W.D. Tex. June 14, 2005). While "an extraordinary remedy that should be used sparingly" and generally disfavored in the Fifth Circuit, a motion under Rule 59(e) may be granted to "correct manifest errors of law or fact or to present newly discovered evidence." *Templet*, 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

### C. Judgment as a Matter of Law Under Rule 50(b)

A Rule 50(b) motion is merely a renewal of a party's Rule 50(a) motion for judgment as matter of law, meaning it cannot assert a ground not present in the original motion. *In re Isbell Records, Inc.*, 774 F.3d 859, 867 (5th Cir. 2014) (citing *Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 172 (5th Cir. 1985)). When considering a motion under Rule 50, the Court may only grant the motion if no reasonable jury would have a legally sufficient evidentiary basis to find for the party on that issue. FED. R. CIV. P. 50. The Court must review all evidence in the record and draw all reasonable inferences in favor of the nonmoving party, not making any credibility determinations or weighing the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The Fifth Circuit has advised judgment as a matter of law should not be granted "unless the facts and inferences point 'so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion.'" *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235 (5th Cir. 2001) (quoting *Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316, 1322 (5th Cir. 1994)).

## II. DISCUSSION

In their Motion, Plaintiffs raise several arguments, including some the Court has already considered and reconsidered. The Court will address each accordingly.

### A. Defendant Dahl's Liability

Plaintiffs first argue substantially the same arguments advanced in their Renewed Motion for Judgment as a Matter of Law Under Rule 50(b) as to Defendant Anders Dahl's Fourth Amendment Liability. (Doc. 165). The Court has already addressed and ruled on these arguments. (Doc. 189). After further consideration, the Court stands on its prior ruling. (Doc. 189).

As to the other Martin County Defendants, the Court does not find the jury's verdict is against the great weight of the evidence there either. *See Smith*, 773 F.2d at 613; (Doc. 189). As to Plaintiffs' argument prejudicial error occurred during defense counsel's arguments, the Court is similarly unconvinced. The Court may order a new trial if improper closing argument irreparably prejudices a jury verdict. *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales, Inc.*, 848 F.2d 613, 619 (5th Cir. 1988). The Court examines the propriety of a closing argument by reviewing the entirety of the argument "within the context of the court's rulings on objections, the jury charge, and any corrective measures applied by the . . . court." *Id.* (quoting *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1238 (5th Cir. 1985) (per curiam)). Here, as Martin County Defendants point out, Plaintiffs' Motion does not show that each remark challenged drew a timely objection followed by an unsuccessful request for remedy. (Doc. 192 at 14). Further, the jury was instructed, "The statements of counsel are not evidence; they are only arguments . . . .What the lawyers say or do is not evidence." (Doc. 158 at 1–2). Considering the above, the Court does not find the closing argument irreparably prejudiced the verdict. Accordingly, the Court is not going to disturb the jury's verdict.

**B. Exclusion of Billy Reynolds**

Plaintiffs next renew their motion for a new trial regarding the Court's exclusion of Billy Reynolds. Rule 59 is not the proper vehicle for Plaintiffs to "re-litigate matters that have been resolved to [their] dissatisfaction." *Alvarado*, 2005 WL 1420846, at *2. While Plaintiffs expand their earlier proffer as to Reynolds's testimony, nothing presented was not available for Plaintiffs to proffer during trial. Thus, after further consideration, the Court stands on its prior ruling. (Doc. 188).

**C. Conversion Claim Against Defendant Snellgrove**

Plaintiffs next challenge the conversion verdict as against the great weight of the evidence. Questions 11 through 13 address this claim. (Doc. 163 at 7–8). Question 11 asks, "Did Plaintiffs Austin and Kiska Hamblin prove by a preponderance of the evidence that on May 17, 2023, Brian Snellgrove lawfully obtained possession of one or more items that Plaintiffs owned, possessed, or had the right to possess?" *Id.* at 7. Question 12 asks, "Did Plaintiff Austin Hamblin prove by a preponderance of the evidence that Brian Snellgrove converted one or more items that Plaintiff Austin Hamblin, owned, possessed, or had the right to possess?" *Id.* Question 13 asks the same, substituting Austin Hamblin for Kiska Hamblin. *Id.* at 8. To all three questions, the jury answered "no." *Id.* at 7–8. Plaintiffs argue Question 11 distorted the verdict. (Doc. 191 at 13). But importantly, they failed to object to it. And the jury determined the conversion issue regardless of whether Question 11 was purely for limitations reasons or not. Plaintiffs had the burden to prove their claims by a preponderance of the evidence. The Court does not find the great weight of the evidence weighs against the jury's verdict that Plaintiff failed to meet it.

**D. Procedural Due Process**

Plaintiffs then ask the Court to vacate its summary judgment rulings as to Plaintiffs' procedural due process claims. (Doc. 191 at 13). After further consideration, the Court stands on its prior rulings.

**E. Fourth Amendment and Conspiracy Claims Against Defendant Snellgrove**

Plaintiffs renew their motion to reconsider the Court's rulings on the Fourth Amendment claims against Defendant Snellgrove (Doc. 148) and challenge the denial of their motion (Doc. 186). Insofar as Plaintiffs renew their prior arguments on when the statute of limitations began to run on their Fourth Amendment claim, the Court stands on its prior ruling. (Doc. 186).

However, Plaintiffs request the Court address each of its relation-back theories: (1) Rule 15(c)(1)(B) relation; (2) Rule 15(c)(1)(C) relation; and Rule 15(b)(2). (*See* Doc. 191 at 17).

Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure allows an amendment to a pleading to relate back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct or occurrence set out in the original pleading. FED. R. CIV. P. 15(c)(1)(B). However, "adding a new defendant generally does not relate back to the filing of the original complaint unless Federal Rule of Civil Procedure 15(c)[(1)(C)] applies." *Henry v. City of Taylor*, No. 10-CA-693, 2011 WL 13235053, at *4 (W.D. Tex. May 23, 2011) (quoting *Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801, 806 & n.6 (5th Cir. 2006)). Given that Rule 15(c)(1)(C) does not apply as discussed below, Plaintiffs' Rule 15(C)(1)(B) relation-back theory fails.

As to Rule 15(c)(1)(C), relation back is allowed—for claims that arise out of the same conduct or occurrence as the original claims per Rule 15(c)(1)(B)—when the added party received notice of the action as not to prejudice it and knew or should have known the action would have been brought against it, but for a mistake concerning the proper party's identity. FED. R. CIV. P. 15(c)(1)(C). "Rule 15(c) requires a "mistake concerning the identity of a party. [F]ailing to identify individual defendants cannot be characterized as a mistake." *Winzer v. Kaufman County*, 916 F.3d 464, 471 (5th Cir. 2019) (internal citation omitted) (quoting *Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998)). And while Plaintiffs' Original Complaint mentioned "Mr. Brian Snellgrove," it did not identify him as a Defendant. (*See* Doc. 2-3). Thus, failure to add Snellgrove as a Defendant was more than a technical error as it was in *Sanders-Burns v. City of Plano* where an amended complaint related back when the only thing changed was the defendant being sued in his individual rather than official capacity. 594 F.3d 366, 378

(5th Cir. 2010). Plaintiffs' Original Complaint did not identify Snellgrove as a Defendant at all, and failure to do so cannot be characterized as a mistake. *See Winzer*, 916 F.3d at 471. Accordingly, Plaintiffs' 15(c)(1)(C) relation back theory fails.

Rule 15(b)(2) states, "When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings." FED. R. CIV. P. 15(b)(2). Plaintiffs argue "the release and sale were tried by consent though Snellgrove's own testimony, and he cannot claim prejudice from evidence he gave himself." (Doc. 191 at 17). However, 15(b)(2) applies when an issue is not raised by the pleadings. Here, there's no question that eventually Fourth Amendment claims against Defendant Snellgrove were raised by the pleadings. However, those claims were brought after the statute of limitations period had already run. Rule 15(b)(2) does not change that. Accordingly, the Court will stand on its prior rulings.

**F. Abuse of Process and Unjust Enrichment**

Plaintiffs renew their previous motions on abuse of process and unjust enrichment (Docs. 151, 169) and challenge the Court's ruling on those motions (Docs. 185, 187). Again, Plaintiffs present no new arguments that were not available when they filed their first motions. Thus, after further consideration, the Court stands on its prior rulings. (Doc. 185, 187).

**G. Cumulative Error**

To the extent Plaintiffs argue each of its challenges should be cumulated to establish prejudicial error, the Court is unpersuaded. First, it is not clear the Fifth Circuit's "cumulative error doctrine applies outside of a criminal context." *Joy Pipe, USA, LP v. ISMT Ltd.*, 703 F. App'x 253, 264 (5th Cir. 2017) (per curiam) (not designated for publication). Second, even if the Court's rulings were indeed in error—which the Court does not find—the Court does not find individually or cumulatively they affect Plaintiffs' substantial rights. *See* FED. R. CIV. P. 61.

## III. CONCLUSION

Accordingly, the Court **DENIES** Plaintiffs' Motion for New Trial, to Alter or Amend the Final Judgment, and Renewed Motions for Judgment as a Matter of Law. (Doc. 191). All relief sought by Plaintiffs in their Motion is **DENIED**. (Doc. 191). A FINAL JUDGMENT has been entered in this case.

It is so **ORDERED**.

SIGNED this 13th day of November, 2026.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE